Stephen Geary (SBN 172875)
Assistant Attorney General
UTAH OFFICE OF THE ATTORNEY GENERAL
160 East 300 South, Sixth Floor
Salt Lake City, Utah 84114
Telephone: (801) 366-0100
E-Mail: swgeary@agutah.gov

David N. Sonnenreich (USB No. 4917) (*pro hac vice*)
dsonnenreich@agutah.gov
Brian Christensen (USB No. 12059) (*pro hac vice*)
bchristensen1@agutah.gov
Scott R. Ryther (USB No. 5540) (*pro hac vice*)
sryther@agutah.gov
UTAH OFFICE OF THE ATTORNEY GENERAL
160 East 300 South, Fifth Floor
P.O. Box 140874
Salt Lake City, UT 84114
Telephone: (801) 366-0375

Attorneys for Plaintiff State of Utah

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF UTAH, *et. al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, *et. al.*, <br><br> *Defendants*. | Case No. 3:21-cv-5227-JD <br><br> **MOTION TO FILE UNDER SEAL IN PART** |

Pursuant to N.D. Cal. Civil L.R. 79-5 and 7-11, Plaintiffs the State of Utah and its co-plaintiff States, Commonwealths, and Districts (collectively the "Plaintiff States") respectfully move the Court for an Order allowing the sealing of portions of the Complaint filed in this matter. As set forth in the accompanying Declaration of David N. Sonnenreich, certain portions of the Complaint disclose information obtained from Defendant Google LLC and/or its co-defendant

affiliates (collectively "Google") through civil investigative demands during the Plaintiff States' investigation of Google. The Plaintiff States and Google have entered into a Confidentiality Agreement dated August 17, 2020 (the "Utah-Google Confidentiality Agreement") under which the Plaintiff States agreed to hold as confidential certain materials and documents produced by Google to the Plaintiff States and to other enforcement authorities, including the U.S. Department of Justice ("DOJ"). Under the terms of the Utah-Google Confidentiality Agreement, the parties agreed that Google could designate certain materials provided to the Plaintiff States as "Confidential" if "Google reasonably believes that [the materials] contain highly sensitive information, which if Google were to so designate would constitute trade secrets, commercial information or nonindividual financial information . . . ." [*See* Declaration David N. Sonnenreich ("Sonnenreich Decl.") ¶¶ 3-5 at 2, & Exhibit "A"] With respect to any materials produced by Google and designated as "Confidential," the Plaintiff States have agreed that "unless authorized by a court of competent jurisdiction or by Google in writing, no information designated as Confidential shall be shown or disclosed to any person or entity not bound by this Agreement . . . ." [*See* Sonnenreich Decl. ¶¶ 6-7, at 2 & Exhibit "A"] Moreover, materials received from Google that had been previously produced by Google to the DOJ are to be treated by the Plaintiff States as "Confidential" under the Utah-Google Confidentiality Agreement. [*See* Sonnenreich Decl. ¶ 5, at 2 & Exhibit "A"] Invoking these terms, Google has designated many internal Google records produced to the Plaintiff States as "Confidential."

In bringing this Motion, the Plaintiff States are mindful of the standard that must be met for sealing material, *i.e.,* that such material must be "privileged, protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. L.R. 79-5(b). The Plaintiff States also recognize that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." N.D. Cal. L.R. 79-5(d)(1)(A). Nevertheless, because the Plaintiff States are contractually bound not to disclose publicly any materials (or portions of them) designated by Google as "Confidential" under the Utah-Google Confidentiality Agreement, the Plaintiff States have filed this Motion in order to allow the Court to consider whether those portions of the

1  Complaint designated for redaction because they have been identified by Google as "Confidential"
2  should be redacted and the Complaint should be filed under seal. In so filing, the Plaintiff States
3  are not asserting that any of the proposed redacted portions of the Complaint qualify under the
4  standards referenced above.  In responding to this Motion, Google will have the opportunity and
5  burden to establish that sealing a redacted version of the Complaint from public access is justified,
6  and that the individual redactions are appropriate.

7      The Plaintiff States have submitted concurrently with this Motion the required Proposed
8  Order, along with redacted and unredacted versions of the Complaint, pursuant to N.D. Cal. L.R.
9  79-5(d). This Motion has also been served, along with the supporting Declaration, to Google's
10 counsel as required by N.D. Cal. L.R. 79-5(e), and a proof of such service has been e-filed with
11 the Court.

13     Respectfully submitted this 29th day of July, 2021.

17                   By:  s/David Sonnenreich