Stephen Geary (SBN 172875)
Assistant Attorney General
UTAH OFFICE OF THE ATTORNEY GENERAL
160 East 300 South, Sixth Floor
Salt Lake City, Utah 84114
Telephone: (801) 366-0100
E-Mail: swgeary@agutah.gov

David N. Sonnenreich (USB No. 4917) (*pro hac vice*)
dsonnenreich@agutah.gov
Brian Christensen (USB No. 12059) (*pro hac vice*)
bchristensen1@agutah.gov
Scott R. Ryther (USB No. 5540) (*pro hac vice*)
sryther@agutah.gov
UTAH OFFICE OF THE ATTORNEY GENERAL
160 East 300 South, Fifth Floor
P.O. Box 140874
Salt Lake City, UT 84114
Telephone: (801) 366-0375

Attorneys for Plaintiff State of Utah

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF UTAH, *et. al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>GOOGLE LLC, *et. al.*,<br><br>    *Defendants*. | Case No. 3:21-cv-5227-JD<br><br>**DECLARATION OF<br>DAVID N. SONNENREICH** |

David N. Sonnenreich, under penalty of perjury, declares as follows:

1. My name is David N. Sonnenreich, and I am a licensed attorney in the State of Utah, and I am the Director of the Antitrust Section in the Office of the Utah State Attorney General ("UAGO"). I have personal knowledge of the matters set forth below.

2.  The UAGO has taken part in a multistate investigation of defendant Google LLC and its affiliates (collectively "Google") that began in 2019 (the "Investigation"). During the course of the Investigation, the UAGO served Google with two civil investigative demands (the "UAGO CIDs").

3.  Following the issuance of the UAGO CIDs, the UAGO and Google entered into a Confidentiality Agreement dated August 17, 2020 (the "Utah-Google Confidentiality Agreement"), designed to assure Google that the UAGO and the other states involved in the Investigation (collectively the "Plaintiff States"), would keep confidential certain materials produced by Google in response to the UAGO CIDs. A true and correct copy of the Utah-Google Confidentiality Agreement is attached to this Declaration as Exhibit "A."

4.  Among the terms of the Utah-Google Confidentiality Agreement, the parties agreed that Google could designate certain materials provided to the Plaintiff States as "Confidential" if "Google reasonably believes that [the materials] contain highly sensitive information, which if Google were to so designate would constitute trade secrets, commercial information or nonindividual financial information . . . ." [Exhibit A, ¶ 2]

5.  During the Investigation, Google was also being investigated separately by the U.S. Department of Justice ("DOJ"), and Google had previously produced materials to the DOJ as part of the DOJ's separate investigation. Accordingly, as part of the Utah-Google Confidentiality Agreement, the parties agreed that any materials received from Google by the Plaintiff States that had been previously produced by Google to the U.S. Department of Justice ("DOJ') would be treated by the Plaintiff States as "Confidential." [Exhibit A, ¶ 3.]

6.  Invoking these terms, Google designated many internal Google records produced to the Plaintiff States as "Confidential," including many records previously provided by Google to the DOJ.

7.  With respect to any materials produced by Google and designated as "Confidential," the Plaintiff States have agreed that "unless authorized by a court of competent jurisdiction or by Google in writing, no information designated as Confidential shall be shown or disclosed to any person or entity not bound by this Agreement . . . ." [Exhibit A ¶ 5.b.]

8. The Complaint in this action alleges certain facts and information obtained by the Plaintiff States from documents and records which have been designated by Google as "Confidential." The Plaintiff States have redacted those materials from the publicly filed version of the Complaint. In bringing the Plaintiff States' Motion to File Under Seal in Part, the Plaintiff States assume that Google will argue that the materials redacted from the Complaint qualify for redaction and that the Complaint should be sealed.

Dated this 29th day of July, 2021.

By: s/David Sonnenreich

**EXHIBIT A**

CONFIDENTIAL TREATMENT REQUESTED

# IN THE MATTER OF THE MULTISTATE INVESTIGATION OF ALPHABET INC.

## CONFIDENTIALITY AGREEMENT

1. The Office of the Attorney General of Utah ("UAGO") and the Offices of the Attorneys General of those States, Commonwealths, District, and Territories who execute this Agreement (the "Signatory States," and collectively with Utah, the "States") are investigating potentially anticompetitive conduct and unfair methods of competition in markets relating to online search, mobile operating systems and applications, online advertising, and related products and services in the United States (the "Investigation"). In relation to the Investigation and pursuant to the Utah Antitrust Act, Utah Code §§ 76-10-3101 *et seq*. (the "Act"), Alphabet Inc. ("Google") will produce to Utah, *inter alia*, documentary material, responses to interrogatories, and/or oral testimony (collectively, "CID Materials").

