UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Google Play Store Antitrust Litigation | Case No. 21-md-02981-JD<br><br>**ORDER RE SEALING OF COMPLAINTS** |

In this multidistrict antitrust litigation, the four plaintiff groups -- (1) Epic Games., Inc., (2) the Consumer Plaintiffs, (3) the Developer Plaintiffs, and (4) the Plaintiff States -- have filed motions to seal portions of their amended complaints. The motions are not based on Plaintiffs' belief that anything in the complaints should be kept out of the public eye. They were filed in response to confidentiality designations made by defendant Google LLC. Dkt. Nos. 62, 63, 64; *Utah v. Google LLC*, Case No. 21-5227-JD, Dkt. No. 93.[1] Google says that sealing portions of the complaints is warranted. Dkt. No. 74. The Court does not agree, and the sealing requests are denied.

A hallmark of our federal judiciary is the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Public access maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts. This is why the business of the federal judiciary is done in open court.

---

[1] Docket number references are to the MDL docket unless otherwise specified. Where documents were filed on both the MDL docket and the individual case docket, the Court will refer to the MDL docket number only.

1          On occasion, there may be a good reason to limit the public access that law and long

2  tradition demand.  Court filings that expose a person's sensitive medical information, for example,

3  or a business's trade secrets, are candidates for sealing.  *See Center for Auto Safety v. Chrysler*

4  *Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

5          No similarly sensitive information is at stake here.  Complaints are the beating heart of

6  every lawsuit, and Google had the burden of presenting a compelling reason for sealing the

7  documents that are integral to the merits of Plaintiffs' claims.  *Id*. at 1101-02.  That is all the more

8  true because the complaints allege violations of the antitrust laws, which are matters where the

9  public interest is particularly strong.  *See Associated General Contractors of California, Inc. v.*

10  *California State Council of Carpenters*, 459 U.S. 519, 542 (1983); *Radovich v. National Football*

11  *League*, 352 U.S. 445, 453-54 (1957) (Congress has determined that activities prohibited by

12  Sherman Act are "injurious to the public" and "[t]hese laws protect the victims of the forbidden

13  practices as well as the public.").

14          Google says that sealing is warranted because it has a "strict practice" of treating its

15  internal business documents in a confidential manner, and that "[t]hese materials therefore have

16  economic value from not being generally known to Google's competitors, counterparties, or the

17  general public."  Dkt. No. 74-1 ¶¶ 4-5.  But this is just Google's conclusion, and not a statement of

18  "compelling reasons supported by specific factual findings that outweigh the general history of

19  access and the public policies favoring disclosure."  *Kamakana v. City and County of Honolulu*,

20  447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotations omitted).  Google did not demonstrate how the

21  unredacted complaints might cause it commercial harm, and permitting sealing on the basis of a

22  party's internal practices would leave the fox guarding the hen house.  So too for the stipulated

23  protective order between Google and Epic, which Google says that Epic is not honoring.  *See* Dkt.

24  No. 161 at 1.  The parties cannot curtail public access by agreement.

25  //

26  //

27  //

28  //

2

Epic, the Consumer Plaintiffs, the Developer Plaintiffs, and the Plaintiff States are directed to file unredacted versions of their complaints on ECF within 7 days of this order.  Civil L.R. 79-5(f).

**IT IS SO ORDERED.**

Dated:  August 18, 2021

JAMES DONATO
United States District Judge