1   Brian C. Rocca, S.B #221576            Daniel M. Petrocelli, S.B. #97802
    brian.rocca@morganlewis.com            dpetrocelli@omm.com
2   Sujal J. Shah, S.B #215230             Stephen J. McIntyre, S.B. #274481
    sujal.shah@morganlewis.com             smcintyre@omm.com
3   Michelle Park Chiu, S.B #248421        **O'MELVENY & MYERS LLP**
    michelle.chiu@morganlewis.com          1999 Avenue of the Stars
4   Minna Lo Naranjo, S.B #259005          Los Angeles, California  90067
    minna.naranjo@morganlewis.com          Telephone: (310) 553-6700
5   Rishi P. Satia, S.B #301958            Facsimile: (310) 246-6779
    rishi.satia@morganlewis.com
6   **MORGAN, LEWIS & BOCKIUS LLP**        Ian Simmons, *pro hac vice*
    One Market, Spear Street Tower         isimmons@omm.com
7   San Francisco, CA 94105                Benjamin G. Bradshaw, S.B. #189925
    Telephone: (415) 442-1000              bbradshaw@omm.com
8   Facsimile: (415) 422-1001              **O'MELVENY & MYERS LLP**
                                           1625 Eye Street, NW
9   Richard S. Taffet, *pro hac vice*      Washington, DC 20006
    richard.taffet@morganlewis.com         Telephone: (202) 383-5300
10  **MORGAN, LEWIS & BOCKIUS LLP**        Facsimile: (202) 383-5414
    101 Park Avenue
11  New York, NY 10178
    Telephone: (212) 309-6000
12  Facsimile: (212) 309-6001
    *Attorneys for Defendants Google LLC, et al.*
13

14              **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16                 **SAN FRANCISCO DIVISION**

17  **IN RE GOOGLE PLAY STORE**            Case No. 3:21-md-02981-JD
    **ANTITRUST LITIGATION**
18                                         **DECLARATION OF BRIAN C.**
                                           **ROCCA IN SUPPORT OF:**
19  THIS DOCUMENT RELATES TO:
                                           **DEFENDANTS' EMERGENCY**
20  *In re Google Play Consumer Antitrust* **MOTION TO STAY;**
    *Litigation*, Case No. 3:20-cv-05761-JD
21                                         **STIPULATION AND [PROPOSED]**
    *In re Google Play Developer Antitrust* **ORDER SHORTENING TIME PER**
22  *Litigation*, Case No. 3:20-cv-05792-JD **LOCAL RULE 6-2(a); and**
23                                         **RENEWED APPLICATION TO SEAL**
    *State of Utah, et al. v. Google LLC, et al.*, Case
24  No. 3:21-cv-05227-JD
                                           Place:  Courtroom 11, 19th Floor
25                                         Judge:  Hon. James Donato

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>DECLARATION OF BRIAN C. ROCCA</u>**

I, Brian C. Rocca, declare as follows:

1.     I am an attorney admitted to practice law in California and before this Court.  I am a partner at Morgan, Lewis & Bockius LLP, counsel of record for Defendants Google LLC, Google Payment Corp., Google Ireland Limited, Google Commerce Ltd., and Google Asia Pacific Pte. Ltd. (collectively, "Google") in the above-captioned matter.  I submit this declaration in support of Google's:  Emergency Motion to Stay; the parties' Stipulation and Proposed Order Shortening Time Per Local Rule 6-2(a); and Renewed Application to Seal.  Except as otherwise stated, all of the facts set forth herein are known to me personally, and, if called as a witness, I could and would testify competently to them.

2.     On August 5, 2021, Google filed a request to seal certain portions of the four complaints in this MDL.  *See* Case No. 21-md-02981-JD ("MDL"), Dkt. 74.  In accordance with Local Rules, Google submitted a 31-page declaration that addressed on an item-by-item basis the specific information subject to seal, and the reasons for the sealing.  *Id*.  Google also submitted redacted versions of the exhibits to the supporting declaration.  MDL Dkts. 74-3, 74-5, 74-7, 7-9. Google was selective in its request.  It agreed to seek sealing for approximately half of the material that had been provisionally sealed by Plaintiffs.  MDL Dkt. 74.

3.     On August 10, 2021, Epic filed a response to Google's submission.  MDL Dkt. 75. Google responded and objected to the response on August 11, 2021.  MDL Dkt No. 76.  In that response, Google requested leave to file additional information if the Court required more detail in connection with the sealing request:

> Mr. Rope's declaration comports with Local Rule 79-5 and the practice in this District, but, if the Court believes that Google should support its request with either a supplemental declaration or additional detail in support of its sealing request, Google can provide such additional support and requests leave to do so.

4.     On August 18, 2021 at 5:06 p.m., this Court issued an Order re Sealing of Complaints (the "August 18 Order"), denying in its entirety Google's motion to seal portions of

the four separate complaints in the MDL, and directing Plaintiffs to file unredacted versions of their complaints within seven days, or no later than August 25, 2021.  MDL Dkt. 79.

5.      In light of the directive that Plaintiffs should file the unredacted complaints **within seven days**, I immediately attempted to make contact with counsel for Plaintiffs by telephone and email to request their agreement to hold off on filing unredacted versions of their complaint to provide Google with a fair opportunity to seek relief from the order.

6.      Over the course of the next two hours, I was able to make contact with counsel for each of the Plaintiff-groups, and I specifically requested that Plaintiffs temporarily hold their unredacted complaints in abeyance.  I made it clear that Google intended to seek emergency relief and needed an opportunity to prepare and file emergency motion papers.  At the suggestion of counsel for the States, a call was scheduled on August 19 at 9:30 a.m. Pacific.

7.      On August 19, I participated in a call with counsel for all Plaintiffs.  I again stated Google's intention to file that same day an emergency request to stay the August 18 Order to provide Google with an opportunity to file a renewed request to seal in response to the August 18 Order, and, alternatively, to seek review at the Ninth Circuit.

8.      I asked each counsel for their agreement to temporarily hold their unredacted complaints in abeyance so Google had an opportunity to maintain the status quo and avoid irreparable harm.  Counsel for the Consumer Plaintiffs, the Developer Plaintiffs, and the State Attorneys General each preliminarily indicated that the request was reasonable, suggested they were inclined to accommodate it, and agreed to promptly confer with their co-counsel and report back to me.  Counsel for the States requested that I send a follow-up email after the conference so he could share it with his colleagues.  Counsel for Epic acknowledged the request, advised they would speak to their client, but did not provide a definitive answer about whether Epic would refrain from filing its unredacted complaint while Google sought emergency relief.

9.      Shortly after the call, I sent the following email:

> Thank you for joining the call this morning.  As discussed, Google is requesting your agreement to not file the unredacted complaints any earlier than you are required to file, in order to give Google [] an opportunity to file emergency papers with the Court seeking a temporary stay of the sealing order and to allow time for the Court to consider that request.  The stay is

DECLARATION OF BRIAN C. ROCCA

intended to avoid irreparable harm and to maintain the status quo to provide Google with an opportunity to present a renewed motion to seal in light of the Court's order, or, alternatively, an appeal to the Ninth Circuit. As I advised, we are preparing the emergency papers, and we request your agreement to Google's request to shorten time, so that the papers can be considered before the complaints are refiled in unredacted form on the docket. Thank you.

10.     On August 19, 2021, almost simultaneous with my sending the above email, and without prior warning, Epic proceeded to file its unredacted First Amended Complaint. There were over six days remaining on the Court's deadline to file the complaint.

11.     Soon after Epic filed its complaint, counsel for each of the Developers, Consumers and States replied to my email and confirmed that, despite Epic's decision to file, they would agree to hold off on the filing of their complaint to permit Google time to file the motion to stay.

12.     On August 20, 2021, Google filed an Emergency Motion to Stay the Court's August 18, 2021 Order (the "Motion for Stay") and a Renewed Application to Seal.

13.     As Google explains in the Motion for Stay, if the Court's August 18 Order is not stayed, the Consumer Plaintiffs, the Developer Plaintiffs, and the States will be required to file unredacted complaints by August 25, 2021, before Google is able to pursue available relief in connection with the August 18 Order. The public disclosure of highly sensitive and confidential business information would cause irreparable harm to Google's position in the marketplace by making available to Google's competitors and counterparties nonpublic material concerning Google's business dealings and strategies.

14.     Under the default timeline provided in the Local Rules, it would take approximately 35 days for Google's Motion to Stay to be fully briefed and heard. *See* N.D. Cal. L.R. 7-2(a). In other words, the Plaintiffs' deadline for filing unredacted complaints would come and go before the Motion to Stay would be ripe for this Court's decision. The filing of unredacted complaints would effectually render the Renewed Application to Seal moot, depriving Google of its ability to seek relief from the August 18 Order.

15.     In accordance with Local Rule 6-2(a)(2), this is the first request to shorten time filed in this MDL. Attached as Exhibit A is a listing of prior extensions of time in the MDL.

16.     Because the Order is separate from and does not affect the merits of the case, the

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD

1     requested time modification would have no effect on the case schedule.

2           17.    Before filing the Motion to Stay, Google sought and obtained a stipulation to the

3     requested time change.  On August 19, counsel for the Developer Plaintiffs, the Consumer

4     Plaintiffs, and the State Attorneys General agreed to Google's request to shorten time, as follows:

5                 <u>Aug. 20 by 1 p.m. PT</u>: Google files motion to stay
                  <u>Aug. 23</u>: Plaintiffs file responses, if any, to the motion to stay
6                 <u>Aug. 24</u>: Google files a reply, if any, in support of the motion to stay
                  <u>Aug. 25</u>: Court hears argument on motion to stay, if necessary
7

8           18.    The schedule is shortened to accommodate the briefing in advance of the

9     expiration of the seven days from the Court's August 18 Order.

10          19.    On August 20, 2021, Google is filing a Renewed Application to Seal, supported by

11    the Declaration of Christian Cramer.  Exhibits A, B, and C to the Cramer Declaration will be filed

12    under seal; those exhibits highlight for the Court the materials that Google seeks to seal in its

13    Renewed Application.  To avoid waiver of its appellate rights with respect to the prior sealing

14    request and subsequent order (MDL Dkts. 74, 79), Google is unable to submit at this time

15    redacted versions of Exhibits A, B, and C (on the public docket), because doing so would reveal

16    certain information that may be subject to appeal.  Upon the Court's order on Google's Renewed

17    Application to Seal, Google's counsel will promptly meet and confer with counsel for the

18    Developer Plaintiffs, the Consumer Plaintiffs, and the State Attorneys General, regarding the

19    filing of redacted versions of the Exhibits on the public dockets.

20

21          I declare under penalty of perjury under the laws of the State of California that the

22    foregoing is true and correct.  Executed on August 20, 2021 in San Francisco, CA.

23

24                                              _____
                                                    */s/ Brian C. Rocca*
25                                                 Brian C. Rocca

26

27

28

DECLARATION OF BRIAN C. ROCCA

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

DECLARATION OF BRIAN C. ROCCA

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD

1

## PREVIOUS TIME MODIFICATIONS

| Date | Dkt. No. (Case No.) | Description |
|---|---|---|
| September 10, 2020 | 37 (3:20-cv-05792-JD) | Stipulation regarding extension of time for defendants to respond to developer class complaint from September 11, 2020 to October 26, 2020. |
| September 14, 2020 | 32 (3:20-cv-05761-JD) | Stipulation regarding extension of time for defendants to respond to consumer class complaint from September 29, 2020 to October 26, 2021. |
| September 17, 2020 | 49 (3:20-cv-05671-JD) | Stipulation regarding extension of time for defendants to respond to Epic Games, Inc. complaint from September 25, 2020 to October 26, 2021. |
| August 17, 2021 | 78 (3:21-md-02981-JD) | Order establishing the parties' jointly proposed schedule for Google's motion to dismiss Plaintiffs amended complaints. |

DECLARATION OF BRIAN C. ROCCA

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD; 3:21-cv-05227-JD