Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Daniel M. Petrocelli, Bar No. 97802
dpetrocelli@omm.com
Stephen J. McIntyre, Bar No. 274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-6035
Telephone: (310) 553-6700

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, Bar No. 189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: (202) 383-5106
Facsimile: (202) 383-5414

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**RENEWED APPLICATION TO SEAL**<br><br>Judge James Donato |

## INTRODUCTION

Google respectfully renews its application to seal certain portions of three of the four complaints in this multi-district litigation (MDL).[1]  Google does not make this request lightly; it does so to avoid the irreparable harm that will be incurred if there is further public disclosure of highly sensitive business material.  As the Ninth Circuit has stated, "Secrecy is a one-way street: Once information is published, it cannot be made secret again."  *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).  Google respectfully asks this Court to permit targeted, line-item sealing of confidential, commercially sensitive material appearing in the Consumer Plaintiffs', Developer Plaintiffs', and States' operative complaints.  That material includes (a) non-public financial information, (b) specific price and non-price deal terms in contracts with third parties; and (c) private negotiating strategies involving third parties.  If this information is revealed to competitors or counterparties, it could cause significant competitive harm to Google.  More specifically, its disclosure could permit competitors and business partners to use the information to gain unfair leverage against Google in future deal negotiations.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (if disclosure would create an "advantage in contract negotiations" there are "compelling reasons" to seal).

This sealing exercise involved four complaints totaling nearly 400 pages, each of which quotes or purports to describe information from a multitude of commercially sensitive business documents and non-public financial data that Google produced pursuant to a Protective Order or confidentiality obligation.  To demonstrate why this material should be sealed, Google provided a 31-page declaration identifying the information subject to sealing, as well as the grounds for sealing, on an item-by-item basis.  *See* Case No. 3:21-md-02981-JD ("MDL"), Dkt. 74-1.  Google was selective in framing the request; Google declined to seek the sealing of approximately half of

---

[1] This application does *not* address Epic's amended complaint, which was filed by Epic without prior warning to Google—despite Google having provided clear notice to Epic of its intent to file an emergency request to stay the Court's August 18, 2021 Order and a renewed application to seal.  *See* Declaration of Brian C. Rocca in Support of Defendants' Emergency Motion to Stay; Stipulation and Proposed Order Shortening Time Per Local Rule 6-2(a); and Renewed Application to Seal ¶¶ 6-10.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

RENEWED APPLICATION TO SEAL

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD

the material that Plaintiffs provisionally designated under seal.  In light of the sensitivity of the information involved—and the fact that this was the parties' first sealing exercise in this complex MDL—Google requested leave to provide "a supplemental declaration or additional detail in support" if the Court determined the information Google provided was insufficient.  MDL Dkt. 76.  Google now respectfully renews its application to seal to provide that supplemental declaration and additional detail.  *Cf. Ovonic Battery Co. v. Sanyo Electric Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (permitting party to file "renewed" sealing application); *Ovonic Battery Co. v. Sanyo Electric Co.*, No. 14-cv-01637-JD, 2014 WL 3749152, at *2-3 (N.D. Cal. July 24, 2014) (granting party's "renewed" sealing application).

Google is mindful of this Court's instructions about the sealing of confidential material.  Although Google believes its prior submission met the Ninth Circuit's sealing standards—and Google expressly reserves its rights for purposes of potential appellate review—Google has further narrowed its request to seal and substantially reduced the number of proposed redactions.

### **THERE ARE COMPELLING REASONS TO SEAL**

The Ninth Circuit holds that sealing is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotation omitted).  Compelling reasons may exist where, by way of example, the material to be disclosed includes "trade secrets,"[2] "confidential contracts,"[3] "contract negotiations,"[4] "long-term financial projections,"[5] "discussions of business strategy,"[6]

---

[2] *Kamakana*, 447 F.3d at 1179.

[3] *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).

[4] *Id.*

[5] *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011).

[6] *Id.*

or "business information that might harm a litigant's competitive standing."[7]  Moreover, the public release of "detailed financial information" can implicate a "significant interest" of a party because it could lead to competitive harm, such as ceding "an advantage in contract negotiations." *Apple*, 727 F.3d at 1225.

Google focuses this renewed (and narrowed) request on three specific, highly sensitive categories of material: (a) non-public financial information, (b) specific price and non-price deal terms of contracts with third parties, and (c) private negotiating strategies involving third parties. While Google respects the presumption in favor of access to court documents, courts in the Ninth Circuit have widely held that these types of information warrant sealing under the "compelling reasons" standard.  *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting petition for mandamus and protecting competitive terms of a license agreement, "which plainly falls within the definition of 'trade secrets'" because it provides "an opportunity to obtain an advantage over competitors who do not know or use it"); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) ("Courts have allowed confidential commercial agreements to be sealed even under the 'compelling reasons' standard"; permitting sealing of "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.") (citation omitted); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *2–5 (N.D. Cal. Aug. 2, 2016) (finding "compelling reasons" to seal, *inter alia*, "product-specific customer data," "detailed sales information for customers that could be used to the company's competitive disadvantage," "competitive intelligence," and "customer-specific sales data"); *Ovonic Battery*, 2014 WL 2758756, at *2 ("Our circuit allows parties to seal pricing terms,

---

[7] *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

royalty rates, and guaranteed minimum payment terms found in a licensing agreement even under the 'compelling reasons' standard because that business information could 'harm a litigant's competitive standing.'") (quoting *Elec. Arts*, 298 F. App'x at 569).

As demonstrated in detail in the accompanying Declaration of Christian Cramer, public disclosure of this information will cause severe and irreparable harm to Google's business relationships and its competitive position in the marketplace.

The following examples illustrate why public disclosure of the material in question would seriously prejudice Google's competitive standing:

- **Non-public financial information**. As described in Paragraph 33 of the Cramer Declaration, the Consumer Plaintiffs' Amended Complaint (at ¶ 82) purports to reveal non-public revenues for Google Play in 2020, and also the percentage that revenue comprises overall company revenue. This sensitive financial information has never been publicly reported and may not be (and need not be) consistent with generally accepted accounting principles. Revealing this information publicly can be misleading to the public and other parties such as investors and industry analysts who analyze company performance. It may also be used by business partners in future negotiations against Google; or by competitors in marketing statements.

- **Specific price and non-price deal terms in contracts with third parties**. As described in Paragraph 10 of the Cramer Declaration, the States' Complaint (at ¶ 111) contains non-public information regarding confidential business strategies vis-à-vis potential contractual counterparties and, in particular, the proposed terms of a purported contract with a class of business counterparties. If released publicly, competitors and potential business counterparties may use it to negotiate against Google.

- **Non-public financial information; competitively sensitive data**. As described in Paragraph 35 of the Cramer Declaration, the Consumer Plaintiffs' Amended

Complaint (at ¶ 138) contains non-public information regarding estimated and projected costs for individual Google business lines. Google does not publicly break out its costs by business line in the form addressed in this paragraph. The information could be misleading to the public, investors, and industry analysts. In addition, if a potential counterparty were to have visibility into the strength, or weakness, of the particular business line (including its cost to Google), it could use that information as leverage in negotiations with Google and with Google's competitors, harming Google's competitive standing.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant this renewed application to seal, as reflected in the Proposed Order filed herewith. The compelling reasons for sealing are detailed in the Cramer Declaration, which supplements and supports the information provided by Google's initial declarant.

Dated: August 20, 2021              MORGAN, LEWIS & BOCKIUS LLP

                                    By:  /s/ Brian C. Rocca

                                    BRIAN C. ROCCA
                                    *Attorney for Defendants*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case Nos. 3:21-md-02981-JD; 3:20-cv-05761-JD;
3:20-cv-05792-JD; 3:21-cv-05227-JD
RENEWED APPLICATION TO SEAL