Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewetta St., Suite 1200
Denver, Colorado 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

Eamon P. Kelly (*pro hac vice*)
ekelly@sperling-law.com
**SPERLING & SLATER P.C.**
55 W. Monroe, Suite 3200
Chicago, IL 60603
Telephone: 312-641-3200

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Pure Sweat Basketball, Inc.*

Bonny E. Sweeney (SBN 176174)
bsweeney@hausfeld.com
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94104
Telephone: (415) 633-1908

*Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Peekya App Services, Inc.*

[Additional counsel appear on signature page]

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

David N. Sonnenreich (*pro hac vice*)
dsonnenreich@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone:  801-366-0260

*Counsel for Utah*

Brian C. Rocca (SBN 221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Daniel M. Petrocelli, Bar No. 97802
dpetrocelli@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 7th Fl.
Los Angeles, CA 90067-6035
Telephone:  (310) 553-6700

*Counsel for Defendants Google LLC et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 9, 2021<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor (via Zoom)<br>Judge:  Hon. James Donato |

Pursuant to this Court's Order dated August 17, 2021 (*In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal. 2021) ("MDL") Dkt. No. 78), setting a status conference for September 9, 2021, the parties in the above-captioned MDL action ("the Parties"), by and through their undersigned counsel, submit this Joint Statement.

### I.   CASE STATUS SUMMARY

#### A.   Joint Statement re: Case Schedule

Pursuant to the Court's orders dated July 22, 2021 and August 17, 2021 (Dkt. Nos. 67 and 78), the Parties submitted to the Court on August 27, 2021 a Joint Statement proposing competing case schedules (Dkt. No. 91), which the Court has indicated that it intends to address at the September 9 status conference (Dkt. No. 93).

#### B.   Filing of Unsealed Complaints

Pursuant to the Court's orders dated August 18, 2021 and August 25, 2021 (Dkt. Nos. 79 and 89), all of the Plaintiffs have filed unredacted or revised redacted versions of their complaints that comport with the Court's orders. (Dkt. Nos. 82, 90, 92 and 143).

#### C.   Google's Motion to Dismiss

Pursuant to the Court's order dated August 17, 2021 (Dkt. No. 78), Google's motion to dismiss all actions in the MDL is due to the Court on September 8, 2021, Plaintiffs' oppositions are due October 15, 2021, and Google's reply is due November 2, 2021. A hearing on Google's motion to dismiss is scheduled for November 18, 2021 at 10:00 a.m. With respect to page limits, the Parties agree to follow the same parameters as the prior round of motion to dismiss briefing:

- For the omnibus briefs relating to Google's challenges that apply across all four complaints: 25 pages for an opening brief; 25 pages in joint opposition; 15 pages in reply.
- The Parties shall each be entitled to file a separate 5-page opening or opposition or a 5-page (3-page if the party had filed a 5-page opening brief on the same issue) reply brief on any individual issues.

In addition, Google and the States separately submitted a stipulation and proposed order addressing the motion with respect to the complaint in the States' Action, which includes seven

federal claims and thirty-seven (37) state law claims.  Case No. 3:21-cv-05227-JD, Dkt. No. 151; Case No. 3:21-md-02981-JD, Dkt. No. 94.  Under that stipulation, for briefing on the unique issues that relate solely to the States' Action, Google and the States agree to follow the Court's standing order on briefing for motions—namely, opening and opposition briefs may not exceed 15 pages, and the reply brief may not exceed 10 pages—and respectfully request the Court's approval.

### D. Forthcoming Amendment of Stipulated Protective Order and Supplemental Stipulated Protective Order

The Court approved and entered a Stipulated Protective Order on December 10, 2020 (see Case No. 3:20-cv-05671-JD, Dkt. No. 110, approving Dkt. No. 106-1; Case No. 3:20-cv-05761-JD, Dkt. No. 117, approving Dkt. No. 109-1; Case No. 3:20-cv-05792-JD, Dkt. No. 78, approving Dkt. No. 76-1), and a Stipulated Amended Supplemental Protective Order Governing Production of Protected Non-Party Materials on May 20, 2021 (see Case No. 3:21-md-02981-JD, Dkt. No. 40, approving Dkt. No. 44; 3:20-cv-05671-JD, Dkt. No. 144, approving Dkt. No. 147; 3:20-cv-05761-JD, Dkt. No. 162, approving Dkt. No. 165; 3:20-cv-05792-JD, Dkt. No. 113, approving Dkt. No. 117).  The States believe these protective orders are in need of amendment to accommodate state laws regarding public records access and document retention matters. The States have started the meet and confer process to propose a Stipulated Amended Protective Order and a Stipulated Supplemental Amended Protective Order, which they will submit to the Court once those discussions are complete.

## II. STATUS OF DISCOVERY

### A. Fact Depositions

The Parties have begun to meet and confer regarding fact depositions and will submit to the Court a stipulated deposition protocol, or their respective positions, this month.  The Parties intend to notice depositions for the fall.

### B. Document Discovery Update

The Parties have made significant progress to date and continue to engage in discovery on a range of topics. There are meet and confers underway to address outstanding discovery issues, and the Parties are hopeful that these issues will be resolved through negotiation. In addition, because the Parties are meeting and conferring regarding the need to amend the Stipulated Protective Orders as discussed in Section I.D above, and because the Rule 26(f) conference between the States and Google is still ongoing as of the filing of this Joint Statement, the States have not been provided with document discovery exchanged between the various Parties.

### C. Discovery Issues

i. **Production of Documents Produced to the States During Investigations.**

In connection with governmental investigations of Google, Google has produced millions of documents to the States that are party to this MDL. Certain of the documents produced by Google were referenced in the States' complaint, which was filed on July 7, 2021.

The Consumer Plaintiffs, Developer Plaintiffs, and Epic previously served a request for production of documents seeking "all documents [] produced to any federal, state, or local governmental or regulatory entity, U.S. or foreign agency" relating to Google Play or the distribution of apps on Android.[1] Epic also served Google with an interrogatory asking Google to

---

[1] RFP No. 2: "Please produce all DOCUMENTS YOU have produced to any federal, state, OR local governmental OR regulatory entity, U.S. OR foreign agency, INCLUDING to the European Union, U.S. OR state agency (INCLUDING any attorney general's office OR European Commission) OR congressional committee (INCLUDING the U.S. House Committee on the Judiciary, in response to its September 13, 2019 letter to YOU), OR that YOU have received from any such governmental OR regulatory entity, U.S. OR foreign, RELATING TO: (a) GOOGLE PLAY; (b) any OTHER APP MARKETPLACE OR SOFTWARE STORE; (c) distribution services YOU provide to ANDROID DEVELOPERS RELATING TO DIGITAL PRODUCTS available for download OR sold via OR in GOOGLE PLAY STORE OR as an IN-APP PURCHASE; (d) GOOGLE PLAY BILLING; (e) IN-APP PURCHASES; (f) OEMs OR WIRELESS SERVICE PROVIDERS; (g) ADMOB or ANY other DIGITAL PRODUCT related advertising service that YOU provide or make available to ANDROID DEVELOPERS; (h)

"[i]dentify each Legal Action and/or Investigation into Competition Concerning Google Play or the distribution of Apps on Android."

Once it became clear that documents relating to the subject matter of this case were produced to the States but not to the other Plaintiffs (*e.g.*, eight of the twenty-one documents cited in the States' Complaint), the Parties promptly began to meet and confer regarding the issue of producing to the other Plaintiffs the documents that Google previously produced to the States. The Plaintiffs have also asked Google to amend its response to Epic's interrogatory to identify the document requests, subpoenas, Civil Investigative Demands ("CIDs"), or other process that Google received and pursuant to which it previously produced the documents at issue to the States. That meet-and-confer process, which began on August 2, 2021,[2] has not resolved the issue.

It is Plaintiffs' position that the documents produced by Google to the States, and the content of the requests pursuant to which those documents were produced, represent a material amount of relevant information that Google has not yet agreed to produce in this case. The thirty-seven States, all of whom are now Parties to this MDL, have this information. The States have used this information in filings before the Court, and ostensibly will continue to do so. The other Plaintiffs simply seek to level the playing field and ensure equal access to information that has already been reviewed by Google and produced to the States in response to prior investigative demands. The States agree with the other Plaintiffs that the issue concerning Google's obligation to produce relevant materials that it previously produced to the States during the governmental

---

ANDROID licensing; (i) ANDROID DEVICES; (j) MALWARE; (k) Google Play Protect; (l) ANDROID DEVELOPERS; (m) DIGITAL PRODUCTS sold via OR in GOOGLE PLAY as to which YOU paid OR transmitted any sum of money to ANDROID DEVELOPERS; (n) sales of ANY DIGITAL PRODUCTS via OR in GOOGLE PLAY; (o) downloads of ANY DIGITAL PRODUCTS via OR in ANY OTHER APP MARKETPLACE; (p) YOUR Lockbox project; (q) Google Mobile Services OR Google Play Services; (r) DIGITAL PRODUCTS sold via or in ANY OTHER APP MARKETPLACE; (s) the implementation of any judgment, order, settlement, OR other governmental requirement that YOU have undertaken from 2008 to the present; OR (t) monopoly, attempted monopoly, monopsony, attempted monopsony, OR anti-competitive behavior by YOU RELATING TO GOOGLE PLAY OR GOOGLE PLAY BILLING."

[2] The Parties have met and conferred on this issue extensively, including by letter on August 2, by teleconference on August 24, by teleconference on August 31, and through discussions of this Joint Case Management Statement that began on September 1.

investigations is ripe.  The States also believe that they should have the right to use in this case any such investigative materials that they deem relevant, and to share those materials with the other Plaintiffs without undue limitations.  Despite the Parties' good faith efforts to resolve the issue of when and whether Google will produce this information, the Parties have not yet been able to do so.

Google believes that this issue can and should be resolved efficiently through a meet and confer process.  Google made a specific proposal to Plaintiffs on this issue on the morning of September 2, 2021.  Plaintiffs responded by rejecting the proposal but indicating a willingness to consider any alternative proposal that Google may make prior to the upcoming September 9 status conference.  Google disagrees in part with Plaintiffs' current position on this issue, but intends to provide an updated proposal to Plaintiffs in advance of the status conference.  Google looks forward to updating the Court at the status conference on its efforts to meet and confer.  In the meantime, Google respectfully disagrees with the characterization of the background on this issue.  Google's position has been -- and remains -- that only relevant documents should be produced in this MDL, based on principles of efficiency and reasonableness.  Google's efforts in the coming week will be aimed to achieve that outcome.

| | | |
|---|---|---|
| Dated: September 3, 2021 | | CRAVATH, SWAINE & MOORE LLP |

        Christine Varney *(pro hac vice)*
        Katherine B. Forrest *(pro hac vice)*
        Darin P. McAtee *(pro hac vice)*
        Gary A. Bornstein *(pro hac vice)*
        Timothy G. Cameron *(pro hac vice)*
        Yonatan Even *(pro hac vice)*
        Lauren A. Moskowitz *(pro hac vice)*
        Omid H. Nasab *(pro hac vice)*
        Justin C. Clarke *(pro hac vice)*
        M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
    Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   */s/ Yonatan Even*
       Yonatan Even

*Counsel for Plaintiff Epic Games, Inc.*

Dated: September 3, 2021

BARTLIT BECK LLP
   Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
   Hae Sung Nam

Respectfully submitted,

By:   */s/ Karma Giulianelli*
       Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: September 3, 2021          PRITZKER LEVINE LLP
                                      Elizabeth C. Pritzker

                                  Respectfully submitted,

                                  By:   */s/ Elizabeth Pritzker*
                                        Elizabeth C. Pritzker

                                  *Liaison Counsel for the Proposed Class in
                                  In re Google Play Consumer Antitrust
                                  Litigation*

Dated: September 3, 2021          HAGENS BERMAN SOBOL SHAPIRO LLP
                                      Steve W. Berman
                                      Robert F. Lopez
                                      Benjamin J. Siegel

                                  SPERLING & SLATER PC
                                      Joseph M. Vanek
                                      Eamon P. Kelly
                                      Alberto Rodriguez


                                  Respectfully submitted,

                                  By:   */s/ Steve Berman*
                                        Steve W. Berman

                                  *Co-Lead Interim Class Counsel for the
                                  Developer Class and Attorneys for Plaintiff
                                  Pure Sweat Basketball*

| | | |
|---|---|---|
| Dated: September 3, 2021 | | HAUSFELD LLP<br>   Bonny E. Sweeney<br>   Melinda R. Coolidge<br>   Katie R. Beran<br>   Scott A. Martin<br>   Irving Scher |

Respectfully submitted,

By:  */s/ Bonny Sweeney*
     Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

Dated: September 3, 2021       OFFICE OF THE UTAH ATTORNEY GENERAL
   David N. Sonnenreich

Respectfully submitted,

By:  */s/ David Sonnenreich*
     David N. Sonnenreich

*Counsel for Utah*

Dated: September 3, 2021       MORGAN, LEWIS & BOCKIUS LLP
   Brian C. Rocca
   Sujal J. Shah
   Michelle Park Chiu
   Minna L. Naranjo
   Rishi P. Satia

Respectfully submitted,

By:  */s/ Brian Rocca*
     Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

| | |
|---|---|
| Dated: September 3, 2021 | O'MELVENY & MYERS LLP<br>Daniel M. Petrocelli<br>Ian Simmons<br>Benjamin G. Bradshaw<br>Stephen J. McIntyre |
| | Respectfully submitted, |
| | By:  */s/ Daniel Petrocelli*<br>     Daniel M. Petrocelli |
| | *Counsel for Defendants Google LLC et al.* |

**E-FILING ATTESTATION**

I, Brian Christensen, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Brian Christensen*