October 28, 2021

The Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

                                                                                                                        Via ECF

Re:   ***In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD (N.D. Cal.);**
       ***Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD (N.D. Cal.);**
       ***In re Google Play Consumer Antitrust Litig.*, No. 3:20-cv-05761-JD (N.D. Cal.);**
       ***In re Google Play Developer Antitrust Litig.*, No. 3:20-cv-05792-JD (N.D. Cal.);**
       ***State of Utah v. Google LLC*, No. 3:21-cv-05227-JD (N.D. Cal.)**

Dear Judge Donato:

      Plaintiffs and Google submit this joint discovery letter brief to request the Court's decision on disputes that have arisen concerning Rule 30(b)(6) depositions. The parties have met and conferred extensively including multiple times via telephone regarding these issues over more than a month, have not reached a resolution, and have agreed to submit their respective three page positions in this combined filing.  The parties' respective position statements appear on the pages that follow this cover letter.

                                      BARTLIT BECK LLP
                                         Karma M. Giulianelli

                                        KAPLAN FOX & KILSHEIMER LLP
                                         Hae Sung Nam


                                        Respectfully submitted,

                           By:    /s/ *Karma M. Giulianelli*
                                       Karma M. Giulianelli

                                       *Co-Lead Counsel  for the Proposed Class in*
                                       *In re Google Play Consumer Antitrust*
                                       *Litigation*

Judge Donato
October 28, 2021
Page 2 of 11

CRAVATH, SWAINE & MOORE LLP
    Christine Varney *(pro hac vice)*
    Katherine B. Forrest *(pro hac vice)*
    Darin P. McAtee *(pro hac vice)*
    Gary A. Bornstein *(pro hac vice)*
    Timothy G. Cameron *(pro hac vice)*
    Yonatan Even *(pro hac vice)*
    Lauren A. Moskowitz *(pro hac vice)*
    Omid H. Nasab *(pro hac vice)*
    Justin C. Clarke *(pro hac vice)*
    M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
    Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:   */s/ Lauren A. Moskowitz*
       Lauren A. Moskowitz

    *Counsel for Plaintiff Epic Games, Inc.*

PRITZKER LEVINE LLP
    Elizabeth C. Pritzker

Respectfully submitted,

By:   */s/ Elizabeth C. Pritzker*
       Elizabeth C. Pritzker

    *Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

HAGENS BERMAN SOBOL SHAPIRO LLP
   Steve W. Berman
   Robert F. Lopez
   Benjamin J. Siegel

SPERLING & SLATER PC
   Joseph M. Vanek
   Eamon P. Kelly
   Alberto Rodriguez

Respectfully submitted,

By:   */s/ Steve W. Berman*
     Steve W. Berman

     *Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Pure Sweat Basketball*

HAUSFELD LLP
   Bonny E. Sweeney
   Melinda R. Coolidge
   Katie R. Beran
   Scott A. Martin
   Irving Scher

Respectfully submitted,

By:   */s/ Bonny E. Sweeney*
     Bonny E. Sweeney

     *Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiff Peekya App Services, Inc.*

OFFICE OF THE UTAH ATTORNEY GENERAL
   Brendan P. Glackin

Respectfully submitted,

By:   */s/ Brendan P. Glackin*
     Brendan P. Glackin

*Counsel for Utah*

MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

O'MELVENY & MYERS LLP
    Daniel M. Petrocelli
    Ian Simmons
    Benjamin G. Bradshaw
    Stephen J. McIntyre

MUNGER, TOLLES & OLSON LLP
    Glenn D. Pomerantz
    Kuruvilla Olasa
    Kyle W. Mach
    Justin P. Raphael
    Emily C. Curran-Huberty
    Jonathan I. Kravis
    Marianna Y. Mao

Respectfully submitted,

By:   */s/ Kyle W. Mach*
      Kyle W. Mach

*Counsel for Defendants Google LLC et al.*

**PLAINTIFFS' POSITION**

Plaintiffs write seeking relief related to (1) the number of Rule 30(b)(6) deposition topics Plaintiffs may notice on Defendants ("Google"), and (2) the time permitted for Rule 30(b)(6) depositions. The parties have met and conferred multiple times but have reached an impasse.

*Number of topics.* Plaintiffs propose that the Plaintiff groups collectively notice up to 37 topics on Google (less than 10 topics per Plaintiff group), and Google notice up to 10 topics on each Plaintiff group other than Consumers. This limit would put the parties on relatively equal footing and is consistent with the Court's Standing Order for Discovery in Civil Cases, which specifies that "a party may seek Rule 30(b)(6) depositions from another party on up to a total of 10 subject matters (for the entire case)." Standing Order ¶ 16(a).[1] Plaintiffs further propose that Plaintiffs serve 32 of their topics in a single, initial notice at least 14 days in advance of the commencement of depositions, so that Google is on notice of the bulk of the topics; Plaintiffs will then reserve the remaining 5 topics for subsequent notices. Front loading almost all of the Rule 30(b)(6) topics will reduce the risk that any witness needs to be deposed twice, including witnesses who are deposed in an individual and 30(b)(6) capacity.

By contrast, Google has insisted upon the following, without making any compromise:

- Limiting Plaintiffs to just 20 Rule 30(b)(6) deposition topics—12 of which must be served collectively and 8 of which must be split evenly among the 4 Plaintiffs groups;
- Forcing Plaintiffs to serve *all* topics at least 21 days before fact depositions occur; and
- Granting itself 12 topics per Plaintiff group, for a total of 36 topics.

Plaintiffs' proposal—including noticing up to 37 Rule 30(b)(6) deposition topics—is reasonably tailored to the needs of the case. This MDL includes four diverse Plaintiff groups challenging the business model of a multi-billion dollar unit of the fourth largest company in the world. Google's documents reveal that hundreds of its employees were involved in the challenged conduct, and many of the allegations in Plaintiffs' complaints concern Google-wide initiatives. Plaintiffs do not know whether any one witness speaking in an individual capacity will be able to address some of the topics they intend to notice, particularly in light of Google's famously flat organizational structure and "overall indifference to pecking order." *See* David A. Garvin, *How Google Sold Its Engineers on Management*, Harv. Bus. Rev. (Dec. 2013), available at https://hbr.org/2013/12/how-googlesold-its-engineers-on-management. As the Court has noted, Rule 30(b)(6) depositions are "a useful procedure when the roles of percipient witnesses controlled by an adverse party are unknown." Standing Order ¶ 16.

Google's proposal seems designed to give Google an unfair advantage. This litigation focuses on *Google*'s misconduct under the antitrust and consumer protection laws. It thus makes little sense for Rule 30(b)(6) discovery to be heavily skewed against the Plaintiffs. Under Google's proposal, the four Plaintiff groups would have just *half* the number of topics to which they are entitled under the Court's Standing Order. Google, by contrast, would be permitted to notice 36 topics, which is appreciably more than the 10 topics per Plaintiff group (excluding Consumers,

---

[1] For purposes of this calculation, Plaintiffs are treating the States as a single Plaintiff group, along with Epic, the Consumer Plaintiffs, and the Developer Plaintiffs.

who are all individuals) that Google is permitted under the Standing Order. Plaintiffs cannot agree to such a severe and disproportionate allocation of topics.

Plaintiffs recognize the need to limit the total number of Rule 30(b)(6) deposition notices to minimize the likelihood that any witness will be required to testify twice. However, this need must be balanced against the reality that Plaintiffs face: after resisting for months, on October 12, 2021 Google produced in this MDL over 750,000 documents drawn from the files of over 100 new custodians. At this juncture, Plaintiffs simply cannot know, with any degree of confidence, whether their review of these documents will necessitate service of any supplemental Rule 30(b)(6) notices. Plaintiffs are diligently reviewing Google's belated productions and may identify additional topics that require a Google employee's subject matter expertise as discovery proceeds. Plaintiffs therefore request that the Court permit them to serve 32 of their Rule 30(b)(6) topics in a single, initial notice, and up to 5 additional topics in subsequent, supplemental notices.

Plaintiffs' proposal that the initial set of 32 topics be noticed no fewer than 14 days before fact depositions is also reasonable. This MDL is set for trial in just under a year, and Class Plaintiffs' Rule 23 motions are due on January 28, 2021. Plaintiffs need to begin taking depositions as soon as possible and have been pressing Google to begin making witnesses available for nearly two months.[2] Given the Court's scheduled class certification date in January, and the trial date of October 17, 2022, the parties cannot afford the further delay that would arise under Google's proposal for a 21-day waiting period between service of Rule 30(b)(6) topics and the beginning of depositions.[3] Google's delay is prejudicial to all Plaintiffs, and especially so to Class Plaintiffs.

*Deposition time.* Plaintiffs expect that most witnesses designated for Rule 30(b)(6) topics will also be deposed in their individual capacity. Accordingly, Plaintiffs have proposed that the parties negotiate a single time limit for each witness, on a witness-by-witness basis, to be allocated between individual-capacity and Rule 30(b)(6) questions at the examining attorney's discretion. This proposal will avoid the complications of using of separate clocks for Rule 30(b)(6) questions and individual-capacity questions. It will also eliminate the serious challenges of planning out how much time the parties wish to spend on each topic before taking any depositions, and potentially running out of time for important topics if the earlier topics require more time than anticipated. This proposal would also encourage the parties to designate the same witnesses for multiple Rule 30(b)(6) topics, thereby reducing the total number of witnesses called to testify. Finally, Plaintiffs expect that for many witnesses, the addition of 30(b)(6) topics would not require additional deposition time, due to the overlap between the witness's personal knowledge and 30(b)(6) topics.

Google proposes limiting Plaintiffs' time for taking Rule 30(b)(6) testimony to a total of 20 hours to be divided among all Plaintiffs. At the same time, Google has requested 18 hours of 30(b)(6) testimony from Epic, 7 hours from each of the Developer plaintiffs, and 7 hours from *each* of the 37 State AG Offices—for a total of 291 hours of testimony. This proposal, too, is severely imbalanced, and again ignores the fact that this MDL is about Google's conduct, making

---

[2] Plaintiffs requested dates for four witnesses on August 30 (59 days ago). Google did not provide dates for any of these witnesses until October 22 and has yet to offer any dates for one of them. All dates that Google has offered are in December, over a month away.

[3] Plaintiffs are prepared to issue their Rule 30(b)(6) deposition notices promptly. Should this dispute be resolved in a matter of days, then a 21-day notice period would be more palatable.

Judge Donato
October 28, 2021
Page 7 of 11

Plaintiffs the parties with the greater need for discovery. Google's proposal would limit each Plaintiff group to just 5 hours of Rule 30(b)(6) deposition time. Moreover, Google's proposal would necessitate a chess clock between time spent on individual-capacity and Rule 30(b)(6) questions, which would be difficult to manage and could lead to disputes if the parties measure the time differently. Finally, Google's hard cap on the number of total hours would create a perverse incentive for the parties to spread their Rule 30(b)(6) topics across a large number of witnesses in order to increase the time spent on background questions, or to assign the most important topics to witnesses who will testify at the end of the deposition period in order to run out the clock.

If the Court were to order an hours limit for Rule 30(b)(6) depositions, Plaintiffs propose that the limit be 80 total hours per side, which is an average of 20 hours per Plaintiff group and just over 2 hours per 30(b)(6) topic. While Plaintiffs are concerned about an hours cap for the reasons noted above, Plaintiffs believe an 80-hour cap for their up to 37 topics would mitigate these risks.

\* \* \*

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) authorize Plaintiffs to serve up to 37 Rule 30(b)(6) deposition topics on Google, with 32 to be served in a single notice 14 days in advance of the commencement of depositions, and 5 to be reserved for subsequent notices on an as-needed basis, (2) authorize Google to serve up to 10 Rule 30(b)(6) topics on each Plaintiff group, to be served in a single notice 14 days in advance of the commencement of depositions, and (3) require the parties to use individualized time limits for each deposition without regard to the capacity in which the witness is testifying.

**GOOGLE'S POSITION**

The parties intend to begin depositions soon to meet the discovery schedule recently issued by the Court, ECF No. 122, and Google and the Plaintiffs have each requested dates for the depositions of certain witnesses. To streamline depositions and minimize unnecessary procedural disputes, the parties have been negotiating a deposition protocol, and have resolved the vast majority of issues without the need for the Court's assistance. The parties remain at an impasse, however, over the handling of Rule 30(b)(6) depositions.

Google has proposed reasonable limits on the number of 30(b)(6) deposition topics that may be served by each side, limits on the aggregate time for 30(b)(6) depositions of each party, and an efficient process to notice 30(b)(6) depositions. Plaintiffs, on the other hand, insist on an excessive number of 30(b)(6) topics, no limits on the length of 30(b)(6) depositions, and an inefficient, seriatim process for the noticing of 30(b)(6) topics. Plaintiffs' proposal is unreasonable, especially considering that Google has agreed to Plaintiffs' request that it take up to **35** party depositions under Rule 30(b)(1) without needing to seek leave of court. Google requests that the Court instruct the parties to incorporate Google's proposal for the handling of Rule 30(b)(6) depositions into the deposition protocol.

The Parties' Proposals on 30(b)(6) depositions are represented below:

|  | **Number of Topics** | **Time Limit** | **30(b)(6) Notice Procedure** |
|---|---|---|---|
| **Plaintiffs' Proposal** | **Plaintiffs** can notice collectively up to 40 topics against Google, 35 initially, and up to 5 more later. **Google** can notice up to 10 topics on each corporate plaintiff group, for a total of 30 in the aggregate. | No time limits. | Parties will "endeavor" (but are not obligated) to include all anticipated topics in one notice, and will do so 14 days before fact depositions begin. |
| **Google's Proposal** | **Plaintiffs** can notice 12 as a group, plus 2 extra for each plaintiff group. **Google** can notice 12 per plaintiff group. | 18 hrs from **Google** witnesses 18 hrs from **Epic** witnesses 7 hrs from **Dev**. witnesses 7 hrs from *each* AG | All topics in one notice, absent leave, and must be served 21 days before fact depositions begin. |

**Google's Proposal Should Be Adopted.** *Number of 30(b)(6) Topics.* Plaintiffs make similar allegations about Google's purported conduct relating to app distribution and in-app purchases. There is no need for each Plaintiff to retread the same issues in discovery or pursue overlapping topics. Nor does the presence of multiple Plaintiffs challenging the same conduct mean that more discovery is necessary or appropriate—the MDL procedure exists to promote coordination and efficiency, not merely to combine similar Plaintiffs into one proceeding.

Google's proposal allows the Plaintiffs in this coordinated action to *exceed* the standard number of topics permitted under the Court's standing order on civil discovery (10), while still ensuring coordination in accordance with the MDL consolidation order and this Court's coordination order. *See* Dkt. 73 at 3, No. 3:20-cv-05761 ("Plaintiffs shall coordinate discovery efforts to the fullest extent reasonably possible to minimize expense and facilitate the orderly and efficient progress of the Related Actions."); Dkt. 1 at 3, No. 3:21-md-02981 (ordering "coordinated or consolidated pretrial proceedings" in order to eliminate duplicative discovery). Under Google's proposal, Plaintiffs jointly identify a core set of topics directed to Google. Google's proposal also allows for a number of additional topics per plaintiff group, should they have their own topics to explore. Meanwhile, Google would be permitted to notice the same number of topics against each plaintiff group that Plaintiffs (as a shared group) would be entitled to notice against Google. The result is more than fair: each plaintiff group would be subject to just 12 topics from Defendants, while Plaintiffs could issue a total of 20 against Google in return.[4]

Plaintiffs' proposal, by contrast, ignores any direction to coordinate. Instead, it treats Plaintiffs as four separate parties, each with the default entitlement to 10 topics under the standing order, and hence collectively 40 total topics to notice as a group. In effect, this simply allocates deposition topics to Plaintiffs as though the plaintiff groups have no obligation to coordinate at all. Epic and each of the class plaintiffs, for example, would issue exactly the same number of topics as the default rules would provide in a case **with no other plaintiffs** (and thus no need to coordinate) whatsoever. This approach not only renders the coordination and JPML orders entirely meaningless, it also guarantees that practical problems in discovery would abound. With no incentive to combine and formulate non-duplicative topics, the set of 40 topics would inevitably be riddled with redundancies that would confuse the already complicated process of designating witnesses and tracking and resolving disputes. And if Plaintiffs did effectively coordinate to craft 40 non-overlapping topics, then that would create considerable asymmetry and unfairness in discovery, as Plaintiffs as a group would get the benefit of additional topics by aggregating their default allocations (10 each), while no group would have to face nearly that number of topics in response from Google.[5] Only Google's proposal is fair, efficient, and consistent with existing direction regarding coordination.

***Time limits***. Google proposes aggregate time limits on the 30(b)(6) discovery that each eligible plaintiff group must give. The time limit allocations are an effort to approximate the amount of discoverable information that Google and each eligible plaintiff group may have in light of the parties' respective pleadings. Such time limits force Plaintiffs to coordinate with each other to prioritize their 30(b)(6) questioning in order to accomplish their discovery needs

---

[4] For the avoidance of doubt, Google proposes one set of topics to the State AG Plaintiffs collectively, but reserves the right to take a 7-hour 30(b)(6) deposition of each individual state Attorney General on those topics where appropriate.

[5] The night before this submission, Plaintiffs sent Google a proposed list of 32 topics confirming both of Google's concerns—avoidable redundancies and an improper effort to multiply default allocations.

non-duplicatively. Neither are overall time limits foreign to 30(b)(6) discovery: for example, some courts have held that a single 30(b)(6) notice, no matter how many topics listed therein, is subject to Rule 30's 7-hour time limit, which is the limit for taking all 30(b)(6) testimony listed in that notice. *See Unknown Party v. Ariz. Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2021 WL 2291380, at *8 (D. Ariz. June 4, 2021) (describing split of authority).

Plaintiffs, by contrast, refuse any time limit whatsoever. This is a recipe for burdensome and wasted witness time at deposition. Each plaintiff group (and plaintiffs within each group) would be able to round-robin question each 30(b)(6) designee on the same subject matters covered by an earlier group in an entirely wasteful manner. And notably, Plaintiffs have refused to accept any set limit on the amount of time that can be allocated to 30(b)(6) testimony in any particular deposition where a witness is designated under both Rules 30(b)(1) and 30(b)(6), thus refusing *any* limit on 30(b)(6) testimony for the dozens of topics they wish to issue. In these circumstances, some overall limit is not just reasonable, but essential.

**Noticing procedure**. Google proposes a straightforward and standard process whereby the parties serve their 30(b)(6) deposition notices sufficiently in advance of the beginning of fact depositions, and the opening notice includes *all* anticipated 30(b)(6) topics—any subsequent topics must be requested with leave of Court if the responding party does not agree to them. This is consistent with the Court's usual rule that all topics be included in a single notice, with subsequent topics permissible only with leave. *See, e.g.*, *Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699, at *5 (N.D. Cal. Feb. 2, 2012) ("[T]he Court agrees with Groupon that, under Rule 30(a)(2), Groupion should have requested leave of the presiding judge to take a second 30(b)(6) deposition, having already noticed and taken one 30(b)(6) deposition."); *Blackwell v. City & Cnty. of S.F.*, No. C-07-4629 SBA (EMC), 2010 WL 2608330, at *1 (N.D. Cal. June 25, 2010) (same); *Zamora v. D'Arrigo Bro. Co. of Cal.*, No. C04-00047 JW, 2006 WL 3227870, at *1 (N.D. Cal. Nov. 7, 2006); *Booker v. ConocoPhillips Co.*, No. C 07-384-CW, 2008 WL 11408436, at *2 (N.D. Cal. Apr. 25, 2008) ("[T]he Court finds that Rule 30(a)(2)(A)(ii) limitation applies equally to Rule 30(b)(6) depositions and that Plaintiff must seek leave to notice a second deposition of the deponent."). This makes good sense: it protects the responding party from having to re-do the burdensome preparation process for a witness who might have been prepared to address the new topic on the initial go-round had all topics been included at the outset.

Plaintiffs' proposal ignores this rule and rationale. Instead, they have represented that they will "endeavor" to include all topics in a first notice, but reserve the right to notice additional topics later without leave of Court as the rules require. There is no need for Plaintiffs' proposal here, where the parties have had (or will have) ample opportunity to scope the full set of 30(b)(6) topics they are likely to need. This case has been pending (in various forms) for months, Epic has already litigated a full-blown trial against Apple raising very similar issues, and Google has produced millions of documents to the parties. If, as sometimes happens, discovery unearths unanticipated need for additional topics, then the parties may obtain relief from the Court for more topics, as the above cases contemplate. Plaintiffs have not demonstrated a need to deviate from that well-worn practice here.

## E-FILING ATTESTATION

I, Kyle W. Mach am the ECF user whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Kyle W. Mach*