| | |
|---|---|
| Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewetta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100 | Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-7500 |
| Hae Sung Nam (*pro hac vice*)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Telephone.: (212) 687-1980 | Christine A. Varney (*pro hac vice*)<br>cvarney@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* | *Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.* |
| Steve W. Berman (*pro hac vice*)<br>steve@hbsslaw.com<br>**HAGENS BERMAN SOBOL SHAPIRO LLP**<br>1301 Second Ave., Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292 | Brendan P. Glackin (SBN 199643)<br>bglackin@agutah.gov<br>**OFFICE OF THE UTAH ATTORNEY GENERAL**<br>160 E 300 S, 5th Floor<br>PO Box 140872<br>Salt Lake City, UT 84114-0872<br>Telephone: (801) 366-0260 |
| Eamon P. Kelly (*pro hac vice*)<br>ekelly@sperling-law.com<br>**SPERLING & SLATER P.C.**<br>55 W. Monroe, Suite 3200<br>Chicago, IL 60603<br>Telephone: (312) 641-3200 | *Counsel for Utah* |
| | Glenn D. Pomerantz (SBN 112503)<br>glenn.pomerantz@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for LittleHoots, LLC and Pure Sweat Basketball, Inc.* | |
| Bonny E. Sweeney (SBN 176174)<br>bsweeney@hausfeld.com<br>**HAUSFELD LLP**<br>600 Montgomery Street, Suite 3200<br>San Francisco, CA 94104<br>Telephone: (415) 633-1908 | Brian C. Rocca (SBN 221576)<br>brian.rocca@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000 |
| *Co-Lead Counsel for the Proposed Class in In re Google Play Developer Antitrust Litigation and Attorneys for Scalisco LLC d/b/a Rescue Pets and Peekya App Services, Inc.* | Daniel M. Petrocelli, Bar No. 97802<br>dpetrocelli@omm.com<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars, 7th Fl.<br>Los Angeles, CA 90067-6035<br>Telephone: (310) 553-6700 |
| [Additional counsel appear on signature page] | *Counsel for Defendants Google LLC et al.* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** <br><br> THIS DOCUMENT RELATES TO: <br><br> *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD <br><br> *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD <br><br> *In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD <br><br> *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: March 17, 2022 <br> Time: 11:00 a.m. <br> Courtroom: 11, 19th Floor (by remote access) <br> Judge: Hon. James Donato |

Pursuant to the Court's Amended MDL Scheduling Order ("Scheduling Order") (Dkt. No. 191, 3:21-md-02981-JD ("MDL")) dated February 2, 2022, setting a status conference on March 17, 2022 at 11:00 a.m., the parties in the above-captioned MDL (the "Parties"), by and through their undersigned counsel, submit this Joint Case Management Statement.

## I. CASE STATUS SUMMARY

### A. Case Schedule

On February 2, 2022, the Court entered the Scheduling Order (MDL Dkt. No. 191) setting an April 3, 2023 trial date and interim pretrial deadlines in the MDL.

The Parties respectfully seek leave of Court to modify certain interim deadlines in the Scheduling Order, as described below, without impacting any Court hearing or filing deadline.

*First*, the Scheduling Order currently provides Plaintiffs' merits experts with three weeks to serve rebuttal reports to Defendants' ("Google's") merits expert reports. Plaintiffs believe their

merits experts may need more than three weeks to fully consider and respond to Google's merits expert reports. The proposed changes would provide Plaintiffs' merits experts with one additional week to serve rebuttal reports (i.e., four weeks, instead of three weeks).

*Second*, the Scheduling Order currently provides the Parties with two weeks after Plaintiffs' merits experts serve their rebuttal reports to complete expert depositions. The Parties and their experts may need more time to fully consider the opposing Parties' expert reports and prepare for depositions. The proposed changes would provide the Parties with one additional week after rebuttal reports are served to complete expert discovery (i.e., three weeks, instead of two weeks).[1]

Finally, the proposal would move the close of fact discovery forward by four days to accommodate the changes described above, while also ensuring Plaintiffs' merits experts can incorporate any discovery obtained near the end of fact discovery into their opening merits reports.

The Parties have met and conferred and agreed to jointly request the changes to the Scheduling Order set forth below.

| Event | Current Deadline (Dkt. No. 191) | Proposed Deadline |
|---|---|---|
| Class certification hearing | August 4, 2022 | August 4, 2022 |
| Fact Discovery Cut-Off | August 12, 2022 | **August 8, 2022** |
| Plaintiffs' Merits Expert Reports | August 22, 2022 | **August 15, 2022** |
| Google's Merits Expert Reports | September 26, 2022 | **September 19, 2022** |
| Plaintiffs' Merits Expert Rebuttal Reports | October 17, 2022 | October 17, 2022 |

---

[1] The Parties' requested changes to the schedule are consistent with the initial MDL Scheduling Order that the Court entered on October 22, 2021 (Dkt. No. 122) with respect to the allotted time for exchange of expert reports and completion of expert depositions, in that the initial MDL Scheduling Order provided Plaintiffs' merits experts with four weeks to serve rebuttal reports to Google's merits expert reports, and provided the Parties with three weeks after rebuttal reports were served to complete expert depositions.

| Event | Current Deadline (Dkt. No. 191) | Proposed Deadline |
|---|---|---|
| Merits Experts Discovery Cut-Off | October 31, 2022 | **November 7, 2022**[2] |
| Last day to file dispositive and *Daubert* Motions | November 10, 2022 | November 10, 2022 |

### B. Class Certification

With respect to class certification, Consumer Plaintiffs and Developer Plaintiffs (collectively, "Class Plaintiffs") and Google are proceeding in accordance with the Court's Amended MDL Scheduling Order (MDL Dkt. No 191). Class Plaintiffs served their expert reports on February 28. Google's opposition class expert reports are due March 31, with Class Plaintiffs' rebuttal reports due on April 25. Class Plaintiffs and Google are discussing the timing and sequence of expert depositions during the class expert discovery period, which closes on May 13.

## II. STATUS OF DISCOVERY

### A. Depositions

The Parties have begun taking depositions of Consumer Plaintiffs and witnesses from Google and Epic, including Rule 30(b)(6) testimony from Google and Epic. The Plaintiffs have continued to coordinate on the requested deponents and timing of the depositions. Depositions of Consumer Plaintiffs are largely completed. Depositions of Developer Plaintiffs are scheduled to begin on March 11. Depositions of Plaintiff States have not yet commenced, but are expected to proceed after additional document production is completed.

---

[2] The Parties' proposed changes to the schedule would provide three days between the Merits Experts Discovery Cut-Off on November 7, 2022, and the deadline for dispositive and *Daubert* motions on November 10, 2022. Accordingly, the Parties have agreed to make their merits experts available for depositions on or before October 31, 2022, if requested by any opposing Party on the grounds that such deposition is relevant to a dispositive or *Daubert* motion. The Parties intend to use the final week of expert discovery to take the depositions of Google's and Plaintiffs' remaining experts.

**B. Written and Document Discovery**

The Parties continue to serve and respond to additional written discovery, and continue to produce documents in response to document requests. Google has informed the Plaintiffs that its production of documents in response to all outstanding requests (for which Google has agreed to produce documents) is nearly complete and should be fully complete by March 17, 2022. The Parties continue to meet and confer over certain document requests.

Google and Plaintiff States are still negotiating the scope of documents that Plaintiff States will produce in this case. Plaintiff States have informed Google that they intend to substantially complete production of documents responsive to Google's first set of RFPs by the end of March 2022.

Dated: March 10, 2022

CRAVATH, SWAINE & MOORE LLP
  Christine Varney *(pro hac vice)*
  Katherine B. Forrest *(pro hac vice)*
  Gary A. Bornstein *(pro hac vice)*
  Timothy G. Cameron *(pro hac vice)*
  Yonatan Even *(pro hac vice)*
  Lauren A. Moskowitz *(pro hac vice)*
  Justin C. Clarke *(pro hac vice)*
  M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
  Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: */s/ Yonatan Even*
    Yonatan Even

*Counsel for Plaintiff Epic Games, Inc.*

Dated: March 10, 2022

BARTLIT BECK LLP
  Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
  Hae Sung Nam

Respectfully submitted,

By: */s/ Karma M. Giulianelli*
  Karma M. Giulianelli

*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: March 10, 2022

PRITZKER LEVINE LLP
  Elizabeth C. Pritzker

Respectfully submitted,

By: */s/ Elizabeth C. Pritzker*
  Elizabeth C. Pritzker

*Liaison Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*

Dated: March 10, 2022

HAGENS BERMAN SOBOL SHAPIRO LLP
  Steve W. Berman
  Robert F. Lopez
  Benjamin J. Siegel

SPERLING & SLATER PC
  Joseph M. Vanek
  Eamon P. Kelly
  Alberto Rodriguez

Respectfully submitted,

By: */s/ Steve W. Berman*
  Steve W. Berman

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiffs LittleHoots, LLC and Pure Sweat Basketball*

| | | |
|---|---|---|
| Dated: March 10, 2022 | | HAUSFELD LLP<br>Bonny E. Sweeney<br>Melinda R. Coolidge<br>Katie R. Beran<br>Scott A. Martin<br>Irving Scher |

Respectfully submitted,

By: */s/ Bonny E. Sweeney*
    Bonny E. Sweeney

*Co-Lead Interim Class Counsel for the Developer Class and Attorneys for Plaintiffs Scalisco LLC d/b/a Rescue Pets and Peekya App Services, Inc.*

Dated: March 10, 2022            OFFICE OF THE UTAH ATTORNEY GENERAL
    Brendan P. Glackin

Respectfully submitted,

By: */s/ Brendan P. Glackin*
    Brendan P. Glackin

*Counsel for Utah*

Dated: March 10, 2022            MORGAN, LEWIS & BOCKIUS LLP
    Brian C. Rocca
    Sujal J. Shah
    Michelle Park Chiu
    Minna L. Naranjo
    Rishi P. Satia

Respectfully submitted,

By: */s/ Brian C. Rocca*
    Brian C. Rocca

*Counsel for Defendants Google LLC et al.*

Dated: March 10, 2022

O'MELVENY & MYERS LLP
   Daniel M. Petrocelli
   Ian Simmons
   Benjamin G. Bradshaw
   Stephen J. McIntyre

Respectfully submitted,

By:  */s/ Ian Simmons*
    Ian Simmons

*Counsel for Defendants Google LLC et al.*

Dated: March 10, 2022

MUNGER, TOLLES & OLSON LLP
   Glenn D. Pomerantz
   Kyle W. Mach
   Kuruvilla Olasa
   Justin P. Raphael
   Emily C. Curran-Huberty
   Jonathan I. Kravis
   Dane P. Shikman
   Nicholas R. Sidney

Respectfully submitted,

By:  */s/ Glenn D. Pomerantz*
    Glenn D. Pomerantz

*Counsel for Defendants Google LLC et al.*

**E-FILING ATTESTATION**

I, Kuruvilla Olasa, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Kuruvilla Olasa*
Kuruvilla Olasa
