| | |
|---|---|
| Paul J. Riehle (SBN 115199)<br>paul.riehle@faegredrinker.com<br>**FAEGRE DRINKER BIDDLE & REATH LLP**<br>Four Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 591-7500<br>Facsimile: (415) 591-7510<br><br>Christine A. Varney (*pro hac vice*)<br>cvarney@cravath.com<br>Katherine B. Forrest (*pro hac vice*)<br>kforrest@cravath.com<br>Gary A. Bornstein (*pro hac vice*)<br>gbornstein@cravath.com<br>Timothy G. Cameron (*pro hac vice*)<br>tcameron@cravath.com<br>Yonatan Even (*pro hac vice*)<br>yeven@cravath.com<br>Lauren A. Moskowitz (*pro hac vice*)<br>lmoskowitz@cravath.com<br>Justin C. Clarke (*pro hac vice*)<br>jcclarke@cravath.com<br>M. Brent Byars (*pro hac vice*)<br>mbyars@cravath.com<br>**CRAVATH, SWAINE & MOORE LLP**<br>825 Eighth Avenue<br>New York, New York 10019<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700<br><br>*Attorneys for Plaintiff Epic Games, Inc.* | Karma M. Giulianelli (SBN 184175)<br>karma.giulianelli@bartlitbeck.com<br>**BARTLIT BECK LLP**<br>1801 Wewatta St., Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 592-3100<br><br>Hae Sung Nam (pro hac vice)<br>hnam@kaplanfox.com<br>**KAPLAN FOX & KILSHEIMER LLP**<br>850 Third Avenue<br>New York, NY 10022<br>Tel.: (212) 687-1980<br><br>*Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation*<br><br>Brendan P. Glackin (SBN 199643)<br>bglackin@agutah.gov<br>**OFFICE OF THE UTAH ATTORNEY GENERAL**<br>160 E 300 S, 5th Floor<br>PO Box 140872<br>Salt Lake City, UT 84114-0872<br>Telephone: 801-366-0260<br><br>*Counsel for Utah and the Plaintiff States* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*Utah v. Google LLC*, Case No. 3:21-cv-05227-JD | CASE NO. 3:21-MD-02981-JD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIAL SHOULD BE SEALED
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-5227-JD

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs in the above-captioned actions, Epic Games, Inc., Consumer Plaintiffs and Plaintiff States (collectively, "Plaintiffs") hereby move the Court to issue an administrative order on the filing under seal of certain portions of Plaintiffs' Joint Discovery Letter Re: The Deposition Of Armin Zerza ("Plaintiffs' Letter"). A public redacted version of Plaintiffs' Letter was filed as required by this Court's Local Rules.

Subsection (f) of Civil Local Rule 79-5 sets forth procedures that apply when a party (the "Filing Party") seeks to file information designated as confidential by another party or non-party (the "Designating Party"). Under subsection (f)(1), the Filing Party's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed "must identify each document or portions thereof for which sealing is sought". Pursuant to subsection (f)(3) of Local Rule 79-5, the Designating Party then has 7 days to file a declaration establishing that all of the designated material is "sealable" according to the standards set out in subsection (c)(1), after which any party may respond within 4 days, pursuant to subsection (f)(4). Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party makes "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient". Civ. L.R. 79-5(c)(1) (emphasis in original).

Plaintiffs' Motion contains portions that are sourced from documents that Defendants Google LLC, Google Ireland Limited, Google Commerce Limited, Google Asia Pacific Pte. Limited, and Google Payment Corp. (collectively, "Google"), and non-party Activision Blizzard, Inc., have designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "NON- PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", pursuant to the Protective Order entered by the Court, Case No. 3:21-md-02981-JD, ECF Nos. 123, 154 and 170. Those portions are identified in the declaration submitted herewith and highlighted in the under seal version of Plaintiffs' Letter.

| | |
|---|---|
| Dated:  May 27, 2022 | CRAVATH, SWAINE & MOORE LLP |
| |    Christine Varney *(pro hac vice)* |
| |    Katherine B. Forrest *(pro hac vice)* |
| |    Gary A. Bornstein *(pro hac vice)* |
| |    Timothy G. Cameron *(pro hac vice)* |
| |    Yonatan Even *(pro hac vice)* |
| |    Lauren A. Moskowitz *(pro hac vice)* |
| |    Justin C. Clarke *(pro hac vice)* |
| |    M. Brent Byars *(pro hac vice)* |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| |    Paul J. Riehle (SBN 115199) |
| | Respectfully submitted, |
| | By: <u>/s/ J. Wesley Earnhardt</u> |
| |    J. Wesley Earnhardt |
| |    *Counsel for Plaintiff Epic Games, Inc.* |
| Dated:  May 27, 2022 | BARTLIT BECK LLP |
| |    Karma M. Giulianelli |
| | KAPLAN FOX & KILSHEIMER LLP |
| |    Hae Sung Nam |
| | Respectfully submitted, |
| | By: <u>/s/ Karma M. Giulianelli</u> |
| |    Karma M. Giulianelli |
| |    *Co-Lead Counsel for the Proposed Class in In re Google Play Consumer Antitrust Litigation* |

---

-3-
PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-5227-JD

Dated:  May 27, 2022

OFFICE OF THE UTAH ATTORNEY GENERAL
Brendan P. Glackin

Respectfully submitted,

By:  */s/ Brendan P. Glackin*
Brendan P. Glackin

*Counsel for Utah*

**E-FILING ATTESTATION**

I, Brendan Benedict, am the ECF user whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

    /s/ Brendan Benedict
    Brendan Benedict