Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B. #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B. #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA  94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC  20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants*

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California  90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California  94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C.  20001
Telephone: (202) 220-1100

Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com
Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California  90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

THIS DOCUMENT RELATES TO:

*Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust*, Case No. 3:20-cv-05761-JD

*Utah v. Google LLC*, Case No. 3:21- cv-05227-JD

Case No. 3:21-md-02981-JD

**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

1

## INTRODUCTION

2          Pursuant to Civil Local Rules 7-11, 79-5(c), and 79-5(f), and Paragraphs 25–30 of this

3   Court's Standing Order for Civil Cases, Defendants Google LLC, Google Ireland Limited,

4   Google Commerce Ltd., Google Asia Pacific Pte. Limited, and Google Payment Corp.

5   (collectively "Google") respectfully move to seal portions of the joint discovery letter brief filed

6   by Plaintiffs and non-party Activision Blizzard, Inc. (the "Letter Brief") on May 27, 2022 (MDL

7   ECF No. 259).[1]  This Administrative Motion to File Under Seal is supported by the Declaration

8   of Christian Cramer and the Proposed Order submitted herewith.

9

## LEGAL STANDARD

10          "Two standards generally govern motions to seal documents."  *Pintos v. Pac. Creditors*

11  *Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).  While a "'compelling reasons' standard applies to most

12  judicial records," *id.* at 678 (citations omitted), "a less exacting 'good cause' standard 'applies to

13  private materials unearthed during discovery,' and to 'previously sealed discovery attached to a

14  nondispositive motion,'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (quoting

15  *Pintos*, 605 F.3d at 678).[2]  Because the Letter Brief concerns a discovery dispute—whether

16  Plaintiffs may take the deposition of Activision Blizzard's CFO—it is subject to the "good cause"

17  standard.  *See Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728, 766 (N.D. Cal. 2019) ("Because

18  the discovery letter is a non-dispositive motion, the good cause standard applies."); *Milliner v.*

19

20  [1] Pursuant to Paragraph 28 of the Court's Standing Order For Civil Cases, and concurrent with
this Motion, Google has filed renewed unredacted and redacted versions of the Letter Brief.  The
renewed unredacted Letter Brief, which Google has filed under seal, depicts in <u>blue highlight</u> the
21  two items Google seeks to seal, and depicts in <u>yellow highlight</u> the items that Activision has
designated as confidential and/or Google understands that Activision intends to move to seal.
22  The renewed unredacted Letter Brief redacts all items that Google seeks to seal and that
Activision has designated confidential and/or Google understands that Activision intends to move
23  to seal.
[2] *See also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Those
24  who seek to maintain the secrecy of documents attached to dispositive motions must meet the
high threshold of showing that 'compelling reasons' support secrecy. . . .  A 'good cause'
25  showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive
motions.") (citations omitted); *Ochoa v. McDonald's Corp.*, No. 14-cv-02098-JD, 2015 WL
26  3545921, at *1 (N.D. Cal. June 5, 2015) (in the "non-dispositive motion context," "materials may
be sealed so long as the party seeking sealing makes a 'particularized showing' under the 'good
27  cause' standard") (quoting *Kamakana*, 447 F.3d at 1180).

28

*Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *1 (N.D. Cal. Mar. 27, 2020) (applying "good cause" standard to seal materials in connection with a "discovery motion unrelated to the merits of" the action; granting motion to seal) (quotation omitted).

## ARGUMENT

Google requests that the Court maintain under seal excerpts from just two sentences in the Letter Brief.  Both of these excerpts purport to describe specific contractual terms in a nonpublic agreement between Google and non-party Activision Blizzard.  As established in the Declaration of Christian Cramer and as further demonstrated below, there is "good cause" to seal these descriptions because public disclosure would affect Google's future negotiations with business partners and unfairly harm Google's competitive position in the marketplace.[3]

Google requests that the following specific line items be redacted:

**Letter Brief, Page 4, Fourth Paragraph, Portion of Third Sentence (Cramer Decl. ¶ 8)**: Google seeks to seal four words purporting to describe the estimated financial consideration received by non-Party Activision Blizzard under its confidential agreement with Google.  As courts in this Circuit have recognized, the terms of confidential business agreements are competitively sensitive in that their disclosure would provide other marketplace actors—including competitors and other potential business partners—with information needed to unfairly disadvantage the movant.[4]  For example, knowledge of Plaintiffs' characterization of the estimated financial consideration received by Activision Blizzard under its confidential

---

[3] In requesting that this material be sealed, Google does not thereby agree with or admit to any of Plaintiffs' allegations or assertions about the nature, purpose, or effects of Google's business agreement with Activision Blizzard.  Nor does Google agree with or admit to any of Plaintiffs' characterizations or purported descriptions of information they claim to have learned through the discovery process.

[4] *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("sources of business information that might harm a litigant's competitive standing" meet higher "compelling reasons" standard for sealing) (quotation omitted); *see, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (ordering sealing of video game developer's confidential license agreement under "compelling reasons" standard on ground that "pricing terms, royalty rates, and guaranteed minimum payment terms" were trade secrets that could "give [one] an opportunity to obtain an advantage over competitors") (quotation omitted); *Ovonic Battery Co. v. Sanyo Elec. Co.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *2–3 (N.D. Cal. June 17, 2014) (ordering sealing of "financial and other terms of licenses" on ground that disclosure could "place OBC in a diminished bargaining position in future negotiations with potential customers and competitors, thereby causing significant harm to OBC's competitive standing").

agreement with Google may inform other business partners' negotiations with Google. Cramer Decl. ¶¶ 4–8, 10. Likewise, Google's competitors may use that information in formulating offers and other business proposals to Google's partners, including Activision Blizzard. *Id.* ¶ 8. Because disclosure of Plaintiffs' description of financial consideration exchanged under this confidential agreement with Activision Blizzard would harm Google's competitive position, there is "good cause" to seal this information.[5]

**Letter Brief, Page 5, Second Paragraph, Portion of Second Sentence (Cramer Decl. ¶ 9)**: Google seeks to seal less than two lines of text describing both the purported nature and the purported financial value of consideration allegedly received by non-party Activision Blizzard under its confidential agreement with Google. As stated above, the terms of confidential business agreements are considered competitively sensitive. Disclosure of the purported types and purported financial value of consideration received under Google's confidential agreement with Activision Blizzard may inform other business partners' negotiations with Google and influence the decision-making of Google's competitors, unfairly harming Google's competitive position. Cramer Decl. ¶¶ 4–7, 9–10. There is "good cause" to seal this information.[6]

Both of Google's sealing requests are narrowly tailored. Google does not request to seal the vast majority of statements and allegations in the Letter Brief that are purportedly sourced from confidential Google materials. Google limits its sealing requests to short segments of just

---

[5] *See, e.g.*, *Int'l Swimming League, Ltd. v. Fédération Internationale de Natation*, No. 18-cv-07394-JSC, 2021 WL 2075572, at *7 (N.D. Cal. May 24, 2021) (finding good cause to seal "draft contractual agreement," the disclosure of which would place "FINA at a competitive disadvantage in future negotiations with independent organizers seeking to enter into agreements with FINA"); *Milliner*, 2020 WL 1492692, at *2 ("Courts have allowed confidential commercial agreements to be sealed even under the 'compelling reasons' standard"; permitting sealing of "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding compelling reasons to seal "licensing terms, royalties paid or owed under license agreements, [and] financial terms" on ground that "disclosure of such information would harm [movants'] competitive standing"); *Digital Reg of Tex., LLC v. Adobe Sys, Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014) (finding good cause to seal confidential "terms of licensing agreements"); *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851, at *6 (N.D. Cal. June 24, 2014) (finding good cause to seal "confidential pricing information" that could "competitively harm LELO" if disclosed).
[6] *See Int'l Swimming League*, 2021 WL 2075572, at *7; *Milliner*, 2020 WL 1492692, at *2; *In re Qualcomm*, 2017 WL 5176922, at *2; *Digital Reg of Tex.*, 2014 WL 6986068, at *1; *LELO*, 2014 WL 2879851, at *6.

two sentences in the ten-page filing, which purport to describe and characterize the specific nature and financial value of the consideration that non-party Activision Blizzard allegedly received under a confidential business agreement with Google. Any further narrowing of Google's sealing requests would reveal competitively sensitive information, to the detriment of Google's competitive position and future business negotiations.

## CONCLUSION

For the reasons stated above, Google respectfully requests that the Court seal the material identified in the accompanying Declaration of Christian Cramer.

Respectfully submitted,

DATED:  June 3, 2022

By:  */s/ Glenn D. Pomerantz*
GLENN D. POMERANTZ

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

1

2

By:     */s/ Stephen J. McIntyre*
       Stephen J. McIntyre

3       Daniel M. Petrocelli, S.B. #97802
       dpetrocelli@omm.com

4       Stephen J. McIntyre, S.B. #274481
       smcintyre@omm.com

5       **O'MELVENY & MYERS LLP**
       1999 Avenue of the Stars

6       Los Angeles, California  90067
       Telephone: (310) 553-6700

7       Facsimile: (310) 246-6779

8       Ian Simmons, *pro hac vice*
       isimmons@omm.com

9       Benjamin G. Bradshaw, S.B. #189925
       bbradshaw@omm.com

10      **O'MELVENY & MYERS LLP**
       1625 Eye Street, NW

11      Washington, DC 20006
       Telephone: (202) 383-5300

12      Facsimile: (202) 383-5414

13

14

By:     */s/ Brian C. Rocca*
       BRIAN C. ROCCA

15      Brian C. Rocca, S.B #221576
       brian.rocca@morganlewis.com

16      Sujal J. Shah, S.B #215230
       sujal.shah@morganlewis.com

17      Michelle Park Chiu, S.B #248421
       michelle.chiu@morganlewis.com

18      Minna Lo Naranjo, S.B #259005
       minna.naranjo@morganlewis.com

19      Rishi P. Satia, S.B #301958
       rishi.satia@morganlewis.com

20      **MORGAN, LEWIS & BOCKIUS LLP**
       One Market, Spear Street Tower

21      San Francisco, CA 94105
       Telephone: (415) 442-1000

22      Facsimile: (415) 422-1001

23      Richard S. Taffet, *pro hac vice*
       richard.taffet@morganlewis.com

24      **MORGAN, LEWIS & BOCKIUS LLP**
       101 Park Avenue

25      New York, NY 10178
       Telephone: (212) 309-6000

26      Facsimile: (212) 309-6001

27      *Counsel for Defendants*

28

1

<u>**E-FILING ATTESTATION**</u>

2

        I, Stephen McIntyre, am the ECF User whose ID and password are being used to

3

file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

4

signatories identified above has concurred in this filing.

5

6                                                       *s/ Stephen McIntyre*

7                                                       Stephen McIntyre

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28