Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B. #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B. #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Ian Simmons, *pro hac vice*
isimmons@omm.com
Benjamin G. Bradshaw, S.B. #189925
bbradshaw@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants*

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

Daniel M. Petrocelli, S.B. #97802
dpetrocelli@omm.com
Stephen J. McIntyre, S.B. #274481
smcintyre@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| THIS DOCUMENT RELATES TO: | Case No. 3:21-md-02981-JD |
|---|---|
| *Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD | **DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| *In re Google Play Consumer Antitrust*, Case No. 3:20-cv-05761-JD | |
| *Utah v. Google LLC*, Case No. 3:21- cv-05227-JD | |

I, Christian Cramer, declare as follows:

1.      I am currently a Finance Director for Defendant Google, LLC (along with Google-affiliated entities, "Google"). I have been employed by Google since September 2007 and have held my current position since March 2017. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

2.      I submit this declaration in support of Google's Administrative Motion to File Under Seal, filed on June 3, 2022 in *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD; *Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD; *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD; and *State of Utah v. Google LLC*, Case No. 3:21-cv-05227-JD.

3.      The contents of this declaration are true and correct to the best of my knowledge, information, and belief. This declaration is based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google. If called upon as a witness, I could and would testify competently thereto.

4.      Google follows a strict practice that requires confidential treatment of all nonpublic commercial proposals to third parties and nonpublic business agreements with third parties. In my experience and to the best of my knowledge, Google does not disclose internal documents or confidential agreements or proposals of this nature outside of the company.

5.      The disclosure of confidential commercial proposals to third parties and/or business agreements with third parties could significantly harm Google's relationships and ability to conduct business with counterparties and prospective counterparties, and/or place Google at a disadvantage with competitors who could use Google's confidential analyses to their

1

1    advantage in competition with Google.  These materials therefore have economic value from not

2    being generally known to Google's competitors, counterparties, or the general public.

3        6.        I understand that Plaintiffs and Non-party Activision Blizzard, Inc. have filed a

4    joint letter brief that reflects information from confidential materials that Google has produced in

5    the above-captioned litigation (MDL Dkt. 259) (hereinafter "Letter Brief").  I have reviewed the

6    Letter Brief and can confirm that it contains confidential information concerning the purported

7    financial value of consideration exchanged under a commercial agreement between Google and

8    Activision Blizzard, Inc.  To the best of my knowledge, neither Google nor Activision Blizzard,

9    Inc. has ever publicly disclosed certain terms of that commercial agreement that are described in

10   the Letter Brief.

11       7.        I understand that Google's Administrative Motion to File Under Seal requests that

12   the Court maintain the following specific information under seal.  For the reasons stated below,

13   this information is confidential and highly sensitive, and if publicly disclosed, could significantly

14   prejudice Google's competitive position by harming Google's relationship with business

15   partners, putting Google at unfair disadvantage in future business negotiations, and permitting

16   Google's competitors to gain unfair advantage in competition with Google.

17       8.        **Letter Brief, Page 4, Fourth Paragraph, Portion of Third Sentence (four**

18   **words describing financial consideration in confidential business contract**):  I understand

19   that Google requests to seal four words describing the purported financial value of consideration

20   exchanged under Google's confidential agreement with Activision Blizzard. Inc.  To the best of

21   my knowledge, this purported financial value of consideration has never been publicly disclosed.

22   If that purported financial consideration were revealed to competitors and potential business

23   counterparties, they could use that information to disadvantage Google.  For example, if other

24   app developers and video game publishers (i.e., competitors of Activision Blizzard) became

25

1 | aware of this information, they could use it to inform their negotiation strategies and as leverage

2 | in negotiations with Google, to the detriment of Google and Activision Blizzard alike (e.g., by

3 | demanding that Google provide the same financial consideration to them). Similarly, if Google's

4 | competitors learned of the purported value of financial consideration exchanged under Google's

5 | confidential agreement with Activision Blizzard, they could use this information to disadvantage

6 | Google in negotiations with Activision Blizzard or other prospective business partners. In

7 | particular, knowledge of that purported financial consideration could lead a competitor of

8 | Google to offer the same or similar consideration to Activision Blizzard or other Google business

9 | partners to secure their business. The information also implicates Non-party Activision

10 | Blizzard's confidentiality interests. Google's business partners, who are not parties to this

11 | litigation, have a reasonable expectation that Google will maintain the confidentiality of

12 | contractual terms.

13 |      9.     **Letter Brief, Page 5, Second Paragraph, Portion of Second Sentence (after**

14 | **"competing app store" and through the end of the sentence)**: I understand that Google

15 | requests to seal less than two lines of text describing both the purported nature and the purported

16 | financial value of consideration exchanged under Google's confidential agreement with

17 | Activision Blizzard, Inc. To the best of my knowledge, neither the nature of the consideration

18 | exchanged under that confidential agreement nor any estimate of its financial value has ever been

19 | publicly disclosed. If the purported nature and/or purported financial value of that consideration

20 | were revealed to competitors and potential business counterparties, they could use that

21 | information to disadvantage Google. For example, if other app developers and video game

22 | publishers (i.e., competitors of Activision Blizzard) became aware of this information, they could

23 | use it to inform their negotiation strategies and as leverage in negotiations with Google, to the

24 | detriment of Google and Activision Blizzard alike (e.g., by demanding that Google provide the

25 |

3

1    same kind or value of consideration to them). Similarly, if Google's competitors learned of the

2    purported nature or purported value of the consideration exchanged under Google's confidential

3    agreement with Activision Blizzard, they could use this information to disadvantage Google in

4    negotiations with Activision Blizzard or other prospective business partners. In particular,

5    knowledge of the purported nature or purported value of that consideration could lead a

6    competitor of Google to offer the same or similar consideration to Activision Blizzard or other

7    Google business partners to secure their business. The information also implicates Non-party

8    Activision Blizzard's confidentiality interests. Google's business partners, who are not parties to

9    this litigation, have a reasonable expectation that Google will maintain the confidentiality of

10    contractual terms.

11        10.     Because the public disclosure of the confidential material described above would

12    harm Google's competitive position in the marketplace, there is good cause and there are

13    compelling reasons to seal this material.

14

15        I declare under penalty of perjury that the foregoing is true and correct. Executed on the

16    2nd day of June 2022, in Mountain View, California.

17

18

19                            Christian Cramer

20

21

22

23

24

25                              4