# EXHIBIT 1

George A. Zelcs (*pro hac vice*)
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

*Counsel for Plaintiff and the
Proposed Class in Carr v.
Google LLC, et al.*

Steve W. Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL
SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

*Counsel for Plaintiff and the
Proposed Class in Pure Sweat
Basketball, Inc. v. Google LLC,
et al.*

Brian C. Rocca (221576)
**MORGAN, LEWIS &
BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

*Counsel for Defendants Google
LLC, Google Ireland Limited,
Google Commerce Ltd., Google
Asia Pacific Pte. Ltd. and
Google Payment Corp.*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br>            Plaintiff,<br><br>       vs.<br><br>GOOGLE LLC, et al.,<br>       Defendants. | Case No. 3:20-cv-05671-JD |
| MARY CARR, et al.,<br>       Plaintiffs,<br><br>       vs.<br><br>GOOGLE LLC, *et al.*,<br>       Defendants. | Case No. 3:20-cv-05761-JD |
| PURE SWEAT BASKETBALL, INC., et. al,<br>       Plaintiffs,<br><br>       vs.<br><br>GOOGLE LLC, et al.,<br>       Defendants. | Case No. 3:20-cv-05792-JD<br><br>**JOINT CASE MANAGEMENT<br>STATEMENT IN RELATED CASES**<br><br>Date:        October 8, 2020<br>Time:        10:00 a.m.<br>Courtroom:  Via Zoom Platform<br>Judge:       Hon. James Donato |

In advance of the Status Conference set for October 8, 2020, the Parties to *Carr, et al. v. Google LLC, et al.* ("*Carr*") and *Pure Sweat Basketball, Inc., et al. v. Google LLC, et al.* ("*PSB*") respectfully submit this Joint Case Management Statement pursuant to the Court's September 18, 2020 Order, with reference to the *Standing Order for All Judges of the Northern District of California*. Epic Games, Inc. ("Epic") declined to join in this statement. Accordingly, the term "Parties" herein refers to the *Carr* and *PSB* Plaintiffs together with Defendants Google LLC and Google Payment Corp. (for purposes of this Statement, "Google").

**I.      CONSOLIDATION AND/OR COORDINATION**

**Pretrial Coordination**

The Court's September 18, 2020 Order (Dkt. 41) asked the parties to discuss consolidation of the related actions for pretrial and trial purposes. With respect to pretrial **coordination**, the parties conferred in the three related actions (*Epic*, *Carr* and *PSB*) and generally agree that motion practice related to threshold pleadings challenges in those lawsuits should be coordinated to the fullest extent reasonably possible. Below, the Parties propose a coordinated briefing schedule with respect to Google's planned motion to dismiss, together with modified page limitations, to ensure an efficient and organized presentation of the issues to the Court.

The Parties further agree that discovery in the *Epic*, *Carr*, and *PSB* cases should be coordinated to the fullest extent reasonably possible, consistent with the obligations and needs of the Parties in their differing individual cases. The Parties intend, for example, to cooperate on document and data discovery and depositions, where reasonably possible, to avoid duplication and increase efficiencies. The Parties anticipate negotiating and proposing entry of a proposed discovery coordination order to be presented one week in advance of the initial Case Management Conference. Consistent with these representations, the Parties will invite Epic to join in the preparation and presentation of this proposed order.

**Consolidation**

***Carr* and *PSB* Plaintiffs' Position:** With respect to trial consolidation, the *Carr* and *PSB* Plaintiffs do not believe the *Carr* consumer case and the *PSB* developer case should be consolidated. The cases involve differently situated plaintiffs and proposed classes, and they are

based on substantively and substantially different complaints seeking different relief. There are even more profound differences with the *Epic* complaint, which seeks only injunctive relief on an individual basis and does not demand a jury trial.

Under these circumstances, rather than promoting efficiency, consolidation would likely lead to unnecessary conflict. Counsel for *PSB* notes that App-store related antitrust and unfair competition claims against Apple, Inc. in the *Pepper* (consumer) and *Cameron* (developer) matters, both pending before the Hon. Yvonne Gonzalez Rogers of this Court, are similarly coordinated for discovery and class certification briefing, but are not consolidated. This approach has worked well to-date.

**Google's Position:** Google believes that any similarly situated putative classes should be consolidated into a single complaint, but does not believe that the *Carr* consumer and *PSB* developer cases need to be consolidated into a single complaint, provided the actions are coordinated for pretrial purposes, including pleadings challenges, discovery and class certification, to the maximum extent possible. With respect to trial consolidation, Google believes the Court has broad discretion under FRCP 42(a)(1) to join separate actions for trial if they involve a common question of law or fact. Google believes it is premature to order a consolidated trial at this time, but generally supports efforts to streamline the presentation of issues at trial.

## II.   CASE MANAGEMENT STATEMENT

The Parties understand the Court's Order setting a status conference to seek a limited case management statement at this time, with a more fulsome Joint Case Management Statement to be submitted a week in advance of the initial Case Management Conference once it is set. Accordingly, the Parties provide the following joint statement addressing matters preliminarily, with the expectation that they will submit a more comprehensive Joint Case Management Statement on the schedule ordered by the Court once the Court determines the extent to which these cases will be coordinated and/or consolidated.

**1.    Jurisdiction & Service**

The basis of the Court's jurisdiction over *Carr* and *PSB* is 28 U.S.C. § 1331 because both lawsuits assert claims under the Sherman Antitrust Act, 15 U.S.C. §1, *et seq.*, as well as the Clayton Antitrust Act, 15 U.S.C. §12, *et seq.* The basis of the Court's jurisdiction over the state law claims asserted in *Carr* and *PSB* is 28 U.S.C. §1367, which permits supplemental jurisdiction over related state law claims.

There are no counterclaims at this time.

No issues exist regarding personal jurisdiction or venue in either lawsuit.

No issues exist regarding service as to Google LLC or Google Payment Corp. The Parties are discussing service with respect to Google Ireland Limited, Google Commerce Ltd., and Google Asia Pacific Pte. Ltd.

**2.    Facts**

*PSB* **Plaintiffs' Statement of Facts:** This suit concerns Google Play, Google's store for Android OS apps, and the in-app addons or other digital products, including subscriptions, that Android developers make available for sale via their apps. Google Play dominates the U.S. market for the sale and distribution of apps to Android OS users.

Plaintiff PSB alleges that through its Google Play store and related conduct, Google has improperly and willfully sought, attained, and maintained monopoly power in the U.S. market for Android OS app stores and distribution services as more fully set forth in its complaint. (The statements made herein are mere summaries for present purposes only; PSB's complaint sets forth PSB's presently operative allegations.) Such conduct includes, for example, forced bundling of the Google Play store with other must-have Android apps that manufacturers of devices running Android OS are required to pre-install as a bundle on their Android OS phones. Plaintiff alleges that these and other actions violate federal antitrust and state unfair competition law; injure competition in the distribution of Android apps and in-app products; and harm U.S. Android developers such as PSB.

While Google may claim that Android is an open system, in fact, Google unfairly excludes

and/or restrains competition in practice. For example, Google might claim that Amazon is a competitor in Android app distribution, with its Amazon Appstore. But Google's practices require the vast majority of Android device owners who might want to have access to the Amazon Appstore to sideload apps or (app stores) by locating the software client for the store online; figuring out the sideloading process; and changing a security setting on their devices. And in the process, Google discourages consumers from completing the foregoing processes by scaring them into thinking there are grave security concerns. Google also engages in other conduct to dissuade consumers from purchasing apps through competitive app stores.

This, in turn, forces Android developers to distribute their products via Google Play and to use Google's payment processing system wherever Google requires it, including as to products sold in apps distributed via Google Play. As a result of Google's willful practices, real competition is restrained and foreclosed.

The harms caused by Google's ongoing willful and abusive acquisition and maintenance of its monopoly market power include the exclusion of competition; the stifling of innovation; the inhibition of consumer choice (including that of developers like PSB, which must use Google's distribution and payment processing systems to reach hundreds of millions of Android device owners); and Google's extraction from Android developers of supracompetitive fees, including a default 30% transaction fee (or in certain other instances, a still-supracompetitive 15% transaction fee).

*Carr* **Plaintiffs' Statement of Facts**: Google controls the most pervasive OS for smartphones and tablets, the Android OS, which is the only OS that OEM like Samsung can license. The Android OS is enhanced through apps, some of which come pre-loaded on an Android device while others are downloaded through distribution platforms like Google Play Store. Additionally, when Android users wish to purchase or subscribe to an app and/or make an in-app purchase, those transactions are processed through payment platforms like Google Play Billing.

Carr contends that Google possesses monopoly power over the Android app distribution market (*i.e.,* how apps are accessed and downloaded by Android app users), as well as the Android

in-app purchase market (*i.e.*, how users pay for in-app purchases on Android devices).  The *Carr* Plaintiffs allege the following wrongful and anti-competitive conduct by Google:

- Conditioning an OEM's license to use Google apps on their devices on the manufacturer's agreement to pre-install and prominently display the Google Play Store icon;

- Conditioning an app developer's ability to distribute an app through Google Play Store on the developer's agreement to process all in-app purchases through Google Play Billing (thus ensuring collection of a supracompetitive 30% tax);

- Prohibiting any app developer who wants to distribute apps through Google Play Store from distributing an app that allows consumers to access apps outside of the Store;

- Conditioning the ability to advertise an app through Google's advertising platforms on an agreement to exclusively distribute that app through Google Play Store; and

- Preventing or inhibiting consumers from downloading apps through a platform other than Google Play Store through the use of technological barriers and unjustified threats regarding device security.

The *Carr* Plaintiffs assert that Google's behavior stifles competition and inhibits innovation, causing consumers to pay an anticompetitive overcharge on their application purchases or subscriptions that is up to 30% of the cost of the application.  To the extent they do not conflict, the *Carr* Plaintiffs also adopt by reference the *PSB* Plaintiffs' Statement of Facts.

**Google's Statement of Facts**:  For over a decade, Google has devoted substantial resources to developing the Android operating system ("OS") based on the principle of openness, while ensuring trust, safety, and reliability.  Android is technologically open.  This means OEMs can customize the OS to run on an extraordinary range of devices with highly differentiated software, features, and user interfaces.  Google licenses Android OS to OEMs such as Samsung, LG, and Motorola free of charge. Because Android is an open platform, it allows for incredibly broad customization. As a result, OEMs, starting with zero-cost software, are freed up to develop innovative Android devices for users at varying price points.

Consistent with the principle of openness, Google also created Google Play—a non-exclusive app store where developers can make their Android apps available to users. Google offers a license to Google Play, along with other popular Google apps, to OEMs. There is no requirement to license this suite of apps. However, nearly all Android OEMs choose to do so because it gives their users "out-of-the-box" functionality to directly compete with Apple's iPhone, which runs on iOS—the main competitive mobile OS to Android. Google's significant investment in Android and Google Play, coupled with its commitment to an open ecosystem, have helped to dramatically increase innovation, consumer choice, and output in the mobile device and software industries.

In contrast to iPhone users who must download apps through Apple's App Store, Android users have many options for where to get apps. Besides Google Play, they can download apps directly from app developers via websites; through alternative app stores, such as the Samsung Galaxy Store, that OEMs preload on a device, or download directly onto a device, such as Amazon Appstore for Android or SlideME.

App developers are free to choose whether or not to charge for apps distributed through Google Play. The overwhelming majority of apps are distributed to users on Google Play for free. For those apps distributed through Google Play for a fee, developers process the payment of those app purchases and in-app purchases through Google Play's billing system. Beyond mere payment processing, this allows Google Play to offer important services including easy-to-understand purchase information, centralized customer support, spending and budgeting controls, parental controls, parental or family member approval for app and in-app purchases, centralized management for all Google Play subscriptions, protection from subscription fraud, and reminders about free trials and recurring charges, among others. It also allows Google Play to offer valuable services to developers including, but not limited to, connecting developers to a global consumer base that trusts the platform because of Google Play's security investments, access to a payment platform that supports a wide variety of payment options, and app development and optimization tools.. Google Play's billing system also helps ensure that Google is able to recapture its significant investment in Google Play and the broader Android ecosystem.

Google's conduct is procompetitive and it denies any allegation that its conduct violates antitrust or unfair competition laws or harms competition in any relevant market.

**3.    Legal Issues**

*PSB* **Plaintiffs' Statement of Legal Issues:**  Among the legal issues raised by the PSB complaint, are:

Whether Google has willfully and unlawfully attempted to attain, and has willfully and unlawfully maintained, monopoly or monopsony power in one or more relevant markets or sub-markets for Android OS app distribution services and in a relevant market for in-app payment processing services in violation of Section 2 of the Sherman Antitrust Act, such that PSB and the proposed class are entitled to treble damages and injunctive relief as requested in their complaints;

Whether Google has entered into Agreements that unlawfully restrain trade in the market for Android OS app in-app payment processing services, including by tying in-payment process via its Google Pay Billing product to Android OS app distribution via Google Play, in violation of Sections 1 and 2 of the Sherman Antitrust Act, such that PSB and the proposed class are entitled to treble damages and injunctive relief as requested in their complaints;

Whether Google has violated California's Unfair Competition Law with respect to the conduct alleged in the PSB complaint, such that PSB and the proposed class are entitled to restitution and injunctive relief as requested in their complaints; and

Whether a class or classes should be certified pursuant to Fed. R. Civ. P. 23, including pursuant to sections (b)(1), (b)(2) and/or (b)(3).

*Carr* **Plaintiffs' Statement of Legal Issues:** The legal issues raised by the *Carr* complaint, include the issues described above and, in short, are:

Whether Google's actions, including but not limited to those described above, violated Section 1 and/or Section 2 of the Sherman Antitrust Act and caused harm to the *Carr* Plaintiffs and the putative classes, such that Carr and the proposed class are entitled to damages and injunctive relief as requested in their Complaint;

Whether Google's actions, including but not limited to those described above, violated the Clayton Antitrust Act, 15 U.S.C. §12, *et seq*, and caused harm to the *Carr* Plaintiffs and the putative classes, such that Carr and the proposed class are entitled to damages and injunctive relief as requested in their Complaint; and

Whether Google's actions, including but not limited to those described above, violated state antitrust and/or unfair competition statutes and caused harm to the *Carr* Plaintiffs and the putative classes, such that Carr and the proposed class are entitled to damages and injunctive relief as requested in their Complaint.

**Google's Statement of Legal Issues:**   Google believes *Epic*, *Carr* and *PSB* raise the following primary substantive legal issues:

Whether the practices alleged in the complaints have led to the acquisition or maintenance of an unlawful monopoly in any relevant antitrust market(s);

Whether the practices alleged in the complaints constitute an unreasonable restraint of trade in any relevant antitrust market(s); and

Whether the practices alleged in the complaints violate any state unfair competition law(s).

Additionally, the class cases raise the following issue:

Whether any putative class alleged in *Carr* and *PSB* can be certified under Rule 23.

**4.**   **Motions**

There are no pending motions.  Pursuant to the Court's September 18, 2020 Order, Google's responsive pleading deadline in both *Carr* and *PSB* was deferred until after the case management conference.  In light of the recent filing of *Peekya Services v. Google, et al.*, the *PSB* and *Carr* Plaintiffs anticipate filing motions to appoint interim lead counsel for their respective classes. While the Court has not ruled on *Peekya Services*' motion to relate, counsel for *PSB* has conferred with counsel for *Peekya Services* and they propose the following schedule and page limits for motions to appoint lead counsel:

• October 12, 2020: Deadline to Submit Lead Counsel Motions (if any), limited to 15 pages

• October 19, 2020: Deadline to Respond to Lead Counsel Motions (as necessary), limited to 7 pages.

Google anticipates filing a motion to dismiss in *Epic*, *Carr* and *PSB* actions and, in the interest of efficiency, a proposed coordinated briefing schedule and related page limits are provided below. Plaintiffs in *Carr* and *PSB* anticipate filing motions for class certification on schedules to be proposed to the Court as part of the case management statement filed in advance of the first Case Management Conference. If necessary, Google anticipates filing a dispositive motion.

The Parties jointly propose the following coordinated briefing schedule for Google's anticipated pleadings challenges. The Parties acknowledge that the schedule may need to be modified in light of the new action filed by *Peekya Services*, including in the event the Court orders the filing of a consolidated amended developer complaint.

| Proposed Briefing Schedule - Omnibus Motion to Dismiss *Epic*, *Carr*, *PSB* | | | |
|---|---|---|---|
| **Party** | **Event** | **Deadline** | **Page Limits** |
| Defendants | Motion | November 6, 2020 | 35 |
| Plaintiffs | Oppositions | December 4, 2020 | 25/25/25 |
| Defendants | Reply | December 23, 2020 | 25 |

**5.** <u>**Amendment of Pleadings**</u>

At this time, the *Carr* Plaintiffs do not anticipate amending their Class Action Complaint, although they reserve the right to do so in response to Google's Motion to Dismiss and/or evidence revealed during discovery. Regarding parties, Plaintiff Carr and Google are currently discussing whether dismissal without prejudice of the foreign Google entities is appropriate.

The Plaintiff in *PSB* anticipates that it may file an amended complaint and that additional plaintiffs may join the action. Moreover, the *PSB* Plaintiff expressly reserves the right to amend its complaint in response to Google's anticipated motion to dismiss. As noted below in Section 10, the Parties acknowledge that another developer class action was filed on September 29, 2020 in this judicial district, styled as *Peekya Services., Inc. v. Google LLC et al.*, Case No. 3:20-cv-06772, which may impact the *PSB* complaint.  More specifically, PSB anticipates that the Court may direct the filing of a consolidated amended complaint. In that event, PSB likewise expressly reserves the right to amend such complaint in response to a motion by Google to dismiss.

## 6.    Evidence Preservation

The Parties have reviewed the Court's Guidelines and Checklist regarding the Discovery of Electronically Stored Information ("ESI") and confirm that they will meet and confer to address reasonable and proportionate steps, including developing a joint ESI protocol, to preserve evidence relevant to the issues reasonably evident in this action.  Further, the Parties also represent that they have taken appropriate steps to preserve all evidence relevant to the issues reasonably evident in this action.

## 7.    Disclosures

The Parties have not yet exchanged Federal Rule of Civil Procedure 26 initial disclosures, but will do so in accordance with any schedule entered by the Court.

## 8.    Discovery

No discovery has occurred and there are no outstanding discovery disputes.  The Parties will meet and confer on the most efficient way to coordinate discovery.  The Parties expect that these discussions will include counsel for all parties in the related cases, including *Epic*, *Carr*, and *PSB*, and any other cases deemed related by the Court, assuming that *Epic* participates voluntarily or is ordered to do so by the Court.

**9.    Class Actions**

Plaintiffs in *Carr* and *PSB* intend to move for class certification. The Parties anticipate proposing a date or dates for such motions in the Joint Case Management Statement filed in advance of the initial Case Management Conference, which they expect the Court to set at or after the October 8 status conference.

**10.    Related Cases**

As indicated above, on September 29, 2020, another developer class action was filed in this judicial district, styled as *Peekya Services., Inc. v. Google LLC et al.*, Case No. 3:20-cv-06772, and an administrative motion to relate that action to *Epic, Carr* and *PSB* was filed that same day. As of October 1, 2020, it appears that no defendant has been served nor has any decision been made with respect to relation.  However, the Parties acknowledge that *Peekya Services* appears to be related under Civ. Local Rule 3-12, although analysis of the motion to relate is ongoing.

**11.** **Relief**

*Carr* **Plaintiffs' Requested Relief:** The Carr Plaintiff, on her behalf and on behalf of all other similarly situated, seeks: (1) a permanent injunction prohibiting Google from monopolizing or attempting to monopolize the Android app distribution and in-app payment markets; (2) treble damages for injuries caused by Google's violations of the federal antitrust laws, California's Cartwright Act and the state antitrust and/or unfair competition laws identified in the Class Action Complaint; (3) reasonable attorneys' fees and costs; and (4) such other and further relief as the Court may deem just and proper.

*PSB* **Plaintiffs' Requested Relief:** The *PSB* Plaintiff, on its own behalf and on behalf of the classes proposed in its complaint, seek: (1) all appropriate relief, including but not limited to injunctive relief requiring that Google cease abusive, unlawful, and anticompetitive practices described in the Class Action Complaint; (2) declaratory relief adjudging such practices unlawful; (3) monetary relief, whether by way of restitution or damages, including treble damages or other multiple or punitive damages, or restitution, where mandated by law or equity or as otherwise available; (4) recovery of their costs of suit, to include their reasonable attorneys' fees, costs, and expenses, together with pre- and post-judgment interest to the maximum levels permitted by law or equity; (5) such additional orders or judgments as may be necessary to prevent the unlawful practices complained of herein; and (6) such other, favorable relief as may be available and appropriate under federal or state law, or at equity. The *PSB* Complaint contains PSB's presently operative request for relief.

**Google's Position on Relief:** Google believes that Plaintiffs in these cases are not entitled to any relief as Google's conduct has not violated any federal or state law.

**12.** **Settlement and ADR**

The Parties have generally discussed ADR and agree mediation would be appropriate at some point in the case, but believe it is premature at this stage. In advance of the initial Case Management

Conference, the Parties will attempt to reach agreement on the timing of an ADR process and submit the standard form of ADR stipulation.

**13.      Consent to Magistrate Judge For All Purposes**

     The Parties respectfully do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.      Other References**

     This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.      Narrowing of Issues**

     At this time, the Parties are not aware of ways to narrow the disputed issues.  The Parties will look for opportunities to further focus their dispute as motion practice and discovery continue. No Party requests the bifurcation of any issues, claims or defenses, at this time.

**16.      Expedited Trial Procedure**

     This case should not be handled under the Expedited Trial Procedure.

**17.      Scheduling**

     Google anticipates filing a motion to dismiss and, as noted above, the Parties propose the following coordinated schedule.  The Parties acknowledge that the schedule may need to be modified slightly in light of the new action filed by *Peekya Services*, including if the Court orders the filing of a consolidated amended developer class complaint.

| Proposed Briefing Schedule - Omnibus Motion to Dismiss *Epic*, *Carr*, *PSB* | | | |
|---|---|---|---|
| **Party** | **Event** | **Deadline** | **Page Limits** |
| Defendants | Motion | November 6, 2020 | 30 |
| Plaintiffs | Oppositions | December 4, 2020 | 25/25/25 |
| Defendants | Reply | December 23, 2020 | 25 |

Also, as indicated above, the parties, having conferred with counsel for *Peekya Services*, propose the following schedule for motions to appoint lead counsel (with the page limits noted above).

 • October 12, 2020: Deadline to Submit Lead Counsel Motions (if any)

 • October 19, 2020: Deadline to Respond to Lead Counsel Motions (as necessary)

The Parties have differing views as to the schedule of the initial Case Management Conference and commencement of discovery.

***Carr* and *PSB* Plaintiffs' Discovery Position:** *Carr* and *PSB* Plaintiffs propose that discovery should commence no later than October 23, 2020, with initial disclosures due on October 30, 2020. Plaintiffs also proposed holding the initial Case Management Conference on November 5, 2020, or as close thereto as the Court's schedule permits. Plaintiffs contend that deferring discovery until resolution of any motion to dismiss would improperly delay these proceedings, especially considering the likely breadth and complexity of document/ESI production and the need for extensive third party discovery.

**Google's Discovery Position:** Google proposes a logical sequencing of case events such that initial pleadings challenges should proceed first, and the initial Case Management Conference should follow, as determined by the Court. It is most efficient to hold discovery in abeyance until the Court addresses threshold relation, coordination and consolidation issues, and then considers Google's initial pleadings challenges, which may impact the nature and scope of claims.

The Parties are cognizant of the Court's general expectation that cases be ready for trial within 18 months of the initial Case Management Conference, absent circumstances requiring additional time. Given that the initial Case Management Conference has not been set, the Parties plan to confer further among themselves, subject to further guidance from the Court, and propose specific trial date ranges in their Statement in advance of the initial Joint Case Management Statement. Likewise, subject to direction from the Court, the Parties will confer in advance of the initial Case Management Conference and propose a case schedule that either complies with the Court's normal timeline or otherwise explains the basis for any deviation therefrom.

**18.** **Trial**

The *Carr* Plaintiffs believe their claims will be tried to a jury and that trial would last 3-4 weeks.

The *PSB* Plaintiffs believe their claims will be tried to a jury and that trial would last 2-3 weeks, or less.

Google believes the Court has broad discretion under FRCP 42(a)(1) to determine whether actions involving common questions of law or fact should be tried together in the interests of efficiency. From Google's perspective, this decision can be deferred to a later date, e.g., the initial Case Management Conference or after class certification proceedings.

The Parties will discuss this matter further before submitting a Joint Case Management Statement in advance of the initial Case Management Conference.

**19.** **Disclosure of Non-party Interested Entities or Persons**

Plaintiff Mary Carr is unaware of any person, firm, partnership, corporation or other entity that has a financial interest in the subject matter in controversy or a party in the proceeding or any other kind of interest that could be substantially affected by the outcome of these proceedings.

Plaintiff Pure Sweat Basketball is unaware of any person, firm, partnership, corporation or other entity that has a financial interest in the subject matter in controversy or a party in the proceeding or any other kind of interest that could be substantially affected by the outcome of these proceedings.

Google LLC and Google Payment Corp. filed their Certificates of Interested Entities in *Carr* (Dkt. No. 40) on September 4, 2020 and in *PSB* (Dkt. No. 27) on September 15, 2020, and the other three Google-related defendants will do so prior to the status conference. Pursuant to Civil L.R. 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Google Commerce Ltd.
- Google Ireland Limited
- Google Asia Pacific Pte. Ltd.
- Google Payment Corp.
- Google LLC
- XXVI Holdings Inc., Holding Company of Google LLC
- Alphabet Inc., Holding Company of XXVI Holdings Inc.

**20.**     **Professional Conduct**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.**     **Other**

Because this is a Class Action, pursuant to Civil L.R. 16-9(a) the *Carr* and *PSB* Plaintiffs provide the following information:

● The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action:

*Carr* and *PSB:* Fed. R. Civ. P. 23(a), 23(b)(1)-(3), and/or 23(c)(4).

● A description of the class or classes in whose behalf the action is brought:

*Carr:* All persons in the United States who paid for an app on Google Play, subscribed to an app obtained on Google Play, or paid for in-app digital content on an app obtained on Google Play within the relevant statute of limitations.

*PSB:* All U.S. developers of: (a) any paid Android OS app sold in or via the Google Play store, or (b) any paid in-app product (including subscriptions) sold in the Google Play store or via apps distributed in or via the Google Play store.

● Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b):

*Carr:* The facts showing that Plaintiffs are entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b) are set forth in Paragraphs 109 through 115 of the Class Action Complaint.

*PSB:* The facts showing that Plaintiff is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b) are set forth in Paragraphs 138 through 147 of its Class Action Complaint.

● <u>A proposed date for the Court to consider whether the case can be maintained as a class action.</u>

*Carr* and *PSB*: Plaintiffs will move for class certification in accordance with the Court's case management order.

**<u>Google's Statement</u>**.

Google denies the class allegations and will oppose class certification.

Respectfully submitted,

By: **/s/ Jamie L. Boyer**
**KOREIN TILLERY, LLC**
George A. Zelcs (*pro hac vice*)
Robert E. Litan (*pro hac vice*)
Randall Ewing, Jr. (*pro hac vice*)
Jonathon D. Byrer (*pro hac vice*)
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
gzelcs@koreintillery.com
rlitan@koreintillery.com
rewing@koreintillery.com
jbyrer@koreintillery.com

Stephen M. Tillery (*pro hac vice*)
Jamie Boyer (*pro hac vice*)
Michael E. Klenov (277028)
Carol O'Keefe (*pro hac vice*)
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
stillery@koreintillery.com
jboyer@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com

**BARTLIT BECK LLP**
Karma M. Giulianelli (184175)
Glen E. Summers (176402)
1801 Wewetta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
karma.giulianelli@bartlitbeck.com
glen.summers@bartlitbeck.com

**MCMANIS FAULKNER**
Ann Ravel (62139)
Fairmont Plaza, 10th Floor
50 West San Fernando Street
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
aravel@mcmanisfaulkner.com
*Counsel for Plaintiffs in Carr v.
Google LLC, et al.*

By: **/s/ Steve W. Berman**
**HAGENS BERMAN SOBOL
SHAPIRO LLP**
Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Benjamin J. Siegel (SBN 256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
bens@hbsslaw.com

**SPERLING & SLATER, P.C.**
Joseph M. Vanek (*pro hac vice*)
Eamon P. Kelly (*pro hac vice*)
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200
Facsimile: (312) 641-6492
jvanek@sperling-law.com
ekelly@sperling-law.com
*Counsel for Plaintiff and the
Proposed Classes in Pure Sweat
Basketball, Inc. v. Google LLC, et al.*

By: **/s/ Brian C. Rocca**
**MORGAN, LEWIS & BOCKIUS
LLP**
Brian C. Rocca (SBN 221576)
Sujal J. Shah (SBN 215230)
Michelle Park Chiu (SBN 248421)
Minna Lo Naranjo (SBN 259005)
Rishi P. Satia (SBN 301958)
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
brian.rocca@morganlewis.com
sujal.shah@morganlewis.com
michelle.chiu@morganlewis.com
minna.naranjo@morganlewis.com
rishi.satia@morganlewis.com

Richard S. Taffet (*pro hac vice*
pending)
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom (*pro hac vice*
pending)
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
willard.tom@morganlewis.com
*Counsel for Defendants Google
LLC, Google Ireland Limited,
Google Commerce Ltd., Google Asia
Pacific Pte. Ltd. and Google
Payment Corp.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on October 1, 2020 to all parties of record via the Court's electronic notification service.

*/s/ Jamie L. Boyer*