# EXHIBIT 3

| | |
|---|---|
| **From:** | Rocca, Brian C. <brian.rocca@morganlewis.com> |
| **Sent:** | Tuesday, October 13, 2020 8:22 PM |
| **To:** | Eric Zepp; Rob Lopez; Xternal User - J Boyer; Karma Giulianelli; bsweeney@hausfeld.com; Yonatan Even; Brent Byars; bens@hbsslaw.com; sstein@hausfeld.com; Gary Bornstein; paul.riehle@faegredrinker.com; Glen Summers; Xternal User - George Zelcs; Xternal User - Randall Ewing; steve@hbsslaw.com; tedw@hbsslaw.com; ekelly@sperling-law.com; John Karin; Lauren Moskowitz; Xternal User - Elizabeth McKenna; Wallner, Robert |
| **Cc:** | Shah, Sujal J.; Satia, Rishi P.; Naranjo, Minna Lo |
| **Subject:** | Epic/Carr/PSB et al. v. Google et al. |
| **Attachments:** | Play Litigation - Proposed Case Schedule.docx; Stipulated ESI Order - DRAFT_10.13.2020.docx; Stipulated Protective Order - DRAFT_10.13.2020.docx |

Counsel:

As discussed during our call today, attached for your review are the following documents:

- Proposed case schedule
- Proposed ESI Protocol
- Proposed Protective Order

On the schedule, we added a blank column so that counsel for the developer plaintiffs can add their input. It would be ideal if we could all have the most up-to-date proposals in a master document before our next call, which is scheduled for Thursday at 9:30 a.m. pacific. Google of course reserves the right to modify its proposals. For example, if there are delays in the filing of the proposed consolidated complaint(s), that may impact some of the earlier dates in our proposed case schedule.

Thanks in advance for your review and consideration. Apologies if I inadvertently omitted lawyers from this email.

**Brian C. Rocca**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1432 | Mobile: +1.510.909.5807 | Fax: +1.415.442.1001
brian.rocca@morganlewis.com | www.morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

[Counsel listed on signature pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br>    Plaintiff,<br><br>vs.<br><br>GOOGLE LLC et al.,<br>    Defendants. | Case No. 3:20-cv-05671-JD |
| MARY CARR, et al.,<br>    Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC et al.,<br>    Defendants. | Case No. 3:20-cv-05761-JD |
| PURE SWEAT BASKETBALL, INC., et. al,<br>    Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC et al.,<br>    Defendants. | Case No. 3:20-cv-05792-JD |
| PEEKYA SERVICES, INC., et. al,<br>    Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC et al.,<br>    Defendants. | Case No. 20-cv-06772-JD<br><br>**[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:20-cv-05671-JD

[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **PROPORTIONALITY**

Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information consistent with Fed. R. Civ. P. 26(b)(1)[1]. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. **COST-SHIFTING**

As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

5. **LIAISON**

The parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**5.      PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)      Only ESI created or received between _____ and _____ will be preserved;

b)      The parties will discuss the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

c)      The parties will agree on the number of custodians per party for whom ESI will be preserved;

d)      These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

      1. backup systems and/or tapes used for disaster recovery; and

      2. systems, server and network logs; and

      3. systems no longer in use that cannot be accessed.

e)      Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve, search, or collect the following:

      1. voice messages

      2. information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;

      3. instant messaging and chat application data;

      4. automatically saved versions of documents and emails;

      5. video and audio recordings;

6. deleted, slack, fragmented, or other data accessible only by forensics;

7. random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

8. on-line access data such as temporary internet files, history, cache, cookies, and the like;

9. dynamic fields of databases or log files that are not retained in the usual course of business; and

10. data in metadata fields that are frequently updated automatically, such as last opened dates.

**6.     SEARCH**

a)     The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b)     Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, MP3 Files, MP4 Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Quicktime Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Video Media Files, Waveform Audio File Format, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File. Source code files will be provided according to the Protective Order and not included in custodial data productions.

ATTORNEYS AT LAW
SAN FRANCISCO

3    Case No. 3:20-cv-05671-JD
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

    c)    A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across Custodians. A party may also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive email in a thread will be produced. Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment.

    d)    If applicable, no provision of this Order affects the inspection or production of source code which will be collected and made available consistent with the Protective Order governing this case.

## 6. PRODUCTION FORMATS

The parties agree to produce documents in the formats described in Appendix 1 to this Order. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

## 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI and will meet and confer regarding sources, custodians, and prioritization of phased productions.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

    a)    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. Information that contains privileged matter or

attorney work product shall be returned immediately if such information appears on its face or if requested.

  b) Communications involving counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate. The parties agree to meet and confer and agree to reasonable proposals for minimizing the burden imposed by the process of providing a privilege log.

  c) Activities undertaken in compliance with the duty to preserve information are protected from discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

  d) Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

**9. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Stipulated Order will supercede the previous Stipulated Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| Dated: October ___, 2020 | By:   */s/  Gary A. Bornstein*  <br>**CRAVATH, SWAINE & MOORE LLP**<br>Christine A. Varney (*pro hac vice*)<br>Katherine B. Forrest (*pro hac vice*)<br>Gary A. Bornstein (*pro hac vice*)<br>Yonatan Even (*pro hac vice*)<br>Lauren A. Moskowitz (*pro hac vice pending*)<br>M. Brent Byars (*pro hac vice*)<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY  10019<br>Tel:  (212) 474-1000<br>Fax:  (212-474-3700<br>cvarney@cravath.com<br>kforrest@cravath.com<br>gbornstein@cravath.com<br>yeven@cravath.com<br>lmoskowitz@cravath.com<br>mbyars@cravath.com<br><br>**FAGRE DRINKER BIDDLE & REATH LLP**<br>Paul J. Riehle (SBN 115199)<br>Four Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 591-7500<br>Facsimile: (415) 591-7510<br>paul.riehle@faegredrinker.com<br><br>*Counsel for Plaintiff in Epic Games, Inc.. v. Google LLC, et al.* |

| | | |
|---|---|---|
| Dated: October ___, 2020 | By: | ==/s/ Jamie L. Boyer== |

              **KOREIN TILLERY, LLC**
              George A. Zelcs (*pro hac vice*)
              Robert E. Litan (*pro hac vice*)
              Randall Ewing, Jr. (*pro hac vice*)
              Jonathon D. Byrer (*pro hac vice*)
              205 North Michigan, Suite 1950
              Chicago, IL 60601
              Telephone: (312) 641-9750
              Facsimile: (312) 641-9751
              gzelcs@koreintillery.com
              rlitan@koreintillery.com
              rewing@koreintillery.com
              jbyrer@koreintillery.com

              Stephen M. Tillery (*pro hac vice*)
              Jamie Boyer (*pro hac vice*)
              Michael E. Klenov (277028)
              Carol O'Keefe (*pro hac vice*)
              505 North 7th Street, Suite 3600
              St. Louis, MO 63101
              Telephone: (314) 241-4844
              Facsimile: (314) 241-3525
              stillery@koreintillery.com
              jboyer@koreintillery.com
              mklenov@koreintillery.com
              cokeefe@koreintillery.com

              **BARTLIT BECK LLP**
              Karma M. Giulianelli (184175)
              Glen E. Summers (176402)
              1801 Wewetta St., Suite 1200
              Denver, CO 80202
              Telephone: (303) 592-3100
              Facsimile: (303) 592-3140
              karma.giulianelli@bartlitbeck.com
              glen.summers@bartlitbeck.com

              **MCMANIS FAULKNER**
              Ann Ravel (62139)
              Fairmont Plaza, 10th Floor
              50 West San Fernando Street
              San Jose, CA 95113
              Telephone: (408) 279-8700
              Facsimile: (408) 279-3244
              aravel@mcmanisfaulkner.com

            *Counsel for Plaintiffs in Carr v. Google LLC, et al.*

| | |
|---|---|
| Dated:  October ___, 2020 | By: */s/ Steve W. Berman* <br>**HAGENS BERMAN SOBOL SHAPIRO LLP** <br>Steve W. Berman (*pro hac vice*) <br>Robert F. Lopez (*pro hac vice*) <br>1301 Second Ave., Suite 2000 <br>Seattle, WA 98101 <br>Telephone: (206) 623-7292 <br>Facsimile:  (206) 623-0594 <br>steve@hbsslaw.com <br>robl@hbsslaw.com <br><br>Benjamin J. Siegel (SBN 256260) <br>715 Hearst Avenue, Suite 202 <br>Berkeley, CA 94710 <br>Telephone: (510) 725-3000 <br>Facsimile:  (510) 725-3001 <br>bens@hbsslaw.com <br><br>**SPERLING & SLATER, P.C.** <br>Joseph M. Vanek (*pro hac vice*) <br>Eamon P. Kelly (*pro hac vice*) <br>55 W. Monroe Street, Suite 3200 <br>Chicago, IL 60603 <br>Telephone: (312) 641-3200 <br>Facsimile: (312) 641-6492 <br>jvanek@sperling-law.com <br>ekelly@sperling-law.com <br><br>*Counsel for Plaintiff and the Proposed Classes in Pure Sweat Basketball, Inc. v. Google LLC, et al.* |
| Dated:  October ___, 2020 | By: *[Insert]* <br>**HAUSFELD LLP** <br>Bonny E. Sweeney (SBN 176174) <br>Samantha J. Stein (SBN 302034) <br>600 Montgomery Street, Suite 3200 <br>San Francisco, CA 94104 <br>Telephone: (415) 633-1908 <br>Facsimile: (415) 358-4980 <br>bsweeney@hausfeld.com <br>sstein@hausfeld.com <br><br>*Counsel for Plaintiff and the Proposed Classes in Peekya Services, Inc. v. Google LLC, et al.* |

| | |
|---|---|
| Dated: October ___, 2020 | By:   */s/ Brian C. Rocca* <br> **MORGAN, LEWIS & BOCKIUS LLP** <br> Brian C. Rocca (SBN 221576) <br> Sujal J. Shah (SBN 215230) <br> Michelle Park Chiu (SBN 248421) <br> Minna Lo Naranjo (SBN 259005) <br> Rishi P. Satia (SBN 301958) <br> One Market, Spear Street Tower <br> San Francisco, CA 94105-1596 <br> Telephone: (415) 442-1000 <br> Facsimile: (415) 442-1001 <br> brian.rocca@morganlewis.com <br> sujal.shah@morganlewis.com <br> michelle.chiu@morganlewis.com <br> minna.naranjo@morganlewis.com <br> rishi.satia@morganlewis.com <br> <br> Richard S. Taffet (*pro hac vice* pending) <br> 101 Park Avenue <br> New York, NY 10178-0060 <br> Telephone: (212) 309-6000 <br> Facsimile: (212) 309-6001 <br> richard.taffet@morganlewis.com <br> <br> Willard K. Tom (*pro hac vice* pending) <br> 1111 Pennsylvania Avenue, NW <br> Washington, D.C. 20004-2541 <br> Telephone: (202) 739-3000 <br> Facsimile: (202) 739-3001 <br> willard.tom@morganlewis.com <br> <br> *Counsel for Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte. Ltd. and Google Payment Corp.* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____       _____
                                                 HON. JAMES DONATO <br>
                                                 United States District Court Judge

# APPENDIX 1
# PRODUCTION FORMAT AND METADATA

1. **Production Components.** Productions shall include, single page TIFFs, Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv) and an image load file that can be loaded into commercially acceptable production software (e.g., Concordance).

2. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

3. **Metadata Fields and Metadata File.** Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and CUSTODIAN. The metadata file shall be delimited according to the following characters:
    - Delimiter = ¶ (ASCII:020)
    - Text-Qualifier = þ (ASCII:254)
    - New Line = ® (ASCII:174)
    - Multi-value delimiter - ; (ASCII Code 059)

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |

| | |
|---|---|
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| OWNER | Any value populated in the Owner field of the document properties |
| FILENAME | Filename of an electronic document (Edoc or attachment) |
| DATEMOD | Date an electronic document was last modified or created (format: MM/DD/YYYY) (Edoc or attachment) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc or attachment) |
| NATIVELINK | Native File Link (Native Files only) |
| TEXTLINK | Link to text files |

4. **TIFFs.** Documents that exist only in hard copy format shall be scanned and produced as TIFFs. Unless excepted below, documents that exist as ESI shall be converted and produced as TIFFs. Unless excepted below, single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi) for all documents. Each TIFF image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). TIFFs shall show all text and images that would be visible to a user of the hard copy documents.

5. **Text Files.** A single multi-page text file shall be provided for each document, and the filename should match its respective TIFF filename. A commercially acceptable technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents. When possible, the text of native files should be extracted directly from the native file. Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents. All documents shall be produced with a link in the TextLink field.

6. **Image Load Files / Data Load Files.** Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production. The total number of documents in a production should match the total number of records in the data load file.

7. **Bates Numbering.** All images must be assigned a unique Bates number that is sequential

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Case No. 3:20-cv-05671-JD
[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

within a given document and across the production sets.

8. **Confidentiality Designation.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

9. **Redaction Of Information.** If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

10. **Native Files.** Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in either their native format or MS Excel. TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

11. **Proprietary Files.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information. The parties shall meet and confer to finalize the appropriate production format.

12. **Production Media.** Documents shall be encrypted and produced on external hard drives, readily accessible computer(s) or other electronic media ("Production Media"). Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002"). Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced.