1  Karma M. Giulianelli (SBN 184175)  Brian C. Rocca (SBN 221576)
   karma.giulianelli@bartlitbeck.com   brian.rocca@morganlewis.com
2  **BARTLIT BECK LLP**                **MORGAN, LEWIS & BOCKIUS LLP**
   1801 Wewetta St., Suite 1200        One Market, Spear Street Tower
3  Denver, Colorado 80202              San Francisco, CA 94105-1596
   Telephone: (303) 592-3100           Telephone: (415) 442-1000
4
   Hae Sung Nam (*pro hac vice*)       Glenn D. Pomerantz (SBN 112503)
5  hnam@kaplanfox.com                  glenn.pomerantz@mto.com
   **KAPLAN FOX & KILSHEIMER LLP**     **MUNGER, TOLLES & OLSON LLP**
6  850 Third Avenue                    350 South Grand Avenue, Fiftieth Floor
   New York, NY 10022                  Los Angeles, California 90071-3426
7  Telephone.: (212) 687-1980          Telephone: (213) 683-9100
8  *Co-Lead Counsel for the Class in In re Google*   *Counsel for Defendants Google LLC et al.*
   *Play Consumer Antitrust Litigation*
9
   Brendan P. Glackin (SBN 199643)
10 **OFFICE OF THE UTAH ATTORNEY**
   **GENERAL**
11 160 E 300 S, 5th Floor, PO Box 140872
   Salt Lake City, UT 84114-0872
12
   *Counsel for the Plaintiff States*
13
   [Additional counsel appear on signature page]
14

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16               **SAN FRANCISCO DIVISION**
17

18 **IN RE GOOGLE PLAY STORE**          Case No. 3:21-md-02981-JD
   **ANTITRUST LITIGATION**
19                                       **PARTIES' JOINT STATEMENT RE:**
   THIS DOCUMENT RELATES TO:            **PROPOSED PLAN TO PROVIDE**
20                                       **NOTICE OF PENDENCY AND**
   *In re Google Play Consumer Antitrust* **OPPORTUNITY TO OPT-OUT**
21 *Litigation*, Case No. 3:20-cv-05761-JD
                                         [PURSUANT TO COURT ORDER, DKT.
22 *State of Utah et al. v. Google LLC et al.*, NOS. 330 AND 354]
   Case No. 3:21-cv-05227-JD
23                                       Judge: Hon. James Donato
24
25
26
27
28

                                        Case No. 3:21-md-02981-JD
PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO
OPT OUT

1    On November 28, 2022, the Court certified a multi-state consumer class pursuant to Fed. R.

2    Civ. P. 23(b)(3), and ordered: "[t]he parties are directed to jointly file by January 20, 2023, a

3    proposed plan to give notice to the certified class and an opportunity to opt out." Case No. 3:20-cv-

4    05761, Dkt. No. 330. On January 19, 2023, the Court extended that filing deadline to January 27,

5    2023. Dkt. No. 354.

6    Over the course of December 2022 and January 2023, attorneys for the certified class met

7    with representatives of the State Attorneys General ("State Plaintiffs") and with counsel for

8    Defendant Google LLC ("Google") to discuss a proposed plan for notice and an opportunity to opt

9    out. For purposes of clarity, convenience, and cost-effectiveness, Consumer Plaintiffs and State

10   Plaintiffs collectively propose nationwide forms of notice that would provide notice to class

11   members in the certified states and to residents of the states and jurisdictions on whose behalf the

12   State Plaintiffs' *parens patriae* actions are being prosecuted. This notice would inform all affected

13   consumers of the pendency of the litigation and provide an opportunity to opt out of either or both

14   actions. Unlike Google's proposal for separate notices, a single nationwide notice is more cost

15   efficient, provides greater clarity about the pendency of the actions, and avoids confusion that may

16   occur with two, separate forms of notice being sent out. More specifically, a joint nationwide notice

17   alerts consumers that, depending upon the "legal address" used when they made a qualifying

18   purchase during the relevant period, they may be part of both the certified class and the *parens*

19   *patriae* actions and can select to opt out of one or both of the actions if they choose. Google's

20   proposal for separate notice forms does not inform consumers about this option and, thus, creates

21   confusion rather than lessen it.

22   Draft proposed forms joint Summary Notice and Long-Form Notice, collectively prepared

23   by Consumer Plaintiffs and the State Attorneys General and circulated previously to Google, are

24   attached as **Exhibits A** and **B** hereto.

25   Google disagrees. The Court instructed the parties to file a "proposed plan to give notice to

26   the certified class and an opportunity to opt out." Dkt. No. 330 at 27. The plan proposed by

27   Consumer Plaintiffs and State Plaintiffs, however, needlessly complicates the notice process and

28   will likely to lead to confusion among consumers as to (1) whether they are members of the certified

PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO
OPT OUT

1  class, (2) whether the claims are being brought on behalf of members of the certified class (versus

2  those brought by State Plaintiffs), and (3) consumers' ability to opt out of either the certified class

3  or State Plaintiffs' action, rather than both.  While some notice is required for State Plaintiffs' *parens*

4  *patriae* claims, separate notices will reduce any potential for confusion as nearly all consumers will

5  only get notice for one action or the other depending on whether they fall in the certified class or if

6  State Plaintiffs claim to represent them.

7  Irrespective of which forms of notice the Court adopts, the Parties have agreed to issue direct

8  notice by email, and publication notice by *PR Newswire Online* and via a dedicated notice website.

9  For direct email notice, a notice administrator will use data provided by Google, which includes

10  names, unique anonymized Google account IDs, the state or territory recorded in Google's

11  transactional data at the time of purchase based on the "legal address" in a consumer's Google

12  payment profile, and email addresses. State Plaintiffs also propose to provide notice to affected

13  consumers on their respective State Attorney General websites.

14  **I.     The Proposal for Nationwide Notice of Pendency**

15  **A.     Consumer Plaintiffs' and State Plaintiffs' Joint Position**

16  Consumer Plaintiffs and State Plaintiffs join in a proposal for an order adopting a plan to

17  provide notice of the pendency of the litigation on a nationwide basis.  A nationwide proposed notice

18  plan provides clarity, certainty, and cost-savings with a joint form of notice to class members in the

19  certified states and to residents of the states and jurisdictions from which the State Plaintiffs' *parens*

20  *patriae* actions are being prosecuted, informing them of the pendency of the litigation and providing

21  them an opportunity to opt out.  In this way, a single nationwide notice plan adheres to the due

22  process requirements of Federal Rule of Civil Procedure 23 and Title 15 U.S.C. § 15c of the Clayton

23  Antitrust Act, both of which set forth standards for giving notice of pendency of class action/*parens*

24  *patriae* litigation and providing opportunities to opt out.

25  A single nationwide notice plan provides clarity to affected consumers, either members of

26  the class or residents of the jurisdictions prosecuting *parens patriae* actions. As the Court observed

27  in its November 28, 2022 class certification order, "the government and private actions" here "are

28  marching arm-in-arm toward a common victory over Google. There claims are just about the same,

PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO
OPT OUT

1   the evidence will be the same, and all indications in the record are that their interests are well-

2   aligned." Dkt. 330 at 25.  A joint form of notice informs all potentially affected consumers of the

3   alignment in the claims and evidence.  This sort of joint notice is routine in situations where related

4   private class and government enforcer antitrust actions are settled and require court approval. In

5   those instances, courts typically order that a single, joint form of notice be directed to all consumers

6   who may affected by the resolution – not two.  *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust*

7   *Litigation*, No. M 07-1827-SI (N.D. Cal.), Dkt No. 4688 (Jan. 26, 2012), and Dkt. No. 6141 (July

8   12, 2012) (preliminarily approving consumer plaintiff and related government *parens patriae*

9   antitrust settlements, and approving joint forms of Summary and Long-Form Notices of Settlements,

10  ); *In Re: Electronic Books Antitrust Litigation,* No. 1:11-md-02293-DLC (S.D.N.Y), Dkt. No. 597

11  (April 2, 2014) ("*E-Books*"); and *In re Disposable Contact Lens Antitrust Litigation*, No. 94-MDL-

12  1030-J-20A, 3:97-cv-00861-HES (M.D. Fla.), Dkt, No. 918 (Sept. 20, 2000) (same) ("*Disposable*

13  *Contact Lens*").

14  A single, joint nationwide notice avoids potential confusion that may arise from dual or

15  sequential forms of notice concerning the pendency of the same litigation—an especially important

16  consideration, here, as Google's records may reflect that a particular consumer had a qualifying

17  transaction in more than one jurisdiction. Nationwide notice, as Consumer Plaintiffs and State

18  Plaintiffs propose here, offers affected consumers one comprehensive source of information in a

19  single joint form of notice. If any consumer has questions about potential claims, they can

20  conveniently contact one notice provider, who can answer or route questions to counsel as

21  appropriate, as opposed to two, which at best may result in some duplicative communications and

22  at worst inconsistent answers about claims.

23  Additionally, a single nationwide notice program promotes certainty. The Court has now set

24  a joint trial date of November 6, 2023, for the government and certified class actions. *See* Dkt. No.

25  421. Consumers in the certified class, together with those in the states and jurisdictions covered by

26  the *parens patriae* actions, have a due process right to be informed of the pendency and course of

27  the litigation and its trial date, and to be provided with an opportunity to opt out of the litigation.

28  *See* Fed. Rule Civ. P. 23(c)(2)(B); 15 U.S.C. § 15c(b)(1), (2).  A joint, nationwide notice offers a

PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO
OPT OUT

1    single timeline for all affected consumers to opt out and gives everyone certainty as to the universe

2    of opt outs going into trial.

3          Finally, a single nationwide notice program offers cost efficiencies. While the agreed-upon

4    proposed mechanisms for providing notice are all electronic (including, at a minimum, direct email,

5    website publication, and related internet-based notice), it is cheaper for a notice administrator to

6    send a single nationwide notice directed to all consumers affected by these consolidated actions,

7    than it is to send to two separate sets of notice – one set for the Consumer Plaintiffs and another set

8    for the State Plaintiffs.  According to preliminary notice estimates obtained by Consumer Plaintiffs,

9    issuing two separate forms of notice will cost tens of thousands of more than having the notice

10   provider issue a single, nationwide notice.  *See* Declaration of Consumer Plaintiffs' Liaison Counsel,

11   Elizabeth C. Pritzker ("Pritzker Decl."), at ¶ 7.  Such cost savings enhance the value of any potential

12   recovery at the end of the litigation (either litigated or through settlement) to the greatest extent

13   possible.

14                 B.     Google's Position

15         The proposal by Consumer Plaintiffs and State Plaintiffs will lead to more confusion, not

16   less.  This confusion is entirely of Plaintiffs' own making.  Although Consumer Plaintiffs filed a

17   complaint seeking to represent a nationwide class, they later entered into a Joint Prosecution

18   Agreement ("JPA") with State Plaintiffs and sought to certify a narrower class of 17 states and

19   territories.  Under the proposed joint notice, Consumer Plaintiffs and State Plaintiffs divide who

20   they represent based on the address recorded in Google's database at the time an app or IAP was

21   purchased.  See Ex. B.  This raises a series of potential problems that a joint notice would exacerbate.

22         Because defining who is representing who is based on the "legal address" associated with an

23   individual's Google payment profile at the time of purchase, a joint notice would require a consumer

24   to try to figure that out herself, even though Google is willing to provide data that already is based

25   on that determination.  For example, if an individual made some purchases in 2018 when her "legal

26   address" in her Google payment profile was in Georgia, then she is part of the certified class as to

27   those purchases, even if she later moved to, and currently resides in, Utah.  Conversely, if another

28   individual made purchases in 2018 when his "legal address" in his Google payment profile was in

PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO OPT OUT

1    Utah, then State Plaintiffs claim to represent him, even if he later moved to Georgia.[1]  Under a joint

2    notice, individuals in this example would need to determine whether they are represented by

3    Consumer Plaintiffs or State Plaintiffs – assuming that those individuals could even determine what

4    their Google payment profile "legal addresses" were at the time of their purchases – to decide

5    whether to opt out.  A joint notice would force this determination on the part of the consumer even

6    though Google already has data regarding the state associated with that consumer's purchase.

7            While Google takes no position on whether the division proposed by Consumer Plaintiffs

8    and State Plaintiffs is the correct way to divide consumers between the two cases, separate notices

9    alleviate any potential confusion by taking out any guesswork regarding which action governs a

10   consumer's claim.  Providing notice to a consumer only if Google's data associates his or her

11   purchase with one of the 17 states or territories in the certified class removes any doubt as to whether

12   that consumer is a class member as Consumer Plaintiffs have now defined the class.  Similarly,

13   providing a separate notice for State Plaintiffs' action would remove any doubt among the recipients

14   as to whether State Plaintiffs contend that they are represented for those purchases.  To the extent a

15   consumer is covered by both actions based on how Consumer Plaintiffs and State Plaintiffs have

16   now divided the claims – Google preliminarily estimates that this overlap is a tiny fraction (i.e., less

17   than 1%) – they would get two notices and thus understand they are covered by both actions for

18   different purchases.   It would be far more challenging for consumers provided with a joint notice

19   to first determine who represents them, and then to decide whether or not they wish to opt out.

20   Moreover, any consumers who are represented by both Consumer Plaintiffs and State Plaintiffs may

21   additionally need to navigate correctly opting out of one litigation and not the other.  This additional

22   work on the part of consumers would not be required if separate notice is provided.

23           Consumer Plaintiffs and State Plaintiffs cite three cases where Courts approved joint notice

24   in the settlement context, where there was no indication that class members and individuals

25   represented by the States were in different positions vis-a-vis the settlement, so there was less risk

26

27   _____
     [1] This example is based on how Consumer Plaintiffs and State Plaintiffs have divided claims, but
     should not be taken as Google endorsing this division.  For the avoidance of doubt, Google is not
28   waiving any argument at this time as to whether State Plaintiffs have standing in their capacity as
     *parens patriae* to represent individuals who no longer reside in the Plaintiff states.

Case No. 3:21-md-02981-JD

1    of any fallout from an individual being confused as to who represented her.  But Consumer Plaintiffs

2    and State Plaintiffs do not cite any precedent for joint notice prior to settlement, simply claiming

3    below that "it is indubitably more valuable for consumers to receive joint notice of a lawsuit even

4    earlier" than settlement.  That statement ignores the potential for confusion from a joint notice and

5    potential fallout if an individual incorrectly determines which case she belongs to, and the cases

6    diverge at a later stage.  Any current alignment between Consumer Plaintiffs and State Plaintiffs

7    does not resolve the issue.  While Consumer Plaintiffs and State Plaintiffs may be currently aligned,

8    the case is ongoing, and with over ten months left until trial, the parties may yet diverge in their

9    litigation or settlement strategy. A joint notice now only heightens the risk of complications if those

10   strategies diverge at a later stage.

11           Moreover, in *TFT-LCD*, the damages class consisted of consumers in 24 states while the

12   *parens patriae* action was brought by eight Attorneys General on behalf of consumers in their

13   respective states, which were also part of the 24 states that were covered by the certified class.  In

14   other words, there was complete overlap between consumers represented by the States and the

15   certified class, and thus no opportunity for confusion.  *In re TFT-LCD (Flat Panel) Antitrust*

16   *Litigation*, No. M 07-1827-SI (N.D. Cal.), Dkt. No. 4688 (Jan. 26, 2012) at Ex. A (notice describing

17   the "24 states" that comprised the damages classes to include "AR, CA, FL, … MI, … MO, … NY,

18   … WV and WI" and that the "Attorney General of Arkansas, California, Florida, Michigan,

19   Missouri, New York, West Virginia and Wisconsin are participating in these Settlements to resolve

20   related claims arising from the same allegations in the class actions: (1) on behalf of state residents

21   under the doctrine of parens patriae…").  Additionally, "[a]ny timely request for exclusion received

22   from an IPP class member shall be deemed also to be an election of exclusion from such state's

23   parens patriae claims (if applicable), and vice-versa."  *Id*. at 5.  Given the overlap in *TFT-LCD*

24   between class members and consumers represented by the States, there was no risk of confusion

25   from a joint notice as there is here.

26           Finally, Consumer Plaintiffs and State Plaintiffs claim that separate notices will cost "tens

27   of thousands more" than a single nationwide notice.  While Google is sensitive to the costs of notice

28   and how it may affect any recovery by consumers – even in a case where Plaintiffs are claiming

1   billions in damages – the risk to that recovery arising from additional costs to resolve any confusion

2   arising from a joint notice is likely to be much greater.  For example, the Court may be presented

3   with issues related to individuals who improperly tried to opt out of one case even though they are

4   represented in the other.  Or an individual may later claim she was not adequately informed of her

5   right to opt out of the class because she thought she was represented by State Plaintiffs but would

6   like to opt out after the deadline.  Dealing with these issues will require both attorney and Court

7   resources.  Conversely, separate notices take the guesswork out of the equation and provide more

8   certainty as to which action any individual belongs.

9   **II.        The Parties' Respective Positions Re: Notice Language**

10              A.        Consumer Plaintiffs' and State Plaintiffs' Position

11  Consumer Plaintiffs and State Plaintiffs jointly propose nationwide forms of Summary

12  Notice and Long-Form Notice in the forms attached as **Exhibits A** and **B**, hereto. These forms of

13  notice conform to the mandates of Rule 23 and the requirements of due process.  Rule 23 requires

14  "the best notice that is practicable under the circumstances, including individual notice to all

15  members who can be identified through reasonable effort." Rule 23 also provides that notice can be

16  made by "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P.

17  23(c)(2)(B).  The Clayton Antitrust Act, 15 U.S.C. § 15c, requires that notice be given to consumers

18  in antitrust *parens patriae* actions brought by States Attorneys General, and authorizes notice by

19  publication or by any other means the Court deems appropriate to satisfy due process. 15 U.S.C. §

20  15c(b)(1). Although the Clayton Act does not set forth a specific standard for achieving due process,

21  federal courts in this District have approved procedures and standards used in class actions under

22  Rule 23.  *See, e.g., California v. eBay, Inc.*, No. 5:12-cv-05874-EJD, 2015 WL 5168666 at *2 (N.D.

23  Cal. Sept. 3, 2015); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827-SI, 2013 WL

24  1365900 at *4 (N.D. Cal. Apr. 3, 2013). In *TFT-LCD*, as *E-Books* and *Disposable Contact Lens*, all

25  antitrust cases, the courts approved a joint notice of settlement sent on behalf of both the consumer

26  class and the state attorneys general bringing *parens patriae* actions.  However, it is indubitably

27  more valuable for consumers to receive joint notice of a lawsuit even earlier—like now, months

28  before trial—as they can have more time to meaningfully consider whether to opt-out and proceed

1    independently.

2          Here, the proposed nationwide Summary Notice and Long-Form Notice include all of the

3    information required under Rule 23(c)(2)(B): the nature of the action, the class definition and *parens*

4    *patriae* claim definition, a summary of the pending claims, that a consumer may enter an appearance

5    through an attorney, that the Court will grant timely exclusion requests, the time and manner for

6    requesting exclusion, and the binding effect of a final judgment. *See* **Exhibits A and B**.  The

7    proposed Summary Notice provides summary information and a hyperlink to a dedicated notice

8    website, which contains the long-form notice and other case-related information, such as the

9    Consumer Plaintiff and State Plaintiff complaints and the Court's order certifying the Consumer

10   Plaintiff class. *See* **Exhibit B**. The forms of notice thus include all information necessary for

11   consumers to make informed decisions relating to the actions.

12         The current proposed forms of Summary Notice and Long-Form Notice contain language

13   that is intended to guide consumers on this issue:  they advise that membership in either the certified

14   class or the *parens patriae* actions may be determined by the address identified in the consumer's

15   payments profile on file with Google at the time of purchase. *See* **Exhibits A** and **B**.  Because the

16   address in the consumer's  profile is being used to determine the location of any purchase, the notices

17   advise that certain consumers may be part of both the certified class and the *parens patriae* cases

18   (for example, if the consumer moved and changed her Google Play payments profile address during

19   the relevant period). There is no potential duplicative recovery for any consumer, however, as

20   Google's records link the consumer's payments profile "legal address" to a Google Play Store

21   purchase at the time of the purchase.

22

23

24

25

26

27

28

PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO
OPT OUT

1    While Consumer Plaintiffs do not believe a change in the class definition set forth in the

2  Court's November 28, 2022 certification order is necessary, if the Court is inclined to specify that

3  the location of one's qualifying purchase is determined by the address listed in consumers' Google

4  payments profile at the time of purchase, Plaintiffs have no objection to this change.[2]

5    Google argues, below, that the forms of notice must contain information concerning the

6  existence and certain terms of the Joint Prosecution Agreement. This is unnecessary. The Court

7  previously addressed and rejected Google's argument regarding any potential conflict between

8  Consumer Plaintiffs and State Plaintiffs, stating: "…the Court has broad discretion over fee awards,

9  and ample authority to investigate and respond to any concern" regarding issues of conflict, or the

10  any award of class counsel's fees in the event of settlement or after trial. Dkt. No. 330 at 27. The

11  forms of Summary Notice and Long-Form Notice that Consumer Plaintiffs and State Plaintiffs

12  propose clearly inform consumers which attorneys represent consumers in which states. The notices

13  also truthfully inform consumers that any attorneys' fee award made to the Consumer Plaintiffs,

14  whether by settlement or after a trial, will be subject to Court approval.  This is consistent with due

15  process and Rule 23's requirements.

16    B.    Google's Position

17    As described above, Google objects to a joint notice and believes that separate notices will

18  reduce consumer confusion.  Additionally, Google objects to Section 6 of the proposed long form

19  notice (Ex. B).  Whereas Section 5 of the notice appropriately notes that Class Counsel may request

20  fees and "the fees and expenses awarded by the Court would be either deducted from any money

21

22  _____

23  [2] As a potential example on this point, to the extent specification is needed, the certified class
    definition might read:

24    All persons who, on or after August 16, 2016 to the present, paid for an app through the Google
      Play Store or paid for in-app digital content (including subscriptions or ad-free versions of

25    apps) through Google Play Billing using a Google payments profile "legal address" located in
      the following U.S. states and territories:

26
      Alabama, Georgia, Hawaii, Illinois, Kansas, Maine, Michigan, Ohio, Pennsylvania, South

27    Carolina, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands,
      Puerto Rico, and the U.S. Virgin Islands.

28

Case No. 3:21-md-02981-JD
PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO
OPT OUT

1  obtained for the Class or be paid separately by Google," Section 6 of the notice, which describes the

2  "State Attorneys General Representatives and Counsel" makes no mention of the JPA or the fact

3  that Class Counsel may also request, and be awarded fees that are deducted from any money

4  obtained for consumers represented by State Plaintiffs.  *See* JPA § IV (Dkt. No. 250-3) (noting that

5  under the agreement "Class Counsel may make an application to the Court for an award of attorneys'

6  fees and reimbursement of litigation expenses from any recovery created by resolution of the

7  Covered Claims [the *parens patriae* claims brought by State Plaintiffs], whether by settlement,

8  verdict or judgment").  Google believes that such notice must be provided so consumers in those

9  states can make an informed decision as to whether they should opt-out.

10  Google's objection to Section 6 has nothing to do with a potential conflict between

11  Consumer Plaintiffs and State Plaintiffs.  Rather, informing consumers that State Plaintiffs claim to

12  represent that Class Counsel may seek "attorneys' fees and reimbursement of litigation expenses

13  from any recovery" of their claims, even though they are represented by State Plaintiffs, will help

14  inform their decision on whether or not to opt-out.  Providing that information in the notice now will

15  avoid any complaints from consumers that they were given inadequate notice if Class Counsel later

16  apply for any such fees from any "recovery created by resolution" of the *parens patriae* claims.

17  With respect to the class definition, Google believes the class definition should not be

18  changed at this time.

19  Except as described above, Google takes no other position on the wording of either the long-

20  form or short-form notices.

21  **III.   The Parties' Positions Re: Notice Mechanisms**

22  The Parties have conferred and generally agree to a proposed notice plan that will include

23  direct notice by email, publication notice by *PR Newswire Online* and via a dedicated notice website.

24  State Plaintiffs also propose to provide notice to affected consumers on their respective State

25  Attorney General websites.

26  For direct email notice, a notice administrator will use data provided by Google, which

27  includes names, anonymized unique Google account IDs, state or territory information based on

28  their Google Play payment profiles at the time of purchase and email addresses. This data suggests

1    there are approximately 21 million class members in the seventeen states and jurisdictions that fall

2    within the class definition (*see* Dkt. No. 330 at 27) and approximately 100 million consumers

3    nationwide.  Pritzker Decl., ¶¶3, 7.  While direct notice is not required in all cases, *see Briseno v.*

4    *ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017), here it is the best notice practicable

5    because the notice provider will have contact information for nearly every consumer and can send

6    direct notice on a nationwide basis electronically and affordably.  Electronic notice by email is

7    routinely used in technology, data privacy, and other class actions to provide notice to affected class

8    members and has been held to satisfy due process and Rule 23. *See, e.g.*, *In re Facebook Internet*

9    *Tracking Litigation*, No. 5:12-md-02314-EJD, Dkt. No. 241 (N.D. Cal., March 31, 2022); *Taylor v.*

10   *Shutterfly, Inc.*, No. 5:18-cv-00266, 2021 WL 5810294 at *2 (N.D. Cal., Dec. 7, 2021)*; Cottle v.*

11   *Plaid, Inc.*, No. 20-cv-3056-DMR, 2021 WL 541525 at *5-6 (N.D. Cal., Nov. 19, 2021); *Norcia v.*

12   *Samsung Telecommunications America LLC*, No. 14-cv-00582-JD, 2021 WL 3053018 at *2 (N.D.

13   Cal., July 20, 2021); *In Re USC Student Health Center Litigation*, No. 2:18-cv-04258-SVW-GJS,

14   Dkt. No. 148 (C.D. Cal., June 12, 2019); *Cohorst v. BRE Properties, Inc.*, No. 3:10-cv-2666-JM-

15   BGS, 2011 WL 7061923 at 2 (S.D. Cal., Nov. 14, 2011).

16       **IV.**    **The Parties' Positions Re: Timing of Notice**

17       A.    Consumer Plaintiffs' and State Plaintiffs' Position

18       For the orderly progression of this MDL, notice of pendency and consumers' opt out period

19   must be completed ahead of the November 6, 2023 trial date.  Accordingly, Consumer Plaintiffs and

20   State Plaintiffs propose that the Court direct that notice of pendency go out by March 6, 2023.  This

21   is just eight months ahead of the trial date and provides affected consumers an appropriate amount

22   of time to consider their legal rights and to decide whether to opt out ahead of trial.

23       Google's proposal to stay dissemination of notice pending Google's 23(f) petition, on the

24   other hand, unnecessarily cramps the time period in which affected consumers may exercise their

25   opt out rights ahead of trial. Google also has failed to meet its burden for any requested stay.

26   Petitions appealing a district court's certification order pursuant to Rule 23(f) do not automatically

27   stay the proceedings, unless the district court or the court of appeals so orders.  "In deciding whether

28   to stay this action, the following four factors must be weighed: (1) likelihood of success on the merits

1   of the appeal; (2) harm to defendant in the absence of a stay; (3) harm to plaintiffs if stayed; and (4)

2   public interest.  The first two factors are the 'most critical.'" *Hernandez v. Wells Fargo Bank, N.A.*,

3   No. C 18-07354 WHA, 2020 WL 10689800, at *1 (N.D. Cal. Mar. 19, 2020) (citing *Leiva-Parez v.*

4   *Holder*, 640 F.3d 962, 964-70 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

5   Google, the party requesting a stay, bears the burden of showing the circumstances warrant a stay.

6   *Ibid* (*citing Nken* 556 U.S. at 433-44).

7            Here, Google's Rule 23(f) appeal is based upon arguments made and rejected at class

8   certification:  an argument that presents a mere disagreement with the determinations in the Court's

9   class certification does not, in and of itself, satisfy Google's "likelihood of success on the merits"

10   burden. *Hernandez*, 2020 WL 1068900 at *1 (denying defendant's request for stay pending

11   determination of its Rule 23(f) petition); *see also Rainbow Bus. Sols. v. Merch. Servs., Inc.*, No. C

12   10-1993 CW, 2014 WL 1783945, at *2 (N.D. Cal. May 5, 2014) (same).  Nor can Google establish

13   a likelihood of irreparable injury if the stay is denied or that a stay is in the public interest.  There is

14   substantial prejudice to Consumer Plaintiffs and State Plaintiffs if dissemination of notice is stayed,

15   however.  A trial date has been set for this entire multi-district litigation and the Parties' trial

16   planning is already underway.  A stay is not warranted. *See Garvey v. Kmart Corp.*, No. C 11-02575

17   WHA, 2012 WL 12919626, at *1 (N.D. Cal. Aug. 22, 2012) (denying request for stay pending Rule

18   23(f) appeal, noting that the parties' trial preparation is necessary and already underway).

19            B.       Google's Position

20            Google requests a modest stay of any dissemination of class notice while Google's 23(f)

21   petition is pending in order to avoid the unnecessary expense, confusion and disclosure of class

22   members' contact information that would result if the Court's class certification order is reversed.

23   Stays of class notice are regularly granted while 23(f) appeals are pending, and it is Google's

24   position that a stay should thus be granted in this case, but if the Court believes this issue should be

25   raised in a separate motion, Google will do so.

26            To be clear, Google is not seeking to stay the entire case, or even seeking to stay

27   consideration of the form of notice.  Rather, it only seeks a short stay of class notice distribution.

28   None of Plaintiffs' cases reject a stay of class notice, as all of them are about a complete stay of a

PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO
OPT OUT

1   case while a 23(f) petition was pending. *Hernandez* and *Garvey* specifically involve situations

2   where the issue of premature class notice was already moot. *Hernandez*, 2020 WL 10689800, at

3   *1-2 (finding dispute over class notice was moot); *Garvey*, 2012 WL 12919626, at *1 (noting class

4   notice had already been sent). Finally, *Rainbow* actually *supports* Google's position: despite

5   rejecting a stay of the whole case, the court stated that it "will not order any class notice to be sent

6   until after the Ninth Circuit has ruled on Defendants' Rule 23(f) petitions." *Rainbow Bus. Sols. v.*

7   *Merch. Servs., Inc.*, No. C 10-1993 CW, 2014 WL 1783945, at *2 (N.D. Cal. May 5, 2014).

8          The *Nken* test for granting a stay considers (1) the likelihood of success on the merits; (2)

9   whether "irreparable harm" to the movant "is probable" absent a stay; (3) whether the stay will

10  "substantially injure" the non-movant; and (4) whether the "stay is in the public interest." *Leiva-*

11  *Perez*, 640 F.3d at 964-970. Although "'[t]he first two factors . . . are the most critical,'" "so long

12  as a certain threshold showing is made on each factor," the court should remain "flexible" and apply

13  a "general balancing approach" in determining whether a stay is warranted. *Id.* at 964, 966 (quoting

14  *Nken*, 556 U.S. at 434); see id. at 971 ("so long as the [movant] has made the threshold showing that

15  irreparable harm is probable absent a stay, we continue to weigh the relative equities"). Here, a

16  limited stay is warranted under these factors.

17         A movant meets the first factor by showing it has raised "serious legal questions" in its Rule

18  23(f) petition. *See Whitman v. State Farm Life Ins. Co.*, 2021 WL 5824572, at *1 (N.D. Cal. Dec.

19  8, 2021). Here, Google has raised three serious legal questions in its 23(f) petition, including: the

20  rigorous analysis required to determine when the presence of uninjured class members prevents class

21  certification, whether an antitrust injury model that does not account for independent variables

22  affecting whether a plaintiff is uninjured can support class certification, and whether individualized

23  damages issues can prevent class certification. Irreparable injury is probable given the risk of

24  premature notice to over 20 million class members and the potential for confusion that would arise

25  if there is a change to the class definition or decertification. *See Bally v. State Farm Life Ins. Co.*,

26  No. 18-CV-04954-CRB, 2020 WL 3035781, at *5 (N.D. Cal. June 5, 2020) ("courts have stayed

27  class notice while allowing the rest of the litigation to proceed because of the specific risks posed

28  by premature notice"); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL

5818300, at *4 (N.D. Cal. Nov. 15, 2012) ("Should the Ninth Circuit take Defendant's appeal, there is a likelihood that the court will have to modify or decertify the class after class notice has issued. Such a result would require the issuance of a second curative notice to the class, perhaps many months or more after the initial class notice was disseminated. Considering the class in this case is estimated to exceed 22,000 individuals, a curative notice would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether."); *Fernandez v. RentGrow*, Inc., No. CV JKB-19-1190, 2022 WL 1782641, at *3 (D. Md. June 1, 2022) (collecting cases); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012).  *Cf.* Manual Complex Lit. § 21.28 (4th ed.) ("If the appeal is from a grant of certification, the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination.").

The Court has now set trial for November 6, 2023 (Dkt. No. 421), which provides adequate time to wait for the Ninth Circuit's ruling on the 23(f) petition and then, if necessary, provide adequate notice to the class.  Thus, there is no harm to Consumer Plaintiffs from the stay and the public interest weighs in favor of staying notice while the 23(f) petition is pending given the likelihood of confusion.

Dated: January 27, 2023

BARTLIT BECK LLP
  Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
  Hae Sung Nam

Respectfully submitted,

By:    /s/ *Karma M. Giulianelli*
         Karma M. Giulianelli

*Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO OPT OUT

1

2   Dated: January 27, 2023

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

3

4   Respectfully submitted,

5   By:   /s/ *Elizabeth C. Pritzker*
Elizabeth C. Pritzker

6   *Liaison Counsel for the Class in In re Google Play*
*Consumer Antitrust Litigation*

7

8

9   Dated:  January 27, 2023

OFFICE OF THE UTAH ATTORNEY GENERAL
Brendan P. Glackin
Lauren M. Weinstein

10

11   Respectfully submitted,

12   By:   /s/ *Brendan P. Glackin*
Brendan P. Glackin

13   *Counsel for the Plaintiff States*

14

15   Dated: January 27, 2023

MORGAN, LEWIS & BOCKIUS LLP
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Minna L. Naranjo
Rishi P. Satia

16

17

18   Respectfully submitted,

19   By:   /s/ *Sujal J. Shah*
Sujal J. Shah

20

21

22   MUNGER, TOLLES & OLSON LLP
Glenn D. Pomerantz
Kuruvilla Olasa
Emily C. Curran-Huberty
Jonathan I. Kravis
Justin P. Raphael
Kyle W. Mach

23

24

25   *Counsel for Defendants Google LLC et al.*

26

27

28

PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO
OPT OUT

1

**E-FILING ATTESTATION**

2

I, Brian Wang, am the ECF User whose ID and password are being used to file this

3

document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory

4

identified above has concurred in this filing.

5

6

/s/ *Brian Wang*
Brian Wang

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:21-md-02981-JD
PARTIES' JOINT STATEMENT RE: PROPOSED PLAN TO PROVIDE NOTICE OF PENDENCY AND OPPORTUNITY TO
OPT OUT