Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980

*Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0260

*Counsel for the Plaintiff States*

Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Counsel for Plaintiffs Match Group, LLC, et al.*

[Additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD

*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD

*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD

Case No. 3:21-md-02981-JD

**PLAINTIFFS' SUBMISSION RE: FEBRUARY 1, 2023 MINUTE ENTRY**

Judge: Hon. James Donato

The Court's February 1, 2023 Minute Order (MDL Dkt. No. 440) ordered the parties to submit a joint statement regarding their proposed plans to execute the Court's instructions regarding Plaintiffs' Motion for Sanctions (MDL Dkt. No. 349).

The parties met and conferred on February 2 and 3, 2023, and reached agreement on the following issues: (1) Google will produce Chats (subject to the issues discussed below) with sufficient metadata to allow Plaintiffs to determine whether a Chat was a 1:1 / group chat or a threaded room; and (2) Google will produce Chats for the period from September 11, 2020 through the date of collection of the Chats reflected on Exhibit A to the Ho Declaration (which Google has not provided). Google also agreed to de-anonymize the 383 individuals identified in Exhibit A to the Ho Declaration, such that Plaintiffs can see the numbers of Chats preserved for each individual.

Unfortunately, there are a number of other issues on which the parties did not reach agreement. During the February 2 and 3 meet and confers, Plaintiffs shared with Google the positions set forth below. Google agreed to consider these positions, but as of 9:00 p.m. Pacific/12:00 a.m. Eastern today, February 6, the day this filing is due, Google has not yet responded, despite multiple inquiries from Plaintiffs, including as recently as two hours ago. Google's failure to respond to Plaintiffs' inquiries in a timely way, much less to provide its portion of a joint submission, has made it infeasible for the parties to submit a joint filing in which they have the opportunity to consider and respond to each other's positions.

Accordingly, Plaintiffs submit the following statement, which addresses positions that Google took during the February 2 and 3, 2023 meet and confers and flags open issues on which Google has not yet taken a position.

## I. Issue One: Production of Chats Referenced in the Ho Declaration

### A. Search Terms and Responsiveness Review

The Court ordered Google to "produce to plaintiffs within 14 days the chats that were preserved for Custodians 22 through 383 in Exhibit A to the Declaration of Duy Ho, Dkt. No. 429-2." (MDL Dkt. No. 440.) The Court also ordered the parties to "meet and confer on whether Google will conduct a responsiveness review prior to production of these chats." (*Id.*)

The parties met and conferred on this issue twice. Both times, Plaintiffs requested that Google simply produce the preserved Chats. Plaintiffs proposed to work with Google to ensure that any production of unreviewed documents would not result in a waiver of privilege. Google rejected those requests. As detailed below, Google informed Plaintiffs that it intends to produce only the fraction of those Chats that (i) hit on the search terms the parties negotiated for antitrust issues raised in the post-complaint period, and (ii) survive responsiveness and privilege reviews.

Plaintiffs' view is that Google's approach would undermine the purpose of the exercise ordered by the Court. The Court stated that the supplemental production of Chats was meant to be a "natural experiment" so that Plaintiffs can "see what [they] find" in the remnants of Chats that Google did not destroy. (1/31/2023 Tr. 283:14-18.) Plaintiffs understand that the Court ordered this production in the hope that a "deeper dive" into the extant "on the record" Chats may shed light on the prejudice caused by Google's failure to preserve "off the record" Chats. (1/31/2023 Tr. 290:21-291:8.)

Google's proposed process will not further that goal. The combination of search terms and responsiveness review will screen out the types of Chats most likely to show further evidence of prejudice. As to search terms, Google does not intend to use terms that would identify Chats that are relevant to Plaintiffs' motion for sanctions (*e.g.*, "sensitive", "history" or "off-the-record"). Instead, Google intends to apply search terms and responsiveness criteria that the parties used to identify post-complaint documents on antitrust topics unrelated to the use of Chat within Google.[1]

The proposed responsiveness review poses an even more fundamental problem. Google confirmed that if, for example, a Google employee suggested moving a sensitive discussion about Google Search to an off-the-record Chat, that Chat would not be produced (even if it happened to be captured by a search term) because it would not be responsive to the document requests propounded in this case. But Chats like these, which illustrate the type and extent of evidence that Google destroyed, go to the core of the prejudice inquiry. (*See, e.g.*, PX-103, Dkt. 414-11 (Sameer Samat, Head of

---

[1] For example, after the litigation began, Google punished developers such as major Korean developer Kakao that resisted a post-complaint change Google made to its forced billing requirement. When Plaintiffs sought post-complaint discovery into this topic, the parties negotiated a single search term—"Kakao*"—to be run across the files of six custodians who were involved.

Google Play, writing "pls keep in this mind this chat history is not off," after which the "on the record" portion of the Chat abruptly stops).)

Ultimately, despite rounds of briefing and two hearings on Google's failure to preserve Chats, Google is *still trying to withhold information* from Plaintiffs and the Court. Indeed, Google intends to take on meaningfully *more* burden to provide *fewer* Chats. Google represented that the Chats at issue are "sitting there" waiting to be produced. (1/31/2023 Tr. 278:10-20.) It would be far easier for Google to simply produce them, without any review subject to clawback for privilege. Google's proposal would drastically reduce the possibility that this exercise bears any fruit relevant to the issues before the Court.

**B. Inclusion of Custodians 1-21**

During the January 31, 2023 hearing, Google represented that for the first 21 custodians listed in the Ho Declaration, "we've produced whatever we found, whatever chats we found in those 21 custodians' files." (1/31/2023 Tr. 277:15-16; *see also id.* 279:12-16 ("for the post-complaint period, which is what we're talking about here, we have reviewed the chats that are in existence for Custodians 1 through 21.").) In fact, Google did *not* produce (or even review) all Chats for these 21 individuals from the post-complaint period.[2] Accordingly, Google has in its possession thousands of "on the record" and threaded Chats from these key custodians that have not yet been produced. During meet and confers following entry of the Court's minute order, Plaintiffs requested that Google produce these remaining Chats from Custodians 1-21. Google refused because the Court's order refers only to the production of Chats from litigation hold recipients 22-383. However, for the reasons described above, production of additional Chats from the 21 key custodians from whom post-filing productions were negotiated would facilitate the "deeper dive" into Chats that the Court requested. Plaintiffs believe this request is consistent with the spirit and intent of the Court's order. As the Court explained at the January 31, 2023 hearing: "Your working proposition is going to be more is better right now." (1/31/2023 Tr. 289:9-11.) Google's intended production is inconsistent with that proposition.

[2] For example, in the Kakao search described above, Google ran one search term across the files of six post-complaint custodians—not all 21—and only for an eight-month period.

**II. Issue Two: System-Wide Backend Log**

The Court ordered Google to "produce to plaintiffs the 'system-wide backend log' referenced in the Declaration of Devin Chen, Dkt. No. 429-4." (MDL Dkt. No. 440.) During the meet and confer calls, Plaintiffs requested the native version of the log, which Plaintiffs' expert needs to fully understand the data. Google refused, citing security and privacy concerns. Plaintiffs requested that, in the alternative, their expert be permitted to access the native version of the log at Google's campus and under the supervision of appropriate Google personnel to address any privacy and security concerns. As of the time of this filing, Google has not responded to Plaintiffs' request.

Instead of producing the log or agreeing to allow Plaintiffs' expert to inspect it at Google's facilities, Google has proposed providing Plaintiffs a list of certain "Chat-related events" recorded in the log. Google has not yet provided that list. To better evaluate this proposal and Google's claimed security and privacy concerns, Plaintiffs have requested a complete list of all "Chat-related events" and other information discernable from the log. Google has not yet provided this information.

**III. Issue Three: Automatic Preservation of Chats for All Litigation Hold Recipients**

The Court ordered the parties to "meet and confer about which of the relevant custodians still have their history setting turned to 'off' for any of their chats, and whether Google should now change those default history settings to 'on' for the core set of relevant custodians as the parties agree." (MDL Dkt. No. 440.) During these calls, Plaintiffs asked that Google apply an automated process that would preserve all Chats for each of the 383 litigation hold recipients enumerated in the Ho declaration. Google did not take a position on whether it would do this, stating that it was still considering the matter. Plaintiffs understand that the default remains history "off" for all one-on-one or group chats involving any and all Google custodians.

Dated: February 6, 2023

CRAVATH, SWAINE & MOORE LLP
Christine Varney *(pro hac vice)*
Gary A. Bornstein *(pro hac vice)*
Timothy G. Cameron *(pro hac vice)*
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*
Michael J. Zaken *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: */s/ Lauren A. Moskowitz*
Lauren A. Moskowitz

*Counsel for Plaintiff Epic Games, Inc.*

Dated: February 6, 2023

BARTLIT BECK LLP
Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

Respectfully submitted,

By: */s/ Karma M. Giulianelli*
Karma M. Giulianelli

*Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

Dated: February 6, 2023

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

Respectfully submitted,

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker

*Liaison Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

Dated: February 6, 2023

OFFICE OF THE UTAH ATTORNEY GENERAL
Brendan P. Glackin
Lauren M. Weinstein

Respectfully submitted,

By: */s/ Brendan P. Glackin*
Brendan P. Glackin

*Counsel for the Plaintiff States*

Dated: February 6, 2023

HUESTON HENNIGAN LLP
Douglas J. Dixon
Christine Woodin
Joseph A. Reiter

Respectfully submitted,

By: */s/ Douglas J. Dixon*
Douglas J. Dixon

*Counsel for Plaintiffs Match Group, LLC et al.*

**E-FILING ATTESTATION**

I, Brendan Benedict, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Brendan Benedict*
Brendan Benedict