Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B. #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B. #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

*Counsel for Defendants Google LLC et al.*

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
Nicholas R. Sidney, S.B. #308080
nick.sidney@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA,

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| This Document Relates To: | **DEFENDANT GOOGLE'S STATEMENT REGARDING FEBRUARY 1, 2023 MINUTE ORDER** |
| *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD | |
| *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | Judge:   Hon. James Donato |
| *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | |
| *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | |

Defendant Google submits this statement in response to the Court's February 1, 2023, Minute Entry (Dkt. No. 440, 3:21-md-02981-JD ("MDL")) ("February 1 Order").

Google met and conferred with Plaintiffs on Thursday, February 2 and Friday, February 3 and provided Plaintiffs with Google's initial proposals on the search and production of additional chats and the production of backend log data. Plaintiffs likewise provided Google with their position on these issues during the parties' conferences, and they identified certain objections to Google's proposals. Since then, Google has worked diligently to identify potential ways to address Plaintiffs' objections. On the night of Monday, February 6, 2023, the date of this submission, Google was working to provide Plaintiffs with a revised proposal when Plaintiffs filed their response to the February 1 Order.

Google's proposal, which addresses many of the concerns raised by Plaintiffs during the parties' meet-and-confer discussions, is set forth below. Google recognizes that Plaintiffs have not had an opportunity to evaluate this revised proposal, and Google stands ready to engage further with Plaintiffs to narrow any remaining disputes.

## I. GOOGLE'S PRODUCTION OF ADDITIONAL CHATS

The February 1 Order states: "Google will produce to plaintiffs within 14 days the chats that were preserved for Custodians 22 through 383 listed in Exhibit A to the Declaration of Duy Ho, Dkt. No. 429-2. The parties will meet and confer on whether Google will conduct a responsiveness review prior to production of these chats."

With respect to this supplemental production, Google proposes to take the following steps: (1) collect all preserved post-Complaint chats for Custodians 22 through 383 (approximately 715,000 total chats)[1]; (2) apply to that collection all agreed-upon search terms used for this litigation, as well as the search terms "history off," "history on," and "off the record"; and (3) review the hits for responsiveness and privilege. For purposes of this review, Google will treat as responsive all chats in which a participant discusses turning history "on" or "off" or moving to a

---

[1] This number includes the total number of unique chats and excludes any family members. The number including family members is approximately 1.1 million.

"history off" chat in the context of any legal hold, investigation, regulatory proceeding, or litigation. This means that Google will be producing all chats related not only to the subject matter of this litigation—which would of course include responsive chats that discuss history on or off—but also any other discussions of chat history settings as they relate to these custodians' preservation obligations. Google's proposal is broader than the parties' standard approach to custodial document productions in this litigation and will provide Plaintiffs with not only responsive chats from 362 additional custodians, but also chats that relate to a custodian's discussion of history settings in the context of a legal hold, investigation, regulatory proceeding, or litigation.

**Search Terms:** Plaintiffs' primary concern with the use of search terms is that the application of the agreed-upon search terms in this case would screen out documents regarding these custodians' preservation of relevant chat messages. Google's proposal addresses that concern. As described above, Google's proposal would capture such chats by (1) including "history on," "history off," and "off the record" as search terms and (2) treating as responsive any chat in which a participant discusses turning history on or off or moving to a history off chat in the context of any legal hold, investigation, regulatory proceeding, or litigation.

Plaintiffs have not identified any other reason why Google should not be permitted to use search terms. To the contrary, the use of search terms is consistent with the Court's statements at the last hearing. 1/31/23 H'rg Tr. 283:19-20 ("They'll run the searches for all 300-and-whatever are left, 22 through 300X"); *see also id.* at 282:12-283:3 (colloquy discussing Google's proposal to "run the same search terms"). Applying search terms is also consistent with the long-standing approach to document production in this case by all parties.

Moreover, running search terms will significantly narrow the burden of a privilege analysis. For example, 58 of the custodians for this search are members of Google's legal department, and, absent the application of search terms, Google would need to review *all* of their approximately 44,000 chats for privilege. The broad search terms that Google proposes to run against these chats were previously negotiated by the parties to identify relevant documents, and there is no reason to abandon that agreed-upon approach here.

**Responsiveness Review**: Plaintiffs contend that Google should not be permitted to review the search term hits for responsiveness, as it has done for every other production in this litigation. A responsiveness review will yield chats that bear on the subject matter of this litigation, as well as Google employees' discussion of chat history settings in the context of legal holds, while minimizing the production of personally sensitive and irrelevant information. *See* 1/12/23 H'rg Tr. 22:20-24 ("And so internally, we have even really sensitive things, like folks who are in recovery and they have a community and an ongoing group chat where they share their own personal stories, really sensitive information. And those all are happening on -- via group chat.") (testimony of G. Lopez). This step is appropriate because the purpose of this production is to identify chats that are relevant to this litigation. *See* 1/31/23 H'rg Tr. 284:25-285:7 ("So you'll go through these; and if you find some things that are consistent with some of the other items you presented, that will help me see the way to different inferences than I might otherwise make. If you go through all of this and there isn't a lick of chat that goes your way, then that's going to also…be a basis for guiding my inferences.").

Google continues to commit to the February 14, 2023 deadline (2 weeks) set by the Court's order, and the above proposal addresses Plaintiffs' concern by producing chats that address history setting in the context of a litigation hold or investigation, going above and beyond a traditional responsiveness review. Plaintiffs have not articulated why a timely responsiveness review would cause prejudice.

**Custodians**: Plaintiffs contend that, in addition to the production of chats for "Custodians 22 through 383 listed in Exhibit A to the Declaration of Duy Ho," Google should also be required to produce additional chats for custodians 1 - 21 that go beyond the search terms and dates negotiated by the parties. That is not what the Court ordered. In any event, with respect to those custodians, Google has already produced non-privileged responsive documents for the time periods agreed upon by the parties and hitting on the search terms agreed upon by the parties.

## II.  GOOGLE'S PRODUCTION OF BACKEND LOG DATA

The February 1 Order states: "Google will produce to plaintiffs the 'system-wide backend log' referenced in the Declaration of Devin Chen, Dkt. No. 429-4. Plaintiffs may depose Devin

Chen and/or other Google employees as reasonably needed for an understanding of the log and its data."

The "system-wide backend log" referenced in the Declaration of Devin Chen ("Chen Declaration") (MDL ECF No. 429-4) contains a record of events related to the Google Chat product and is "designed to assist in addressing bugs" in the Google Chat software. Chen Decl. ¶ 4. Many of the events recorded to the log are unrelated to a users' history settings, such as changes to a users' time zone, and the logs include information related to non-party customers of the Google Workspace product (*i.e.* other companies and individuals who use Google Chat).

Google will provide Plaintiffs this week with a list of the Google Chat events and fields in the log and identify the events that relate to the chat history settings discussed in the Chen Declaration. To the extent that Plaintiffs have additional technical questions regarding the information stored in the log, Google will facilitate a discussion between Plaintiffs and a Google subject matter expert who can answer Plaintiffs' questions. This process will assist the parties in determining which events and fields should be extracted from the log and produced to Plaintiffs. Once the parties have agreed on the events and fields that Google will produce, Google intends to produce an extract of the log data for the 383 legal hold recipients in an electronic format. As instructed by the Court, Google will make Devin Chen and/or other employees available for deposition as reasonably needed for an understanding of the log and its data.

Plaintiffs proposed that Google provide access to a "native" version of the log or, instead, permit Plaintiffs direct access to the log at Google's corporate offices. That proposal is unnecessary, raises serious security and privacy concerns for Google customers, and is premature.

*First*, Google will provide agreed-upon relevant data from the system-wide backend log in an electronic file format that Plaintiffs' consultants can search and analyze. Counsel understands that, due to the sheer volume of unrelated data stored in the log, searching the "native version" of the log on Google's servers for data relevant to the 383 legal hold recipients can take hours to complete and results in an electronic file with the data for those specific individuals. In other words, queries for specific fields or events on the log would simply produce an electronic file of the type Google proposes to produce.

*Second,* allowing Plaintiffs' consultants to physically access Google's corporate offices and computer systems to access this log presents significant privacy and security risks to Google and non-parties because the log includes event data related to non-party customers of the Google Workspace product (*i.e.* other companies and individuals who use Google Chat). Counsel understands that the log is not designed to technologically restrict access to data relating to the 383 Google employees at issue. Allowing Plaintiffs' consultants to directly access the log on Google's systems unnecessarily risks exposure of this non-party customer data. Nor have Plaintiffs identified any reason why it is necessary to obtain access to information relating to individuals not at issue in this case, including non-party customers of Google Chat and other Google products.

*Third,* there is no need for the Court to decide this issue now. Once Plaintiffs have obtained the event information from Google, discussed the log with a Google subject matter expert, and actually reviewed the log, the parties can revisit any additional questions or requests from Plaintiffs on this issue.

### III. GOOGLE'S CHAT PRESERVATION SETTINGS

The February 1 Order states: "The parties will meet and confer about which of the relevant custodians still have their history setting turned to 'off' for any of their chats, and whether Google should now change those default history settings to 'on' for the core set of relevant custodians as the parties agree."

Plaintiffs have asked Google to turn history on for all 383 employees who have received legal hold instructions in this case. The Court's reference to "core set of relevant custodians" falls short of encompassing every one of the 383 employees who received a hold notice in this matter. However, we are analyzing the issues raised by Plaintiffs' request and will report back to the Court and Plaintiffs on or before Friday, February 10.

DATED: February 6, 2023

Respectfully submitted,

By:     /s/ *Glenn D. Pomerantz*
      Glenn D. Pomerantz

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
Nicholas R. Sidney, S.B. #308080
nick.sidney@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
**MUNGER TOLLES & OLSON LLP**
560 Mission St., Suite 2700
San Francisco, CA 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

*Counsel for Defendants Google LLC et al.*

-7-
DEFENDANT GOOGLE'S STATEMENT REGARDING FEBRUARY 1, 2023 MINUTE ORDER
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD