| | |
|---|---|
| Brian C. Rocca, Bar No. 221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, Bar No. 215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, Bar No. 248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, Bar No. 301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-6000<br><br>*Counsel for Defendants Google LLC et al* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,* Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,* Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. James Donato |

## INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's Standing Order for Civil Cases, Google Defendants ("Google") respectfully move the Court to redact portions of an exhibit to the January 12, 2023 Deposition of Tian Lim taken in this matter (MDL Dkt. No. 449-2). This Administrative Motion to File Under Seal is supported by the Declaration of Tian Lim ("Lim Decl.") and the Proposed Order submitted herewith.  Google's sealing request is limited to current and former employees' names and email addresses in PX-170, which are the working notes of Mr. Tian Lim, a former Google employee.  These names and email addresses are personally identifying and reveal potentially embarrassing information – including Mr. Lim's and others' candid impressions of other employees gathered in his capacity as a manager at Google – which is not relevant to the subject matter of this hearing.  Narrow redactions preserve these current and former employees' (who are non-parties) privacy interests, while retaining the substance of the document that may be of public interest.  Thus, Google requests that the Court redact all names and email addresses from PX-170, leaving only the first and last initial of each name.

## LEGAL STANDARD

The Ninth Circuit holds that sealing is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotation marks omitted).  Compelling reasons may exist where, by way of example, the material to be disclosed includes personally identifiable information ("PII")[1] and personnel records and employment information.[2]

---

[1] Fed. R. Civ. P. 5.2; *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *Sameer v. Khera*, No. 117CV01748DADEPG, 2018 WL 4772035, at *1 (E.D. Cal. Oct. 1, 2018).

[2] *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *U.S. ex rel. Lockyer v. Hawaii Pac. Health*, No. CIV. 04-00596 ACK-LE, 2007 WL 128853, at *1 (D. Haw. Jan. 10, 2007).

# ARGUMENT

As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). Recognizing that there is a presumption in favor of access to court papers, Google focuses this narrow sealing request solely on one highly sensitive deposition exhibit - a former employee's working notes.

PX-170 reflects the impressions of a former employee and, if disclosed in their entirety, would reveal potentially embarrassing personnel information of employees and PII. Courts in the Ninth Circuit have recognized the privacy interests of third parties in personnel information. *See, e.g., Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (holding that disclosure of performance information of employees of the defendant "implicate[s] important privacy concerns of nonparties" which "outweigh[s] the public's interest in disclosure of these judicial records"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 4947343, at *3 (D. Ariz. Oct. 18, 2011), on reconsideration, No. CV 09-1531-PHX-JAT, 2011 WL 5190264 (D. Ariz. Nov. 1, 2011) (allowing the parties to redact personnel information under the compelling interest standard). Parties may also seal PII, such as email addresses. *See, e.g., Snapkeys*, 2021 WL 1951250, at *3 (granting Google's motion to file under seal personally identifiable information of its current and former employees, including their email addresses).

PX-170 contains confidential – and potentially embarrassing – personnel information and PII. Part of Mr. Lim's management role at Google was to evaluate other Google employees. PX-170 contains sensitive impressions of other employees and identifies them by name. For example, from Pages -393 to -396, Mr. Lim records a chat between him and another executive at Google regarding that executive's candid feedback of one of Mr. Lim's direct reports. *See* Lim Decl. ¶2. Revealing the names of the executive and direct report would be embarrassing for all persons named. Similarly, at Page -406, PX-170 details frank feedback about another direct

report and, if the employee's name was disclosed, would be embarrassing for both Mr. Lim and the employee referenced. *Id*. Additionally, PX-170 also contains PII (i.e., email addresses) of its current and/or former employees. *Id*. Therefore, there are compelling reasons to seal identifying information (names and emails addresses) in PX-170.

The proposed redactions are narrowly tailored to avoid causing embarrassment or the disclosure of PII of non-parties, Mr. Lim and other former or current employees of Google. Specifically, Google has limited its redactions to non-parties' email addresses and names (leaving first and last name initials). Disclosure of these names and email addresses is of limited value to the public - as their identities are not relevant to the disposition of this hearing. *See, e.g., Hunt*, 2015 WL 5355398, at *2 (holding that the privacy concerns of third-party employees outweighed the public's interest in disclosure when the information to be sealed was "not relevant to the disposition of this case"). The public is still able to view the substantive portions of the document, while individuals' reputations and identities are protected. While Plaintiffs' counsel showed Mr. Lim his notes at his deposition, they did not ask any particular question about any individual referenced therein (or even a single question about any particular page or line of PX-170). *See generally*, Tian Lim Dep. Tr. at 39:7-45:8 (MDL Dkt. No. 449-1). Thus, even with narrow redactions of non-party individuals' names, the public can readily understand the import of PX-170 and its interest in disclosure of PX-170 in its entirety is limited and outweighed by the compelling reasons for sealing.

## **CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court seal the material identified in the accompanying Declaration of Tian Lim.

| | |
|---|---|
| Dated: February 16, 2023 | **MORGAN, LEWIS & BOCKIUS LLP**<br>Brian C. Rocca<br>Sujal J. Shah<br>Michelle Park Chiu<br>Minna Lo Naranjo<br>Rishi P. Satia |

Respectfully submitted,

By:   /s/ *Michelle Park Chiu*
         Michelle Park Chiu

| | |
|---|---|
| Dated: February 16, 2023 | **MUNGER TOLLES & OLSON LLP**<br>Glenn D. Pomerantz<br>Kuruvilla Olasa<br>Emily C. Curran-Huberty<br>Jonathan I. Kravis<br>Justin P. Raphael<br>Kyle W. Mach |

Respectfully submitted,

By:   /s/ *Kuruvilla Olasa*
         Kuruvilla Olasa

*Counsel for Defendants*