# EXHIBIT 20

HIGHLY CONFIDENTIAL

Page 1

1                    UNITED STATES DISTRICT COURT
2                   NORTHERN DISTRICT OF CALIFORNIA
3                      SAN FRANCISCO DIVISION
4
                                         )
5    IN RE GOOGLE PLAY STORE             )
     ANTITRUST LITIGATION                )
6                                        )
     THIS DOCUMENT RELATES TO:           )  CASE NO.
7                                        )  3:21-MD-02981-JD
     STATE OF UTAH, ET AL. V.            )
8    GOOGLE, LLC, ET AL.,                )
     CASE NO. 3:21-CV-05227-JD           )
9                                        )
     MATCH GROUP, LLC ET AL. V.          )
10   GOOGLE, LLC ET AL.,                 )
     CASE NO. 3:22-CV-02746-JD           )
11                                       )
     EPIC GAMES, INC. V. GOOGLE,         )
12   LLC ET AL.,                         )
     CASE NO. 3:20-CV-05671-JD           )
13                                       )
     IN RE GOOGLE PLAY CONSUMER          )
14   ANTITRUST LITIGATION,               )
     CASE NO. 3:20-CV-05761-JD           )
15   _____)
16
17         ** PROVISIONALLY HIGHLY CONFIDENTIAL **
18
19                       PROCEEDINGS OF
20     VIDEOTAPED DEPOSITION OF STEVEN SCHWARTZ, PH.D.
21              TUESDAY, MARCH 28, 2023
22
23
24   REPORTED BY:   REAGAN EVANS, RPR, RMR, CRR, CCRR,
25                  CLR, CRC, CA CSR NO. 8176

HIGHLY CONFIDENTIAL

Page 2

1    VIDEOTAPED DEPOSITION OF STEVEN SCHWARTZ, PH.D.,

2    TAKEN ON BEHALF OF DEFENDANTS AT 9:07 A.M., TUESDAY,

3    MARCH 28, 2023, AT NEWPORT BEACH, CALIFORNIA, BEFORE

4    REAGAN EVANS, CA CSR NO. 8176, RPR, RMR, CRR, CCRR,

5    CLR, CRC.

6

7    APPEARANCES OF COUNSEL

8

9    FOR GOOGLE LLC ET AL.

10        MUNGER, TOLLES & OLSON LLP

11        BY:  JUSTIN P. RAPHAEL, ESQ.

12        560 MISSION STREET

13        TWENTY-SEVENTH FLOOR

14        SAN FRANCISCO, CALIFORNIA 94105

15        (415) 512-4000

16        JUSTIN.RAPHAEL@MTO.COM

17

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 3

1    APPEARANCES OF COUNSEL (CONTINUED)

2

3    FOR MATCH GROUP LLC; HUMOR RAINBOW, INC.; PLENTY OF

4    FISH MEDIA ULC; AND PEOPLE MEDIA, INC:

5         HUESTON HENNIGAN LLP

6         BY:  MICHAEL M. PURPURA, ESQ.

7         620 NEWPORT CENTER DRIVE

8         SUITE 1300

9         NEWPORT BEACH, CALIFORNIA 92660

10        (949) 229-8640

11        MPURPURA@HUESTON.COM

12             - AND -

13        BY:  TATE HARSHBARGER, ESQ.

14        523 WEST 6TH STREET

15        SUITE 400

16        LOS ANGELES, CALIFORNIA 90014

17        (213) 788-4340

18        THARSHBARGER@HUESTON.COM

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 4

```
 1   APPEARANCES OF COUNSEL (CONTINUED)

 2

 3   FOR PLAINTIFF STATES:

 4       OFFICE OF THE ATTORNEY GENERAL

 5       STATE OF UTAH

 6       BY:  BRENDAN BENEDICT, ESQ.

 7       160 EAST 300 SOUTH

 8       5TH FLOOR

 9       P.O. BOX 140872

10       SALT LAKE CITY, UT 84114-0872

11       BBENEDICT@AGUTAH.GOV

12

13       KRESSIN LAW GROUP

14       BY:  BRANDON KRESSIN, ESQ.

15       BY:  PATRICK GRECO, ESQ.

16            (APPEARING REMOTELY)

17       5609 GOLDEN BEAR DRIVE

18       OVERLAND PARK, KANSAS 66223

19       (913) 374-0750

20       BRANDON@KRESSINLG.COM

21       PATRICK@KRESSINLG.COM

22

23

24

25
```

HIGHLY CONFIDENTIAL

Page 5

1   APPEARANCES OF COUNSEL (CONTINUED)

2

3   FOR INTERIM STEERING COMMITTEE MEMBERS FOR

4   PLAINTIFFS AND THE PROPOSED CLASS IN IN RE

5   GOOGLE PLAY CONSUMER ANTITRUST LITIGATION:

6        KOREIN TILLERY, LLC

7        BY:  DAVID WALCHAK, ESQ.

8             (APPEARING REMOTELY)

9        205 NORTH MICHIGAN AVENUE

10       SUITE 1950

11       CHICAGO, ILLINOIS 60601

12       (312) 641-9750

13       DWALCHAK@KOREINTILLERY.COM

14

15

16  ALSO PRESENT:

17       JEANETTE TECKMAN, MATCH GROUP (REMOTELY)

18       STEPHEN MYERS, MATCH GROUP (REMOTELY)

19       DAVID WALCK, VIDEOGRAPHER

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 6

1                        I N D E X

2

3     WITNESS              EXAMINATION                    PAGE

4     STEVEN SCHWARTZ,     BY MR. RAPHAEL                  11

5     PH.D.

6

7

8                      E X H I B I T S

9

10    PREVIOUSLY MARKED AND ATTACHED:

11     NO.              PAGE     DESCRIPTION

12    EXHIBIT 360       149   PLAY VALUE MODEL, PLAY BD

13                              STRATOPS, AUGUST 8, 2019, BATES

14                              STAMPED GOOG-PLAY-000337564.R

15                              THROUGH GOOG-PLAY-000337631.R

16

17

18

19    MARKED AND ATTACHED:

20     NO.              PAGE     DESCRIPTION

21    EXHIBIT 1106     25    EXPERT REPORT OF STEVEN

22                              SCHWARTZ, PH.D., DATED

23                              OCTOBER 3, 2022, 1105 PAGES

24

25

HIGHLY CONFIDENTIAL

Page 7

1                        I N D E X

2                       (CONTINUED)

3                     E X H I B I T S

4

5    MARKED AND ATTACHED:

6    NO.            PAGE     DESCRIPTION

7    EXHIBIT 1107   25     REBUTTAL EXPERT REPORT OF

8                           STEVEN SCHWARTZ, PH.D., DATED

9                           NOVEMBER 18, 2022, 339 PAGES

10

11   EXHIBIT 1108   25     REPLY EXPERT REPORT OF STEVEN

12                          SCHWARTZ, PH.D., DATED

13                          DECEMBER 23, 2022, 357 PAGES

14

15   EXHIBIT 1109   38     COURT DECISION IN EPIC GAMES,

16                          INC., V. APPLE INC.,

17                          559 F.SUPP.3D 898, 154 PAGES

18                          (2021)

19

20   EXHIBIT 1110   111    TINDER PLAY VALUE ESTIMATE,

21                          BATES STAMPED

22                          GOOG-PLAY-011274244 THROUGH

23                          GOOG-PLAY-011274253

24

25

Page 8

1              I N D E X

2             (CONTINUED)

3            E X H I B I T S

4

5    MARKED AND ATTACHED:

6    NO.            PAGE     DESCRIPTION

7    EXHIBIT 1111   123   EXCEL SPREADSHEET, BATES

8                         STAMPED GOOG-PLAY-004625919

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 9

1           NEWPORT BEACH, CALIFORNIA

2        TUESDAY, MARCH 28, 2023; 9:07 A.M.

3

4           THE VIDEOGRAPHER:  Good morning.

5           We are going on the record at 9:07 a.m., on

6   March 28th, 2023.

7           Please note that the microphones are

8   sensitive and may pick up whispering and private

9   conversations.

10          Please mute your phones at this time.

11          Audio and video recording will continue to

12  take place unless all parties agree to go off the

13  record.

14          This is Media Unit 1 of the video-recorded

15  deposition of Steven Schwartz, Ph.D., taken by

16  counsel for the defendants in the matter of In re

17  Google Play Store Antitrust Litigation, filed in the

18  United States District Court, Northern District of

19  California, San Francisco Division.

20          Case No. 3:21-md-02981-JD.

21          The location of this deposition is

22  620 Newport Center Drive, Suite 1300, in Newport

23  Beach, California.

24          My name is David Walck, and I am the

25  videographer.

HIGHLY CONFIDENTIAL

Page 10

1           The court reporter is Reagan Evans.  And we

2    are from the firm Veritext Legal Solutions.

3           I am not related to any party in this

4    action; nor am I financially interested in the

5    outcome.

6           Counsel, and everyone present, will now

7    state their appearances and their affiliations for

8    the record.

9           If there are any objections to proceeding,

10   please state them at the time of your appearance,

11   beginning with the noticing attorney.

12           MR. RAPHAEL:  Good morning.

13           Justin Raphael, Munger Tolles & Olson, for

14   Google.

15           MR. PURPURA:  Good morning.

16           Michael Purpura, Hueston Hennigan LLP, on

17   behalf of Match Group LLC, Humor Rainbow,

18   Incorporated, Plenty of Fish Media ULC, and People

19   Media, Inc., which we refer to as the Match

20   Plaintiffs.

21           MR. HARSHBARGER:  Tate Harshbarger from

22   Hueston Hennigan LLP, also on behalf of the Match

23   Plaintiffs.

24           MR. BENEDICT:  Brendan Benedict from the

25   Utah Office of the Attorney General on behalf of the

HIGHLY CONFIDENTIAL

Page 11

1    plaintiff governments.

2          THE VIDEOGRAPHER:  Would any of our remote

3    participants care to state their appearances on the

4    record today?

5          Hearing nothing, would the court reporter

6    please swear in the witness, and then Counsel may

7    proceed?

8                   STEVEN SCHWARTZ, Ph.D.,

9        having been first duly sworn by the reporter,

10          was examined and testified as follows:

11

12          THE WITNESS:  I do.

13          THE REPORTER:  Thank you.

14

15                   EXAMINATION

16    BY MR. RAPHAEL:

17     Q   Good morning, Dr. Schwartz.

18     A   Good morning.

19     Q   Could you state your name for the record.

20     A   Steven Schwartz.

21     Q   And have you been deposed a number of

22    times, Dr. Schwartz?

23     A   I have.

24     Q   About how many times?

25     A   Certainly north of 30.  Whether it's north

HIGHLY CONFIDENTIAL

Page 44

1    some billing, and some other services?

2              MR. PURPURA:  Objection.  Form.

3              THE WITNESS:  Well, there's something in

4    your question that I -- I -- I don't agree with.  I

5    don't agree that the payment processing services are

6    the same as the Play Store services.  Obviously, as

7    I've said in my report, I think there is a separate

8    demand.  They are distinct services.  It is one fee

9    for the bundle of services between Google Play

10   billing and the Google Play Store that I view as

11   separate and distinct.

12   BY MR. RAPHAEL:

13        Q    Okay.

14             So the service fees that the Match

15   Plaintiffs pay are for a bundle of services from the

16   Google Play Store, as well as billing services?

17             MR. PURPURA:  Objection.  Form.

18             THE WITNESS:  I would not disagree with

19   that.

20   BY MR. RAPHAEL:

21        Q    Okay.

22             Now, I think you mentioned that Google,

23   where it has enabled developers to pay -- strike

24   that.

25             Where Google has enabled developers to use

HIGHLY CONFIDENTIAL

Page 49

1    services are provided by the Google Play Store and

2    those associated with Google Play billing.

3              The price is facially supracompetitive.

4              There is also injury to Match Plaintiffs as

5    a result of the reduction in choices and options it

6    has for the distribution of apps to the universe of

7    Android device owners who might be interested in

8    securing their apps.

9              Principally, I would say the injury flows

10   from the bundle supracompetitive price and the

11   reduction of choice and options available to it for

12   distribution.

13   BY MR. RAPHAEL:

14        Q    Okay.

15             So let me try to break that down.

16        A    Okay.

17        Q    So I think the first thing you were saying

18   is that the Match Plaintiffs are harmed by a

19   reduction in competition for app distribution

20   because the service fees they pay are a

21   supracompetitive price, in part, for app

22   distribution?

23        A    Correct.

24        Q    Okay.

25             Now, I think you also then said that the

HIGHLY CONFIDENTIAL

Page 285

1              Are you offering any opinion that any OEM

2      actually would have done that in the but-for world?

3           A    I am not offering that opinion with respect

4      to any specific OEM.

5           Q    Is it anticompetitive for Google not to

6      make all of its APIs open source?

7                MR. PURPURA:   Objection.

8                THE WITNESS:   That's not a question I've

9      analyzed.

10     BY MR. RAPHAEL:

11          Q    So you have no opinion on that issue that

12     you've disclosed in your reports?

13          A    I don't believe I do.

14          Q    Have you done any analysis in your reports

15     of whether Google operated Play below cost as a

16     result of making certain payments of revenue share

17     to carriers?

18          A    Say that again, please.

19          Q    Have you done any analysis in your report

20     of whether Google operated Play below cost as a

21     result of sharing revenue with cellular carriers?

22          A    I have not.

23          Q    Have you seen any evidence that Google

24     promised that it would never reduce carriers'

25     revenue share?

HIGHLY CONFIDENTIAL

Page 286

1       A    I don't recall seeing evidence on that one

2    way or the other.

3       Q    Have you ever seen any evidence that Google

4    promised that it would never earn a profit from its

5    app store?

6       A    I have not seen any evidence that speaks to

7    that.

8       Q    Why did carrier app stores fail?

9            MR. PURPURA:   Objection.

10   BY MR. RAPHAEL:

11      Q    Well, let me back up and lay some

12   foundation there.

13           Are you aware that some cellular carriers

14   actually did launch their own app stores?

15      A    I'm vaguely aware of it, but it's not a

16   subject that I've studied.

17      Q    So you haven't studied why those app stores

18   that cellular carriers launched weren't more

19   successful than they were in the actual world?

20      A    I have not.

21      Q    Do any of Google's revenue sharing

22   agreements with carriers prohibit the carriers from

23   either launching their own app store or

24   preinstalling an app store other than Google Play?

25      A    I would have to look back at the agreement