1  HUESTON HENNIGAN LLP
   John C. Hueston, State Bar No. 164921
2  jhueston@hueston.com
   Douglas J. Dixon, State Bar No. 275389
3  ddixon@hueston.com
   620 Newport Center Drive, Suite 1300
4  Newport Beach, CA 92660
   Telephone:     (949) 229-8640
5
   HUESTON HENNIGAN LLP
6  Joseph A. Reiter, State Bar No. 294976
   jreiter@hueston.com
7  Christine Woodin, State Bar No. 295023
   cwoodin@hueston.com
8  523 West 6th Street, Suite 400
   Los Angeles, CA 90014
9  Telephone:     (213) 788-4340

10 Attorneys for Plaintiffs Match Group, LLC;
   Humor Rainbow, Inc.; PlentyofFish Media ULC;
11 and People Media, Inc.

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 IN RE GOOGLE PLAY STORE              Case No. 3:21-md-02981-JD
   ANTITRUST LITIGATION
16                                      **DECLARATION OF IAN PURVES IN**
   THIS DOCUMENT IS RELATED TO:         **SUPPORT OF MATCH PLAINTIFFS'**
17                                      **SEALING REQUEST UNDER THE**
   *Match Group, LLC, et al., v. Google LLC, et* **OMNIBUS MOTION TO SEAL MATERIALS**
18 *al.*, Case No. 3:22-cv-02746-JD     **SUBMITTED IN CONNECTION WITH THE**
                                        **SUMMARY JUDGMENT AND DAUBERT**
19 *Epic Games Inc. v. Google LLC et al.*, **BRIEFING**
   Case No. 3:20-cv-05671-JD
20
   *In re Google Play Consumer Antitrust*
21 *Litigation*, Case No. 3:20-cv-05761-JD

22 *State of Utah et al. v. Google LLC et al.*,
   Case No. 3:21-cv-05227-JD
23

24

25

26

27

28

---

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

**DECLARATION OF IAN PURVES**

I, Ian Purves, declare:

1.      I am Director of Program Management, Distribution Channels and Payments for Match Group, LLC ("MGL").

2.      Through the course of my employment with MGL, I have become familiar with MGL's treatment of proprietary business information as it pertains to the dating services operated by MGL, including Tinder and Match. Through my role, I am also familiar with how other companies within the Match Group, Inc. portfolio, including Humor Rainbow, Inc., PlentyofFish Media ULC, and People Media, Inc. (collectively, with MGL, the "Match Plaintiffs") handle their respective proprietary business information, including such information as it pertains to their respective brands, OkCupid, PlentyofFish, and OurTime, as well as how other Match Group, Inc. portfolio brands, which are not operated by Match Plaintiffs, handle confidential and proprietary business information. I make this declaration in response to the parties' Omnibus Motion to Seal Materials Submitted in Connection with the Summary Judgment and *Daubert* Briefing ("Omnibus Motion to Seal") pursuant to Civil Local Rule 79-5(e) on behalf of Match Plaintiffs. I know the facts stated herein based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

3.      Since 2015, I have been employed by MGL, which, like the other Match Plaintiffs, is an online dating service provider within the highly competitive online dating category. Companies in these industries, including Match Plaintiffs, undertake extensive measures to protect their confidential information from competitors to ensure that they maintain their competitive advantages. Match Plaintiffs are key innovators and constantly seek to gain—and maintain—an edge in this always evolving industry; Match Plaintiffs compete vigorously with both new and established companies that are eager to imitate ideas or garner strategic insights from others in the industry like Match Plaintiffs. There is no doubt that competitors would be very eager to acquire and study Match Plaintiffs' non-public, confidential and proprietary business information and exploit it to gain competitive advantage.

4.      I understand that the parties to the litigation have filed motions for partial summary

judgment and *Daubert* motions at Case No. 3:21-md-02981-JD ("Dkt."), Dkts. 483, 484, 486, and 487 (collectively, the "Motions"). I have reviewed the portions relevant to Match Plaintiffs of the unredacted materials identified below, including the following documents: Dkt. 481-1, Dkt. 485-2, Dkt. 485-3, Dkt. 488-11, Dkt. 488-19, Dkt. 488-2, Dkt. 488-25, Dkt. 488-26, Dkt. 488-28, Dkt. 488-3, Dkt. 488-4, Dkt. 488-8, Dkt. 488-9, Dkt. 489-2, Dkt. 489-3, Dkt. 489-5, Dkt. 507-1, Dkt. 507-10, Dkt. 507-11, Dkt. 507-14, Dkt. 507-15, Dkt. 507-16, Dkt. 507-19, Dkt. 507-21, Dkt. 507-6, Dkt. 510-2, Dkt. 510-3, Dkt. 510-4, Dkt. 510-5, Dkt. 510-9, Dkt. 511-19, Dkt. 511-40, and Dkt. 511-41. Specified portions of those materials should remain under seal for the reasons stated in this declaration.[1]

5.      Specifically, disclosing this information to third parties could be used against Match Plaintiffs in their future business negotiations with third parties. Information that may seem insignificant on its own can (individually or with other documents) give an expert reader or industry competitor meaningful insight. This insight can be derived even if the information is several years old.  For example, the amount of consumer spending that took place on a particular Match Plaintiff brand's dating app during a particular time period could allow those competitors to selectively compete against Match Plaintiffs' brands where they are most competitively vulnerable, placing Match Plaintiffs' brands at a competitive disadvantage. Apart from directly harming Match Plaintiffs' businesses, Match Plaintiffs' non-public, confidential and proprietary business information could confuse investors by stoking speculation about Match Plaintiffs' services, finances, and prospects. Companies in our industry do not and would not release this type of information publicly.

6.      Match Plaintiffs request to seal the following materials listed below. All lettered exhibits (e.g., "Exhibit A1," "Exhibit E3," etc.) refer to those exhibits attached to the Declaration

---

[1] In addition to having been filed in the MDL docket, Case No. 3:21-md-02981-JD, I understand that these documents have also been filed on the individual dockets at *Match Group, LLC et al. v. Google LLC et al.*, 3:22-cv-02746-JD ("Match Action"); *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD (N.D. Cal.) ("Consumer Action"), *State of Utah et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.) ("States Action"); and *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal) ("Epic Action") (collectively, "Individual Dockets"). All references herein refer to the same documents on the Individual Dockets.

of Nicholas Pfeiffer:

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| 7. | Exhibit A1 (Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-2]) | Page 3 (under "Contact email"; under "Play Console login email"; and under "Application package name") | This text contains the login information for accessing the Google Play Console. This non-public and confidential login information is sensitive and not relevant to the Motions. For example, a potential counterparty armed with this non-public information could use it to log in to the Match Plaintiffs' accounts or access additional confidential, non-public information, which would severely and adversely impact Match Plaintiffs. |
| 8. | Exhibit A1 (Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-2]) | Page 5 (under "Contact email"; under "Play Console login email"; and under "Application package name") | This text contains the login information for accessing the Google Play Console. This non-public and confidential login information is sensitive and not relevant to the Motions. For example, a potential counterparty armed with this non-public information could use it to log in to the Match Plaintiffs' accounts or access additional confidential, non-public information, which would severely and adversely impact Match Plaintiffs. |
| 9. | Exhibit A1 (Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-2]) | Page 34 (chart below "Tinder Value Breakdown"; between "In 2018" and end of bullet point) | This information contains non-public information regarding Match Plaintiffs' financials and installation data on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 10. | Exhibit A19 (Exhibit 1 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion | Page ending - 123 (under "Contact email"; under "Play Console login email"; | This text contains the login information for accessing the Google Play Console. This non-public and confidential login information is sensitive and not relevant to the Motions. For example, a potential counterparty armed with this non-public information could use it to log in to |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
|  | for Partial Summary Judgment [Dkt. 488-3]) | and under "Application package name") | the Match Plaintiffs' accounts or access additional confidential, non-public information, which would severely and adversely impact Match Plaintiffs. |
| 11. | Exhibit A19 (Exhibit 1 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-3]) | Page ending - 124 (under "Contact email"; under "Play Console login email"; and under "Application package name";) | This text contains the login information for accessing the Google Play Console. This non-public and confidential login information is sensitive and not relevant to the Motions. For example, a potential counterparty armed with this non-public information could use it to log in to the Match Plaintiffs' accounts or access additional confidential, non-public information, which would severely and adversely impact Match Plaintiffs. |
| 12. | Exhibit A20 (Exhibit 2 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-4]) | Page ending - 077 (under "Contact email"; under "Play Console login email"; and under "Application package name") | This text contains the login information for accessing the Google Play Console. This non-public and confidential login information is sensitive and not relevant to the Motions. For example, a potential counterparty armed with this non-public information could use it to log in to the Match Plaintiffs' accounts or access additional confidential, non-public information, which would severely and adversely impact Match Plaintiffs. |
| 13. | Exhibit A21 (Exhibit 8 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-8]) | Page ending - 732 (between "says basically" and "They are") | This information contains non-public information regarding OkCupid subscription data. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s business.  This information, moreover, is not relevant to the Motions. |
| 14. | Exhibit A22 (Exhibit 9 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial | Page ending - 163 (between "spend was" and "On Wed") | This information contains non-public information regarding financials related to Tinder on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Summary Judgment [Dkt. 488-9]) | | information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 15. | Exhibit A22 (Exhibit 9 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-9]) | Page ending - 164 (between "delivered" and "in consumer") | This information contains non-public information regarding financials related to Tinder on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 16. | Exhibit A22 (Exhibit 9 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-9]) | Page ending - 166 (between "grossing app" and "OKCupid"; and between "an average" and "Match Group's") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 17. | Exhibit A23 (Exhibit 11 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-11]) | Page ending - 127 (between "spend was" and "On Wed"; and between "delivered" and "in consumer") | This information contains non-public information regarding financials related to Tinder on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 18. | Exhibit A23 (Exhibit 11 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-11]) | Page ending - 130 (between "grossing app" and "OKCupid"; and between "an average" and "Match Group's") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 21. | Exhibit A7 (Exhibit 22 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-19]) | Page ending - 539 (between "Subs" and "they come") | This text reveals specific details about Match Plaintiffs' pricing strategy in connection with specific commercial programs, as well as information about customer behavior. Public disclosure could cause harm to Match Plaintiffs' competitive standing by giving competitors and others insights into Match Plaintiffs' business strategies and customer behavior, which could allow them to alter their business tactics accordingly. |
| 22. | Exhibit A7 (Exhibit 22 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-19]) | Page ending - 553 (between "Match is a" and "business") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 23. | Exhibit A12 (Exhibit 28 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-25]) | Page ending - 644 (between "Cell:" and end of line) | This text contains the cell phone number of an individual employee. This personally identifying information is sensitive and not relevant to the Motions. |
| 24. | Exhibit A13 (Exhibit 30 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion | Page 25 (between "2022 to range from" and "I understand") | This information contains non-public information that can be used to infer Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential |

- 8 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
|  | for Partial Summary Judgment [Dkt. 488-26]) |  | business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 25. | Exhibit A14 (Exhibit 32 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-28]) | Page ending - 899 (between "Consumer Spend" and "(Period:"; between "30%:" and end of line; and between "15%:" and end of line) | This information contains non-public information regarding financials related to Tinder on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 26. | Exhibit A14 (Exhibit 32 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-28]) | Page ending - 902 (chart below "Tinder Value Breakdown"; between "In 2018" and end of bullet point) | This information contains non-public information regarding Match Plaintiffs' financials and installation data on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public |

- 9 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information and data. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing such data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 27. | Exhibit A14 (Exhibit 32 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-28]) | Page ending - 903 (chart below "Monthly Revenue"; chart below "2019 ROY Revenue Projection"; and two bullet points below "Current observations:") | This information contains non-public information regarding financials related to Tinder on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 28. | Exhibit A14 (Exhibit 32 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-28]) | Page ending - 905 (three bullet points below "if needed") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, |

- 10 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 29. | Exhibit A14 (Exhibit 32 to Declaration of Joseph A. Reiter in Support of Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 488-28]) | Page ending - 910 (between "Tinder had" and "were driven") | This information contains non-public information regarding acquisition data related to Tinder on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 30. | Exhibit E2 (Exhibit 1 to Pomerantz Declaration in Support of Google's Motion for Partial Summary Judgment [Dkt. 481-1]) | Page 47, footnote 196 (within parenthetical) | This information contains non-public information regarding Match Plaintiffs' value derived from the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 31. | Exhibit E2 (Exhibit 1 to Pomerantz Declaration in Support of Google's Motion for Partial Summary Judgment [Dkt. 481-1]) | Pages 74–75, paragraph 148 (between "Match found" and end of sentence; and between "estimated that" and end | This information contains non-public information regarding Match Plaintiffs' use of alternative payment systems and potential financial impact of same. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | of sentence) | marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. Moreover, revealing this information publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 32. | Exhibit E2 (Exhibit 1 to Pomerantz Declaration in Support of Google's Motion for Partial Summary Judgment [Dkt. 481-1]) | Page 162, footnote 799 (between "76:9-77:5 ("" and end of parenthetical) | This information contains non-public information regarding Match Plaintiffs' marketing costs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 33. | Exhibit E2 (Exhibit 1 to Pomerantz Declaration in Support of Google's Motion for Partial Summary Judgment [Dkt. 481-1]) | Page 176, footnote 851 (between "changes from" and "to"; and between "to" and end of sentence) | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 34. | Exhibit H2 (Exhibit 4 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-2]) | Page 49, paragraph 90 (between "Figures 19-21." and "However, the"; between "18-30,[184]" and "Even the other") | This information contains non-public information regarding Match Plaintiffs' revenues and monthly active users. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non- |

- 12 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 35. | Exhibit H2 (Exhibit 4 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-2]) | Page 50, paragraph 91 (between "'swiping right.'[187]" and "Apps where users gain"); page 50, footnote 188 (within parenthetical) | This information contains non-public information regarding Match Plaintiffs' services' product design. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 36. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Pages 13–14, paragraph 10.t (between "additional" and "in service fees"; and between "12/31/2021 and" and "for the period") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 37. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to | Page 42, paragraph 45 (between "Tinder has") and | This information contains non-public information regarding Match Plaintiffs' financials and pricing on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Exclude Dr. Rysman [Dkt. 485-3]) | "subscription SKUs"; between "of which" and "incurred"; between "rate of these" and "SKUs"; between "from about" and "during"; between "to about" and "in the"; between "fee rate reduction," and "subscriptions"; between "out of the" and "did not have"; between "any price change," and "had a"; between "and only" and "had a"; between "The" and "subscriptions with"; between "for only" and "of the total"; and between "spend of the" and "subscriptions during"); page 42, footnote 35 (between "rates of the" and "subscriptions analyzed"); and page 42,D footnote 36 (between "spend on the" and "subscription SKUs"; between "2022 is" and ", close to"; between | revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial and pricing information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |

- 14 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | "that of the" and "subscription"; and between "SKUs" and "as shown in") | |
| 38. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 43, Table 7; page 43, paragraph 46 (between "subscriptions either" and "before and") | This information contains non-public information regarding Tinder's pricing and consumer purchasing behavior. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. Moreover, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 39. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 44, footnote 37 (between "Tinder launched" and "new subscription"; between "subscription SKUs," and end of sentence; and between "to May 2021," and end of sentence) | This information contains non-public information regarding Tinder's pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 40. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 159, footnote 295 (between "Tinder of" and "to; and between "to" and end of sentence) | This information contains non-public information regarding Tinder's pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | moreover, is not relevant to the Motions. |
| 41. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Pages 162–163, paragraph 207 (between "Board Member of MGI," and end of sentence; and between "IAP system because" and end of sentence) | This information contains non-public information regarding Match Plaintiffs' price testing and inaccurately quotes the deponent. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 42. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Pages 167–168, paragraph 215 (between "of" and "that was specifically used"; between "of" and ".317 Just"; and between "of" and ".318 Furthermore") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 43. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 172 paragraph 222, under the bullet point beginning "Dr. Schwartz relies" (between "Tinder Play Value of" and "of"; between "of" and "of"; and between | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | "of" and "³³¹"); page 172, paragraph 222, under the bullet point beginning "Alternative" (between "Tinder Play Value of" and "of"; between "of" and "of"; between "of" and ", and"; and between "of" and "³³²"); page 172 footnote 331 (between "Play Value of" and "of"; between "of" and ", and"; and between "of" and ". GOOG") | non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 44. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 173, paragraph 222, under the bullet point beginning "Alternative CPI Valuation #2" (between "Tinder Play Value of" and ", Tinder Discovery"; between "Discovery Value of" and ", Tinder"; between "of" and ", and Tinder"; and between "Value of" and end of sentence); page 173, paragraph 222, under the bullet point | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | beginning "Alternative LTV Valuation #1" (between "Tinder Play Value of" and ", Tinder"; between "Value of" and ", Tinder"; between "Value of" and ", Tinder"; and between "Value of" and end of sentence); page 173, paragraph 223 (between "of" and "to an") | |
| 45. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 175, paragraph 225 (between "data account for" and "in revenue"; and between "revenue and" and "transactions in"); page 175, paragraph 226 (between "with the" and "Tinder") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 46. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 176, paragraph 226 (between the start of the page and "to this figure"; between "Play Value of" and | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in |

- 18 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | "and Tinder"; between "Play Value of" and "presented in the Play"; between "Play Value Model (" and ")."; between "he applies the" and "adjustment"; between "adjustment to the" and "Tinder"; between "Play Value of" and ". Then he"; between "figure the" and "Tinder"; between "Value and" and "Tinder Delivery Value"; between "Discovery Value of" and "for the period from"; between "Dividing" and "by"; between "by" and "Google Play Tinder Installs"; between "per Install of" and ". This figure"; and between "with the Tinder" and "figure and then"); page 176, paragraph 227 (between "Play Value of" and "presented in"; | marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | between "to calculate his" and "adjustment"; and between "using the" and "adjustment") | |
| 47. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 177, paragraph 228, under the first bullet (between "Value =" and end of line); page 177, paragraph 228, under the second bullet (between "Value =" and end of line); page 177, paragraph 228, under the third bullet (between "Value Adjustment =" and end of line); page 177, paragraph 228 (between "adjustment of" and "to the Tinder"; between "Value of" and "from the"; between "Value of" and "(versus"; between "(versus" and "based on"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "Install of" and "(versus"; and between | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | "(versus" and "based on"); page 177, paragraph 229 (between "Install of" and "with the"; and between "with the" and "calculated above") | |
| 48. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 178, Table 17; and page 178, paragraph 231 (between "Value of" and "presented"; between "adjusted" and "figure.)"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.)"); and page 178, paragraph 232 (between "per Install of" and "with") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 49. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 179, paragraph 232 (between "the" and "calculated above."; between "per Install of" and ", which he calculates"; between "per Install of" and ", with a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
|     |               | more"; between "use the" and "OkCupid"; between "this figure by" and "Google Play OkCupid"; between "per Install of" and "(versus"; and between "(versus" and "based on"); and page 179, Table 18 | this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 50. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 180, paragraph 233 (between "Value of" and "and an estimated"; between "Value of" and ".348 I"); page 180, paragraph 234 (between "adjustment of" and "to the"; between "Value of" and "generates"; between "Value of" and "(versus"; between "(versus" and "based on"; between "dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.")"; | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | and page 180, paragraph 235 (between "per Install of" and "with the"; and between "with the" and "calculated above.") | |
| 51. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 181, Table 19; page 181, paragraph 236 (between "Value of" and "and OkCupid"; between "Value of" and "but do not apply"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; between "(versus" and "based on"; between "Dividing" and "by"; between "by" and "Google Play OkCupid"; between "per Install of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.)"); and page 181, paragraph 237 (between "per Install of" and "with the"; | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | between "with the" and "calculated above"; between "per Install of" and "with the"; and between "with the" and "calculated above.") | |
| 52. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 182, Table 20; and page 182, paragraph 238 (between "Value of" and ".350 I") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 53. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 183, paragraph 239 (between "Value of" and "and do not"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; between "(versus" and "based on"; between "#2 | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and |

- 24 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
|  |  | is" and ", which is"; between "Model of" and ". Therefore"; between "by dividing" and "by"; between "by" and "Google Play Tinder"; between "figure of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.)"); and page 183, paragraph 240 (between "per Install of" and "with the"; between "with the" and "calculated above"; between "per Install of" and "with the"; and between "with the" and "calculated above.") | other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 54. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 184, Table 21; page 184, paragraph 241 (between "of" and ".[352] I"); and page 184, paragraph 242 (between "Value of" and ", and given"; between "Dividing" and "by"; and between "by" and "Google") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 55. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 185, paragraph 242 (between "Value per Install of" and "(versus"; between "(versus" and "based on"; between "#1 is" and ", which is"; between "Model of" and ". Therefore,"; between "by dividing" and "by"; between "by" and Google Play Tinder"; between "figure of" and "(versus; and between "(versus" and "based on Dr. Schwartz's calculation.)"); page 185, paragraph 243 (between "Install of" and "with the"; between "with the" and "calculated above"; between "per Install of" and "with the"; and between "with the" and "calculated | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

- 26 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | above."); and page 185, Table 22 | |
| 56. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 188, Table 23 | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 57. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 190, paragraph 249 (between "that indicates" and end of sentence) | This information contains non-public information regarding Match Plaintiffs' value derived from the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 58. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 195, paragraph 258 (between "have paid" and "more in"; and between "12/31/2021 and" and "for the period) | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 59. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 256, Exhibit 4a | This information contains non-public information regarding Match Plaintiffs' pricing, financials, and data reflecting consumer behavior on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this pricing and financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 60. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 257, Exhibit 4b | This information contains non-public information regarding Match Plaintiffs' pricing, financials, and data reflecting consumer behavior on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this pricing and financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| **61.** | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 294, Exhibit 25 | This information contains non-public information regarding Match Plaintiffs' financials and data reflecting consumer behavior on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| 62. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 296, Exhibit 26a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 63. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 297, Exhibit 26b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 64. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to | Page 298, Exhibit 26c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to |

- 30 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Exclude Dr. Rysman [Dkt. 485-3]) | | competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 65. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 299, Exhibit 26d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 66. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 300, Exhibit 27a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against |

- 31 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 67. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 301, Exhibit 27b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 68. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 302, Exhibit 27c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this |

- 32 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 69. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 303, Exhibit 27d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 70. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 304, Exhibit 28a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| **71.** | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 305, Exhibit 28b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| **72.** | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 306, Exhibit 28c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| **73.** | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. | Page 307, Exhibit 28d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, |

- 34 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Rysman [Dkt. 485-3]) | | they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 74. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 308, Exhibit 29a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 75. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 309, Exhibit 29b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to |

- 35 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly may be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 76. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 310, Exhibit 29c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 77. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 311, Exhibit 29d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and |

- 36 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
|  |  |  | other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 78. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 312, Exhibit 30a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 79. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 313, Exhibit 30b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 80. | Exhibit E3 (Exhibit | Page 314, | This information contains non-public information |

- 37 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Exhibit 30c | regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 81. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 315, Exhibit 30d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 82. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485- | Page 316, Exhibit 31a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | 3]) | | information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 83. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 317, Exhibit 31b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 84. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 318, Exhibit 31c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, |

- 39 -

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 85. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 319, Exhibit 31d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 86. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 320, Exhibit 32a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences |

- 40 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 87. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 321, Exhibit 32b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 88. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 322, Exhibit 32c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 89. | Exhibit E3 (Exhibit 5 to Satia | Page 323, Exhibit 32d | This information contains non-public information regarding Match Plaintiffs' financials on the |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | | Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 90. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 324, Exhibit 33a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 91. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 325, Exhibit 33b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 92. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 326, Exhibit 33c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 93. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 327, Exhibit 33d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and |

- 43 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 94. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 328, Exhibit 33e | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store, including their brands' revenue generated through the Google Play Store through the in-app services they offer for a particular time period. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 95. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 329, Exhibit 34a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this |

- 44 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 96. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 331, Exhibit 34c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 97. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 332, Exhibit 34d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| 98. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 333, Exhibit 34e | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 99. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 334, Exhibit 34f | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 100. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. | Page 335, Exhibit 34g | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | Rysman [Dkt. 485-3]) | | they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 101. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 336, Exhibit 34h | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 102. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Page 337, Exhibit 34i | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 103. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Exhibit 37a (all tables from PDF pages 950 to 1049) | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. Moreover, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 104. | Exhibit E3 (Exhibit 5 to Satia Declaration in Support of Google's Motion to Exclude Dr. Rysman [Dkt. 485-3]) | Exhibit 37b (all tables from PDF pages 1051 to 1150 | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. Moreover, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 105. | Exhibit E2 (Exhibit 1 to Raphael Declaration in Support of Google's Motion to | Page 47, footnote 196 (within parenthetical) | This information contains non-public information regarding Match Plaintiffs' value derived from the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to |

- 48 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Exclude Dr. Singer [Dkt. 489-2]) | | competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 106. | Exhibit E2 (Exhibit 1 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-2]) | Pages 74–75, paragraph 148 (between "Match found" and end of sentence; and between "estimated that" and end of sentence) | This information contains non-public information regarding Match Plaintiffs' use of alternative payment systems. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 107. | Exhibit E2 (Exhibit 1 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-2]) | Page 162, footnote 799 (between "76:9-77:5 ("" and end of parenthetical) | This information contains non-public information regarding Match Plaintiffs' marketing costs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 108. | Exhibit E2 (Exhibit 1 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-2]) | Page 176, footnote 851 (between "changes from" and "to"; and between "to" and end of sentence) | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 109. | Exhibit E3 (Exhibit | Pages 13–14, | This information contains non-public information |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
|  | 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | paragraph 10.t (between "additional" and "in service fees"; and between "12/31/2021 and" and "for the period") | regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 110. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 42, paragraph 45 (between "Tinder has") and "subscription SKUs"; between "of which" and "incurred"; between "rate of these" and "SKUs"; between "from about" and "during"; between "to about" and "in the"; between "fee rate reduction," and "subscriptions"; between "out of the" and "did not have"; between "any price change," and "had a"; between "and only" and "had | This information contains non-public information regarding Match Plaintiffs' financials and pricing on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial and pricing information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | a"; between "The" and "subscriptions with"; between "for only" and "of the total"; and between "spend of the" and "subscriptions during"); page 42, footnote 35 (between "rates of the" and "subscriptions analyzed"); and page 42,D footnote 36 (between "spend on the" and "subscription SKUs"; between "2022 is" and ", close to"; between "that of the" and "subscription"; and between "SKUs" and "as shown in") | |
| 111. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 43, Table 7; page 43, paragraph 46 (between "subscriptions either" and "before and") | This information contains non-public information regarding Tinder's pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 112. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer | Page 44, footnote 37 (between "Tinder launched" and "new | This information contains non-public information regarding Tinder's pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and |

- 51 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | [Dkt. 489-3]) | subscription"; between "subscription SKUs," and end of sentence; and between "to May 2021," and end of sentence) | confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 113. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 159, footnote 295 (between "Tinder of" and "to; and between "to" and end of sentence) | This information contains non-public information regarding Tinder's pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 114. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Pages 162–163, paragraph 207 (between "Board Member of MGI," and end of sentence; and between "IAP system because" and end of sentence) | This information contains non-public information regarding Match Plaintiffs' price testing and inaccurately quotes the deponent. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 115. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Pages 167–168, paragraph 215 (between "of" and "that was specifically used"; between "of" and "[307]Just"; and between "of" and "[308]Furthermore") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and |

- 52 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | | need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 116. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 172 paragraph 222, under the bullet point beginning "Dr. Schwartz relies" (between "Tinder Play Value of" and "of"; between "of" and "of"; and between "of" and ".331"); page 172, paragraph 222, under the bullet point beginning "Alternative" (between "Tinder Play Value of" and "of"; between "of" and "of"; between "of" and ", and"; and between "of" and ".332"); page 172 footnote 331 (between "Play Value of" and "of"; between "of" and ", and"; and between "of" and ". GOOG") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 117. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of | Page 173, paragraph 222, under the bullet point | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to |

- 53 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | beginning "Alternative CPI Valuation #2" (between "Tinder Play Value of" and ", Tinder Discovery"; between "Discovery Value of" and ", Tinder"; between "of" and ", and Tinder"; and between "Value of" and end of sentence); page 173, paragraph 222, under the bullet point beginning "Alternative LTV Valuation #1" (between "Tinder Play Value of" and ", Tinder"; between "Value of" and ", Tinder"; between "Value of" and ", Tinder"; and between "Value of" and end of sentence); page 173, paragraph 223 (between "of" and "to an") | negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 118. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 175, paragraph 225 (between "data account for" and "in revenue"; and between "revenue and" and | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | "transactions in"); page 175, paragraph 226 (between "with the" and "Tinder") | potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 119. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 176, paragraph 226 (between the start of the page and "to this figure"; between "Play Value of" and "and Tinder"; between "Play Value of" and "presented in the Play"; between "Play Value Model (" and ").";  between "he applies the" and "adjustment"; between "adjustment to the" and "Tinder"; between "Play Value of" and ". Then he"; between "figure the" and "Tinder"; between "Value and" and "Tinder Delivery Value"; between "Discovery Value of" and | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |

- 55 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

DocuSign Envelope ID: 84070B11-E72C-424E-8BF5-1D3E20FD46CD

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | "for the period from"; between "Dividing" and "by"; between "by" and "Google Play Tinder Installs"; between "per Install of" and ". This figure"; and between "with the Tinder" and "figure and then"); page 176, paragraph 227 (between "Play Value of" and "presented in"; between "to calculate his" and "adjustment"; and between "using the" and "adjustment") | |
| 120. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 177, paragraph 228, under the first bullet (between "Value =" and end of line); page 177, paragraph 228, under the second bullet (between "Value =" and end of line); page 177, paragraph 228, under the third bullet (between "Value Adjustment =" and end of line); page 177, paragraph 228 (between | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
|     |               | "adjustment of" and "to the Tinder"; between "Value of" and "from the"; between "Value of" and "(versus"; between "(versus" and "based on"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "Install of" and "(versus"; and between "(versus" and "based on"); page 177, paragraph 229 (between "Install of" and "with the"; and between "with the" and "calculated above") | |
| 121. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 178, Table 17; and page 178, paragraph 231 (between "Value of" and "presented"; between "adjusted" and "figure.)"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; and | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | between "(versus" and "based on Dr. Schwartz's calculation.)"); and page 178, paragraph 232 (between "per Install of" and "with") | about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 122. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 179, paragraph 232 (between "the" and "calculated above."; between "per Install of" and ", which he calculates"; between "per Install of" and ", with a more"; between "use the" and "OkCupid"; between "this figure by" and "Google Play OkCupid"; between "per Install of" and "(versus"; and between "(versus" and "based on"); and page 179, Table 18 | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 123. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 180, paragraph 233 (between "Value of" and "and an estimated"; between "Value of" and " $^{348}$ I"); page 180, paragraph 234 (between "adjustment of" and "to the"; between | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | "Value of" and "generates"; between "Value of" and "(versus"; between "(versus" and "based on"; between "dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.)"); and page 180, paragraph 235 (between "per Install of" and "with the"; and between "with the" and "calculated above.") | need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 124. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 181, Table 19; page 181, paragraph 236 (between "Value of" and "and OkCupid"; between "Value of" and "but do not apply"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | between "(versus" and "based on"; between "Dividing" and "by"; between "by" and "Google Play OkCupid"; between "per Install of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.)"); and page 181, paragraph 237 (between "per Install of" and "with the"; between "with the" and "calculated above"; between "per Install of" and "with the"; and between "with the" and "calculated above.") | Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 125. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 182, Table 20; and page 182, paragraph 238 (between "Value of" and ".350 I") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences |

- 60 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | | about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 126. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 183, paragraph 239 (between "Value of" and "and do not"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; between "(versus" and "based on"; between "#2 is" and ", which is"; between "Model of" and ". Therefore"; between "by dividing" and "by"; between "by" and "Google Play Tinder"; between "figure of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.)"); and page 183, paragraph 240 (between "per Install of" and "with the"; between "with the" and "calculated above"; between "per | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | Install of" and "with the"; and between "with the" and "calculated above.") | |
| 127. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 184, Table 21; page 184, paragraph 241 (between "of" and ".$^{352}$ I"); and page 184, paragraph 242 (between "Value of" and ", and given"; between "Dividing" and by"; and between "by" and "Google") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 128. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 185, paragraph 242 (between "Value per Install of" and "(versus"; between "(versus" and "based on"; between "#1 is" and ", which is"; between "Model of" and ". Therefore,"; between "by dividing" and "by"; between "by" and Google Play Tinder"; between | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | "figure of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.)"); page 185, paragraph 243 (between "Install of" and "with the"; between "with the" and "calculated above"; between "per Install of" and "with the"; and between "with the" and "calculated above."); and page 185, Table 22 | |
| 129. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 188, Table 23 | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 130. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of | Page 190, paragraph 249 (between "that indicates" and | This information contains non-public information regarding Match Plaintiffs' value derived from the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to |

- 63 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | end of sentence) | negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 131. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 195, paragraph 258 (between "have paid" and "more in"; and between "12/31/2021 and" and "for the period) | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 132. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 256, Exhibit 4a | This information contains non-public information regarding Match Plaintiffs' pricing and financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this pricing and financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and |

- 64 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD
6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| **133.** | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 257, Exhibit 4b | This information contains non-public information regarding Match Plaintiffs' pricing and financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this pricing and financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| **134.** | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 294, Exhibit 25 | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| **135.** | Exhibit E3 (Exhibit 2 to Raphael | Page 296, Exhibit 26a | This information contains non-public information regarding Match Plaintiffs' financials on the |

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
|  | Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) |  | Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 136. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 297, Exhibit 26b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 137. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 298, Exhibit 26c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 138. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 299, Exhibit 26d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 139. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 300, Exhibit 27a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 140. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 301, Exhibit 27b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 141. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 302, Exhibit 27c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match |

- 68 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 142. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 303, Exhibit 27d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 143. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 304, Exhibit 28a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 144. | Exhibit E3 (Exhibit 2 to Raphael Declaration in | Page 305, Exhibit 28b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely |

- 69 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | | and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 145. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 306, Exhibit 28c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 146. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 307, Exhibit 28d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | | potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 147. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 308, Exhibit 29a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 148. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 309, Exhibit 29b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted |

- 71 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|--------------------------------------|
| | | | accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 149. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 310, Exhibit 29c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 150. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 311, Exhibit 29d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | information, moreover, is not relevant to the Motions. |
| **151.** | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 312, Exhibit 30a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| **152.** | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 313, Exhibit 30b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| **153.** | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of | Page 314, Exhibit 30c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | | negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 154. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 315, Exhibit 30d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 155. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 316, Exhibit 31a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public |

- 74 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 156. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 317, Exhibit 31b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 157. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 318, Exhibit 31c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s |

- 75 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 158. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 319, Exhibit 31d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 159. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 320, Exhibit 32a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Motions. |
| 160. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 321, Exhibit 32b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 161. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 322, Exhibit 32c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 162. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to | Page 323, Exhibit 32d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to |

- 77 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Exclude Dr. Singer [Dkt. 489-3]) | | competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 163. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 324, Exhibit 33a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 164. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 325, Exhibit 33b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against |

- 78 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 165. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 326, Exhibit 33c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 166. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 327, Exhibit 33d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 167. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 328, Exhibit 33e | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 168. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 329, Exhibit 34a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

- 80 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| 169. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 331, Exhibit 34c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 170. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 332, Exhibit 34d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 171. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer | Page 333, Exhibit 34e | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | [Dkt. 489-3]) | | they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 172. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 334, Exhibit 34f | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 173. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 335, Exhibit 34g | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to |

- 82 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 174. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 336, Exhibit 34h | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 175. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Page 337, Exhibit 34i | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and |

- 83 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | | other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 176. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Exhibit 37a (all tables from PDF pages 950 to 1049) | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 177. | Exhibit E3 (Exhibit 2 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-3]) | Exhibit 37b (all tables from PDF pages 1051 to 1150 | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 178. | Exhibit E5 (Exhibit 6 to Raphael Declaration in Support of Google's Motion to Exclude Dr. Singer [Dkt. 489-5]) | Page 29, paragraph 67 (between "pass-through rate of" and "for the former"; between "former and" and "for the latter"; between "increasing it from" and "to"; and between "to to ").[134]") | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 179. | Exhibit B1 (Google's | Page 4 (between | This information contains non-public information regarding Match Plaintiffs' financials. Disclosure |

- 84 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-1]) | "received" and "for its") | would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 180. | Exhibit B3 (Exhibit 7 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-6]) | Page ending - 724 (between "only stay" and "). Other") | This information contains non-public information regarding user data. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with Match Group, Inc.'s public filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 181. | Exhibit B3 (Exhibit 7 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-6]) | Page ending - 725 (between "an average for" and "), define") | This information contains non-public information regarding user data. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to |

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | this information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with Match Group, Inc.'s public filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 182. | Exhibit B5 (Exhibit 11 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-10]) | Page 232, line 3 (between "which was a" and "incentive") | This information contains non-public information regarding a potential incentive package offered to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 183. | Exhibit B12 (Exhibit 12 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-11]) | Page ending - 739 (between "2. On POF" and "4. Lastly") | Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within Match Plaintiffs' services. Similarly, Match Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. Moreover, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. |
| 184. | Exhibit B12 (Exhibit 12 to Declaration of Kyle | Page ending - 740 (between "unfortunately | Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-11]) | " and end of paragraph) | information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within Match Plaintiffs' services. Similarly, Match Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. |
| 185. | Exhibit B7 (Exhibit 16 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-14]) | Page ending - 231 (at the cell under column "AVP Reinvestment" and row "Match Group"; and at the cell under column "Custom Deal Aspects" and row "Match Group") | This information contains non-public information regarding a potential incentive package offered to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 186. | Exhibit B8 (Exhibit 17 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-15]) | Page ending - 496 (chart under "AVP deal summary (as per our latest redline)") | This information contains non-public information regarding a potential incentive package offered to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 187. | Exhibit B9 (Exhibit 18 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-16]) | Page ending - 249 (between "less than 30%" and end of line; row in chart beginning "Service fee" | This information contains non-public information regarding a potential incentive package offered to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 188. | Exhibit B9 (Exhibit 18 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-16]) | Page ending - 252 (row in chart beginning "With Play"; row in chart beginning "With Cloud") | This information contains non-public information regarding a potential incentive package offered to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 189. | Exhibit B9 (Exhibit 18 to Declaration of Kyle Mach in Support of Google's Opposition to | Page ending - 253 (between "committed to Cloud" and "If they don't") | This information contains non-public information regarding a potential incentive package offered to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, |

- 88 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-16]) | | they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 190. | Exhibit B9 (Exhibit 18 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-16]) | Page ending - 257 (row in chart beginning "Match Group") | This information contains non-public information regarding a potential incentive package offered to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 191. | Exhibit B9 (Exhibit 18 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-16]) | Page ending - 264 (at the cell under column "Match's request" and row "Billing Timelines") | This information contains non-public information regarding a potential incentive package offered to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. In addition, material, non-public, sensitive information may not be (and |

- 89 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | | need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 192. | Exhibit B9 (Exhibit 18 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-16]) | Page ending - 269 (the image under "Issue double-click: Installment payments") | This image contains confidential and non-public information and documentation regarding development features important to Match Plaintiffs. Moreover, revealing this information publicly can be misleading for investors and other parties and lead to inappropriate inferences and speculation about this information and other parts of Match Group, Inc.'s portfolio of business. |
| 193. | Exhibit B13 (Exhibit B13 (Exhibit 21 to Declaration of Kyle Mach in Support of Google's Opposition to Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-19])) | Pages 1–14 | This spreadsheet contains confidential and non-public information and documentation regarding development features important to Match Plaintiffs, including development timelines, prioritization, technical details, and pricing and SKU information, and app identification references. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. Bad actors could use this information to harm Match Plaintiffs and their users. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public filings. Therefore, revealing this information publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 194. | Exhibit B14 (Exhibit 23 to Declaration of Kyle Mach in Support of Google's Opposition to | Pages ending - 403–424 | This exhibit contains non-public and confidential information regarding an internal assessment of Tinder's business model and growth and its impact on other parts of the business. This information reflects sensitive, highly confidential characterizations by Google's internal business |

- 90 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Match Plaintiffs' Motion for Partial Summary Judgment [Dkt. 507-21]) | | teams that, if revealed, could be used by Match Plaintiffs' competitors and counterparties' against them to gain an unfair advantage. This information, moreover, is not relevant to the Motions. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public filings. Therefore, revealing this information publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 195. | Exhibit D18 (Exhibit 18 to Declaration of Michael J. Zaken in Support of Plaintiffs' Opposition to Google's Motion for Partial Summary Judgment [Dkt. 511-19]) | Page 230, paragraph 474 (each bullet after "Attachment E-1") | This information contains non-public information regarding financials and transactions related to OkCupid on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 196. | Exhibit D14 (Exhibit 44 to Declaration of Michael J. Zaken in Support of Plaintiffs' Opposition to Google's Motion for Partial Summary Judgment [Dkt. 511-40]) | Page ending - 163 (between "spend was" and "On Wed") | This information contains non-public information regarding financials related to Tinder on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 197. | Exhibit D14 (Exhibit 44 to Declaration of Michael J. Zaken in Support of Plaintiffs' Opposition to Google's Motion for Partial Summary Judgment [Dkt. 511-40]) | Page ending - 164 (between "delivered" and "in consumer") | This information contains non-public information regarding financials related to Tinder on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 198. | Exhibit D14 (Exhibit 44 to Declaration of Michael J. Zaken in Support of Plaintiffs' Opposition to Google's Motion for Partial Summary Judgment [Dkt. 511-40]) | Page ending - 166 (between "grossing app" and "OKCupid"; and between "an average" and "Match Group's") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 199. | Exhibit D15 (Exhibit 45 to Declaration of Michael J. Zaken in Support of Plaintiffs' Opposition to Google's Motion for Partial Summary Judgment [Dkt. 511-41]) | Page ending - 323 (chart below "Tinder Value Breakdown"; graph below "2019 ROY Revenue Projection") | This information contains non-public information regarding Match Plaintiffs' financials and installation data on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information and data. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing such data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 200. | Exhibit E2 (Exhibit 1 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-2]) | Page 47, footnote 196 (within parenthetical) | This information contains non-public information regarding Match Plaintiffs' value derived from the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 201. | Exhibit E2 (Exhibit 1 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-2]) | Pages 74–75, paragraph 148 (between "Match found" and end of sentence; and between "estimated that" and end of sentence) | This information contains non-public information regarding Match Plaintiffs' use of alternative payment systems. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public |

- 93 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 202. | Exhibit E2 (Exhibit 1 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-2]) | Page 162, footnote 799 (between "76:9-77:5 ("" and end of parenthetical) | This information contains non-public information regarding Match Plaintiffs' marketing costs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 203. | Exhibit E2 (Exhibit 1 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-2]) | Page 176, footnote 851 (between "changes from" and "to"; and between "to" and end of sentence) | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 204. | Exhibit E5 (Exhibit 2 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-3]) | Page 29, paragraph 67 (between "pass-through rate of" and "for the former"; between "former and" and "for the latter"; between "increasing it from" and "to"; and between "to" to "),[134]") | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 205. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in | Pages 13–14, paragraph 10.t (between | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely |

- 94 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | "additional" and "in service fees"; and between "12/31/2021 and" and "for the period") | and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 206. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 42, paragraph 45 (between "Tinder has") and "subscription SKUs"; between "of which" and "incurred"; between "rate of these" and "SKUs"; between "from about" and "during"; between "to about" and "in the"; between "fee rate reduction," and "subscriptions"; between "out of the" and "did not have"; between "any price change," and "had a"; between "and only" and "had a"; between "The" and | This information contains non-public information regarding Match Plaintiffs' financials and pricing on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial and pricing information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | "subscriptions with"; between "for only" and "of the total"; and between "spend of the" and "subscriptions during"); page 42, footnote 35 (between "rates of the" and "subscriptions analyzed"); and page 42,D footnote 36 (between "spend on the" and "subscription SKUs"; between "2022 is" and ", close to"; between "that of the" and "subscription"; and between "SKUs" and "as shown in") | |
| 207. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 43, Table 7; page 43, paragraph 46 (between "subscriptions either" and "before and") | This information contains non-public information regarding Tinder's pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 208. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. | Page 44, footnote 37 (between "Tinder launched" and "new subscription"; between | This information contains non-public information regarding Tinder's pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | Singer [Dkt. 510-4]) | "subscription SKUs," and end of sentence; and between "to May 2021," and end of sentence) | example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 209. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 159, footnote 295 (between "Tinder of" and "to; and between "to" and end of sentence) | This information contains non-public information regarding Tinder's pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 210. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Pages 162–163, paragraph 207 (between "Board Member of MGI," and end of sentence; and between "IAP system because" and end of sentence) | This information contains non-public information regarding Match Plaintiffs' price testing and inaccurately quotes the deponent. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 211. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Pages 167–168, paragraph 215 (between "of" and "that was specifically used"; between "of" and ".[317]Just"; and between "of" and ".[318] Furthermore") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 212. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 172 paragraph 222, under the bullet point beginning "Dr. Schwartz relies" (between "Tinder Play Value of" and "of"; between "of" and "of"; and between "of" and ".331"); page 172, paragraph 222, under the bullet point beginning "Alternative" (between "Tinder Play Value of" and "of"; between "of" and "of"; between "of" and ", and"; and between "of" and ".332"); page 172 footnote 331 (between "Play Value of" and "of"; between "of" and ", and"; and between "of" and ". GOOG") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 213. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition | Page 173, paragraph 222, under the bullet point beginning "Alternative | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, |

- 98 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | CPI Valuation #2" (between "Tinder Play Value of" and ", Tinder Discovery"; between "Discovery Value of" and ", Tinder"; between "of" and ", and Tinder"; and between "Value of" and end of sentence); page 173, paragraph 222, under the bullet point beginning "Alternative LTV Valuation #1" (between "Tinder Play Value of" and ", Tinder"; between "Value of" and ", Tinder"; between "Value of" and ", Tinder"; and between "Value of" and end of sentence); page 173, paragraph 223 (between "of" and "to an") | they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 214. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 175, paragraph 225 (between "data account for" and "in revenue"; and between "revenue and" and "transactions in"); page 175, | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against |

- 99 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | paragraph 226 (between "with the" and "Tinder") | Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 215. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 176, paragraph 226 (between the start of the page and "to this figure"; between "Play Value of" and "and Tinder"; between "Play Value of" and "presented in the Play"; between "Play Value Model (" and ").". between "he applies the" and "adjustment"; between "adjustment to the" and "Tinder"; between "Play Value of" and ". Then he"; between "figure the" and "Tinder"; between "Value and" and "Tinder Delivery Value"; between "Discovery Value of" and "for the period from"; | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | between "Dividing" and "by"; between "by" and "Google Play Tinder Installs"; between "per Install of" and ". This figure"; and between "with the Tinder" and "figure and then"); page 176, paragraph 227 (between "Play Value of" and "presented in"; between "to calculate his" and "adjustment"; and between "using the" and "adjustment") | |
| 216. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 177, paragraph 228, under the first bullet (between "Value =" and end of line); page 177, paragraph 228, under the second bullet (between "Value =" and end of line); page 177, paragraph 228, under the third bullet (between "Value Adjustment =" and end of line); page 177, paragraph 228 (between "adjustment of" and "to the | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | Tinder"; between "Value of" and "from the"; between "Value of" and "(versus"; between "(versus" and "based on"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "Install of" and "(versus"; and between "(versus" and "based on"); page 177, paragraph 229 (between "Install of" and "with the"; and between "with the" and "calculated above") | |
| 217. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 178, Table 17; and page 178, paragraph 231 (between "Value of" and "presented"; between "adjusted" and "figure."); between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; and between "(versus" and | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|--------------------------------------|
| | | "based on Dr. Schwartz's calculation.)"); and page 178, paragraph 232 (between "per Install of" and "with") | information, moreover, is not relevant to the Motions. |
| 218. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 179, paragraph 232 (between "the" and "calculated above."; between "per Install of" and ", which he calculates"; between "per Install of" and ", with a more"; between "use the" and "OkCupid"; between "this figure by" and "Google Play OkCupid"; between "per Install of" and "(versus"; and between "(versus" and "based on"); and page 179, Table 18 | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 219. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 180, paragraph 233 (between "Value of" and "and an estimated"; between "Value of" and ".[348] I"); page 180, paragraph 234 (between "adjustment of" and "to the"; between "Value of" and "generates"; | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s |

- 103 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

DocuSign Envelope ID: 84070B14-572C-424E-BBF5-1D3520FD46CD

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|--------------------------------------|
| | | between "Value of" and "(versus"; between "(versus" and "based on"; between "dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.)"); and page 180, paragraph 235 (between "per Install of" and "with the"; and between "with the" and "calculated above.") | public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 220. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 181, Table 19; page 181, paragraph 236 (between "Value of" and "and OkCupid"; between "Value of" and "but do not apply"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; between "(versus" and | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the |

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|-------------------------------------|
| | | "based on"; between "Dividing" and "by"; between "by" and "Google Play OkCupid"; between "per Install of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.)"); and page 181, paragraph 237 (between "per Install of" and "with the"; between "with the" and "calculated above"; between "per Install of" and "with the"; and between "with the" and "calculated above.") | Motions. |
| 221. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 182, Table 20; and page 182, paragraph 238 (between "Value of" and ".350 I") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This |

- 105 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | information, moreover, is not relevant to the Motions. |
| 222. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 183, paragraph 239 (between "Value of" and "and do not"; between "Dividing" and "by"; between "by" and "Google Play Tinder"; between "per Install of" and "(versus"; between "(versus" and "based on"; between "#2 is" and ", which is"; between "Model of" and ". Therefore"; between "by dividing" and "by"; between "by" and "Google Play Tinder"; between "figure of" and "(versus"; and between "(versus" and "based on Dr. Schwartz's calculation.)"); and page 183, paragraph 240 (between "per Install of" and "with the"; between "with the" and "calculated above"; between "per Install of" and "with the"; and | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|-----|---------------|-----------------------------------|--------------------------------------|
| | | between "with the" and "calculated above.") | |
| 223. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 184, Table 21; page 184, paragraph 241 (between "of" and ".352 I"); and page 184, paragraph 242 (between "Value of" and ", and given"; between "Dividing" and by"; and between "by" and "Google") | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 224. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 185, paragraph 242 (between "Value per Install of" and "(versus"; between "(versus and "based on"; between "#1 is" and ", which is"; between "Model of" and ". Therefore,"; between "by dividing" and "by"; between "by" and Google Play Tinder"; between "figure of" and "(versus; and | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | between "(versus" and "based on Dr. Schwartz's calculation.)"); page 185, paragraph 243 (between "Install of" and "with the"; between "with the" and "calculated above"; between "per Install of" and "with the"; and between "with the" and "calculated above."); and page 185, Table 22 | |
| 225. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 188, Table 23 | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 226. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition | Page 190, paragraph 249 (between "that indicates" and end of sentence) | This information contains non-public information regarding Match Plaintiffs' value derived from the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | | they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 227. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 195, paragraph 258 (between "have paid" and "more in"; and between "12/31/2021 and" and "for the period) | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 228. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 256, Exhibit 4a | This information contains non-public information regarding Match Plaintiffs' pricing and financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this pricing and financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, |

- 109 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 229. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 257, Exhibit 4b | This information contains non-public information regarding Match Plaintiffs' pricing and financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this pricing and financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 230. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 294, Exhibit 25 | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 231. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of | Page 296, Exhibit 26a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | | negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 232. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 297, Exhibit 26b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 233. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 298, Exhibit 26c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public |

- 111 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 234. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 299, Exhibit 26d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 235. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 300, Exhibit 27a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s |

- 112 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 236. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 301, Exhibit 27b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 237. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 302, Exhibit 27c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the |

- 113 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Motions. |
| 238. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 303, Exhibit 27d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 239. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 304, Exhibit 28a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 240. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and | Page 305, Exhibit 28b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | | competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 241. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 306, Exhibit 28c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 242. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 307, Exhibit 28d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 243. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 308, Exhibit 29a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 244. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 309, Exhibit 29b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 245. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 310, Exhibit 29c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 246. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 311, Exhibit 29d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |

DocuSign Envelope ID: 84070B14-572C-424E-BBF5-1D3520FD46CD

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| 247. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 312, Exhibit 30a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 248. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 313, Exhibit 30b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 249. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition | Page 314, Exhibit 30c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | | they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 250. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 315, Exhibit 30d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 251. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 316, Exhibit 31a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to |

- 119 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 252. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 317, Exhibit 31b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 253. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 318, Exhibit 31c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 254. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 319, Exhibit 31d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 255. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 320, Exhibit 32a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 256. | Exhibit E3 (Exhibit | Page 321, | This information contains non-public information |

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Exhibit 32b | regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 257. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 322, Exhibit 32c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 258. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion | Page 323, Exhibit 32d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | to Exclude Dr. Singer [Dkt. 510-4]) | | information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 259. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 324, Exhibit 33a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 260. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 325, Exhibit 33b | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, |

- 123 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 261. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 326, Exhibit 33c | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 262. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 327, Exhibit 33d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 263. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 328, Exhibit 33e | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 264. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 329, Exhibit 34a | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 265. | Exhibit E3 (Exhibit 3 to Declaration of | Page 331, Exhibit 34c | This information contains non-public information regarding Match Plaintiffs' financials on the |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | | Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 266. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 332, Exhibit 34d | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 267. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. | Page 333, Exhibit 34e | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Singer [Dkt. 510-4]) | | marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 268. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 334, Exhibit 34f | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 269. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 335, Exhibit 34g | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and |

- 127 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 270. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 336, Exhibit 34h | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 271. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Page 337, Exhibit 34i | This information contains non-public information regarding Match Plaintiffs' financials on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | Group, Inc.'s portfolio of business. This information, moreover, is not relevant to the Motions. |
| 272. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Exhibit 37a (all tables from PDF pages 950 to 1049) | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 273. | Exhibit E3 (Exhibit 3 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-4]) | Exhibit 37b (all tables from PDF pages 1051 to 1150 | This information contains non-public information regarding Match Plaintiffs' pricing. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this information. This information, moreover, is not relevant to the Motions. |
| 274. | Exhibit F7 (Exhibit 5 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-5]) | Page 49 (between "offers over" and "distinct"; between "uses only" and "of these"; Table 9, the line beginning "Tinder") | This information contains non-public information regarding financials and services related to Tinder on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial and product information. In addition, material, non-public, sensitive financial and product information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial and product data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this |

- 129 -

PURVES DECL. ISO MATCH PLAINTIFFS' SEALING REQUEST UNDER THE OMNIBUS SEALING MOTION
Case Nos. 3:21-md-02981-JD; 3:22-cv-02746-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD

6397947

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | | | information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 275. | Exhibit F7 (Exhibit 5 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-5]) | Page 50, paragraph 127 (between "monthly" and "transactions"; between "number of" and "transactions in"; between "The number of" and "'products'"; between "never exceeding" and "transactions"; between "to just" and "monthly") | This information contains non-public information regarding transaction information related to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this transaction information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this transaction information publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 276. | Exhibit F7 (Exhibit 5 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-5]) | Page 51, Figure 4; Page 51, paragraph 128 (between "for the" and "'products'"; between "at most" and "percent"; and between "such as" end of the line) | This information contains non-public information regarding transaction information related to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this transaction information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this transaction information publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 277. | Exhibit F7 (Exhibit 5 to Declaration of Lee Mason in | Page 52, Figure 5 | This information contains non-public information regarding transaction information related to Match Plaintiffs. Disclosure would severely and |

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-5]) | | adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this transaction information. In addition, material, non-public, sensitive information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this transaction information publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 278. | Exhibit F7 (Exhibit 5 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-5]) | Page 63, Appendix Table A1 (lines beginning "Tinder" and "TOTAL"); Page 63, Appendix Table A2 (lines beginning "Tinder" and "TOTAL") | This information contains non-public information regarding financial information related to Match Plaintiffs. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial information publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 279. | Exhibit F3 (Exhibit 13 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510- | Page ending 876.R (lines beginning "Match.com" and "PlentyOfFish") | This information contains non-public information regarding financials related to Match.com and PlentyOfFish on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in |

DocuSign Envelope ID: 84070B14-572C-424E-BBF5-1D3520FD46CD

| No. | Document Name | Location of Designated Information | Match Plaintiffs' Bases for Sealing |
|---|---|---|---|
| | 9]) | | negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |
| 280. | Exhibit F3 (Exhibit 13 to Declaration of Lee Mason in Support of Consumers' and States' Opposition to Google's Motion to Exclude Dr. Singer [Dkt. 510-9]) | Page ending 877.R (line beginning "Tinder") | This information contains non-public information regarding financials related to Tinder on the Google Play Store. Disclosure would severely and adversely impact Match Plaintiffs' ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Match Plaintiffs in marketing and in negotiations. For example, a potential counterparty armed with this non-public information could use it to obtain leverage against Match Plaintiffs in negotiations by pointing to this financial information. In addition, material, non-public, sensitive financial information may not be (and need not be) consistent with generally accepted accounting principles or Match Group, Inc.'s public financial filings. Therefore, revealing this financial data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business.  This information, moreover, is not relevant to the Motions. |

281.    I understand from counsel that Civil Local Rule 79-5(b) allows sealing any document that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." For documents introduced in connection with dispositive proceedings, "compelling reasons" must justify sealing court records. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). I further understand that the Ninth Circuit and Supreme Court have long recognized that trade secrets and other information "that might harm a litigant's competitive

1   standing" satisfy the compelling reasons standard. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th

2   Cir. 2008) (unpublished) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)

3   ("[C]ourts have refused to permit their files to serve as . . . sources of business information that

4   might harm a litigant's competitive standing")); *see also Ctr. v. Auto Safety v. Chrysler Grp., LLC*,

5   809 F.3d 1092, 1097 (9th Cir. 2016) (same). "Examples include when a court record might be used

6   to as sources of business information that might harm a litigant's competitive standing." *Ctr. for*

7   *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also Snapkeys, Ltd. v.*

8   *Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021)

9   (granting motion to seal personally identifiable information of current and former employees,

10  including their email addresses and telephone numbers); *Hewlett-Packard Co.*, 2014 WL 233827,

11  at *3 (ordering the sealing of plaintiff's home address, phone number, and email address because

12  there is a "compelling privacy interest in this information").

13       282.    The information Match Plaintiffs seek to seal constitutes "detailed financial

14  information" that courts have recognized parties "have an interest in keeping . . . secret." *Apple Inc.*

15  *v. Samsung Elec. Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013). The information contained in the

16  exhibits above would allow Match Plaintiffs' competitors and counterparties to understand granular

17  details and datapoints about, among other things, consumers' purchasing habits and trend data in

18  relation to Match Plaintiffs' dating services, sensitive long-term projections and business plans,

19  detailed financial information, and would accordingly harm Match Plaintiffs' competitive standing.

20  For example, if a rival app determined Tinder's dating pool was shallower on a particular platform

21  and geographical location, then the rival app could then reallocate spending to that platform and

22  geographical location to gain a competitive advantage.

23       283.    I also understand through counsel that Google and many third parties have sought to

24  seal portions of the above documents.

25       284.    Match Plaintiffs have "narrowly tailored" their request to "only redact the portions

26  of filings and the precise exhibits" that implicate "confidential business information," and this

27  information is "not available to the public." *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D.

28  Cal. 2017). Match Plaintiffs accordingly ask that these materials be maintained under seal.

1    I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct.

3    Executed this 13th day of July, 2023, at Carrollton, Texas.

4

DocuSigned by:

5    *Ian Purves*

3E58EFFD0740A...

6    Ian Purves

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6397947