UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  August 3, 2023                                    Judge:  Hon. James Donato

Time:  1 Hour & 30 Minutes

Case Nos.      **3:20-cv-05671-JD Epic Games, Inc. v. Google LLC  et al**
               **3:20-cv-05761-JD In re Google Play Consumer Antitrust Litigation**
               **3:21-cv-05227-JD State of Utah et al v. Google LLC et al**
               **3:21-md-02981-JD In re Google Play Store Antitrust Litigation**
               **3:22-cv-02746-JD Match Group, LLC et al v. Google LLC  et al**

Attorney(s) for Plaintiff(s):        Lauren Weinstein/Brendan Glackin/Hae Sung Nam/
                                     Douglas Dixon/Gary Bornstein/Karma Giulianelli/
                                     Lauren Moskowitz/Joseph Reiter
Attorney(s) for Defendant(s):        Brian Rocca/Michelle Park Chiu/Glenn Pomerantz/
                                     Rebecca Sciarrino/Justin Raphael

Court Reporter:  Stephen Franklin

Deputy Clerk:  Lisa Clark

PROCEEDINGS

Motion Hearing -- Held

NOTES AND ORDERS

## I.      Google's Motion for Partial Summary Judgment

The Court hears argument on Google's motion for partial summary judgment, MDL Dkt.
No. 483.

For Google's summary judgment request for plaintiffs' early carrier agreement claims on
timeliness grounds, *id.* at 14-17, plaintiffs have stated in response that "[n]o plaintiff in this case
seeks to use facts about the carrier agreements to recover damages prior to the four-year
limitations period."  MDL Dkt. No. 509 at 14 n.7.  Plaintiffs will be held to that representation,
and summary judgment for Google on this issue is denied on that ground.  Plaintiffs may offer
the earlier carrier agreements into evidence by way of table-setting, but they will not be
permitted to recover for injuries outside the limitations period.

1

The remainder of Google's motion is taken under submission and the Court will issue a written order.

## II.    Trial Planning

The parties are directed to formulate a joint list of the specific claims in each MDL member case that will be tried to the jury in the consolidated trial.  The parties state that they are working on the proposed final jury instructions, and they expect this process will help clarify the issues for trial.  The parties are directed to continue to follow and stay focused on their agreed pre-trial process, but the Court would like to have the list of issues for trial by October 2, 2023.

The Court sets a pretrial status conference for September 7, 2023, at 10:00 a.m. in Courtroom 11, San Francisco.  In advance of that conference, the parties should discuss:

- The possibility of conducting a joint trial of all member cases while the 23(f) petition in the Consumers case remains pending, with Consumers proceeding in the trial on an individual basis, with the parties' agreement that the results of the trial will bilaterally bind Consumers and Google, with the damages due to a Consumers class (if any) to be determined in a later proceeding.

- The parties' willingness to participate in the Cameras in the Courtroom Pilot Project for the trial.  *See* https://cand.uscourts.gov/about/court-programs/cameras/.

- Whether the jury questionnaires for this case should include case-specific questions to streamline the voir dire process, *see* https://cand.uscourts.gov/attorneys/ (Jury Questionnaire for Prospective Jurors), and relatedly, how to handle COVID-related issues for the potential jurors and seated jury.

The parties are directed to file a joint statement by September 5, 2023, at 10:00 a.m. California time, addressing these and any other pre-trial issues they wish to discuss at the September 7 conference.

## III.    Other Matters

The Court will take up on September 7, 2023, plaintiffs' motion to bifurcate, MDL Dkt. No. 548, and the States' motion for approval of notice, MDL Dkt. No. 546.  The hearing noticed for August 31, 2023, is vacated.

For the sanctions determination for Google's failure to preserve Chats, *see* MDL Dkt. No. 469, the parties will meet and confer and propose a process, whether in the form of testimony at trial or a separate proffer process to be conducted before the Court only.  Plaintiffs will be permitted to offer some evidence of the failure to preserve to the jury.