Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
Nicholas R. Sidney, Bar No. 308080
nick.sidney@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
Rebecca L. Sciarrino, Bar No. 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*States et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' OPPOSITION TO THE STATES' MOTION FOR APPROVAL OF NOTICE OF PENDENCY AND OPPORTUNITY TO OPT-OUT FOR *PARENS PATRIAE* CLAIMS** |

**INTRODUCTION**

Google objects to the Plaintiff States' ("States") proposed forms of the Summary Notice and Long-Form Notice for the States' *parens patriae* claims ("Proposed Notice") to the extent that they omit the fact that any recovery by the States may be reduced to pay attorneys' fees to counsel for the States and potentially counsel for the consumer plaintiff class ("Consumer Class Counsel") who do not represent consumers in the plaintiff States.  The States should inform the consumers that they purport to represent that the States have agreed to let lawyers who do not represent those consumers apply for fees that will reduce the amount of money available to consumers.  Google respectfully requests that the Court order a modification to the Proposed Notice to ensure that consumers are aware of these facts.  Google does not take a position on the other issues raised in the States' motion.

**ARGUMENT**

Google objects to the States' Proposed Notice as it fails to sufficiently and adequately inform consumers that any recovery by the States could be reduced to pay attorneys' fees not only for the States' own counsel but also for Consumer Class Counsel who do not represent consumers in the plaintiff States.

The Proposed Notices do not say anything about the prospect that any recovery by the States on behalf of consumers could be reduced to pay attorneys fees or expenses of counsel. Courts regularly direct parties to include that information to assist consumers in making an informed decision when deciding whether to opt-out.  *See Ayala v. Coach, Inc.*, 2016 U.S. Dist. LEXIS 144303, *8 (N.D. Cal. Oct. 17, 2016) (Donato, J.) (finding that notice was sufficient where it "fairly, plainly, accurately, and reasonably provide[d] class members" "appropriate information" about, *inter alia*, "the plaintiff's and class counsel's forthcoming applications for service payments, attorneys' fees, and expenses[.]"); *Ruch v. AM Retail Grp., Inc.*, No. 14-CV-05352-MEJ, 2016 WL 1161453, at *5 (N.D. Cal. Mar. 24, 2016) (directing the parties to include certain information in the notice, including information on the calculation of attorneys' fees); *Campbell v. Best Buy Stores, L.P.*, 2014 U.S. Dist. LEXIS 195093, *15 (C.D. Cal. Apr. 18, 2014)

1   (approving class notice stating that counsel "will be paid only if" plaintiffs win at trial or the

2   parties settle, in which case the "fees will either be paid by" the defendant "or as a percentage of

3   any monetary judgment in favor of" plaintiffs and that "[i]f there is no recovery, there will be no

4   attorneys' fees paid to the lawyers.").[1]

5          In fact, the notices cited by the States in their motion include this information.  For

6   example, the States cite *California v. eBay, Inc.* for the proposition that "federal courts in this

7   District have adopted the procedures and standards used in class actions under Federal Rule of

8   Civil Procedure 23" when determining whether "proposed *parens patriae* notices or settlements

9   should be approved."  MDL Dkt. No. 546 ("Mot.") at 4.  In *eBay*, the court-approved notice

10  includes a section titled "How will the lawyers be paid?" and informs consumers that the States'

11  "attorneys' fees and costs" will be recovered from the money and benefits obtained in the case.

12  *See* Declaration of Kuruvilla Olasa ("Olasa Decl.") Ex. 1, ¶ 16, *California v. eBay, Inc.*, No. 5:12-

13  cv-05874-EJD, Dkt. Nos. 55-6, 85 (N.D. Cal. Sep. 3, 2015); *see also* Olasa Decl., Ex. 2, *In re*

14  *TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827-SI, Dkt. Nos. 7158-2, 7697 (N.D. Cal.

15  Apr. 3, 2013) (court approved notice explaining that attorneys fees (among other costs) will be

16  deducted from funds being distributed to the class); Olasa Decl., Ex. 3, ¶ 18, *In re Macbook*

17  *Keyboard Litig.*, No. 5:18-cv-02813-EJD, Dkt. Nos. 420-3, 426 (N.D. Cal. Dec. 2, 2022) (same);

18  Olasa Decl., Ex. 4, ¶ 15, *In re Facebook Internet Tracking Litig.*, No. 5:12-md-02314-EJD, Dkt.

19  Nos. 233-1, 241 (N.D. Cal. March 31, 2022) (same); Olasa Decl., Ex. 5, ¶ 11, *Cottle v. Plaid,*

20  *Inc.*, No. 20-cv-3056-DMR, Dkt. Nos. 138-1, 153 (N.D. Cal. Nov. 19, 2021) (same); Olasa Decl.,

21  Ex. 6, ¶ 9, *Taylor v. Shutterfly, Inc.*, No. 5:18-cv-00266, Dkt. Nos. 101-1, 106 (N.D. Cal. Dec. 7,

22  2021); Olasa Decl., Ex. 7, ¶ 17, *Briseno v. ConAgra Foods, Inc.*, 11-cv-05379-CJC-AGR, Dkt.

23  Nos. 652-1, 655 (C.D. Cal. Apr. 4, 2019) (same); Olasa Decl., Ex. 8, ¶ 16, *In Re USC Student*

24  _____

[1] Indeed, the Judges' Class Action Notice and Claims Process Checklist and Plain Language

25  Guide published by the Federal Judicial Center cautions courts to consider whether "notices
contain sufficient information for a class member to make an informed decision" and to "watch

26  for the omission of information that the lawyers may wish to obscure (such as the fee request) but
that affects class members nonetheless."  *See* Judges' Class Action Notice and Claims Process

27  Checklist and Plain Language Guide *available at*
https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

28

2

DEFENDANTS' OPPOSITION TO THE STATES' MOTION FOR APPROVAL OF NOTICE OF PENDENCY
AND OPPORTUNITY TO OPT-OUT FOR *PARENS PATRIAE* CLAIMS
Case Nos. 3: 21-md-02981-JD; 3:21-cv-05227-JD

1    *Health Center Litig.*, No. 2:18-cv-04258-SVW-GJS, Dkt. Nos. 139-2, 148 (C.D. Cal. June 12,

2    2019) (stating that attorneys fees will be separately paid by defendants and not deducted from any

3    funds obtained by the class).

4         Providing consumers with information about applications for attorneys' fees is

5    particularly appropriate here, where the States have an agreement with Consumer Class Counsel

6    regarding fee applications.  In their Joint Prosecution Agreement ("JPA") with the consumer class

7    (MDL Dkt. No. 250-3), the States have agreed that Consumer Class Counsel may request fees to

8    be paid out of any recovery obtained for consumers even though the Class Counsel do not

9    represent consumers in those States.  *See* JPA § IV (MDL Dkt. No. 250-3) (noting that under the

10   agreement "Class Counsel may make an application to the Court for an award of attorneys' fees

11   and reimbursement of litigation expenses from any recovery created by resolution of the Covered

12   Claims [the *parens patriae* claims brought by State Plaintiffs], whether by settlement, verdict or

13   judgment").  In other words, public officials who purport to represent consumers in their States

14   have agreed that lawyers who do not represent those consumers can apply for fees to be paid out

15   of a fund that would otherwise go to the consumers.  The Proposed Notices should inform

16   consumers of that fact.

17        The States' motion argues that Google has not identified precedent for providing this

18   information in a *parens patriae* notice.  That is because the States have not identified any

19   precedent for the JPA arrangement entitling Consumer Class Counsel to apply for fees out of

20   funds recovered for consumers who those lawyers do not represent.

21                              **<u>CONCLUSION</u>**

22        The Proposed Notice for the States' *parens patriae* claims should be modified to include

23   information about attorneys fees, including that any recovery by the States may be reduced to pay

24   attorneys' fees to counsel for the States and potentially Consumer Class Counsel who do not

25   represent consumers in the plaintiff States.

26

27

28

1    Dated:  August 10, 2023

2

Respectfully submitted,
By:   */s/ Kuruvilla Olasa*
Kuruvilla Olasa

3

4

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
Nicholas R. Sidney, Bar No. 308080
nick.sidney@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

5

6

7

8

9

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
Rebecca L. Sciarrino, Bar No. 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

10

11

12

13

14

15

16

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

17

18

19

20

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  (415) 442-1000

21

22

23

24

25

26

27

28

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com

4

DEFENDANTS' OPPOSITION TO THE STATES' MOTION FOR APPROVAL OF NOTICE OF PENDENCY
AND OPPORTUNITY TO OPT-OUT FOR *PARENS PATRIAE* CLAIMS
Case Nos. 3: 21-md-02981-JD; 3:21-cv-05227-JD

1

2

**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY  10178-0060
Telephone: (212) 309-6000

3

4

*Counsel for Defendants*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO THE STATES' MOTION FOR APPROVAL OF NOTICE OF PENDENCY
AND OPPORTUNITY TO OPT-OUT FOR *PARENS PATRIAE* CLAIMS
Case Nos. 3: 21-md-02981-JD; 3:21-cv-05227-JD