| | |
|---|---|
| Brian C. Rocca, Bar No. 221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, Bar No. 215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, Bar No. 248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, Bar No. 259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, Bar No. 301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone: (415) 442-1000<br>Facsimile:  (415) 442-1001<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY  10178-0060<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br><br>*Counsel for Defendants* | Glenn D. Pomerantz, Bar No. 112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, Bar No. 281509<br>kuruvilla.olasa@mto.com<br>Nicholas R. Sidney, Bar No. 308080<br>nick.sidney@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, Bar No. 282090<br>kyle.mach@mto.com<br>Justin P. Raphael, Bar No. 292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, Bar No. 293065<br>emily.curran-huberty@mto.com<br>Dane P. Shikman, Bar No. 313656<br>dane.shikman@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Fl.<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Ave. NW, Ste 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-md-02981-JD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED RELATING TO NOTICE OF FILING OF DECLARATION OF DR. GREGORY K. LEONARD**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rules 7-11 and 79-5(c-f), Defendants Google LLC, Google Ireland Limited, Google Commerce Ltd., Google Asia Pacific Pte. Ltd., and Google Payment Corp. (collectively, "Google") respectfully submit this Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Relating to Google's Notice of Filing of Declaration of Dr. Gregory K. Leonard In Response to Court's Order Re Dr. Singer's Proposed Expert Testimony ("Motion to Seal"). The excerpts at issue in this Motion to Seal are sourced from documents that are designated as "NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" pursuant to the Protective Order entered by the Court, ECF No. 248. A redacted version of the exhibit to Notice of Filing of Declaration of Dr. Gregory K. Leonard In Response to Court's Order Re Dr. Singer's Proposed Expert Testimony has been filed in accordance with the Local Rules.

Subsection (f) of Civil Local Rule 79-5 sets forth procedures that apply when a party seeks to file information designated as confidential by another party. Under subsection (e), the "motion must identify each document or portions thereof for which sealing is sought" and "serve the motion on the Designating Party the same day the motion is filed." Pursuant to subsection (f)(1), the Designating Party has seven days to "file a statement and/or declaration" to establish why such designated material should be kept under seal pursuant to subsection (c)(1) of Civil Local Rule 79-5.

Civil Local Rule 79-5 provides that documents, or portions thereof, may be sealed if a party establishes that the documents are privileged, protectable as a trade secret, or otherwise entitled to protection under the law. A "strong presumption" of access to judicial records applies to dispositive pleadings, and a party seeking to seal those records must show "compelling reasons." *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (citations omitted). Compelling reasons justifying the sealing of court records generally exist "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)

(internal quotation marks omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Google identifies the following portions of its Notice of Filing of Declaration of Dr. Gregory K. Leonard In Response to Court's Order Re Dr. Singer's Proposed Expert Testimony and supporting papers as containing information designated as confidential by another party:

| Document | Portion Containing Designated Information | Designating Party |
| --- | --- | --- |
| Exhibit 1 | Page 13, Paragraph 19 (between "shares of" and "respectively as of") | Rosetta Stone, Duolingo, and PictureThis |
| Exhibit 1 | Page 13, Paragraph 19 (between "Duolingo (" and "versus") | PictureThis |
| Exhibit 1 | Page 13, Paragraph 19 (between "versus" and ") simply" | Duolingo |
| Exhibit 1 | Page 13, Paragraph 19 (between "Rosetta Stone (versus" and "as predicted by") | PictureThis |
| Exhibit 1 | Page 13, Paragraph 19, Table (all figures under "Category Share" and "Logit Model's Assumption Regarding Percentages of Switching from 'Rosetta Stone' to 'Duolingo' and 'PictureThis – Plaint Identifier'" columns) | Rosetta Stone, Duolingo, and PictureThis |

| | |
|---|---|
| Dated: August 14, 2023 | By: */s/ Sujal J. Shah*<br>Sujal J. Shah |

Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

*Counsel for Defendants*