1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
Victoria F. Maroulis (Bar No. 202603)
2    victoriamaroulis@quinnemanuel.com
Kyle Batter (Bar No. 301803)
3    kylebatter@quinnemanuel.com
4  555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
5  Telephone: (650) 801-5000
Facsimile: (650) 801-5100
6

7  *Attorneys for Non-Party*
*Samsung Electronics Co., Ltd.*

8

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| STATE OF UTAH, ET AL. | Cases Nos. |
|     Plaintiffs | 3:22-cv-02746-JD |
| | 3:21-md-02981-JD |
|     v. | 3:21-cv-05227-JD |
| | 3:20-cv-05761-JD |
| GOOGLE LLC ET AL. | 3:20-cv-05671-JD |
|     Defendants | **DECLARATION OF KYU SUNG LEE PURSUANT TO N.D. CAL. LOCAL RULE 79-5(f)(3) IN SUPPORT OF MOTION TO SEAL** |
| | Judge: Hon. James Donato |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  **DECLARATION OF KYU SUNG LEE**

2  I, Kyu Sung Lee, declare as follows:

3  1.  I am an Executive Vice President at Samsung Electronics Co., Ltd. ("SEC") with

4  responsibility for Global Legal Affairs.  I have been employed at SEC since 2001, and in the course

5  of my employment have become familiar with SEC's treatment of its trade secrets and other

6  proprietary business information, such as those discussed in this declaration.

7  2.  I understand that Plaintiffs filed papers in support of *"Plaintiffs' Proposed Remedy*

8  *Re Google's Destruction of Chat Evidence"* ("Plaintiffs' Brief") in the following cases:

9

10  • *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal), ECF 608

11  • *In re Google Play Consumer Antitrust Litigation*, No. 3:20-cv-05761-JD (N.D. Cal), ECF 459

12  • *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.), ECF 448

13  • *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.), ECF 195

14  • *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.), ECF 440

15

16  Certain exhibits to Plaintiffs' Brief contain references to Samsung's confidential information that

17  was designated "Non-Party Highly Confidential - Outside Counsel Eyes Only" pursuant to the

18  operative protective orders (*see, e.g.*, Case No. 3:21-md-02981-JD, ECF 248) ("Protective Order"),

19  which allows Non-Parties "the opportunity to file a declaration establishing that all of the designated

20  material is sealable pursuant to Civil Local Rule 79-5(e)."

21  3.  I make this declaration on behalf of SEC pursuant to Northern District of California

22  Civil Local Rule 79-5(f)(3), pursuant to the Protective Orders, and in support of Plaintiffs' motions

23  to seal[1] to maintain the sealing of SEC confidential information that Plaintiffs filed in support of

24  Plaintiffs' Brief.  I know the facts stated herein based on my own personal knowledge and, if called

25  as a witness, I could and would testify competently thereto.

26

27  [1] Case Nos. 3:21-md-02981-JD at ECF 609; 3:20-cv-05761-JD at ECF 460; 3:21-cv-05227-JD

28  at ECF 449; 3:22-cv-02746-JD at ECF 196; 3:20-cv-05671-JD at ECF 441.

4.      **Exhibit 3 to Plaintiffs' Brief:** The pages of Exhibit 3 bates stamped GOOG-PLAY-003332819.R, 003332822.R, and 003332825.R contain sensitive, confidential information of SEC that should remain under seal.  Specifically, the material in question discloses the strategy, timing, and terms of collaborations between Google and Samsung; as well as Samsung revenue, changes in revenue, and projected revenue.  It is SEC's practice to maintain as confidential its strategic decisions, terms of collaboration with partners, and projected revenue.  SEC would be competitively disadvantaged if such materials were made public.  SEC's sealing request is narrowly tailored to just three select pages of the entire exhibit 3.

5.      **Exhibit 5 to Plaintiffs' Brief:** The pages of Exhibit 5 bates stamped GOOG-PLAY-004488123.R and 004488153.R contain sensitive, confidential information of SEC that should remain under seal.  Specifically, the material in question discloses Samsung apps and ad revenue for a six-year period, as well as other revenue metrics.  It is SEC's practice to maintain as confidential the details of its revenue, including sources and timing.  SEC would be competitively disadvantaged if such materials were made public.  SEC's sealing request is narrowly tailored to just two select pages of the entire exhibit 5.

6.      **Exhibit 8 to Plaintiffs' Brief:** The pages of Exhibit 8 bates stamped GOOG-PLAY-004538758.R,   004538760.R,   004538772.R,   004538782.R,   004538783.R,   004538786.R, 004538793.R, 004538800.R, 004538808.R, and 004538810.R contain sensitive, confidential information of SEC that should remain under seal.  Specifically, the material in question discloses Samsung revenue, a comparison Samsung's revenue to that of Samsung's competitors, changes in Samsung's revenue, Samsung's projected revenue, and the confidential terms of agreements between Samsung and Google.  It is SEC's practice to maintain as confidential the details of its revenue, including sources and timing, as well as the contractual terms of collaboration with its partners.  SEC would be competitively disadvantaged if such materials were made public.  SEC's sealing request is narrowly tailored to just ten select pages of the entire exhibit 8.

7.      **Exhibit 12 to Plaintiffs' Brief:** The pages of Exhibit 12 bates stamped GOOG-PLAY-004123102 through 004123105 contain sensitive, confidential information of SEC that should remain under seal.  Specifically, the material in question reflects Google's and Samsung's

1    confidential "2020 Mobile Incentive Agreement," which discloses the contractual terms of

2    collaborations between Samsung and Google.  It is SEC's practice to maintain as confidential its

3    strategic decisions and contractual terms of collaboration with its partners.   SEC would be

4    competitively disadvantaged if such materials were made public.  SEC's sealing request is narrowly

5    tailored to just four select pages of the entire exhibit 12.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos. 3:22-cv-02746-JD, 3:21-md-02981-JD, 3:21-
cv-05227-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD
-3-
LEE DECLARATION IN SUPPORT OF MOTION TO SEAL

1    I declare under penalty of perjury of the laws of the United States of America that the

2  foregoing is true and correct. This declaration was executed this 27th day of September 2023, in

3  Suwon, Republic of Korea.

4

5

6   _____

7   Kyu Sung Lee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Nos. 3:22-cv-02746-JD, 3:21-md-02981-JD, 3:21-cv-
05227-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD

LEE DECLARATION IN SUPPORT OF MOTION TO SEAL