Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
Dane P. Shikman, Bar No. 313656
dane.shikman@mto.com
Rebecca L. Sciarrino, Bar No. 336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust Litig.*, Case No. 3:20-cv-05761-JD

*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD

*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD

Case No. 3:21-md-02981-JD

**GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Judge: Hon. James Donato

**INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5, and Paragraphs 25-30 of this Court's Standing Order for Civil Cases, Google Defendants ("Google") respectfully move the Court to seal portions of Defendants' Opposition to Plaintiffs' Proposed Remedy re Chats ("Opposition"). This Administrative Motion to File Under Seal is supported by the Declaration of Christian Cramer ("Cramer Decl.") and the Proposed Order submitted herewith and is submitted pursuant to Civil Local Rule 79-5(f)(3).

**LEGAL STANDARD**

The Ninth Circuit holds that sealing is appropriate where the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quotation marks omitted). Compelling reasons may exist where, by way of example, the material to be disclosed includes "trade secrets,"[1] "confidential contracts,"[2] "contract negotiations,"[3] "long-term financial projections,"[4] discussions of business strategy,"[5] "business information that might harm a litigant's competitive standing,"[6] or personally identifiable information.[7] Moreover, public release of "detailed financial information" can implicate a "significant interest" of a party because it could lead to competitive harm, such as ceding "an advantage in contract negotiations." *See Apple Inc. v. Samsung Elecs.*

---

[1] *Kamakana*, 447 F.3d at 1179.
[2] *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).
[3] *Id.*
[4] *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011).
[5] *Id.*
[6] *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).
[7] Fed. R. Civ. P. 5.2; *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *Sameer v. Khera*, No. 117CV01748DADEPG, 2018 WL 4772035, at *1 (E.D. Cal. Oct. 1, 2018); *Foltz v. State Farm Mut. Auto. Ins*. Co., 331 F.3d 1122, 1137 (9th Cir. 2003); *U.S. ex rel. Lockyer v. Hawaii Pac. Health*, No. CIV. 04-00596 ACK-LE, 2007 WL 128853, at *1 (D. Haw. Jan. 10, 2007).

*Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (there are "compelling reasons" to seal if disclosure would create an "advantage in contract negotiations").

**ARGUMENT**

As the Ninth Circuit has stated, "[s]ecrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). Recognizing that there is a presumption in favor of access to court papers, Google focuses this narrow sealing request on five specific, highly sensitive areas categories of non-public information. These categories of confidential materials include: (a) specific deal terms (price and nonprice) of agreements related to Google's Search product with non-parties that the plaintiffs in this litigation have not challenged and thus have marginal relevance (if any), (b) specific deal terms (price and nonprice) of contracts with non-parties, (c) non-public financial information, (d) details of negotiations and negotiation strategies with non-parties, and (e) personally identifiable information ("PII"). Ninth Circuit courts have consistently held that these categories of confidential, non-public information may be sealed, pursuant to the "compelling reasons" standard. *See, e.g., Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.") (citation omitted); *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (protecting competitive terms of a license agreement "which plainly falls within the definition of 'trade secrets'" because it provides "an opportunity to obtain an advantage over competitors who do not know or use it"); *Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) (permitting sealing of "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed); *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864-JD, 2016 WL 4091388, at *2–5 (N.D. Cal. Aug. 2, 2016) (finding "compelling reasons" to seal, *inter alia*, "product-specific customer data," "detailed sales information for customers that could be used to the company's competitive disadvantage," "competitive intelligence," and

"customer-specific sales data"); *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) ("Our circuit allows parties to seal pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing agreement even under the 'compelling reasons' standard because that business information could 'harm a litigant's competitive standing.'") (quoting *Electronic Arts*, 298 F. App'x at 569). Courts in the Ninth Circuit have also consistently held that personally identifiable information, such as home addresses, birth dates, telephone numbers, and email addresses and personnel records and employment information should be shielded from public disclosure. *See, e.g.,* Fed. R. Civ. P. 5.2; *Snapkeys*, 2021 WL 1951250, at *3 (granting Google's motion to file under seal personally identifiable information of its current and former employees, including their email addresses and telephone numbers); *Sameer*, 2018 WL 4772035, at *1 (holding that Plaintiff had improperly failed to properly redact home addresses and birthdays from the second amended complaint); *Foltz*, 331 F.3d at 1137 (9th Cir. 2003); *Hawaii Pac. Health*, No. CIV. 04-00596 ACK-LE, 2007 WL 128853, at *1 (D. Haw. Jan. 10, 2007).

As discussed in detail in the declaration herewith, public disclosure of this information will cause severe and irreparable harm to not only Google's business relationships and its competitive position, but also that of Google's business partners—who are not parties to this lawsuit. Similarly, the PII of Google's employees (including their home addresses) is highly sensitive information, outweighing any public interest in disclosure. The following examples are illustrative.

- **Specific Deal Terms of Contracts with Non-Parties**. As described in the Cramer Decl. (*see, e.g.*, Paragraphs 14-16), filed herewith, Google's Opposition and supporting documents include information that reflect specific non-public details and deal terms offered by Google to certain of its business partners as part of Google's Project Hug program. Public disclosure of these specific programs and deal terms could give Google's competitors and developer partners an unfair advantage over Google in negotiations.

- **Strategy and Details of Negotiations with Non-Parties**. As described in the Cramer Decl. (*see, e.g.*, Paragraphs 9-10, 17-19), Google's Opposition and supporting papers include information that reflects Google's non-public, competitively sensitive, and current internal information, including strategic discussions about dealings with certain counterparties, including developers and OEMs. If disclosed, this information could cause Google harm by giving competitors key insights into Google's business strategy with respect to those counterparties, and competitors could adjust their own business strategies or adopt similar practices as a consequence.
- **Metrics Calculated from Internal, Confidential Google Data.** As described in the Cramer Decl. (*see* Paragraphs 11 and 12), Google's Opposition and supporting papers contain metrics calculated from Google's internal, confidential data concerning Android device coverage under certain commercial agreements. If publicly revealed, this information could cause Google competitive harm by giving other parties insight into exposure of Google's commercial agreements and a competitive advantage over Google in ongoing or future business negotiations.
- **Personally Identifiable Information**. As described in the Cramer Decl. (*see* Paragraph 13), Exhibit 8 contains personally identifiable information of a current Google employee. This employee has a reasonable expectation of privacy that would be infringed upon if this information were to be made public.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court seal the material identified in the accompanying Declaration of Christian Cramer.

Dated: October 5, 2023

Respectfully submitted,

By: */s/ Jonathan I. Kravis*
Jonathan I. Kravis

**MUNGER TOLLES & OLSON LLP**
Glenn D. Pomerantz
Kuruvilla Olasa
Emily C. Curran-Huberty
Jonathan I. Kravis
Justin P. Raphael
Kyle W. Mach

**MORGAN, LEWIS & BOCKIUS LLP**
Brian C. Rocca
Sujal J. Shah
Michelle Park Chiu
Minna Lo Naranjo
Rishi P. Satia

*Counsel for Defendants*