1   Karma M. Giulianelli (SBN 184175)
2   karma.giulianelli@bartlitbeck.com
    **BARTLIT BECK LLP**
3   1801 Wewatta St., Suite 1200
    Denver, Colorado 80202
4   Telephone: (303) 592-3100

5
    Hae Sung Nam (*pro hac vice*)
6   hnam@kaplanfox.com
    **KAPLAN FOX & KILSHEIMER LLP**
7   850 Third Avenue, 38th Floor
    New York, NY 10022
8   Telephone: (212) 687-1980

9
    *Co-Lead Counsel for the Class In In re Google*
10  *Play Consumer Antitrust Litigation*

11
    Paul J. Riehle (SBN 115199)
12  paul.riehle@faegredrinker.com
    **FAEGRE DRINKER BIDDLE & REATH**
13  **LLP**
    Four Embarcadero Center, 27th Floor
14  San Francisco, CA 94111
    Telephone: (415) 591-7500
15

16
    Christine A. Varney (*pro hac vice*)
17  cvarney@cravath.com
    **CRAVATH, SWAINE & MOORE LLP**
18  825 Eighth Avenue
    New York, New York 10019
19  Telephone: (212) 474-1000

20
    *Counsel for Plaintiff Epic Games, Inc. in Epic*
21  *Games, Inc. v. Google LLC et al.*

22

23

24

25

26  [Additional counsel appear on signature page]

27

28

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY**
**GENERAL**
160 E 300 S, 5th Floor
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0260

*Counsel for the Plaintiff States*

Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Counsel for Plaintiffs Match Group, LLC, et al.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**PLAINTIFFS' OMNIBUS MOTIONS *IN LIMINE* AND DEFENDANTS' RESPONSES THERETO**<br><br><br>Judge:  Honorable James Donato<br>Courtroom:    11, 19th Floor<br>Date:    October 19, 2023 at 1:30 pm |

1

## <u>TABLE OF CONTENTS</u>

2                                                                                                    **Page**

3   PLAINTIFFS' MOTION *IN LIMINE* NO. 1..................................................................1

4   DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1................................9

5   PLAINTIFFS' MOTION *IN LIMINE* NO. 2..................................................................16

6   DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2............................24

7   PLAINTIFFS' MOTION *IN LIMINE* NO. 3..................................................................31

8   DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3............................38

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Karma M. Giulianelli (SBN 184175)                Brendan P. Glackin (SBN 199643)
    karma.giulianelli@bartlitbeck.com                bglackin@agutah.gov
2   **BARTLIT BECK LLP**                              **OFFICE OF THE UTAH ATTORNEY**
    1801 Wewatta St., Suite 1200                      **GENERAL**
3   Denver, CO 80202                                  160 E 300 S, 5th Floor
    Telephone: (303) 592-3100                         P.O. Box 140872
4                                                     Salt Lake City, UT 84114-0872
    Hae Sung Nam (*pro hac vice*)                     Telephone: (801) 366-0260
5   hnam@kaplanfox.com
    **KAPLAN FOX & KILSHEIMER LLP**                   *Counsel for the Plaintiff States*
6   850 Third Avenue
    New York, NY 10022                                Douglas J. Dixon (SBN 275389)
7   Telephone: (212) 687-1980                         ddixon@hueston.com
                                                      **HUESTON HENNIGAN LLP**
8   *Co-Lead Counsel for the Class in In re Google*   620 Newport Center Drive, Suite 1300
    *Play Consumer Antitrust Litigation*              Newport Beach, CA 92660
9                                                     Telephone: (949) 229-8640
    Paul J. Riehle (SBN 115199)
10  paul.riehle@faegredrinker.com                     *Counsel for Plaintiffs Match Group, LLC, et al.*
    **FAEGRE DRINKER BIDDLE & REATH**
11  **LLP**
    Four Embarcadero Center, 27th Floor
12  San Francisco, CA 94111
    Telephone: (415) 591-7500
13
    Christine A. Varney (*pro hac vice*)
14  cvarney@cravath.com
    **CRAVATH, SWAINE & MOORE LLP**
15  825 Eighth Avenue
    New York, NY 10019
16  Telephone: (212) 474-1000

17  *Counsel for Plaintiff Epic Games, Inc. in Epic*
    *Games, Inc. v. Google LLC et al.*
18

19

20

21

22

23
    [Additional counsel appear on signature page]
24

25

26

27

28

1

2

**UNITED STATES DISTRICT COURT**

3

**NORTHERN DISTRICT OF CALIFORNIA**

4

**SAN FRANCISCO DIVISION**

5

Case No. 3:21-md-02981-JD

6

**IN RE GOOGLE PLAY STORE
ANTITRUST LITIGATION**

7

THIS DOCUMENT RELATES TO:

8

*Epic Games, Inc. v. Google LLC et al.*, Case
No. 3:20-cv-05671-JD

9

10

*In re Google Play Consumer Antitrust
Litigation*, Case No. 3:20-cv-05761-JD

11

*State of Utah et al. v. Google LLC et al.*, Case
No. 3:21-cv-05227-JD

12

13

*Match Group, LLC et al. v. Google LLC et al.*,
Case No. 3:22-cv-02746-JD

14

**PLAINTIFFS' MOTION *IN LIMINE*
NO. 1 TO EXCLUDE ARGUMENT &
EVIDENCE RE THE OUTCOME OF THE
EPIC V. APPLE LITIGATION**

Judge: Honorable James Donato
Courtroom:    11, 19th Floor
Date:   October 19, 2023 at 1:30 p.m.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that after conclusion of all briefing and on October 19, 2023, at 1:30 p.m., in Courtroom 11 of the above-entitled Court, located on the 19th floor of 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable James Donato, Plaintiffs will move the Court to preclude Google from offering evidence and argument about the outcome of trial and appellate proceedings in *Epic Games, Inc. v. Apple Inc.*, 20-cv-05640-YGR (N.D. Cal. 2020).

This Motion is based on this Notice of Motion, Memorandum of Points and Authorities, and all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as may be presented to the Court at the time of or before the hearing.

The Court should exclude evidence and argument about the outcome of *Epic Games, Inc. v. Apple Inc*., Case No. 20-cv-05640-YGR (N.D. Cal. 2020), No. 21-16506 (9th Cir. 2021) and any subsequent appellate proceedings (together, the "Apple Litigation") under Federal Rules of Evidence 401, 402, 403, and 802. The Ninth Circuit has long cautioned that allowing jurors to learn about the results of other cases poses the risk that jurors simply defer to those cases' outcomes. *See, e.g.*, *United States v. Sine*, 493 F.3d 1021, 1033-34 (9th Cir. 2007); *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007). Here, not only would evidence of judicial findings and rulings from the Apple Litigation mislead and distract the jury from the central inquiries in this case and waste time, *see* Fed. R. Evid. 401, 402, 403, the findings and orders from the Apple Litigation are also inadmissible hearsay. *See* Fed. R. Evid. 802.

## I.      Evidence of the Outcome of the Apple Litigation Should Be Excluded.

### A.      Evidence of the Apple Litigation's Outcome Has No Probative Value and Is Highly Prejudicial.

The outcome of the Apple Litigation is irrelevant to the merits of this case. *See* Fed. R. Evid. 401, 402. The Apple Litigation involved a different defendant, different facts, a different antitrust market, and different expert evidence. Judicial findings and rulings from a separate antitrust litigation against Apple do not make it any more or less likely that Google violated the antitrust laws. *See Ohio House LLC v. City of Costa Mesa*, 2022 WL 2189541, at *2 (C.D. Cal. Mar. 28, 2022) ("[T]hat prior litigants have lost, says nothing about the merits of this case, and would clearly be prejudicial with no counterbalancing probity.").

Not only does the Apple Litigation's outcome have no probative value, its introduction poses "a substantial risk that the jury would import the whole verdict" from the Apple Litigation rather than decide this case on its merits. *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1010 (9th Cir. 2007). That would be improper and highly prejudicial to Plaintiffs. *See* Fed. R. Evid. 403; *Sine*, 493 F.3d at 1033-34 (explaining that evidence of outcomes from other proceedings "should [generally] be excluded under Rule 403"); *Engquist*, 478 F.3d at 1008-10 (affirming exclusion of verdict from prior state court proceeding under Rule 403 because of the "risk or prejudice and confusion the verdict posed"); *see also United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th

Cir. 2005) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.").

In addition, introduction of the Apple Litigation outcome would require extensive and irrelevant evidentiary detours that would needlessly distract from the issues and facts relevant to *this* litigation. To even attempt to defend against the undue prejudice caused by judicial findings and conclusions in that other litigation, Plaintiffs would be forced—in a trial about *Google's* violations of the antitrust laws—to present "time-consuming tangents about the merits" of the antitrust litigation against *Apple*. *See Grace v. Apple, Inc.*, 2020 WL 227404, at *3 (N.D. Cal. Jan. 15, 2020). The result would be a mini "trial [about *Apple's* challenged iOS app distribution and IAP monopolies] within th[e] trial" on *Google's* monopolies of Android app distribution and in-app billing services. *See Duran v. City of Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000). This would not only be unduly time-consuming, but also confusing to the jury and thus should be excluded. *See* Fed. R. Evid. 403.

    B.   <u>Judicial Findings and Rulings from the Apple Litigation Are Inadmissible Hearsay.</u>

Google may seek to introduce the findings and conclusions from the Apple Litigation so that the jury will accept those as true for purposes of deciding Plaintiffs' claims against Google. But "[a] court judgment is hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment." *Sine*, 493 F.3d at 1036. Moreover, "the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis [also] constitutes the use of hearsay." *Id.*[1] Because the outcome of the Apple Litigation has no relevant, non-hearsay purpose, findings and orders from that litigation are also inadmissible on that basis. *See* Fed. R. Evid. 802.

---

[1] While "[t]wo hearsay exceptions in the Federal Rules of Evidence explicitly allow for the admission of judgments," neither of these public records exceptions applies here. *See Sine*, 493 F.3d at 1036; *see* Fed. R. Evid. 803(22), (23). "Those exceptions, [] are limited to (1) prior judgments involving criminal convictions subject to more than one year of imprisonment, [] and (2) judgments used to provide 'proof of matters of personal, family or general history, or boundaries.'" *Id.* at 1036-37.

- 5 -

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
PLAINTIFFS' MIL NO. 1 RE APPLE LITIGATION 5

1    **II.    Evidence of the Existence of the Apple Litigation Is Admissible.**

2        By contrast, the *fact* of the Apple Litigation may be admissible for limited purposes—for

3    example, to show that Plaintiffs also are concerned about anticompetitive conduct by Apple's App

4    Store practices, and not just targeting Google through this litigation. *See In re Michaely*, 201 F.

5    App'x 440, 441 (9th Cir. 2006) ("Courts generally may take judicial notice to establish the fact of

6    litigation in another court, but not for the truth of the matters in that litigation."). For example, in

7    *Oracle America, Inc. v. Google, Inc.*, Google sought to exclude reference to the plaintiff's prior

8    litigation, in which the plaintiff had alleged that another tech company had wrongfully advertised

9    that its products were compatible with the plaintiff's software. 847 F. Supp. 2d 1178 (N.D.

10   Cal. 2012). The court permitted reference to the prior litigation for only that limited purpose—"to

11   show that [the plaintiff] took fragmentation seriously" (*i.e.*, that plaintiff had sued other companies

12   to protect its software against fragmentation)—but excluded all evidence related to the litigation's

13   "settlement amounts, or any allusions to settlement amounts" (*i.e.*, the litigation's outcome). *Id.*

14   at 1788; *see also Forte v. Schwartz*, 2018 WL 10637031, at *2 (E.D. Cal. Feb. 21, 2018) (permitting

15   plaintiff to "introduce evidence that the lawsuit was filed" but excluding "[d]etails of evidence

16   presented . . . , the conduct of the trial, and the outcome of the lawsuit"). Here, the fact of the Apple

17   Litigation may be admissible for a similar, limited purpose—to avoid a misleading impression that

18   Plaintiffs have challenged only Google's policies—while the outcome and findings remain excluded.

19   *See* Section I above.

20       For each independent reason stated above, the Court should exclude evidence of the Apple

21   Litigation's outcome.

22

23

24

25

26

27

28

Dated:  September 21, 2023

CRAVATH, SWAINE & MOORE LLP
Christine Varney *(pro hac vice)*
Gary A. Bornstein *(pro hac vice)*
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Justin C. Clarke *(pro hac vice)*
Michael J. Zaken *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By: */s/ Gary A. Bornstein*
Gary A. Bornstein

*Counsel for Plaintiff Epic Games, Inc.*

Dated:  September 21, 2023

HUESTON HENNIGAN LLP
Douglas J. Dixon
Christine Woodin
Joseph A. Reiter

Respectfully submitted,

By: */s/ Douglas J. Dixon*
Douglas J. Dixon

*Counsel for Plaintiffs Match Group, LLC et al.*

Dated:  September 21, 2023

BARTLIT BECK LLP
Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

Respectfully submitted,

By: */s/ Karma M. Giulianelli*
Karma M. Giulianelli

*Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  September 21, 2023

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

Respectfully submitted,

By: */s/ Elizabeth C. Pritzker*
 Elizabeth C. Pritzker

*Liaison Counsel for the Class in In re Google Play Consumer Antitrust Litigation*


Dated:  September 21, 2023

OFFICE OF THE UTAH ATTORNEY GENERAL
Brendan P. Glackin
Lauren M. Weinstein

Respectfully submitted,

By: */s/ Brendan P. Glackin*
 Brendan P. Glackin

*Counsel for the Plaintiff States*

- 8 -

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
PLAINTIFFS' MIL NO. 1 RE APPLE LITIGATION

1    Brian C. Rocca, S.B. #221576                  Glenn D. Pomerantz, S.B. #112503
     brian.rocca@morganlewis.com                   glenn.pomerantz@mto.com
2    Sujal J. Shah, S.B. #215230                    Kuruvilla Olasa, S.B. #281509
     sujal.shah@morganlewis.com                    kuruvilla.olasa@mto.com
3    Michelle Park Chiu, S.B. #248421              Nicholas R. Sidney, S.B. #308080
     michelle.chiu@morganlewis.com                 nick.sidney@mto.com
4    Minna Lo Naranjo, S.B. #259005                **MUNGER, TOLLES & OLSON LLP**
     minna.naranjo@morganlewis.com                 350 South Grand Avenue, Fiftieth Floor
5    Rishi P. Satia, S.B. #301958                  Los Angeles, California 90071
     rishi.satia@morganlewis.com                   Telephone: (213) 683-9100
6    **MORGAN, LEWIS & BOCKIUS LLP**
     One Market, Spear Street Tower
7    San Francisco, CA 94105                       Kyle W. Mach, S.B. #282090
     Telephone: (415) 442-1000                     kyle.mach@mto.com
8                                                  Justin P. Raphael, S.B. #292380
                                                   justin.raphael@mto.com
     Richard S. Taffet, *pro hac vice*            Emily C. Curran-Huberty, S.B. #293065
9    richard.taffet@morganlewis.com                emily.curran-huberty@mto.com
     **MORGAN, LEWIS & BOCKIUS LLP**               Dane P. Shikman, S.B. #313656
10   101 Park Avenue                               dane.shikman@mto.com
     New York, NY 10178                            Rebecca L. Sciarrino, S.B. #336729
11   Telephone: (212) 309-6000                     rebecca.sciarrino@mto.com
                                                   **MUNGER, TOLLES & OLSON LLP**
12   *Counsel for Defendants*                      560 Mission Street, Twenty Seventh Floor
                                                   San Francisco, California 94105
13                                                 Telephone: (415) 512-4000

14                                                 Jonathan I. Kravis, *pro hac vice*
                                                   jonathan.kravis@mto.com
15                                                 Lauren Bell, *pro hac vice*
                                                   Lauren.Bell@mto.com
16                                                 **MUNGER, TOLLES & OLSON LLP**
                                                   601 Massachusetts Avenue NW, Suite 500E
17                                                 Washington, D.C. 20001
                                                   Telephone: (202) 220-1100

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**IN RE GOOGLE PLAY STORE
ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games Inc. v. Google LLC et al.*,
Case No. 3:20-cv-05671-JD

*In re Google Play Consumer Antitrust
Litigation*, Case No. 3:20-cv-05761-JD

*State of Utah et al. v. Google LLC et al.*,
Case No. 3:21-cv-05227-JD

*Match Group, LLC, et al. v. Google LLC, et al.*,
Case No. 3:22-cv-01746-JD

Case No. 3:21-md-02981-JD

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* NO.
1 TO EXCLUDE ARGUMENT &
EVIDENCE RE THE OUTCOME OF
THE *EPIC V. APPLE* LITIGATION**

Judge Hon. James Donato

Date:        October 19, 2023
Time:        1:30 p.m.
Courtroom:   11

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1:  TO EXCLUDE ARGUMENT & EVIDENCE REGARDING THE OUTCOME OF THE *EPIC V. APPLE* LITIGATION**

Evidence that Epic lost its antitrust claims against Apple is relevant to Google's and Epic's arguments at trial and is not hearsay.  Google will argue that Android devices and Apple devices compete and that competition between the Google Play store and the Apple App Store is an important part of that device competition.  Both Apple's and Google's app stores—like PC and game console app stores that facilitate digital content transactions—use the same basic service fee model.  The fact that the Play store's primary competitor was found to lawfully use the same basic service fee model provides a pro-competitive justification for Google's use of the model, making evidence of this outcome relevant and highly probative.  Indeed, a ruling against Google in this case could mean that Google's primary competitor, the Apple App Store, is lawfully permitted to use the service fee model under the protection of the *Epic v. Apple* decision, while Google is not.

Google expects Plaintiffs to argue at trial that Apple's use of the same basic service fee model has no bearing on Google's conduct because Apple is also engaged in monopolistic behavior in a different market.  But it would be profoundly unfair to allow Plaintiffs to argue that Apple is also a monopolist without informing the jury that Epic brought this claim against Apple and lost.  Indeed, Plaintiffs' position that evidence of the Apple lawsuit should be admissible for a limited purpose invites unfair and absurd results.  If the jury learns about the fact of Epic's lawsuit against Apple but not its outcome, the jury will be invited to speculate that Epic may have *won* the lawsuit against Apple, and that a similar verdict against Google is only fair.  Finally, because the outcome of *Epic v. Apple* is introduced to prove effect on the marketplace, it is not hearsay.

## I.     ARGUMENT

### A.     The Outcome of *Epic v. Apple* Is Relevant to and Probative of the Market Conditions Facing the Google Play Store.

Evidence of the lawful use of the basic service fee model being challenged in this case is relevant and highly probative evidence.  "Whether an antitrust violation exists necessarily depends on a careful analysis of market realities."  *NCAA v. Alston*, 141 S. Ct. 2141, 2158 (2021); *see also Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 466–68 (1992) (antitrust analysis

-11-

requires consideration of the "reality of the market at issue"). Here, the market reality is that the Play store and its primary competitor, the Apple App Store, use the same basic service fee model: they collect a service fee through their own billing system for the benefits the store provides *only* when the developer makes a sale of digital content in an app downloaded from the store. This model is important to attract developers because it enables them to distribute their apps for free to build a broad user base. The reality that Apple, too, uses this basic model shows that Google's business model reflects competition rather than a mechanism to charge supracompetitive fees.

Google expects Plaintiffs to argue that Google's use of the same basic service fee model as Apple is immaterial because Apple is also a monopolist in a separate market. As explained in Google's Motion *in Limine* No. 1, Epic's loss in *Epic v. Apple* precludes Epic from making that argument here. Regardless, without knowing the result of *Epic v. Apple*, the jury will be left with the misimpression that a verdict in Plaintiffs' favor could lead to a similar lawsuit and a similar verdict against Apple, leveling the playing field by requiring the Apple App Store and the Google Play store to operate under the same restrictions. In fact, Epic has already brought such a case against Apple and lost. The jury is entitled to understand that market reality.

Plaintiffs' own motion illustrates the danger of jury speculation. Plaintiffs suggest that they will introduce the fact that Epic sued Apple "to show that Plaintiffs also are concerned about anticompetitive conduct by Apple's App Store practices." Plaintiffs' Motion *in Limine* No. 1 at 3. Plaintiffs cannot have their cake and eat it too by suggesting to the jury that Plaintiffs have sought or may seek similar relief with respect to the Apple App Store while precluding Google from introducing evidence that such claims have already been rejected in *Epic v. Apple*.

Plaintiffs would not be prejudiced by having the jury understand that any "concern[] about anticompetitive conduct by Apple's App Store practices," Mot. at 3, has already been litigated unsuccessfully. "Any danger that the jury" might give "undue weight to" the *Epic v. Apple* judgment can be "dealt with by a cautionary instruction." *United States v. Boulware*, 384 F.3d 794, 808 (9th Cir. 2004). Unlike *Engquist v. Oregon Department of Agriculture*, 478 F.3d 985, 1009 (9th Cir. 2007)—a case Plaintiffs cite—this is not a case where "a jury is likely to give prior verdict against the same defendant more weight than it warrants." *Id.* (citation omitted).

Plaintiffs' other authorities did not involve that situation, either.[1]  Here, as in *Boulware* (and not *Enquist*), the prior judgment does not involve the same defendant, and the Court can therefore "easily control[] any danger that the jury would give undue weight to the . . . judgment."  *Id.*  And Plaintiffs' argument that settlement amounts are inadmissible, *see Oracle America, Inc. v. Google, Inc.*, 847 F. Supp. 2d 1178, 1188 (N.D. Cal. 2012) (holding that "settlement amounts, or any allusions to settlement amounts, cannot be referenced in front of the jury"), is irrelevant.  (Epic did not settle the Apple case; it lost.)  That argument does, however, support Google's Motion *in Limine* to preclude evidence of settlements in this MDL.

**B.      The Outcome of the *Epic v. Apple* Decision Is Not Hearsay.**

The legal effect of the *Epic v. Apple* decisions on Epic (it lost) and Apple (it can continue using its business model) is not hearsay.  "A prior judgment is not hearsay . . . to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties."  *Boulware*, 384 F.3d at 806–07.  Thus, the *Epic v. Apple* judgment is not hearsay when offered to show that Apple is entitled, according to U.S. courts, to continue conduct centrally relevant to this litigation.  *Id.* ("offering the judgment not for the truth of the matters asserted in the judgment, but rather to establish the judgment's legal effect" was "a nonhearsay purpose").[2]  Plaintiffs' argument that separate judgments cannot be admitted for the truth of their findings supports *Google's* motion to preclude Plaintiffs and their experts from using findings from foreign proceedings to prove Google's liability, *see* Defendants' Motion *in Limine* No. 7, but it does not bar the use of the legal effect of the *Epic v. Apple* decision.

---

[1] *Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2020 WL 227404 (N.D. Cal. Jan. 15, 2020) (rejecting evidence of a prior verdict that "was vacated"); *Ohio House LLC v. City of Costa Mesa*, No. SACV191710JVSPJWX, 2022 WL 2189541, at *3 (C.D. Cal. Mar. 28, 2022) (defendant could not introduce evidence that plaintiffs' counsel had lost prior cases involving similar theories on behalf of different plaintiffs).

[2] *See also Callan v. New York Cmty. Bank*, 643 F. App'x 666, 667 (9th Cir. 2016) (complaint and findings of fact not hearsay where not offered for truth of contents); *Orthotec, LLC v. Reo Spineline, LLC*, 438 F. Supp. 2d 1122, 1129 (C.D. Cal. 2006) (outcome of judgment in prior civil case not hearsay); *Sempra Energy v. Marsh USA, Inc.*, No. CV 07-05431 SJO (JCx), 2008 WL 11335050, at *2 (C.D. Cal. Oct. 15, 2008) ("The fact of the prior judgment against Sempra is not hearsay because it is a 'legally operative' statement of Sempra's rights.").

DATED:  October 2, 2023              Respectfully submitted,


                                     By:      */s/ Glenn D. Pomerantz*
                                            Glenn D. Pomerantz

                                            Glenn D. Pomerantz, S.B. #112503
                                            glenn.pomerantz@mto.com
                                            Kuruvilla Olasa, S.B. #281509
                                            kuruvilla.olasa@mto.com
                                            Nicholas R. Sidney, S.B. #308080
                                            nick.sidney@mto.com
                                            **MUNGER, TOLLES & OLSON LLP**
                                            350 South Grand Avenue, Fiftieth Floor
                                            Los Angeles, California 90071
                                            Telephone: (213) 683-9100
                                            *Counsel for Defendants Google LLC, et al.*

                                            Kyle W. Mach, S.B. #282090
                                            kyle.mach@mto.com
                                            Justin P. Raphael, S.B. #292380
                                            justin.raphael@mto.com
                                            Emily C. Curran-Huberty, S.B. #293065
                                            emily.curran-huberty@mto.com
                                            Dane P. Shikman, S.B. #313656
                                            dane.shikman@mto.com
                                            Rebecca L. Sciarrino, S.B. #336729
                                            rebecca.sciarrino@mto.com
                                            **MUNGER, TOLLES & OLSON LLP**
                                            560 Mission Street, Twenty Seventh Floor
                                            San Francisco, California 94105
                                            Telephone: (415) 512-4000

                                            Jonathan I. Kravis, *pro hac vice*
                                            jonathan.kravis@mto.com
                                            Lauren Bell, *pro hac vice*
                                            Lauren.Bell@mto.com
                                            **MUNGER, TOLLES & OLSON LLP**
                                            601 Massachusetts Avenue NW, Suite 500E
                                            Washington, D.C. 20001
                                            Telephone: (202) 220-1100

Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Neal Kumar Katyal, *pro hac vice*
neal.katyal@hoganlovells.com
Jessica L. Ellsworth, *pro hac vice*
jessica.ellsworth@hoganlovells.com
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Counsel for Defendants Google LLC, et al.*

Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980

*Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY GENERAL**
160 E 300 S, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0260

*Counsel for the Plaintiff States*

Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Counsel for Plaintiffs Match Group, LLC, et al.*

-15-

[Additional counsel appear on signature page]

-16-

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
PLAINTIFFS' MIL NO. 2

1

2                    UNITED STATES DISTRICT COURT

3                  NORTHERN DISTRICT OF CALIFORNIA

4                     SAN FRANCISCO DIVISION

5

6   **IN RE GOOGLE PLAY STORE**          Case No. 3:21-md-02981-JD
    **ANTITRUST LITIGATION**
7                                         **PLAINTIFFS' MOTION *IN LIMINE***
    THIS DOCUMENT RELATES TO:             **NO. 2 TO EXCLUDE ARGUMENT &**
8                                         **EVIDENCE REGARDING OTHER**
    *Epic Games, Inc. v. Google LLC et al.*, Case   **LITIGATION, INVESTIGATIONS, AND**
9   No. 3:20-cv-05671-JD                  **SETTLEMENTS INVOLVING**
                                          **PLAINTIFFS**
10  *In re Google Play Consumer Antitrust*
    *Litigation*, Case No. 3:20-cv-05761-JD
11                                        Judge:  Honorable James Donato
    *State of Utah et al. v. Google LLC et al.*, Case   Courtroom:    11, 19th Floor
12  No. 3:21-cv-05227-JD                  Date:   October 19, 2023 at 1:30 p.m.

13  *Match Group, LLC et al. v. Google LLC et al.*,
    Case No. 3:22-cv-02746-JD
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2

    **PLEASE TAKE NOTICE** that after conclusion of all briefing and on October 19, 2023, at

3

1:30 p.m., in Courtroom 11 of the above-entitled Court, located on the 19th floor of 450 Golden

4

Gate Avenue, San Francisco, California 94102, before the Honorable James Donato, Plaintiffs will

5

move to exclude all argument and evidence about other litigations, investigations, and settlements

6

involving Plaintiffs.

7

    This Motion is based on this Notice of Motion, Memorandum of Points and Authorities, and

8

all matters with respect to which this Court may take judicial notice, and such oral and documentary

9

evidence as may be presented to the Court at the time of or before the hearing.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs move to exclude evidence and argument regarding litigation, investigations, and settlements involving the Match Plaintiffs or Epic ("other proceedings"). The Court should exclude evidence of other proceedings because: (1) they have no probative value (Rules 401, 402); (2) they are highly prejudicial, and their introduction would needlessly waste time and confuse the jury (Rule 403); and (3) evidence regarding settlement agreements is inadmissible under Rule 408.

## I.   Evidence of Other Proceedings Against Plaintiffs Have No Probative Value.

This is an antitrust case about Google's conduct and its anticompetitive effects. Nevertheless, Google may attempt to introduce irrelevant evidence or arguments regarding unrelated proceedings involving the Match Plaintiffs or Epic in an attempt to distract the jury, smear the Match Plaintiffs and Epic as bad actors, or claim that Google's anticompetitive conduct somehow protects against the risks alleged in the other proceedings. The other proceedings have nothing to do with the claims at issue here and should be excluded under Rules 401 and 402.

*First*, the other proceedings are irrelevant to Google's liability under the antitrust laws or Google's manufactured counterclaims. For example, *FTC v. Match Group Inc.* involves allegations that subscription cancellation processes on the Match.com **website** are not "simple" as required by the Restore Online Shopper's Act. This case has nothing to do with Android apps, much less the Google Play Store. Whether that allegation is true or not (it is not), it is not probative of the relevant issues in this case, *i.e.*, whether Google engaged in antitrust violations or the Match Plaintiffs breached any agreement with Google.

*Second*, none of the other proceedings involving the Match Plaintiffs or Epic is probative of any bad acts by either. The fact that an investigation or lawsuit was initiated or settled is not evidence that the underlying allegations are true. *See United States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012) ("We risk stating the obvious here: a complaint is merely an accusation of conduct and not, of course, proof that the conduct alleged occurred."); *In re Homestore.com, Inc.*, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (excluding "reference to or evidence of [p]laintiff's involvement in other litigation" because it was "irrelevant and carrie[d] with it a high risk of prejudice").[1] Thus, evidence

---

[1] Even if the other proceedings had resulted in a finding of liability, evidence of the other proceedings
(Continued...)

- 19 -

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
PLAINTIFFS' MIL NO. 2

of the other proceedings involving some of the Match Plaintiffs or Epic has no probative value.

*Third*, Google may argue that the other proceedings—to the extent they pertain to the Match Plaintiffs' and Epic's respective billing policies—are relevant to show examples of risks to users that justify Google's requirement that all Android developers exclusively use Google's payment solution for all in-app sales of digital goods. This is just *post hoc* backfilling. Google is free to argue that its challenged policies were intended to ensure the security of payments on Android generally, but it should not be allowed to point to unproven allegations in that regard against the Match Plaintiffs or Epic—allegations that post-dated and had nothing to do with Google's decision to adopt these policies. Google's argument is also patently inconsistent with its actual conduct. While Google requires exclusive use of its own payment solution for in-app sales of *digital* goods, Google permits the use of *other* (non-Google) payment solutions for billions of in-app transactions in Android apps, including (i) all in-app sales of *physical* goods or services; (ii) all in-app sales of digital goods where developers opt to utilize an alternative payment solution under Google's recently announced User Choice Billing program; and (iii) until shortly after this litigation began, all in-app sales of digital goods that could be consumed outside the app in which they were sold.

## II.   Evidence of Other Proceedings Against Plaintiffs Are Highly Prejudicial.

Even if the other proceedings had any probative value (they do not), that value would be substantially outweighed by the high potential for unfair prejudice to the Match Plaintiffs and Epic. *See* Fed. R. Evid. 403; *U.S. v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." (citation omitted)). Courts in this Circuit routinely exclude evidence regarding unrelated legal proceedings to avoid tainting the merits of the claims at issue. *See id.*; *Grace v. Apple, Inc.*, 2020 WL 227404, at *2

---

would still be inadmissible. Under Rule 404(b), such evidence would be improper character evidence. *See Kramas v. Sec. Gas & Oil Inc.*, 672 F.2d 766, 772 (9th Cir. 1982) (affirming refusal to admit under Rule 404(b) evidence of consent decree entered in SEC enforcement proceeding). And allegations or prior rulings from unrelated legal proceedings would be inadmissible hearsay under Rule 802. *See United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) ("A court judgment is hearsay 'to the extent that it is offered to prove the truth of the matters asserted in the judgment.'" (citation omitted)); *see also Ohio House LLC v. City of Costa Mesa,* 2022 WL 2189541, at *2 (C.D. Cal. Mar. 28, 2022) (excluding "actual prior rulings" because "such evidence would be hearsay").

1   (N.D. Cal. Jan. 15, 2020) (excluding evidence of other litigation because it held "minimum probative

2   value"); *Ohio House*, 2022 WL 2189541, at *2 ("[T]hat prior litigants have lost, says nothing about

3   the merits of this case, and would clearly be prejudicial with no counterbalancing probity."). 

4   Evidence of other proceedings would misdirect the jury's attention to unproven external allegations

5   that cast Match Plaintiffs and Epic as bad actors who have allegedly violated the law. *See In re Tesla,*

6   *Inc. Sec. Litig.*, 2022 WL 17582008, at *18 (N.D. Cal. Dec. 7, 2022) (probative value of SEC

7   "complaints and settlements [that] resulted in no agency findings" was "minimal" and "outweighed

8   by the risk of undue prejudice because a jury could be tempted to find liability based on the[m]").

9          In addition, arguments about the other proceedings against Plaintiffs—outside their original

10   factual and legal context—would require confusing evidentiary detours and waste both the Court's

11   and jury's time. Plaintiffs would be forced to introduce testimony and evidence in defense of these

12   other proceedings, which would "likely [] give rise to time-consuming tangents about the

13   [proceedings'] merits[.]" *Grace*, 2020 WL 227404, at *3. This trial is already complex and will

14   already require several weeks of the jury's close attention to myriad issues without a "full-blown

15   trial within th[e] trial" on issues unrelated to the core antitrust issues in the case. *Duran v. City of*

16   *Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000). The Court should prevent such a sideshow.

17   **III.   Evidence of Settlements Is Inadmissible Under Rule 408.**

18          That the Match Plaintiffs or Epic entered into settlement agreements in some of the other

19   proceedings is also inadmissible under Rule 408(a) to prove that Plaintiffs engaged in the conduct

20   alleged here. *See Brocklesby v. United States*, 767 F.2d 1288, 1292 (9th Cir. 1985) ("Federal Rule

21   of Evidence 408 bars the admission of settlement agreements to prove liability."); *United States v.*

22   *Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982) (excluding evidence of a settlement

23   between the plaintiff and a third party under Rule 408). This is because settlements are often

24   "motivated by a desire for peace rather than from a concession of the merits of the claim." Fed. R.

25   Evid. 408 advisory committee note. Google cannot introduce evidence or arguments regarding

26   unrelated settlement agreements to prove that the Match Plaintiffs or Epic actually engaged in the

27   conduct alleged in the other proceedings.

28          For the reasons stated above, the Court should exclude evidence of the other proceedings.

- 21 -

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
PLAINTIFFS' MIL NO. 2

| | |
|---|---|
| Dated:  September 21, 2023 | CRAVATH, SWAINE & MOORE LLP |
| | Christine Varney *(pro hac vice)* |
| | Gary A. Bornstein *(pro hac vice)* |
| | Yonatan Even *(pro hac vice)* |
| | Lauren A. Moskowitz *(pro hac vice)* |
| | Justin C. Clarke *(pro hac vice)* |
| | Michael J. Zaken *(pro hac vice)* |
| | M. Brent Byars *(pro hac vice)* |

FAEGRE DRINKER BIDDLE & REATH LLP
Paul J. Riehle (SBN 115199)

Respectfully submitted,

By:  */s/ Gary A. Bornstein*
Gary A. Bornstein

*Counsel for Plaintiff Epic Games, Inc.*

Dated:  September 21, 2023

HUESTON HENNIGAN LLP
Douglas J. Dixon
Christine Woodin
Joseph A. Reiter

Respectfully submitted,

By:  */s/ Douglas J. Dixon*
Douglas J. Dixon

*Counsel for Plaintiffs Match Group, LLC et al.*

Dated:  September 21, 2023

BARTLIT BECK LLP
Karma M. Giulianelli

KAPLAN FOX & KILSHEIMER LLP
Hae Sung Nam

Respectfully submitted,

By:  */s/ Karma M. Giulianelli*
Karma M. Giulianelli

*Co-Lead Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

- 22 -

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
PLAINTIFFS' MIL NO. 2

Dated:  September 21, 2023

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

Respectfully submitted,

By: */s/ Elizabeth C. Pritzker*
    Elizabeth C. Pritzker

*Liaison Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

Dated:  September 21, 2023

OFFICE OF THE UTAH ATTORNEY GENERAL
Brendan P. Glackin
Lauren M. Weinstein

Respectfully submitted,

By: */s/ Brendan P. Glackin*
    Brendan P. Glackin

*Counsel for the Plaintiff States*

- 23 -

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
PLAINTIFFS' MIL NO. 2

Brian C. Rocca, S.B. #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B. #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B. #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B. #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B. #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
Nicholas R. Sidney, S.B. #308080
nick.sidney@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
Rebecca L. Sciarrino, S.B. #336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
Lauren Bell, *pro hac vice*
Lauren.Bell@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** <br><br> THIS DOCUMENT RELATES TO: <br><br> *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD <br><br> I*n re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD <br><br> *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD <br><br> *Match Group, LLC, et al., v. Google LLC, et al.*, Case No. 3:22-cv-01746-JD | Case No. 3:21-md-02981-JD <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE ARGUMENT & EVIDENCE REGARDING OTHER LITIGATION, INVESTIGATIONS, AND SETTLEMENTS INVOLVING PLAINTIFFS** <br><br> Judge Hon. James Donato <br><br> Date:     October 19, 2023 <br> Time:    1:30 p.m. <br> Courtroom:  11 |

1   **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2:  TO**
2   **EXCLUDE ARGUMENT & EVIDENCE REGARDING OTHER LITIGATION,**
    **INVESTIGATIONS, AND SETTLEMENTS INVOLVING PLAINTIFFS**

3          Match and Epic assert that evidence of other proceedings are "highly prejudicial," and

4   "would misdirect the jury's attention to unproven external allegations" because "[t]he fact that an

5   investigation or lawsuit was initiated or settled is not evidence that the underlying allegations are

6   true."  *See* Plaintiffs' Motion *in Limine* No. 2 at 1–3.  For similar reasons, Google has moved *in*

7   *limine* to preclude evidence and argument related to litigation and settlements with Developers, the

8   Consumer Class, and State Plaintiffs in this MDL.  *See generally* Defendants' Motion *in Limine*

9   No. 4.  Google accordingly offered Plaintiffs a stipulation that would have spared the Court the

10  burden of two motions *in limine*.  Under Google's proposal, except as necessary to cure

11  misimpressions introduced to the jury at trial, no party would seek to admit evidence of (1) U.S.

12  litigation against Epic or Match or settlements of that litigation or (2) other litigation in this MDL

13  against Google or settlements of that litigation.  Plaintiffs rejected that proposal, apparently

14  insisting that settled lawsuits against Google are admissible but settled lawsuits against Epic or

15  Match are not.

16         Google continues to believe that the sounder course would be to preclude evidence of

17  investigations or cases involving a party that did not reach judgment (including because they were

18  settled), unless introducing such evidence is required to cure a misimpression that a party creates

19  at trial.  *See In re Air Disaster at Lockerbie Scotland on Dec. 21, 1988*, 37 F.3d 804, 817 (2d Cir.

20  1994) ("A trial court may in the interests of fairness allow otherwise inadmissible evidence on an

21  issue when necessary to rebut a false impression left by inadmissible evidence introduced by an

22  opposing party."); *Meyers v. United States*, 147 F.2d 663, 667 (9th Cir. 1945) (otherwise-

23  inadmissible evidence allowable when required "in the interests of fairness, for the purpose of

24  refuting evidence offered by an adverse party and of eliminating an unfair prejudice").  Such an

25  order would resolve this motion and Defendants' Motion *in Limine* No. 4 by precluding evidence

26  and argument related to litigation and settlements with Developers, the Consumer Class, and State

27  Plaintiffs in this MDL.

28

-26-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2
Case Nos. 3:21-md-02981-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD, 3:21-cv-05227-JD, 3:22-cv-01746-JD

1    Absent such an order, the court should deny Plaintiffs' one-sided motion.  It would be

2 unfair for Plaintiffs to introduce evidence of lawsuits that Google has settled while barring Google

3 from introducing evidence of lawsuits that Plaintiffs have settled.  Plaintiffs suggested during meet

4 and confer that they should be able to introduce evidence of Google's settlements of other

5 litigation in this MDL to rebut any suggestion or evidence Google introduces that it made changes

6 to its business model for competitive rather than litigation reasons.  Google disagrees with these

7 assertions.  But Google notes that the same would be true of Plaintiffs.

8    During the time period at issue in this case, both Epic and Match used billing policies that

9 resulted in consumers making unwanted purchases.  Whereas Google's billing system includes

10 parental controls to help parents monitor their children's purchases, Epic's *Fortnite* game did not

11 have proper controls.  As one parent complained to Epic CEO Tim Sweeney, "Most other games

12 companies have clear steps before you can purchase . . . . Your purchase process has none of these

13 steps and we believe that it's designed to take advantage of young users and accidental purchase."

14 Ex.[1] 1, EPIC_ GOOGLE_00929129 (Nov. 13, 2019 email from a parent to Tim Sweeney).  For its

15 part, Match used a billing process that made it difficult for consumers to cancel recurring

16 subscriptions to its dating apps.  As one Match executive explained: "███████████████████

17 ████████████████████████████████████████████████

18 ████████████████████████████████████████████████████

19 ██████████████████████████." Ex. 2, MATCHGOOGLE00087739 ██████████

20 ████████████████████████████████████████████████).

21    At trial, Plaintiffs may claim that Epic and/or Match have made changes to their business

22 practices to address these issues.  If Plaintiffs introduce that evidence, then Plaintiffs' logic

23 regarding Google's settlements would mean that Google should be able to introduce evidence that,

24 for example, Epic made changes its billing practices to settle a lawsuit in which the Federal Trade

25 Commission alleged that "Epic—employing myriad design tricks known as 'dark patterns'—has

26 charged consumers" for in-game items to be used in *Fortnite* "without first obtaining their express

27

28 [1] All references to "Ex." are exhibits to the Declaration of Justin P. Raphael served herewith.

informed consent, and then has banned consumers from accessing previously paid-for content when they have disputed unauthorized charges with their credit card providers."[2]  The FTC alleged that Epic persisted in this conduct even though it "received more than one million complaints from consumers related to such unwanted charges" and Epic employees "raised concerns about unwanted charges and repeatedly recommended measures to address them."  *Id.* ¶¶ 34, 35.  To resolve those allegations, Epic agreed to pay $245 million in refunds and make changes to its billing policies.  Epic touted those changes in a press release claiming that it wants "to be at the forefront of consumer protection and provide the best experience for our players."[3]

Such arguments about "opening the door" are best treated in context.  Google therefore asks the Court to preclude evidence of any investigation, litigation that did not reach judgment, or settlement involving any party except to the extent required to cure prejudice at trial, which would resolve this motion and Defendants' Motion *in Limine* No. 4.  Absent such an order excluding evidence and argument related to litigation and settlements with Developers, the Consumer Class, and State Plaintiffs in this MDL, Google requests the Court deny Plaintiffs' one-sided motion.

---

[2] Complaint at 1, *United States of Am. before the Fed. Trade Comm'n In re Epic Games, Inc.*, 20230517A NYCBAR 307, 2023 WL 4268145 (FTC May 17, 2023).

[3] Press Release:  Epic Games.com, Epic FTC Settlement and Moving beyond long standing industry practices, (Dec. 19, 2022), https://www.epicgames.com/site/en-US/news/epic-ftc-settlement-and-moving-beyond-long-standing-industry-practices.  The FTC has alleged that Match has "fail[ed] to provide simple mechanisms for consumers to stop recurring charges" and "in numerous instances, barr[ed] customers who have disputed charges through their financial institutions from using already paid-for Match.com subscription services."  *See* Mot. for S.J. at 2–3 , *FTC v. Match*, No. 3:19-cv-02281-K (N.D. Tx. Sept. 11, 2023), ECF No. 198.

DATED:  October 2, 2023

Respectfully submitted,

By:      */s/ Glenn D. Pomerantz*

Glenn D. Pomerantz

Glenn D. Pomerantz, S.B. #112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, S.B. #281509
kuruvilla.olasa@mto.com
Nicholas R. Sidney, S.B. #308080
nick.sidney@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
*Counsel for Defendants Google LLC, et al.*

Kyle W. Mach, S.B. #282090
kyle.mach@mto.com
Justin P. Raphael, S.B. #292380
justin.raphael@mto.com
Emily C. Curran-Huberty, S.B. #293065
emily.curran-huberty@mto.com
Dane P. Shikman, S.B. #313656
dane.shikman@mto.com
Rebecca L. Sciarrino, S.B. #336729
rebecca.sciarrino@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
Lauren Bell, *pro hac vice*
Lauren.Bell@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

-29-

Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 422-1001

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

Neal Kumar Katyal, *pro hac vice*
neal.katyal@hoganlovells.com
Jessica L. Ellsworth, *pro hac vice*
jessica.ellsworth@hoganlovells.com
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Counsel for Defendants Google LLC, et al.*

-30-

Karma M. Giulianelli (SBN 184175)
karma.giulianelli@bartlitbeck.com
**BARTLIT BECK LLP**
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100

Hae Sung Nam (*pro hac vice*)
hnam@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980

*Co-Lead Counsel for the Class in In re Google
Play Consumer Antitrust Litigation*

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH
LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic
Games, Inc. v. Google LLC, et al.*

Brendan P. Glackin (SBN 199643)
bglackin@agutah.gov
**OFFICE OF THE UTAH ATTORNEY
GENERAL**
160 E 300 S, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0260

*Counsel for the Plaintiff States*

Douglas J. Dixon (SBN 275389)
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone: (949) 229-8640

*Counsel for Plaintiffs Match Group, LLC, et al.*

[Additional counsel appear on signature page]

1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                    **NORTHERN DISTRICT OF CALIFORNIA**

6                    **SAN FRANCISCO DIVISION**

7

8   **IN RE GOOGLE PLAY STORE**          Case No. 3:21-md-02981-JD
    **ANTITRUST LITIGATION**
9                                         **PLAINTIFFS' MOTION *IN LIMINE***
    THIS DOCUMENT RELATES TO:            **NO. 3 TO EXCLUDE EVIDENCE &**
10                                        **ARGUMENT REGARDING TENCENT**
    *Epic Games, Inc. v. Google LLC et al.*, Case  **HOLDINGS LTD.'S DOMICILE**
11  No. 3:20-cv-05671-JD

12  *In re Google Play Consumer Antitrust*
    *Litigation*, Case No. 3:20-cv-05761-JD
13                                        Judge:  Honorable James Donato
    *State of Utah et al. v. Google LLC et al.*, Case  Courtroom:    11, 19th Floor
14  No. 3:21-cv-05227-JD                 Date:    October 19, 2023 at 1:30 p.m.

15  *Match Group, LLC et al. v. Google LLC et al.*,
    Case No. 3:22-cv-02746-JD
16

17

18

19

20

21

22

23

24

25

26

27

28

- 32 -

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2

**PLEASE TAKE NOTICE** that after conclusion of all briefing and on October 19, 2023, at

3

1:30 p.m., in Courtroom 11 of the above-entitled Court, located on the 19th floor of 450 Golden

4

Gate Avenue, San Francisco, California 94102, before the Honorable James Donato, Plaintiffs will

5

move to exclude all evidence and argument regarding Tencent Holdings Ltd.'s ("Tencent") domicile.

6

This Motion is based on this Notice of Motion, Memorandum of Points and Authorities, and

7

all matters with respect to which this Court may take judicial notice, and such oral and documentary

8

evidence as may be presented to the Court at the time of or before the hearing.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs move under Federal Rules of Evidence 401, 402, and 403 to preclude Google from introducing evidence or argument that Epic minority stockholder Tencent Holdings Ltd. ("Tencent"), a video game and technology company, is headquartered, located, or otherwise related to China. Tencent's ties with China are irrelevant to any claim or defense, and the admission of evidence of such ties would be unduly prejudicial to Plaintiffs. Tencent is not a party to this case, Tencent is not Epic's controlling stockholder, and this litigation has nothing to do with China, where Google Play is not even offered. Even if this evidence were somehow relevant, any limited probative value would be far outweighed by the substantial prejudice its introduction would cause by inviting the jury to render a decision based not on the merits but rather on stereotypes about and prejudices against Chinese companies, the Chinese government, Chinese business practices, and U.S.-China relations.

## I.    Evidence and Arguments Regarding Tencent's Relation to China Are Irrelevant.

The fact that Tencent is a Chinese company is wholly irrelevant. Tencent is not a party to this case. Google did not depose or attempt to depose any officer or employee of Tencent or take any discovery from Tencent as part of this litigation. Tencent is a minority investor that does not control Epic's decision-making or products.

Moreover, none of the claims in this litigation has anything to do with China. Plaintiffs allege Google engaged in anticompetitive conduct in geographic markets that *exclude* China. *See, e.g.*, Epic Second Am. Compl., Dkt. 378 ¶¶ 74, 157; Match First Am. Compl., Dkt. 380 ¶¶ 77, 141. Google's experts advocate for an even narrower geographic market, limited to the United States. Similarly, Google's counterclaims do not relate in any way to China or Tencent (or any other Epic investor for that matter).

In short, evidence of Tencent's domicile or origins will not tend to prove any fact relevant to this case. As such, any such evidence or arguments should be excluded. *See* Fed. R. Evid. 401, 402; *see also Mech. Mktg., Inc. v. Sixxon Precision Mach. Co., Ltd.*, 2016 WL 7740506, at *2 (N.D. Cal. Mar. 24, 2016) ("Irrelevant evidence is not admissible.").

## II.   Evidence and Arguments Regarding Tencent's Relation to China Is Highly Prejudicial.

Even if Tencent's affiliation with China were somehow relevant (it is not), such evidence

1    and related arguments would be extremely prejudicial and would invite the jury to decide the case

2    on an improper basis, namely based on stereotypes and prejudices about Chinese companies, the

3    Chinese government, Chinese business practices, and U.S.-China relations.

4         For example, Google may attempt to deflect its own anticompetitive conduct by portraying

5    itself as a U.S. company under attack from a Chinese company, thus inviting the jury to conclude

6    that the outcome of this litigation should turn on, or has implications for, U.S.-China relations. As

7    another example, Google will argue at trial that the myriad warnings and scare screens it presents to

8    users who seek to download apps outside Google Play are necessary to protect users from malware

9    and spyware. *See, e.g.*, Google Answer to Epic Second Am. Compl., Dkt. 386, ¶ 29. Google should

10   not be allowed to insinuate, and the jury should not be baited to infer, that Epic, by trying to remove

11   these warnings, *intends* to make Android less secure at the behest of Chinese interests. Google does

12   not and cannot point to any evidence to suggest that Epic desires to make Android less safe for

13   users in order to serve foreign interests.

14        Allowing Google to try to inflame the jury against Epic based on the domicile or origins of

15   one of its investors—specifically on the basis of stereotypical perceptions of the domicile of that

16   investor—would be highly prejudicial. This is why courts routinely exclude this type of evidence.

17   *See Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1009 (9th Cir. 2001) (reversing lower court's

18   decision to admit expert testimony regarding "rampant corruption amongst Korean businesses"

19   since it was "the kind of guilt-by-ethnic-association testimony condemned by this and other

20   courts"); *United States ex rel. Kiro v. Jiaherb, Inc.*, 2019 WL 2869186, at *7 (C.D. Cal. July 3,

21   2019) (precluding the plaintiff from introducing evidence of "wrongdoing based on the parent

22   company's location" since such evidence "would be highly prejudicial"); *Unicolors, Inc. v. H&M*

23   *Hennes & Mauritz, L.P.*, 2017 WL 11489792, at *7 (C.D. Cal. Nov. 15, 2017) (precluding plaintiffs

24   from using "China's alleged reputation for copyright infringement to argue that [the China-based

25   defendant corporation] copied [p]laintiff's work"); *see also Bird v. Glacier Elec. Coop., Inc.*, 255

26   F.3d 1136, 1151 (9th Cir. 2001) ("Racial stereotyping cannot be condoned in civil cases.").

27        The same result should follow here. Evidence that an Epic minority investor is affiliated

28   with China adds no value to any aspect of the case and would only serve to inject racial stereotypes

- 35 -

1    into the courtroom to the serious prejudice of Plaintiffs. Such evidence and arguments should be

2    excluded. *See* Fed. R. Evid. 402, 403.

3

4    Dated:  September 21, 2023          CRAVATH, SWAINE & MOORE LLP
                                        Christine Varney *(pro hac vice)*
5                                       Gary A. Bornstein *(pro hac vice)*
                                        Yonatan Even *(pro hac vice)*
6                                       Lauren A. Moskowitz *(pro hac vice)*
                                        Justin C. Clarke *(pro hac vice)*
7                                       Michael J. Zaken *(pro hac vice)*
                                        M. Brent Byars *(pro hac vice)*
8

9                                       FAEGRE DRINKER BIDDLE & REATH LLP
                                        Paul J. Riehle (SBN 115199)
10
                                        Respectfully submitted,
11
                                        By: */s/ Gary A. Bornstein*
12                                          Gary A. Bornstein

13                                      *Counsel for Plaintiff Epic Games, Inc.*

14

15   Dated:  September 21, 2023          HUESTON HENNIGAN LLP
                                        Douglas J. Dixon
16                                      Christine Woodin
                                        Joseph A. Reiter
17
                                        Respectfully submitted,
18
                                        By: */s/ Douglas J. Dixon*
19                                          Douglas J. Dixon

20                                      *Counsel for Plaintiffs Match Group, LLC, et al.*

21

22   Dated:  September 21, 2023          BARTLIT BECK LLP
                                        Karma M. Giulianelli
23
                                        KAPLAN FOX & KILSHEIMER LLP
24                                      Hae Sung Nam

25                                      Respectfully submitted,

26                                      By: */s/ Karma M. Giulianelli*
                                          Karma M. Giulianelli
27
                                        *Co-Lead Counsel for the Class in In re Google*
28                                      *Play Consumer Antitrust Litigation*

Dated:  September 21, 2023

PRITZKER LEVINE LLP
Elizabeth C. Pritzker

Respectfully submitted,

By: */s/ Elizabeth C. Pritzker*
Elizabeth C. Pritzker

*Liaison Counsel for the Class in In re Google Play Consumer Antitrust Litigation*

Dated:  September 21, 2023

OFFICE OF THE UTAH ATTORNEY GENERAL
Brendan P. Glackin
Lauren M. Weinstein

Respectfully submitted,

By: */s/ Brendan P. Glackin*
Brendan P. Glackin

*Counsel for the Plaintiff States*

- 37 -

Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD
PLAINTIFFS' MIL NO. 3

| | | |
|---|---|---|
| 1 | Brian C. Rocca, S.B. #221576 | Glenn D. Pomerantz, S.B. #112503 |
| | brian.rocca@morganlewis.com | glenn.pomerantz@mto.com |
| 2 | Sujal J. Shah, S.B. #215230 | Kuruvilla Olasa, S.B. #281509 |
| | sujal.shah@morganlewis.com | kuruvilla.olasa@mto.com |
| 3 | Michelle Park Chiu, S.B. #248421 | Nicholas R. Sidney, S.B. #308080 |
| | michelle.chiu@morganlewis.com | nick.sidney@mto.com |
| 4 | Minna Lo Naranjo, S.B. #259005 | **MUNGER, TOLLES & OLSON LLP** |
| | minna.naranjo@morganlewis.com | 350 South Grand Avenue, Fiftieth Floor |
| 5 | Rishi P. Satia, S.B. #301958 | Los Angeles, California 90071 |
| | rishi.satia@morganlewis.com | Telephone: (213) 683-9100 |
| 6 | **MORGAN, LEWIS & BOCKIUS LLP** | |
| | One Market, Spear Street Tower | Kyle W. Mach, S.B. #282090 |
| 7 | San Francisco, CA 94105 | kyle.mach@mto.com |
| | Telephone: (415) 442-1000 | Justin P. Raphael, S.B. #292380 |
| 8 | | justin.raphael@mto.com |
| | Richard S. Taffet, *pro hac vice* | Emily C. Curran-Huberty, S.B. #293065 |
| 9 | richard.taffet@morganlewis.com | emily.curran-huberty@mto.com |
| | **MORGAN, LEWIS & BOCKIUS LLP** | Dane P. Shikman, S.B. #313656 |
| 10 | 101 Park Avenue | dane.shikman@mto.com |
| | New York, NY 10178 | Rebecca L. Sciarrino, S.B. #336729 |
| 11 | Telephone: (212) 309-6000 | rebecca.sciarrino@mto.com |
| | | **MUNGER, TOLLES & OLSON LLP** |
| 12 | *Counsel for Defendants* | 560 Mission Street, Twenty Seventh Floor |
| | | San Francisco, California 94105 |
| 13 | | Telephone: (415) 512-4000 |
| 14 | | Jonathan I. Kravis, *pro hac vice* |
| | | jonathan.kravis@mto.com |
| 15 | | Lauren Bell, *pro hac vice* |
| | | Lauren.Bell@mto.com |
| 16 | | **MUNGER, TOLLES & OLSON LLP** |
| | | 601 Massachusetts Avenue NW, Suite 500E |
| 17 | | Washington, D.C. 20001 |
| | | Telephone: (202) 220-1100 |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

**IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**

THIS DOCUMENT RELATES TO:

*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD

I*n re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD

*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD

*Match Group, LLC, et al., v. Google LLC, et al.*, Case No. 3:22-cv-01746-JD

Case No. 3:21-md-02981-JD

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE & ARGUMENT REGARDING TENCENT HOLDINGS LTD.'S DOMICILE**

Judge Hon. James Donato

Date:        October 19, 2023
Time:       1:30 p.m.
Courtroom:   11

- 39 -

1  **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3:  TO**
2  **EXCLUDE EVIDENCE & ARGUMENT REGARDING TENCENT HOLDINGS LTD.'S**
   **DOMICILE**

3        Plaintiffs do not argue that Tencent is irrelevant to this litigation.  After all, Tencent owns

4  40% of Epic Games, and two Tencent employees sit on Epic's board of directors.  Tencent's

5  operation of an app store in China is also relevant to Plaintiffs' gerrymandered market definition—

6  which encompasses every country in the world except China—and to the plausibility of the but-for

7  world Plaintiffs will offer the jury.  This is not a political issue or a matter of "stereotypes" or

8  "prejudice," and the Court should not permit Plaintiffs to hide deficiencies in their market

9  definition or their account of the but-for world.  *Contra* Plaintiffs' Motion *in Limine* No. 3

10 ("Mot.") at 2.  Because Tencent's Chinese domicile is relevant to the antitrust issues in this case

11 and not prejudicial, the Court should not bar Google from pointing out the simple fact that Tencent

12 is a Chinese company.

13 **I.        The Fact that Tencent is a Chinese Company is Not Prejudicial.**

14        As an initial matter, there is nothing inherently prejudicial, shameful, or negative about the

15 fact that Tencent is a Chinese company, and Google will not suggest otherwise.  *Contra* Mot. at

16 2.  Google does not plan to make arguments about U.S.-China relations or invoke any supposedly

17 "stereotypical perceptions" of Chinese businesses.  *Contra id.*  And Google does not intend to

18 "inject racial stereotypes into the courtroom" on this or any other issue.  *Contra id.* at 2–3.

19        The authorities on which Plaintiffs rely all considered motions *in limine* that sought to

20 prevent a party from introducing stereotypes based on a company's nation of origin.  *See, e.g.*,

21 *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1002, 1009 (9th Cir. 2001) (excluding expert

22 testimony "about how, in his experience, 'Korean businessmen' behave in general," which

23 emphasized "rampant corruption among Korean businesses"); *Unicolors, Inc. v. H&M Hennes &*

24 *Mauritz, L.P.*, 2017 WL 11489792, at *7 (C.D. Cal. Nov. 15, 2017) (excluding testimony about

25 "China's alleged reputation for copyright infringement"); *United States ex rel. Kiro v. Jiaherb,*

26 *Inc.*, 2019 WL 2869186, at *7 (C.D. Cal. July 3, 2019) (excluding evidence "implying an alleged

27 scheme was more likely because Defendant's parent company is located in China").  Plaintiffs

28 offer no specifics about the "stereotypical perceptions of Chinese businesses" that they seek to

-40-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3
Case Nos. 3:21-md-02981-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD, 3:21-cv-05227-JD, 3:22-cv-01746-JD

1  exclude.  They gesture generally to "U.S.-China relations," Mot. at 2, but have not identified a

2  single instance of stereotyping in Google's documents, witness testimony, or expert reports.  That

3  is not a coincidence:  Google does not intend to introduce any evidence or argument that the jury

4  should infer *anything* "stereotypical" or negative about Tencent based on its Chinese domicile.

5  Courts routinely admit the *fact* of a party's Chinese ties.  *See Kiro*, 2019 WL 2869186, at

6  *7 ("The Court agrees that Defendant's business with its parent company [in China] is relevant in

7  that Defendant imports its products into the United States, but that any further suggestion of

8  wrongdoing based on the parent company's location would be highly prejudicial."); *Dentsply*

9  *Sirona Inc. v. Edge Endo, LLC*, No. 1:17CV1041-JFB-SCY, 2020 WL 6392764, at *3 (D.N.M.

10 Nov. 2, 2020) (admitting evidence of a supplier's China domicile, because "Plaintiffs have agreed

11 to not offer any evidence regarding an alleged propensity to steal" based on its ties to China and

12 "[t]he identity of the supplier is relevant."); *Allied Trend Int'l, Ltd. et al v. Parcel Pending, Inc. et*

13 *al.*, No. 8:19-CV-00078-AB-JDE, 2022 WL 2903164, at *1 (C.D. Cal. May 26, 2022) (refusing to

14 exclude "prejudicial statements about China, Covid-19, or a party's foreign status," because "[i]t

15 does not appear that Defendants will remark on these matters in any gratuitous, prejudicial, or

16 inflammatory manner, and the Court expects them not to.").

17 **II.     Tencent's Chinese Domicile is Relevant to the Core Antitrust Issues in This Case,
            Including Plaintiffs' Market Definition and Plaintiffs' Theory of the But-for World.**

18

19 Plaintiffs are wrong that "none of the claims in this litigation has anything to do with

20 China."  Mot. at 1.  The fact that Tencent is a Chinese company is relevant to this litigation.  *See*

21 *Kiro*, 2019 WL 2869186, at *7 (fact of parent company's connections to China was "relevant").

22 *First,* Chinese app stores such as Tencent are relevant to the geographic market.  Plaintiffs

23 have defined relevant markets consisting of the entire world except for China.  Google will show

24 at trial that this market is flawed because app stores are country-specific:  an app store built for

25 users in Korea who speak Korean and pay with Korean won is not a substitute for an app store

26 built for U.S. users who speak English and pay with U.S. dollars.  Google will also show that, if

27 app stores outside the U.S. are relevant, then it is incorrect to exclude app stores designed for

28 China and Plaintiffs have done so merely to drive up Google's supposed market share.  Epic's

-41-

own expert asserts that Chinese app stores are "potential entrants" that could "expand outside of China." Ex.[1] 3, Bernheim Dep. 196:14–197:9. Google must be able to describe Tencent's role in app distribution in China to counter Plaintiffs' flawed market definition that seeks to exclude China entirely. An accurate, fact-based view of the geographic market is centrally relevant to this antitrust suit. *E.g.*, *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 467 (1992) ("In determining the existence of market power . . . this Court has examined closely the economic reality of the market at issue.").

*Second*, Tencent's links to China are relevant to the competitiveness of Google's app store fees and the plausibility of the but-for world Plaintiffs will offer at trial. There are many app stores available in China, including Tencent's. The evidence regarding those app stores undercuts Plaintiffs' simplistic assertion that forcing Google to change its business model so that other app stores could be more successful would improve quality and reduce prices for consumers. Despite the relatively higher number of Chinese app stores and the fact that Google has chosen not to offer the Play store in China, many app store fees in China are *higher*, not lower, than Google's. That includes Tencent: its app store charges developers rates up to 55%. Ex. 4, Gentzkow Rep. at Exhibit 10. When Epic argues that Google's service fee is unreasonable, evidence that its major investor with two board seats charges higher rates is relevant.

The fact that Tencent is a Chinese company is not prejudicial. Google will not suggest otherwise or suggest to the jury that they should infer *anything* 'stereotypical' from Tencent's China domicile. Tencent's China-ties, however, are relevant to this litigation, and excluding them would unfairly undermine Google's ability to rebut Plaintiffs' artificial market definition and make arguments about the competitive effects of the challenged conduct.

---

[1] All references to "Ex." are exhibits to the Declaration of Justin P. Raphael served herewith.

1    DATED:  October 2, 2023                Respectfully submitted,

2

3

4                                          By:      */s/ Glenn D. Pomerantz*
                                                 Glenn D. Pomerantz
5
                                                 Glenn D. Pomerantz, S.B. #112503
6                                                glenn.pomerantz@mto.com
                                                 Kuruvilla Olasa, S.B. #281509
7                                                kuruvilla.olasa@mto.com
                                                 Nicholas R. Sidney, S.B. #308080
8                                                nick.sidney@mto.com
                                                 **MUNGER, TOLLES & OLSON LLP**
9                                                350 South Grand Avenue, Fiftieth Floor
                                                 Los Angeles, California 90071
10                                               Telephone: (213) 683-9100
                                                 *Counsel for Defendants Google LLC, et al.*
11
                                                 Kyle W. Mach, S.B. #282090
12                                               kyle.mach@mto.com
                                                 Justin P. Raphael, S.B. #292380
13                                               justin.raphael@mto.com
                                                 Emily C. Curran-Huberty, S.B. #293065
14                                               emily.curran-huberty@mto.com
                                                 Dane P. Shikman, S.B. #313656
15                                               dane.shikman@mto.com
                                                 Rebecca L. Sciarrino, S.B. #336729
16                                               rebecca.sciarrino@mto.com
                                                 **MUNGER, TOLLES & OLSON LLP**
17                                               560 Mission Street, Twenty Seventh Floor
                                                 San Francisco, California 94105
18                                               Telephone: (415) 512-4000

19                                               Jonathan I. Kravis, *pro hac vice*
                                                 jonathan.kravis@mto.com
20                                               Lauren Bell, *pro hac vice*
                                                 Lauren.Bell@mto.com
21                                               **MUNGER, TOLLES & OLSON LLP**
                                                 601 Massachusetts Avenue NW, Suite 500E
22                                               Washington, D.C. 20001
                                                 Telephone: (202) 220-1100
23

24

25

26

27

28

-43-

1
Brian C. Rocca, S.B #221576
brian.rocca@morganlewis.com
2
Sujal J. Shah, S.B #215230
sujal.shah@morganlewis.com
3
Michelle Park Chiu, S.B #248421
michelle.chiu@morganlewis.com
4
Minna Lo Naranjo, S.B #259005
minna.naranjo@morganlewis.com
5
Rishi P. Satia, S.B #301958
rishi.satia@morganlewis.com
6
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
7
San Francisco, CA 94105
Telephone: (415) 442-1000
8
Facsimile: (415) 422-1001

9
Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
10
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
11
New York, NY 10178
Telephone: (212) 309-6000
12
Facsimile: (212) 309-6001

13
Neal Kumar Katyal, *pro hac vice*
neal.katyal@hoganlovells.com
14
Jessica L. Ellsworth, *pro hac vice*
jessica.ellsworth@hoganlovells.com
15
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, NW
16
Washington, D.C. 20004
Telephone: (202) 637-5600
17
Facsimile: (202) 637-5910

18
*Counsel for Defendants Google LLC, et al.*

19

20

21

22

23

24

25

26

27

28

-44-

1

## **E-FILING ATTESTATION**

2

I, Michael D. Altebrando, am the ECF User whose ID and password are being used to file this

3

document.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories

4

identified above has concurred in this filing.

5

6

*/s/ Michael D. Altebrando*

Michael D. Altebrando

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28