| | |
|---|---|
| Brian C. Rocca, S.B. #221576<br>brian.rocca@morganlewis.com<br>Sujal J. Shah, S.B. #215230<br>sujal.shah@morganlewis.com<br>Michelle Park Chiu, S.B. #248421<br>michelle.chiu@morganlewis.com<br>Minna Lo Naranjo, S.B. #259005<br>minna.naranjo@morganlewis.com<br>Rishi P. Satia, S.B. #301958<br>rishi.satia@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: (415) 442-1000<br><br>Richard S. Taffet, *pro hac vice*<br>richard.taffet@morganlewis.com<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 309-6000<br><br><br>*Counsel for Defendants* | Glenn D. Pomerantz, S.B. #112503<br>glenn.pomerantz@mto.com<br>Kuruvilla Olasa, S.B. #281509<br>kuruvilla.olasa@mto.com<br>Nicholas R. Sidney, S.B. #308080<br>nick.sidney@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 683-9100<br><br>Kyle W. Mach, S.B. #282090<br>kyle.mach@mto.com<br>Justin P. Raphael, S.B. #292380<br>justin.raphael@mto.com<br>Emily C. Curran-Huberty, S.B. #293065<br>emily.curran-huberty@mto.com<br>Dane P. Shikman, S.B. #313656<br>dane.shikman@mto.com<br>Rebecca L. Sciarrino, S.B. #336729<br>rebecca.sciarrino@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty Seventh Floor<br>San Francisco, California 94105<br>Telephone: (415) 512-4000<br><br>Jonathan I. Kravis, *pro hac vice*<br>jonathan.kravis@mto.com<br>Lauren Bell, *pro hac vice*<br>Lauren.Bell@mto.com<br>**MUNGER, TOLLES & OLSON LLP**<br>601 Massachusetts Avenue NW, Suite 500E<br>Washington, D.C. 20001<br>Telephone: (202) 220-1100 |

DECLARATION OF JUSTIN P. RAPHAEL IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3
Case No**s**. 3:21-md-02981-JD**,** 3:20-cv-05761-JD, 3:20-cv-05671-JD, 3:21-cv-05227-JD, 3:22-cv-01746-JD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC, et al., v. Google LLC, et al.*, Case No. 3:22-cv-01746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF JUSTIN P. RAPHAEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 3**<br><br>Judge:     Hon. James Donato<br><br>Date:       October 19, 2023<br>Time:      1:30 p.m.<br>Courtroom: 11 |

# DECLARATION OF JUSTIN P. RAPHAEL

I, Justin P. Raphael, declare as follows:

1. I am an attorney duly admitted to practice law in the State of California and before this Court. I am a Partner at Munger, Tolles & Olson LLP, and represent the Defendants in this action. I submit this Declaration in support of Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 3. The contents of this declaration are based on my personal knowledge. If called as a witness, I could and would testify competently to the matters set forth in this declaration.

2. **Exhibit 3** is a true and correct copy of an excerpt of the transcript of the deposition of B. Douglas Bernheim, Ph.D., taken in this litigation on April 6, 2023.

3. **Exhibit 4** is a true and correct copy of an excerpt of the Expert Report of Matthew Gentkow, dated November 18, 2022.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 2nd day of October, 2023, in San Francisco, California.

          */s/ Justin P. Raphael*
          Justin P. Raphael

# EXHIBIT 3

```
 1              UNITED STATES DISTRICT COURT
 2           FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                   SAN FRANCISCO DIVISION
 4    ----------------------------------------------------x
 5    IN RE GOOGLE PLAY STORE               Case No.
      ANTITRUST LITIGATION                  3:21-md-02981-JD
 6
      THIS DOCUMENT RELATES TO:
 7
      Epic Games Inc. v. Google LLC,
 8    et al.,
      Case No. 3:20-cv-05671-JD
 9
10    ----------------------------------------------------x
11
12       *HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY*
13
14     REMOTE VIDEOTAPED DEPOSITION BY VIRTUAL ZOOM OF
15                    DOUGLAS BERNHEIM
16                 Thursday, April 6, 2023
17
18
19
20
21
22
23
24    Reported By: Lynne Ledanois, CSR 6811
25
```

1   distribution method.  It's an incremental
2   distribution method that is distributing to a
3   different population.  So that's not really a
4   substitute.
5   BY MR. MACH:
6        Q    Well, is the answer no, you've not
7   analyzed that type of substitution?
8             MR. BORNSTEIN:  Object to the form of the
9   question.
10            THE WITNESS:  Yes, the answer is no, I did
11  not analyze it because it wasn't necessary to reach
12  the conclusions that are in my report.
13  BY MR. MACH:
14       Q    Does your report discuss the degree to
15  which Chinese app stores might be in a position to
16  expand outside of China?
17       A    Yes.
18       Q    Why couldn't that occur?
19       A    Well, it could occur.  You have some of the
20  Chinese OEMs operating in the rest of the world who
21  have started to move down the path towards, and in
22  many cases did, introduce their own app stores which
23  may be based on what they were doing in China.  One
24  would assume that they were using that.
25            So in that case once they move it to the

1  rest of the world, they are in the rest of the
2  world, so they are in the market.  Before they do
3  that, the proper way to think about the Chinese
4  entities that could do that is as potential
5  entrants.
6       Q    So you're talking, for example, about
7  Huawei.  Huawei offers an app store both in China
8  and outside of China; correct?
9       A    I think that's one of them.
10      Q    If Huawei makes a sale in -- to a user in
11 Mongolia, that's in your relevant market.  But if
12 Huawei, using its app store, makes a sale to a user
13 in China, that's not in the relevant market;
14 correct?
15      A    Yes, I think that's right.  As I understand
16 it, Mongolia is not part of China for this purpose,
17 but Google Play is there.  Without being in any kind
18 of gray market, Google Play's conduct applies.  So
19 that would be correct.
20      Q    So the difference between Mongolia and
21 China in this instance is that Google Play is there
22 and the conduct applies?
23      A    Google Play is there and the conduct applies
24 to Mongolia.  That's why Mongolia would be in the
25 market.  I haven't thought about Mongolia in

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 310

1    I, LYNNE M. LEDANOIS, a Certified
2    Shorthand Reporter of the State of California, do
3    hereby certify:
4        That the foregoing proceedings were taken
5    before me at the time and place herein set forth;
6    that a record of the proceedings was made by me
7    using machine shorthand which was thereafter
8    transcribed under my direction; that the foregoing
9    transcript is a true record of the testimony given.
10       Further, that if the foregoing pertains to
11   the original transcript of a deposition in a Federal
12   Case, before completion of the proceedings, review
13   of the transcript [] was [x] wasn't requested.
14       I further certify I am neither financially
15   interested in the action nor a relative or employee
16   of any attorney or party to this action.
17       IN WITNESS WHEREOF, I have this date
18   subscribed my name.
19   Dated: April 7, 2023

*Lynne Marie Ledanois*
_____
LYNNE MARIE LEDANOIS
CSR No. 6811

***ERRATA SHEET***

NAME OF CASE:   *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD
*Epic Games Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD
*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD
*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD
*State of Utah, et al., v. Google LLC, et al.*, Case No: 3:21-cv-05227-JD

DATE OF DEPOSITION:  4/6/2023
NAME OF DEPONENT:  Douglas Bernheim

I, Douglas Bernheim, have read the transcript of my deposition taken on 4/6/2023.  The contents thereof are an accurate transcription of the deposition, subject to the following corrections or changes:

| Page | Line(s) | Original | Correction | Reason |
|---|---|---|---|---|
| 6 | 7 | Eric Scher | Eric Emch | Correction |
| 15 | 12 | rulings | rules | Transcription Error |
| 24 | 15 | time | point | Transcription Error |
| 43 | 12 | for | per | Transcription Error |
| 57 | 22 | with | of | Transcription Error |
| 74 | 21 | incentive | incentives | Transcription Error |
| 77 | 7 | app | Hug | Transcription Error |
| 84 | 7 | chair | share | Transcription Error |
| 84 | 14 | are | [Delete] | Transcription Error |
| 86 | 5 | app | Hug | Transcription Error |
| 90 | 8 | Outside | But outside | Transcription Error |
| 91 | 19 | I did | I had intended to – I did | Transcription Error |
| 105 | 1 | in-app | in app | Transcription Error |
| 116 | 21 | form | from | Transcription Error |
| 117 | 13 | knew | know | Transcription Error |
| 126 | 5 | of PK | indicate | Transcription Error |
| 128 | 4 | abandon | abandoned | Transcription Error |
| 131 | 21 | An | And | Transcription Error |
| 135 | 15 | It | And it | Transcription Error |

2

***ERRATA SHEET***

NAME OF CASE:   *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD
*Epic Games Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD
*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD
*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD
*State of Utah, et al., v. Google LLC, et al.*, Case No: 3:21-cv-05227-JD

DATE OF DEPOSITION: 4/6/2023
NAME OF DEPONENT: Douglas Bernheim

| Page | Line(s) | Original | Correction | Reason |
|---|---|---|---|---|
| 147 | 12 | As I said | No, as I said | Clarification |
| 160 | 22 | created | creating | Transcription Error |
| 164 | 18 | a ready | ready | Transcription Error |
| 165 | 6 | point | point that | Transcription Error |
| 169 | 15 | Android iOS | Android OS | Correction |
| 170 | 17 | Android iOS | Android OS | Correction |
| 170 | 22 | in or | and | Transcription Error |
| 171 | 11 | certain | sort of | Transcription Error |
| 171 | 13 | am a | am | Transcription Error |
| 171 | 15 | sort | sorts | Transcription Error |
| 172 | 25 | 50 | 30 | Transcription Error |
| 174 | 10 | the whole | that | Transcription Error |
| 174 | 12 | of | of the | Transcription Error |
| 175 | 6 | stop | just stop | Transcription Error |
| 176 | 8 | Yes | I do | Transcription Error |
| 181 | 20 | its move to | excluding | Transcription Error |
| 185 | 9 | 30 | 40 | Transcription Error |
| 187 | 21 | arguments | argument | Transcription Error |
| 189 | 5 | geographic | geographical | Transcription Error |
| 189 | 23 | No. | No, it's not – | Clarification |
| 193 | 13 | right | correct | Transcription Error |
| 193 | 19 | Do you know | Q Do you know | Clarification |

***ERRATA SHEET***

NAME OF CASE:   In re Google Play Store Antitrust Litigation, Case No. 3:21-md-02981-JD
Epic Games Inc. v. Google LLC, et al., Case No. 3:20-cv-05671-JD
In re Google Play Consumer Antitrust Litigation, Case No. 3:20-cv-05761-JD
In re Google Play Developer Antitrust Litigation, Case No. 3:20-cv-05792-JD
State of Utah, et al., v. Google LLC, et al., Case No: 3:21-cv-05227-JD

DATE OF DEPOSITION: 4/6/2023
NAME OF DEPONENT: Douglas Bernheim

| Page | Line(s) | Original | Correction | Reason |
|---|---|---|---|---|
| 194 | 15 | Start | Store | Transcription Error |
| 194 | 21 | kind | kinds | Transcription Error |
| 194 | 25 | decisions about | discussion of | Transcription Error |
| 195 | 2 | market now | market | Transcription Error |
| 196 | 21 | and in | and I think in | Clarification |
| 196 | 25 | it to | into | Transcription Error |
| 197 | 2 | the | my | Transcription Error |
| 197 | 17 | but | and | Transcription Error |
| 199 | 9 | minute | moment | Transcription Error |
| 201 | 24 | our | other | Transcription Error |
| 202 | 15-16 | around a year | a rounding error | Transcription Error |
| 203 | 12 | fact | facts | Transcription Error |
| 205 | 18 | the | those | Transcription Error |
| 206 | 15 | The | None of the | Transcription Error |
| 208 | 17 | Do | I'm not absolutely -- do | Clarification |
| 209 | 6 | regarding | concerning | Transcription Error |
| 209 | 13 | app | an | Transcription Error |
| 210 | 1 | alternative place | alternative | Transcription Error |
| 214 | 25 | try reading it | read it | Transcription Error |
| 215 | 2 | scanned through it | scanned it too quickly | Transcription Error |
| 220 | 2 | warnings | warnings – it's a long day | Transcription Error |
| 220 | 17 | that at that | that that | Transcription Error |

***ERRATA SHEET***

NAME OF CASE:  In re Google Play Store Antitrust Litigation, Case No. 3:21-md-02981-JD
Epic Games Inc. v. Google LLC, et al., Case No. 3:20-cv-05671-JD
In re Google Play Consumer Antitrust Litigation, Case No. 3:20-cv-05761-JD
In re Google Play Developer Antitrust Litigation, Case No. 3:20-cv-05792-JD
State of Utah, et al., v. Google LLC, et al., Case No: 3:21-cv-05227-JD

DATE OF DEPOSITION: 4/6/2023
NAME OF DEPONENT: Douglas Bernheim

| Page | Line(s) | Original | Correction | Reason |
|---|---|---|---|---|
| 220 | 18 | let's look on the table | well, I think it's in the table | Transcription Error |
| 223 | 2 | day | base | Transcription Error |
| 224 | 2 | Hold on | Hang on just | Transcription Error |
| 225 | 7 | convince | successfully convince | Transcription Error |
| 225 | 9 | that | who | Transcription Error |
| 226 | 9 | Android I | Android | Transcription Error |
| 226 | 22 | customers and they | customers. They may | Transcription Error |
| 227 | 19 | perspective | prospective | Misspelling |
| 227 | 20 | iPhones | phones | Correction |
| 227 | 21 | source | source of | Transcription Error |
| 233 | 5 | that | who | Transcription Error |
| 233 | 25 | it's | that this is | Transcription Error |
| 238 | 1 | who | that | Transcription Error |
| 241 | 17 | on | on both | Transcription Error |
| 244 | 25 | that and address | it and addressed | Transcription Error |
| 245 | 1 | can | could | Transcription Error |
| 245 | 23 | that | that effect | Transcription Error |
| 247 | 12 | that | who | Transcription Error |
| 247 | 22 | that's going to be | that's here – it'll be | Transcription Error |
| 248 | 7 | get | are | Transcription Error |
| 249 | 13 | Well, | I remember | Transcription Error |
| 250 | 13 | is | concerns | Transcription Error |

5

***ERRATA SHEET***

NAME OF CASE:   *In re Google Play Store Antitrust Litigation, Case No. 3:21-md-02981-JD*
*Epic Games Inc. v. Google LLC, et al., Case No. 3:20-cv-05671-JD*
*In re Google Play Consumer Antitrust Litigation, Case No. 3:20-cv-05761-JD*
*In re Google Play Developer Antitrust Litigation, Case No. 3:20-cv-05792-JD*
*State of Utah, et al., v. Google LLC, et al., Case No: 3:21-cv-05227-JD*

DATE OF DEPOSITION: 4/6/2023
NAME OF DEPONENT: Douglas Bernheim

| Page | Line(s) | Original | Correction | Reason |
|---|---|---|---|---|
| 251 | 13 | cost | costs | Transcription Error |
| 252 | 22 | believe | believe here | Clarification |
| 254 | 22 | likely | likely hunting | Transcription Error |
| 255 | 9 | of your | your | Transcription Error |
| 257 | 1 | potentially | potential | Transcription Error |
| 257 | 17 | competitors | your competitors | Clarification |
| 258 | 1 | it | it reduces | Transcription Error |
| 259 | 15 | there | it's | Transcription Error |
| 263 | 1 | store | store is | Transcription Error |
| 263 | 16 | can | could | Transcription Error |
| 265 | 20 | product | product than its rivals | Clarification |
| 266 | 10 | within | with | Transcription Error |
| 267 | 12 | a | no | Clarification |
| 268 | 7 | timing in mind | timing in mind, since you're asking about the timing | Transcription Error |
| 269 | 23 | you | you would | Transcription Error |
| 270 | 1 | the | my | Clarification |
| 274 | 22 | firms | firm | Transcription Error |
| 276 | 22 | into | in doing | Transcription Error |
| 277 | 23 | calculation | calculations | Transcription Error |
| 280 | 14 | That's | But that's | Transcription Error |
| 280 | 16 | recall | would call | Transcription Error |

***ERRATA SHEET***

NAME OF CASE:   *In re Google Play Store Antitrust Litigation*, Case No. 3:21-md-02981-JD
*Epic Games Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD
*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD
*In re Google Play Developer Antitrust Litigation*, Case No. 3:20-cv-05792-JD
*State of Utah, et al., v. Google LLC, et al.*, Case No: 3:21-cv-05227-JD

DATE OF DEPOSITION: 4/6/2023
NAME OF DEPONENT: Douglas Bernheim

| Page | Line(s) | Original | Correction | Reason |
|---|---|---|---|---|
| 289 | 10 | an online game | a game | Transcription Error |
| 290 | 19 | respond | responded | Transcription Error |
| 291 | 15 | if | of | Transcription Error |
| 298 | 15 | shows | chose | Transcription Error |
| 302 | 22 | specific | significant | Transcription Error |
| 304 | 24 | Android | antitrust | Transcription Error |
| 306 | 16 | a regulatory | a conclusion of a regulatory | Clarification |
| 307 | 1 | conclusion | conclusions | Transcription Error |
| 307 | 11 | it's | is | Transcription Error |
| 308 | 19 | of | about | Transcription Error |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Douglas Bernheim

# EXHIBIT 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| | Judge: Hon. James Donato |

EXPERT REPORT OF MATTHEW GENTZKOW
NOVEMBER 18, 2022

NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

are inconsistent with the claim that Google's service fee necessarily reflects monopoly power gained through the allegedly exclusionary conduct at issue in this case.[189]

168. **Exhibit 10** lists the service fees for major competing mobile app stores at launch and as of October 2022. Most stores charged a fee of 30 percent or higher at launch, and most have either maintained fees at this level or, like Google, lowered them for apps meeting certain conditions. In particular, fees were reduced to 15 percent for app developers with less than $1 million in revenue on the Apple App Store and for the first $1 million in revenue for all app developers on Google Play.[190] One app store, Aptoide, charges a service fee of 25 percent. Several Chinese app stores, such as those by Xiaomi and Huawei, charge up to 50 percent.

**Exhibit 10**
**Standard Service Fees for Major Mobile App Stores**
*(as of October 2022)*

| App Store | Service Fees at Time of Launch | Service Fees as of October 2022[1] |
|---|---|---|
| Google Play | • 30% on all transactions | • 15% for all subscriptions<br>• 15% for the first $1 million in non-subscription app revenue; 30% otherwise |
| Apple App Store | • 30% on all transactions | • 15% on subscriptions after the first year<br>• 15% for app developers with less than $1 million in app revenue; 30% for all other app developers<br>• 30% otherwise |

---

[189] In his deposition, Sameer Samat, Vice President of Product Management at Google, explained that "competitive forces" was one of the factors considered in Google's decision to initially set a 30 percent service fee on Android Market. Deposition of Sameer Samat, *In re Google Play Store Antitrust Litigation*, 3:21-md-02981-JD, February 2-3, 2022 ("Samat Deposition"), 464:9-23 ("Q. Can you explain how Google decided on the 70/30 split when it first launched paid apps on Android Market? A. I think there were a number of different factors in terms of the pricing model. You know, there are a number of different inputs that go into any determination of pricing including the dynamics in the ecosystem, competitive forces, the value being provided to developers and a number of things that are like that that would go into any pricing decision.").

[190] In his deposition, Sameer Samat, Vice President of Product Management at Google, noted that Google's decision to reduce its service fees to 15 percent for the first $1 million in revenue for all app developers was in response to "competitive dynamic[s]" such as Apple's reduction in service fees. Samat Deposition, 679:18-680:10 ("Project Runway said for all developers making their first million dollars, the service fee would be 15 percent regardless of other programs they may be participating in. It would be the lower of 15 percent or another program they were participating in. Q. This was in response to a change by Apple in its developer pricing model; correct? A. That was one of the -- certainly competitive dynamic was one of the inputs, but we also took a number of additional inputs and I actually think we improved upon the program versus what Apple or anyone else had done.").

**NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

| | | |
|---|---|---|
| Amazon Appstore | • 30% (20% for video streaming subscriptions) | • 20% for app developers with less than $1 million in app revenue and 10% of revenue in Amazon Web Services credits, 30% otherwise |
| Samsung Galaxy Store[2,3] | • 30% (or otherwise agreed upon) | |
| Aptoide | • 25% for certified publishers (or otherwise agreed upon) | |
| ONE Store | • 30% on all transactions | • 20% for in-app purchases using ONE Store's payment system<br>• 5% for in-app purchases using a third-party payment system |
| Xiaomi GetApps | • 50% for games | • 30% on all transactions |
| Tencent MyApp | • 55% for games | • 55% for games<br>• 30% for new Tencent games |
| Oppo Software Store | | • 52.5% for games<br>• 42.5% for "small" games, such as HTML5 games |
| Vivo App Store | | • 52.5% for "Vivo Mini-Games" |
| Huawei AppGallery | • 30% for app downloads and non-game in-app purchases<br>• 50% for game in-app purchases<br>• 20% for education apps | |

**Notes:**
[1] The "standard" fees reported exclude various special programs (*e.g.,* Google's Living Room Accelerator Program).
[2] As of September 2021, the Samsung App Distribution Guide's in-app payment policy changed to comply with new South Korean legislation approved in September 2021. The legislation prevents app stores from requiring app developers to use their in-app payment systems. The new Samsung policy states: "Samsung in-app payment (IAP) is recommended to sell in-app products (such as items and subscriptions) for your safety and convenience."
[3] Epic negotiated a 12 percent service fee for the Galaxy Store. *See* Exhibit 12.
[4] Huawei AppGallery app developers that are based outside of mainland China pay a lower service fee.

**Sources:** *See* Table 1 at the end of my report.

169. Plaintiffs' experts also present comparisons of Google Play's service fees to those charged by mobile app stores.[191] They omit from these comparisons all of the app stores listed in **Exhibit 10** that have service fees greater than 30 percent.

170. The service fees they report for Aptoide are misleading. Both Dr. Rysman and Dr. Singer report the fee for self-distribution through the service Catappult as the lower range of the

---

[191] Bernheim Report, Figures 71 and 72; Rysman Report, Exhibit 69; Singer Report, Tables 7 and 9.

**NON-PARTY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

_____

Matthew Gentzkow, Ph.D.

Date: November 18, 2022