Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500

Christine A. Varney (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000

*Counsel for Plaintiff Epic Games, Inc. in Epic Games, Inc. v. Google LLC et al.*

Douglas J. Dixon, State Bar No. 275389
ddixon@hueston.com
**HUESTON HENNIGAN LLP**
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
Telephone:    (949) 229-8640

*Attorneys for Plaintiffs Match Group, LLC; Humor Rainbow, Inc.; PlentyofFish Media ULC; and People Media, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games, Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**[PROPOSED] ORDER RE EPIC AND THE MATCH PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge:  Honorable James Donato |

1  Having considered Epic's and the Match Plaintiffs' Administrative Motion to File Under Seal
2  Portions of Exhibits 1 and 2 to the Declaration of Justin R. Raphael in Support of Defendants'
3  Opposition to Plaintiffs' Motion *in Limine* No. 2 ("Raphael Declaration") and portions of Defendants'
4  Opposition to Plaintiffs' Motion *in Limine* No. 2, (MDL Dkt. No. 637), and any materials submitted in
5  support thereto, pursuant to Local Rules 7-11 and 79-5;

**IT IS HEREBY ORDERED:**

The following portions of Exhibit 1 to the Declaration of Justin R. Raphael in Support of Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 2, (MDL Dkt. No. 637), may be filed under seal:

| Portion of Document Sought to be Sealed | Reasons for Sealing | Ruling |
|---|---|---|
| Exhibit 1 to the Raphael Declaration in Support of Google's Opposition to Plaintiffs' *Motion in Limine* No. 2.<br><br>Page ending -129 (the content of the "From:" line, containing an email address; the entire line, containing two names, that comes after the line beginning "Many thanks"; the name between "Hi" and "Thank you"; the name following "Hi", following the line beginning "November 13, 2019")<br><br>Page ending -130 (the name following the | The document sought to be redacted contains non-party personally identifiable information, including the name of an Epic customer, the name of that customer's minor son, and the Epic customer's email address. Compelling reasons exist to seal this personal, non-party information to protect the privacy of the customer and his minor son and to protect them from an increased risk of identity theft and of being contacted or harassed about this litigation. This customer information has minimal relevance to the underlying cause of action, and the redactions to the document are narrowly tailored. Accordingly, the public's interest in access to court records will not be seriously affected by this redaction. | |

| | | |
|---|---|---|
| line beginning "Kind regards") | | |

The following portions of Exhibit 2 to the Declaration of Justin R. Raphael in Support of Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 2, (MDL Dkt. No. 637), may be filed under seal:

| Portion of Document Sought to be Sealed | Reasons for Sealing | Ruling |
|---|---|---|
| Page ending -739 (between "2. On POF" and "4. Lastly") | Declaration of Ian Purves ¶ 6:<br><br>Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within and general information on user retention regarding Match Plaintiffs' services. Similarly, Match Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. Moreover, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. | |
| Page ending -740 (between "unfortunately" and end of paragraph) | Declaration of Ian Purves ¶ 6:<br><br>Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within and general information on user retention regarding Match Plaintiffs' services. Similarly, Match Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively | |

| | | |
|---|---|---|
| | sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. | |

The following portions of Defendants' Opposition to Plaintiffs' Motion *in Limine* No. 2, (MDL Dkt. No. 637), may be filed under seal:

| Portion of Document Sought to be Sealed | Reasons for Sealing | Ruling |
|---|---|---|
| Page 2, lines 16 – 20 (between "explained:" and "Ex. 2" and within parenthetical) | Declaration of Ian Purves ¶ 6:<br><br>Match Plaintiffs consider the retention and renewal rates on Match Plaintiffs' dating services to be confidential and proprietary business information, which would give Match Plaintiffs' competitors insights into potential vulnerabilities within and general information on user retention regarding Match Plaintiffs' services. Similarly, Match Plaintiffs' assessment of the positive (or negative) future value of subscriptions on a particular platform (iOS or Android) is competitively sensitive information that Match Plaintiffs' competitors could use to compete with Match Plaintiffs more effectively and place Match Plaintiffs at a competitive disadvantage. Moreover, revealing this data publicly can be misleading for investors and other parties and lead to inappropriate inferences about this information and other parts of Match Group, Inc.'s portfolio of business. | |

DATED: _____            _____
                                        HON. JAMES DONATO
                                        United States District Judge