# EXHIBIT 6

1  Brian C. Rocca, S.B. #221576
   brian.rocca@morganlewis.com
2  Sujal J. Shah, S.B. #215230
   sujal.shah@morganlewis.com
3  Michelle Park Chiu, S.B. #248421
   michelle.chiu@morganlewis.com
4  Minna Lo Naranjo, S.B. #259005
   minna.naranjo@morganlewis.com
5  Rishi P. Satia, S.B. #301958
   rishi.satia@morganlewis.com
6  **MORGAN, LEWIS & BOCKIUS LLP**
   One Market, Spear Street Tower
7  San Francisco, CA 94105
   Telephone: (415) 442-1000
8
   Richard S. Taffet, *pro hac vice*
9  richard.taffet@morganlewis.com
   **MORGAN, LEWIS & BOCKIUS LLP**
10 101 Park Avenue
   New York, NY 10178
11 Telephone: (212) 309-6000

12 Ian Simmons, *pro hac vice*
   isimmons@omm.com
13 Benjamin G. Bradshaw, S.B. #189925
   bbradshaw@omm.com
14 **O'MELVENY & MYERS LLP**
   1625 Eye Street, NW
15 Washington, DC 20006
   Telephone: (202) 383-5300
16
17 *Attorneys for Defendants*

   Glenn D. Pomerantz, S.B. #112503
   glenn.pomerantz@mto.com
   Kuruvilla Olasa, S.B. #281509
   kuruvilla.olasa@mto.com
   Nicholas R. Sidney, S.B. #308080
   nick.sidney@mto.com
   **MUNGER, TOLLES & OLSON LLP**
   350 South Grand Avenue, Fiftieth Floor
   Los Angeles, California 90071
   Telephone: (213) 683-9100

   Kyle W. Mach, S.B. #282090
   kyle.mach@mto.com
   Justin P. Raphael, S.B. #292380
   justin.raphael@mto.com
   Emily C. Curran-Huberty, S.B. #293065
   emily.curran-huberty@mto.com
   Dane P. Shikman, S.B. #313656
   dane.shikman@mto.com
   **MUNGER, TOLLES & OLSON LLP**
   560 Mission Street, Twenty Seventh Floor
   San Francisco, California 94105
   Telephone: (415) 512-4000

   Jonathan I. Kravis, *pro hac vice*
   jonathan.kravis@mto.com
   **MUNGER, TOLLES & OLSON LLP**
   601 Massachusetts Avenue NW, Suite 500E
   Washington, D.C. 20001
   Telephone: (202) 220-1100

   Daniel M. Petrocelli, S.B. #97802
   dpetrocelli@omm.com
   Stephen J. McIntyre, S.B. #274481
   smcintyre@omm.com
   **O'MELVENY & MYERS LLP**
   1999 Avenue of the Stars
   Los Angeles, California 90067
   Telephone: (310) 553-6700

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD<br><br>Case No. 3:21-md-02981-JD | Case No. 3:21-md-02981-JD<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF CONSUMER' FIRST SET OF REQUESTS FOR ADMISSION** |

**CONFIDENTIAL**

admits that apps on devices running iOS or Android may access some, but not all, of the APIs within the Google Play Services SDK suite without Google Mobile Services having been preloaded on the device.

**REQUEST FOR ADMISSION NO. 9:**

Admit that in the United States, an App distributed through Google Play may only offer In-App Purchases through Google Play if it uses Google Play Billing and may only be updated through Google Play.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Google objects to this Request as impermissibly compound. Subject to and without waiving the foregoing objections, Google admits that an app distributed through Google Play in the United States may only be updated through Google Play. In all other respects, Google denies Request No. 9.

**REQUEST FOR ADMISSION NO. 10:**

Admit that when Consumers obtain Apps from Google Play they pay Google directly for any Apps or In-App Purchases.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Google objects to this Request as vague and ambiguous in its use of the terms "obtain" and "directly." Subject to and without waiving the foregoing objections, Consumers may purchase apps or in-app purchases through methods including direct carrier billing and gift cards, and on this basis, Google denies Request No. 10.

**REQUEST FOR ADMISSION NO. 11:**

Admit that this Litigation was a factor in Google's decision to reduce the revenue share from 30% to 15% on the first $1 million of developer earnings effective July 1, 2021.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:21-md-02981-JD
DB2/ 43808968.2

16

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF CONSUMER'S FIRST SET OF RFAS

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Google admits that this Litigation was one factor considered in its decision to announce the service fee reduction on developers' first $1 million in annual revenues, along with other factors including Google's competition with Apple.

**REQUEST FOR ADMISSION NO. 12:**

Admit that this Litigation was a factor in Google's decision to reduce the revenue share from 30% to 15% on subscription developer earnings effective January 1, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Google denies that this Litigation was a factor considered in its decision to reduce its revenue share from subscription developers from 30% to 15%.

**REQUEST FOR ADMISSION NO. 13:**

Admit that during the time period January 1, 2008, through and including the present, Google paid some mobile carriers revenue share in part to encourage them to promote Google Play over their own App Stores.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Google objects to this Request as vague and ambiguous in its use of the phrases "revenue share," "some mobile carriers," and "to encourage them to promote Google Play over other App Stores." Google further objects to this Request as overbroad and unduly burdensome as to time. Subject to and without waiving the foregoing objections, Google admits that during the time period January 1, 2008 through the present, it has paid revenue share to certain mobile carriers. In all other respects, Google denies Request No. 13.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 3:21-md-02981-JD

DB2/ 43808968.2

17

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF CONSUMER'S FIRST SET OF RFAS