2. Utah Code § 76-10-3107 protects the confidentiality of CID Materials. Google may seek additional confidentiality protections for certain documents in accordance with this Agreement by designating those CID Materials as "Confidential." Google may designate CID Materials as "Confidential" (i) if Google reasonably believes that the CID Materials contain highly sensitive information, which if Google were to so designate would constitute trade secrets, commercial information or nonindividual financial information as defined in Utah Code §63G-2-305(1) and (2) (notwithstanding that Google is not required to provide the UAGO with the information specified in Utah Code § 63G-2-309 as a condition of designating it as "Confidential" for purposes of this Agreement), or (ii) if the information is entitled to additional protections pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, the Antitrust Civil Process Act ("ACPA"), 15 U.S.C. §§1311-14, or other applicable non-U.S. law regarding the production of materials to other competition and regulatory agencies. Any inadvertent failure to designate qualifying information as Confidential shall be treated in accordance with paragraph 6(b) of this Agreement.

3. Any CID Materials that were received at any time by Utah that were previously produced to the United States Department of Justice (USDOJ) pursuant to a USDOJ civil investigative demand or other request, and which were afforded confidentiality protections pursuant to federal law at the time of their production to USDOJ, and any shall be designated "Confidential*.*"

4. Nothing in this Agreement shall prevent a State from contending that any CID Materials designated as "Confidential," have been improperly designated. The parties shall use their best efforts to promptly and informally resolve such disputes. If agreement cannot be reached, a State may request that a court cancel or modify such designation.

5. In addition to and notwithstanding any other provision of this Agreement, the States agree that:

    a. Prior to disclosing, in whole or in part, any CID Materials designated as Confidential to any person or entity otherwise permitted to receive such information pursuant to this Agreement (other than an employee of the Office of the Attorney General of such State), the disclosing State shall inform such person or entity that the information is Confidential. This paragraph includes the Utah Department of Commerce's Consumer

CONFIDENTIAL TREATMENT REQUESTED

    Protection Division, which is also subject to this Confidentiality Agreement and the applicable statutory provisions, including but not limited to Utah Code § 76-10-3107.

  b. Notwithstanding any other provision of law, unless authorized by a court of competent jurisdiction or by Google in writing, no information designated as Confidential shall be shown or disclosed to any person or entity not bound by this Agreement (or an employee of an entity or Attorney General or the Utah Department of Commerce's Consumer Protection Division so bound), including, for the avoidance of doubt, a witness or deponent, other than a person who created or received such Confidential information in the ordinary course of business (and then solely those portions of any document such person previously created or received).

6. To facilitate coordination of the Investigation, reduce any burden on Google, and protect the confidentiality of CID Materials, the States agree as follows:

  a. The States agree to keep CID Materials confidential to the fullest extent applicable by law, including by providing confidentiality protections equal to or greater than those provided by this agreement and provided in Utah Code § 76-10-3107. In addition, Utah agrees to consider CID Materials as exempt from disclosure pursuant to Utah Code § 76-10-3107, and to assert any and all available exemptions to disclosure in the event of a public records request for CID Materials falling outside of the protection of Utah Code § 76-10-3107, including by asserting that such records are Protected records within the meaning of Utah Code § 63G-2-305. In the event the UAGO's withholding of CID Materials is challenged in any court, agency, or before any administrative body, Google will seek to intervene in a timely fashion to defend any claim of confidentiality.

  b. Google's inadvertent production of CID Materials without a "Confidential" designation, but which Google reasonably believes are Confidential does not constitute a waiver of Google's right to claim or Confidential status; Google may at any time designate CID Materials it previously produced as Confidential provided that Google replaces the relevant CID Materials to reflect the new designation. From the time of that replacement production or written notice of intent to reproduce materials under a new confidentiality designation, the States shall treat such information as required by this Agreement.

  c. Google's production of attorney-client privileged material, attorney work product material, or material subject to any other privilege ("Privileged Material") or failure by Google to assert that a privilege and/or work product protection applies to any Privileged Material shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection that applies to such material. The States shall promptly return to Google any documents or information (and any copies thereof) that, through their review, they recognize as being protected against disclosure by the attorney-client privilege, the attorney work product doctrine, or any applicable privilege. The States shall not assert that a claim of privilege has been waived by Google because documents or information have been inadvertently produced, regardless of when such inadvertent disclosure is discovered, and regardless of which

CONFIDENTIAL TREATMENT REQUESTED

    party discovers that Privileged Material was disclosed. The States reserve all other rights with respect to challenging any designation of privilege by Google.

d. A State may share CID Materials with an individual who is retained but not employed by that State for the purposes of this Investigation (for instance, a consulting expert) only upon that individual's execution of Attachment 1. The States will not authorize any such individual to disclose CID Materials designated as Confidential, except that a consulting expert or e-discovery professional may sign Attachment 1 on behalf of the staff that he or she employs or retains at one firm.

e. Utah may share CID Materials with States that are investigating Google ("Signatory States") who are subject to this Agreement. Attorneys General not presently parties to this Agreement may become subject to its terms and thereby gain access to the CID Materials by executing a counterpart and providing a copy thereof to Google or its counsel. By executing this Agreement, a Signatory State is agreeing to keep CID Materials confidential to the fullest extent applicable by law, including by providing confidentiality protections equal to or greater than those required by this Agreement and Utah Code § 76-10-3107.

f. If any CID Material is subject to any form of compulsory process in a State or is demanded from a State under any public records or other relevant law, then such State shall promptly notify Utah in writing, and if Utah receives any such notice, Utah will promptly notify Google in writing (by email to counsel specified by Google). Provided, however, that a State shall not be required to provide such notice if the request and any disclosure of records is summarily denied by the State and not appealed by the requestor.

g. If a State learns that, by inadvertence or otherwise, it has disclosed CID Materials in any circumstance prohibited under this Agreement or Utah Code § 76-10-3107, that State must immediately (a) notify Google of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of such CID Materials, (c) inform the person(s) or entity to whom the unauthorized disclosure(s) were made of all the terms of this Agreement, and (d) request that such person(s) or entity return the disclosed CID Materials to the State.

h. Regarding the disposition of CID Materials to Google (upon written request at the completion of any case or proceeding before any court arising out of the Investigation or after the States have decided not to institute any case or proceeding before a court in connection with the Investigation), the States agree to return, destroy, or maintain CID Materials produced by Google in accordance with this Agreement, subject to any restrictions contained in any of the States' document retention laws or policies.

i. This Agreement is not intended to nor does it limit the statutory protections for information produced in response to Civil Investigative Demands pursuant to Utah Code § 76-10-3107. In the event of a conflict in terms between this Agreement and any other confidentiality agreement among any of the States regarding sharing of CID Materials, this Agreement shall take precedence with respect to CID Materials produced by Google in response to Civil Investigative Demands issued by the Utah

CONFIDENTIAL TREATMENT REQUESTED

> Attorney General, but shall not affect any other confidentiality agreement with respect to CID Materials not produced by Google except to the extent expressly stated in this Agreement (e.g. in Paragraph 3).
>
> j. The obligations imposed by this Agreement shall survive the conclusion of the Investigation to the extent permitted by applicable law.

7. The following state-specific provisions also apply with respect to the following individual state signatories:

    a. <u>Alaska</u>: Notwithstanding anything in this Agreement to the contrary, the State of Alaska agrees to be bound by all terms of this Agreement only to the extent permitted by federal and State of Alaska law, including constitutional provisions, statutes, regulations, common law, court and administrative rules, and court and administrative orders.

    b. <u>Arizona</u>: CID Materials provided to Arizona will be considered confidential to the full extent of Arizona law, as provided under Arizona Revised Statutes § 44-1406(E).

    c. <u>Florida</u>: CID Materials provided to Florida will be maintained with the same confidentiality as the providing state pursuant to Fla. Stat. § 501.2065.

    d. <u>Georgia</u>: CID Materials provided to Georgia will be maintained in confidence pursuant to GA Code §§ 50-18-72(a)(1) and (4).

    e. <u>Idaho</u>: CID Materials provided to Idaho will be deemed "procedure, testimony taken, or material produced" under Idaho Code § 48-109 and will be kept confidential pursuant to Idaho Code § 48-109(6).

    f. <u>Illinois</u>: for purposes of Illinois' participation in the Agreement, paragraph 3(c) shall be replaced with the following: Google's production of attorney-client privileged material, attorney work product material, or material subject to any other privilege ("Privileged Material") or failure by Google to assert that a privilege and/or work product protection applies to any Privileged Material shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection that applies to such material. Illinois shall promptly sequester any documents or information (and any copies thereof) that, through their review, the States recognize as being protected against disclosure by the attorney-client privilege, the attorney work product doctrine, or any applicable privilege. The States shall not assert that a claim of privilege has been waived by Google because documents or information have been inadvertently produced, regardless of when such inadvertent disclosure is discovered, and regardless of which party discovers that Privileged Material was disclosed. The States reserve all other rights with respect to challenging any designation of privilege by Google.

    g. <u>Iowa</u>: CID Materials provided to Iowa will be maintained in confidential pursuant to Iowa Code § 553.9(3). Iowa's obligations under this Agreement shall be interpreted in a manner consistent with federal and State of Iowa law, including constitutional provisions, statutes, regulations, common law, court and administrative rules, and court and administrative orders.

CONFIDENTIAL TREATMENT REQUESTED

    h. <u>Mississippi</u>: CID Materials which contain trade secrets and confidential commercial information will be maintained in confidence pursuant to MS Code Ann. §§ 25-61-9, 25-61-12(2), and 25-61-3(f).

    i. <u>Nebraska</u>. CID Materials provided to Nebraska constitute records received by a law enforcement agency as part of an examination and/or investigation and shall be withheld pursuant to Neb. Rev. Stat. § 84-712.05 (5) and any other applicable laws, and not disclosed even if the Nebraska CID is terminated.

    j. <u>Nevada</u>: CID Materials provided to Nevada will be considered confidential to the full extent of Nevada law, as provided under NRS 598A.110.

    k. <u>New York</u>: The State of New York's obligations under this Agreement shall be interpreted in a manner consistent with N.Y. Pub. Off. L. § 84 et seq. Nothing contained herein shall alter or limit the obligations of the Attorney General of New York that may be imposed by N.Y. Pub. Off. L. § 84 et seq. or by order of any court, regarding the maintenance or disclosure of documents and information supplied to the Attorney General of New York.

    l. <u>North Carolina</u>: The State of North Carolina's obligations under this Agreement shall be interpreted in a manner consistent with N.C.G.S § 132-1 et seq. Nothing contained herein shall alter or limit the obligations of the Attorney General of North Carolina that may be imposed by N.C.G.S § 132-1 et seq., or by order of any court, regarding the maintenance or disclosure of documents and information supplied to the Attorney General of North Carolina.

    m. <u>North Dakota</u>: CID Materials shall be considered produced to the State of North Dakota under North Dakota Century Code § 51-08.1-06 and must be kept confidential pursuant to §51-08.1-06(3).

    n. <u>Pennsylvania</u>: CID Materials provided to the Commonwealth of Pennsylvania will be maintained in confidence pursuant to 65 P.S. § 67.101 et seq. to the fullest extent allowable by law. The Pennsylvania Office of Attorney General further agrees that it will not waive these exemptions pursuant to 65 P.S. § 67.506(c).

    o. <u>Rhode Island</u>: CID Materials provided to Rhode Island will be maintained pursuant to R.I. Gen. Laws 6-36-9.

    p. <u>South Carolina</u>: CID Materials provided to South Carolina will be maintained in confidence pursuant to S.C. Code Ann. § 39-5-80 and used only for official law enforcement purposes.

    q. <u>Tennessee</u>: CID Materials received by the State of Tennessee shall be considered produced pursuant to Tenn. Code Ann. §§ 8-6-401 et seq. and shall be kept confidential accordingly.

    r. <u>Utah</u>: This Agreement constitutes a "confidentiality agreement" within the meaning of Utah Code § 76-10-3107(8).

CONFIDENTIAL TREATMENT REQUESTED

    s. <u>Wyoming</u>: CID Materials provided to Wyoming will be considered confidential to the full extent of Wyoming law, including as provided under Wyoming Statute §§ 16-4-203(b)(i) and 40-12-112(f).

8. By executing this Agreement on behalf of Google, Google hereby consents to Utah sharing CID Materials with the Offices of the Attorneys General of the Signatory States that execute this Agreement, pursuant to paragraph 6(e).

9. Nothing in this Agreement shall be construed to prevent Google from objecting to the use of any CID Materials in any proceeding on any grounds that would otherwise be available, and all such objections are expressly preserved.

10. This Agreement represents the entire and complete agreement of the parties. The parties to this Agreement may enter into further agreements modifying the terms of this Agreement, provided that any such modification is in writing, signed by all the parties subject to this Agreement or their authorized representatives.

11. It is the intent of the parties to be bound by all terms of this Agreement and the parties believe that all provisions are valid and enforceable. However, if any provision of this Agreement is held invalid or unenforceable by a court or government agency of competent jurisdiction, it shall be severed from this Agreement and all valid and enforceable provisions shall remain in force.

12. This Agreement shall be construed in accordance with the laws of the State of Utah, except that the state-specific provisions of paragraph 7 shall be interpreted in accordance with the laws of the individual state at issue. Utah Code § 76-10-3107(7) sets forth the procedures for the Utah Attorney General's Office to initiate an official proceeding in Utah District Court in connection with a Civil Investigative Demand. In the event of any court proceeding to enforce, terminate, interpret, or modify any provision of this Agreement to which the State of Utah or the Utah Attorney General's Office is a party, the sole venue shall be the Utah State Third Judicial District, Salt Lake City District Court.

13. A signature on a counterpart of this Agreement will be deemed a signature on the original. This Agreement may be executed by facsimile or electronic copy. Facsimile or PDF signatures shall be deemed true and original signatures for all purposes.

Agreed to and accepted this 17th day of August, 2020, by

*/s/ Wendy Huang Waszmer*

Wendy Huang Waszmer
Wilson Sonsini Goodrich & Rosati

Perry Zinn Rowthorn
Jepsen Rowthorn LLP
On behalf of Alphabet, Inc. ("Google")

CONFIDENTIAL TREATMENT REQUESTED

      I have read the attached Agreement, understand the terms of the Agreement, and agree to be bound by those terms. I am executing this Agreement on behalf of myself and the State of Utah.

Signature: _(signed)_                           Date: August 17, 2020

**David N. Sonnenreich**
Deputy Attorney General
Antitrust Section Director
Office of the Utah Attorney General
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
dsonnenreich@agutah.gov
Telephone: 801-366-0132
Cell: 801-845-6862
Fax: 801-366-0315

CONFIDENTIAL TREATMENT REQUESTED

      I have read the attached Agreement, understand the terms of the Agreement, and agree to be bound by those terms. I am executing this Agreement on behalf of myself and my State, Commonwealth, District, or Territory.

Signature: _____    Date: _____
Name:
Title:
Employer:
Address:
City/State/Zip:
Email:
Phone:

CONFIDENTIAL TREATMENT REQUESTED

# ATTACHMENT 1

1. I have read the attached Agreement, understand the terms of the Agreement, and agree to be bound by those terms.

2. In addition, I expressly agree that:

    a. I will not disclose or otherwise use for the benefit of anyone other than the States (and in such case solely in connection with the Investigation referenced in the Agreement) any CID Materials designated by Google as containing Confidential information, or any documents derived therefrom, unless the disclosure is required by law.

    b. With respect to any CID Materials designated by Google as containing Confidential information, I agree to assume special fiduciary obligations to: (1) safeguard and protect the material from unauthorized copying and disclosure; (2) limit the access, review, and disclosure of such material only to specific individuals employed by the office of the attorney general of the state with whom I am under contract (the "OAG"), or as specifically provided in paragraph 6(d); (3) implement organization and technical safeguards to segregate such material from unauthorized access by individuals who have not been approved by the OAG.

    c. I will, within sixty (60) days of the termination of my engagement with the States in connection with this Investigation or the conclusion of the Investigation and any informal or formal proceedings arising therefrom (including litigation and appeals), whichever is sooner (such date, my "Termination Date"), return to the State that initially engaged me any CID Materials or documents derived from or containing CID Materials then in my possession.

Signature: _____   Date: _____
Name:
Title:
Employer:
Address:
City/State/Zip:
Email:
Phone: