Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Michelle Park Chiu, Bar No. 248421
michelle.chiu@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
Rishi P. Satia, Bar No. 301958
rishi.satia@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000

Richard S. Taffet, *pro hac vice*
richard.taffet@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000

*Counsel for Defendants*

Glenn D. Pomerantz, Bar No. 112503
glenn.pomerantz@mto.com
Kuruvilla Olasa, Bar No. 281509
kuruvilla.olasa@mto.com
**MUNGER, TOLLES & OLSON LLP**
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Kyle W. Mach, Bar No. 282090
kyle.mach@mto.com
Justin P. Raphael, Bar No. 292380
justin.raphael@mto.com
Emily C. Curran-Huberty, Bar No. 293065
emily.curran-huberty@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty Seventh Fl.
San Francisco, California 94105
Telephone: (415) 512-4000

Jonathan I. Kravis, *pro hac vice*
jonathan.kravis@mto.com
**MUNGER, TOLLES & OLSON LLP**
601 Massachusetts Ave. NW, Ste 500E
Washington, D.C. 20001
Telephone: (202) 220-1100

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Epic Games Inc. v. Google LLC et al.,*<br>Case No. 3:20-cv-05671-JD<br><br>*In re Google Play Consumer Antitrust Litig.,*<br>Case No. 3:20-cv-05761-JD<br><br>*State of Utah et al. v. Google LLC et al.,*<br>Case No. 3:21-cv-05227-JD<br><br>*Match Group, LLC et al. v. Google LLC et al.,*<br>Case No. 3:22-cv-02746-JD | Case No. 3:21-md-02981-JD<br><br>**DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE**<br><br>Judge: Hon. James Donato |

I, Christian Cramer, declare as follows:

1. I am currently a Finance Director for Defendant Google LLC (along with Google-affiliated entities, "Google"). I have been employed by Google since September 2007 and have held my current position since March 2017. Over the course of my employment at Google, I have acquired personal knowledge of Google's practices and procedures concerning the maintenance of the confidentiality of its strategic, business, and marketing information.

2. I submit this declaration in support of the Administrative Motion to Seal Materials Submitted in Connection With Parties' Omnibus Motions in Limine ("Motion"), filed on October 5, 2023 in *In re Google Play Store Antitrust Litigation* (No. 21-md-02981-JD) (N.D. Cal) ("MDL"); s*ee also In re Google Play Consumer Antitrust Litigation* (No. 3:20-cv-05761-JD) (N.D. Cal); *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.); *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.); *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.).

3. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify from my personal knowledge and knowledge acquired from sources with factual foundation.

**The Material to Be Sealed Is Highly Confidential Because It Reflects Non-Public Commercial Agreements and Contract Proposals, and Because It Reveals Google's Competitive Decision-Making and Business Strategy**

4. As demonstrated with factual particularity below, all the material for which Google requests sealing is maintained as highly confidential. To the best of my knowledge, none of this material has been publicly disclosed.

5. As a matter of routine practice and internal policy, Google and its employees strictly treat as confidential, inter alia, (i) internal, non-public financial information; (ii) non-public commercial proposals to third parties; (iii) non-public agreements with third parties; (iv)

1

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: CE8BA6E6-93B5-4D75-8BFA-1DB3916BDFB7

1  internal surveys and analyses of customer preferences, spending, revenue, market conditions,

2  business strategy, competitive dynamics, and commercial opportunities; (v) non-public financial

3  forecasts and business plans; (vi) trade secrets; and (vii) other sensitive material that, if publicly

4  disclosed, could potentially enable Google's competitors to undermine Google's competitive

5  position in the marketplace, allow current or prospective business partners or counterparties to

6  take unfair advantage of Google in negotiations or other business affairs, violate Google's

7  confidentiality obligations to third parties, or otherwise prejudice Google's business interests.  In

8  my experience and to the best of my knowledge, Google does not disclose internal documents,

9  data, or information of this nature outside of the company, except to authorized third parties

10  when so required or permitted by law or contract.  To that end and in order to prevent inadvertent

11  revelation of this information to the public, Google has several policies in place like prohibiting

12  employees from accessing information beyond what is reasonably necessary to perform their

13  duties, limiting access to certain internal systems, permitting access to document databases on a

14  need-to-know basis, and requiring the use of an encrypted email system.  I am also aware that,

15  generally, Google employees are required to sign a confidentiality agreement requiring each

16  employee to keep information confidential and shared only within the company.

17       6.     Third parties—including Google's customers, suppliers, business partners, and

18  others who interact or transact with Google in an array of contexts—entrust highly sensitive,

19  non-public, and confidential information to Google every day.  These third parties have an

20  expectation that Google can and will protect the confidentiality of that information.  In many

21  cases, Google is contractually bound to keep that information confidential.  In my experience and

22  to the best of my knowledge, Google does not disclose internal documents, data, or information

23  reflecting third parties' confidential information outside of the company, unless and only to the

24  extent it has been authorized (or is lawfully permitted or required) to do so.  Rather, as noted

25  above, Google policies and protocols are designed to ensure the confidentiality of third-party

26  material is strictly maintained.

**There is Good Cause and Compelling Reasons to Seal Google's Highly Confidential Material**

7.      As demonstrated with factual particularity below, there is "good cause" to seal Google's confidential materials.  But even if Google were required to demonstrate "compelling reasons" for sealing, the materials for which Google requests sealing would still satisfy that standard.  The public disclosure of Google's internal, confidential material (including material that reflects third parties' confidential information) could, among other things, harm Google's business and customer relationships, undermine Google's ability to retain and attract customers and business partners who entrust Google with their confidential information, jeopardize Google's ability to conduct business with current and prospective business partners, enable Google's competitors to undermine Google's competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of Google in negotiations or other business affairs, or otherwise prejudice Google's and/or third parties' business interests.  These materials therefore derive economic value from not being generally known to Google's competitors, counterparties, or the public.  The release of this information to the public will cause tangible commercial injury to Google and to those who provided their confidential information to Google with the expectation that confidences would be maintained.

8.      I understand that this Motion requests that the Court maintain the specific information identified below under seal. For the reasons stated below, this information is confidential and highly sensitive, and if publicly disclosed, could significantly prejudice Google's competitive position by harming Google's relationship with business partners, putting Google at unfair disadvantage in future business negotiations, and permitting Google's competitors to gain unfair advantage in competition with Google.

## Specific Information to Be Sealed

**Plaintiffs' Omnibus Opposition to Defendants' Omnibus Motions in Limine No. 5**

9.      **Plaintiffs' Opposition to Google's Motion *in Limine* No. 5, Page 15, line 4-5 (between "noting that the Google Play Store contributed" and "Alphabet H1'2020 operating profit").**  This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data,

3

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: CE8BA6E6-93B5-4D75-8BFA-1DB3916BDEB7

1    which is non-public, and if revealed to competitors and potential business counterparties, could

2    be used to disadvantage and cause Google competitive harm by giving competitors insight into

3    confidential Google financial information.

4         10.    **Plaintiffs' Opposition to Google's Motion *in Limine* No. 5, Page 15, line 6-9**

5    **(between "stating that he holds" and "unvested Google shares").**  This text contains the

6    specific dollar-value of Google shares that an individual Google employee owns.  Disclosure of

7    this personally identifying and highly sensitive personal financial information would violate that

8    individual's reasonable expectation of privacy in their personal information shared privately with

9    Google.  Google does not seek to redact the *fact* that the employee holds Google stock, which is

10   relevant to the Motion.  But Google does seek to redact exact stock amount:  No public interest is

11   served by the public disclosure of the sensitive, personal information that that specific amount

12   represents.

13   **Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 2**

14                          **(GOOG-PLAY5-000500320)**

15        11.    **Exhibit 2 (Names of chat participants, except for first initials).** This text

16   contains the identities of current Google employees.  Disclosure of these names and email

17   addresses is of limited value to the public—as their identities are not relevant to the disposition

18   of this case.   The public is still able to view the substantive portions of the document, while

19   individuals' reputations and identities are protected.  Thus, even with narrow redactions of non-

20   party individuals' names, the public can readily understand the import of Ex. 14 and its interest

21   in disclosure of Ex. 14 in its entirety is limited and outweighed by the compelling reasons for

22   sealing.

23        12.    **Exhibit 2, Bates -332 (between "Play originally wanted" and "but then**

24   **settled"; between "the teams agreed on" and end of sentence; between "really burdensome**

25   **to" and end of sentence; between "mad at" and "and 2) also mad"; between "Google Ads**

26   **can only" and end of sentence).**  This information reveals Google's confidential, non-public

27   strategic considerations. This information has never been disclosed publicly and the Google Play

28

product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 3**

**(GOOG-PLAY5-000500584)**

13.     **Exhibit 3, Page -631 (Names of chat participants, except for first initials).** This text contains the identities of current Google employees.  Disclosure of these names and email addresses is of limited value to the public—as their identities are not relevant to the disposition of this case.   The public is still able to view the substantive portions of the document, while individuals' reputations and identities are protected.  Thus, even with narrow redactions of non-party individuals' names, the public can readily understand the import of Exhibit 3 and its interest in disclosure of Exhibit 3 in its entirety is limited and outweighed by the compelling reasons for sealing.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 4**

**(GOOG-PLAY-001265881)**

14.     **Exhibit 4, Page -883 (between "For Samsung:" and "expected new profit/year in 2022"; between "vs. Samsung's" and "annual profit)."; between "Today: Galaxy store" and "time spent vs. Play store").**  This text includes Google's estimates for Samsung's revenue, monthly active users, time spent, and profit for the Samsung Galaxy Store. This text contains confidential, non-public information regarding a non-party OEM, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors

5

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into Google interpretation of the data gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of an OEM's highly confidential information would significantly affect the OEM's business. For example, OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information— that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.

15. **Exhibit 4, Page -883 (between "For Play:" and "most likely margin at risk for 2022"; between "For developers" and "average net rev uplift"; between "Play: Max revenue risk is" and "; Max margin"; between "Max margin impact" and end of sentence).** This text indicates Google's estimates for Google Play margins at risk in 2022 related to its non-public internal assessment of expected performance of the Samsung Galaxy Store, as well as Google's estimates of the impact on its developer customers from the Galaxy Store in 2022. Those estimates include as inputs Google's estimates for Samsung's revenue, monthly active users, time spent, and profit for the Samsung Galaxy Store. This text contains confidential, non-public information regarding a non-party OEM, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a

DocuSign Envelope ID: CE8BA6E6-93B5-4D75-8BFA-1DB3916BDEB7

competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into Google interpretation of the data gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of an OEM's highly confidential information would significantly affect the OEM's business. For example, OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.  Finally, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google.

16.     **Exhibit 4, Page -885 (text above arrow graphic; between "+ Assumes" and "market share in KR"; between "150 HC," and "rev share"; between "data," and "from Ads").**  This text reflects Google's non-public internal estimates and analyses of likely net profits for the Galaxy Store in 2019 and 2022, as well as related risk to Google Play profits in 2022.  It also reflects Google's estimates for key inputs into those projections:  Samsung's revenue, monthly active users, time spent, and profit for the Samsung Galaxy Store. This text

contains confidential, non-public information regarding a non-party OEM, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into Google interpretation of the data gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of an OEM's highly confidential information would significantly affect the OEM's business. For example, OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis. Finally, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google.

17.    **Exhibit 4, Page -897 (between "2-10x" and "/year)"; between "estimate roughly" and "potential revenue"; between "Galaxy Store Home screen ads" and end of**

8

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

**line; between "Game launcher ads" and end of line; between ""N-1 screen" and "potential revenue"; between "CPM" and end of line; between "Monthly impressions" and end of line).** This text includes Google's non-public analysis and estimations of Samsung's revenue, monthly active users, time spent, and profit for the Samsung Galaxy Store. This text contains confidential, non-public information regarding a non-party OEM, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into Google interpretation of the data gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of an OEM's highly confidential information would significantly affect the OEM's business. For example, OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.

18.     **Exhibit 4, Page -904 (between "Top titles co-list (" and "of Play revenue"; contents of table).** This text projects Samsung's net profits and related risk to Google Play profits in 2022 based on internal Google projections for Samsung's investments into its Galaxy

1   Store.  This text includes Google's estimates for Samsung's revenue, monthly active users, time

2   spent, and profit for the Samsung Galaxy Store.  This text contains confidential, non-public

3   information regarding a non-party OEM, and implicates the non-parties' confidentiality interests

4   by purporting to reveal the nonparties' confidential statements made during negotiations.

5   Further, disclosure of this non-public information is likely to result in competitive harm to

6   Google, as it reveals strategic decision-making, which, for example, could give a competitor or

7   potential business partner unfair leverage in competing against or negotiating with Google.

8   Moreover, Google's competitors could use this non-party information to unfairly target Google's

9   partners. Further, this information reveals Google's internal non-public profit, revenue, and

10   financial calculations. These data sets are not otherwise publicly reported by the company and

11   their disclosure is likely to cause Google competitive harm and give its competitors an unfair

12   advantage. Google's competitors could improperly utilize this internal, non-public data to modify

13   or augment their business operations in an effort to compete unfairly against Google. Moreover,

14   visibility into Google interpretation of the data gives Google's competitors improper insight into

15   the financial health and future outlook of the Play business, which also arguably gives Google's

16   competitors an unfair advantage. Further, the disclosure of an OEM's highly confidential

17   information would significantly affect the OEM's business. For example, OEM competitors

18   could leverage this information to reap an unearned competitive advantage. They could exploit

19   this information—that they otherwise would not have access to—to inform their own business

20   strategies. To prevent these competitive harms from coming to fruition, OEMs proactively

21   maintain the confidentiality of its strategic information, only disclosing it to a select group of

22   individuals on an as-needed basis. Finally, this information reveals Google's internal non-public

23   profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by

24   the company and their disclosure is likely to cause Google competitive harm and give its

25   competitors an unfair advantage. Google's competitors could improperly utilize this internal,

26   non-public data to modify or augment their business operations in an effort to compete unfairly

27   against Google.

28

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

19. **Exhibit 4, Page -915 (between "TAC Payment" and end of sentence; between "Ads Spend:" and "(includes non-mobile division").)**  This text contains confidential, non-public information regarding non-party business partners, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of mobile carrier and OEM's highly confidential information would significantly harm mobile carriers' and OEMs' business. For example, mobile carrier and OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, mobile carrier and OEMs proactively maintains the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 5**
**(GOOG-PLAY-004488106)**

20. **Exhibit 5, page -107.R (between "Ask: Spend" and "in 2023"; between "Offer up to" and "Play rev"; between "to OEMs" and "to smaller OEMs"; between**

11

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: CE8BA6E6-93BE-4D75-8DFA-1DB3016BDEB7

**"spending est" and "in 2020"; between "up to" and "(steady state)"; between "total of" and "for Xiaomi"; between "Xiaomi and" and "for carriers").** This text contains confidential, non-public information regarding non-party developers, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure.R of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of mobile carrier and OEM's highly confidential information would significantly harm mobile carriers' and OEMs' business. For example, mobile carrier and OEM competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, mobile carrier and OEMs proactively maintains the confidentiality of its strategic information, only disclosing it to a select group of individuals on an as-needed basis.

21. **Exhibit 5, page -108.R (both charts and all text below the heading that begins with "Scope").** This information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair

1    advantage. Google's competitors could improperly utilize this internal, non-public data to modify

2    or augment their business operations in an effort to compete unfairly against Google. Moreover,

3    visibility into the trends in the data (i.e., figures across multiple years) gives Google's

4    competitors improper insight into the financial health and future outlook of the Play business,

5    which also arguably gives Google's competitors an unfair advantage.

6         22.    **Exhibit 5, page -109.R (the figures in the columns with the headings**

7    **beginning with "2017A" and "2018A").**  This text contains confidential, non-public

8    information regarding Google's agreements with non-party developers. Disclosure of this non-

9    public information is likely to result in competitive harm to Google, as it reveals strategic

10   decision-making which, for example, could give a competitor or potential business partner unfair

11   leverage in competing against or negotiating with Google. Moreover, Google's competitors

12   could use this non-party information to unfairly target Google's developer partners and offer

13   specific deal terms designed to undercut those offered by Google. This information reflects and

14   is calculated from internal, non-public Google financial data. Google spends significant

15   resources compiling and maintaining this valuable data, which is non-public, and if revealed to

16   competitors and potential business counterparties, could be used to disadvantage and cause

17   Google competitive harm by giving competitors insight into confidential Google financial

18   information. Further, this information reflects sensitive, highly confidential characterizations by

19   Google's internal business teams that, if revealed, could be referenced by potential counterparties

20   in negotiations with Google to gain an unfair advantage against Google. Further, the disclosure

21   of OEMs' highly confidential information would significantly harm OEMs' business. For

22   example, OEMs' competitors could leverage this information to reap an unearned competitive

23   advantage. They could exploit this information—that they otherwise would not have access to—

24   to inform their own business strategies. To prevent these competitive harms from coming to

25   fruition, OEMs proactively maintain the confidentiality of their strategic information, only

26   disclosing it to a select group of individuals on an as-needed basis.

27

28

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

23.     **Exhibit 5, page -111.R (between "higher 2023 spend" and "only due to"; between start of sentence and "incremental revenue share"; "share in 2023" and "for Google forward"; between "devices +" and "for devices with").** This text contains confidential, non-public information regarding non-party developers, and implicates the non-parties' confidentiality interests by purporting to reveal the nonparties' confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners. Further, this information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage.

24.     **Exhibit 5, page -112.R (between start of sentence and "Browser search revenue"; between "GSA Widget" and "overall Search rev"; between start of sentence and "Search revenue share (as TODAY)"; between start of sentence and "Search (as TODAY bonus"; between "bonus)" and "Play revenue share"; between "Play revenue share" and "of spend)"; between "Xiaomi" and "for selected smaller").** This text contains confidential, non-public information regarding Google's agreements with non-party OEMs. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors

14

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

could use this non-party information to unfairly target Google's partners and offer specific deal terms designed to undercut those offered by Google.

25.     **Exhibit 5, page -113.R (between start of sentence and "GROSS Search rev share"; between start of sentence and "GROSS Search rev share (as TODAY"; between start of sentence and "GROSS Search rev share (no Play"; between "carriers to spend" and "(ramp)"; between "Spend" and "of the incremental").**  This text contains confidential, non-public information regarding Google's agreements with non-party carriers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners and offer specific deal terms designed to undercut those offered by Google.

26.     **Exhibit 5, page -115.R (between "spending the" and "in 2023"; between "Risk Hedging" and "search +"; between "search +" and "Play"; between "forward devices" and "search +"; between "search +" and "Play"; between "Search & assistant" and end of sentence; between "Transsion" and end of sentence; between "Hedge:" and "non covered"; between "revenue" and "of browser"; between "browser and" and "in Europe revenue;" between "on incremental" and "devices"; between "Hedge" and "non-covered Play"; between "actives)" and "in Search +"; between "in Search +" and "in Play in Lieu"; between "actives)" and "in Search +"; between "in Search +" and "in Play"; between "actives)" and "in Search to get"; between "up to spend" and "in co-marketing").** This information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight

15

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage. Further, the disclosure of OEMs' highly confidential information would significantly harm OEMs' business. For example, OEMs' competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of their strategic information, only disclosing it to a select group of individuals on an as-needed basis.

27. **Exhibit 5, page -116.R (between "investing" and "per device", between "on Android" and "in 2023"; all text below "Theoretical Break-even" and above "Pay-out", "Revenue uplift potential" and "App bounty savings opportunity"; all text in chart under "Pay-out"; between "Revenue uplift potential" and "Assuming 50% of"; between "varies by OEM" and end of sentence; "between "+$2" and "Total")"; between "Carrier devices only!" and "in marketing"; between "of which" and "to be spent specifically"; between "1P services e.g." and "revenue from 1P"; between "generated" and "revenue"; between "GFD is" and "more expensive"; between "LG" and "savings"; between "Other non CN OEMs" and "savings per device"; the dollar amount preceding "in marketing").** This text contains confidential, non-public information regarding Google's agreements with non-parties. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's partners and offer specific deal terms designed to undercut those offered by Google. Further, this information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial

16

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. Further, the disclosure of OEMs' highly confidential information would significantly harm OEMs' business. For example, OEMs' competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to— to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of their strategic information, only disclosing it to a select group of individuals on an as-needed basis.

28.     **Exhibit 5, page -117.R (between "Google incremental" and "in 2023"; the bar chart underneath the heading "GDAF TAC Payments by Tier"; the dollar amounts in the columns with the headings "2018", "2019", "2020", "2021", "2022", and "2023"; the dollar amounts to the right of the table at the bottom of the slide before "Search Revshare" and "Incr above").**  This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

29.     **Exhibit 5, page -118.R (between "will reach" and "in 2023"; between "in 2023" and "from Play"; between "from Play" and "Search"; all figures in the columns with the headings "2018A"; "2019E"; "2020F"; "2021F"; "2022F"; 2023F" and "Two Year Term"; and between "reinvestment is" and "in each year").**  This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors

17

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: CE8BA6E6-93BE-4D75-8DFA-1DB3016BDFB7

and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

30. **Exhibit 5, page -121.R (between "will reach" and "in 2023"; dollar amounts in the columns with the headings "2018A", "2019E", "2020F", "2021F", "2022F", and "2023F"; between "be between" and "GFWD"; between "enrollment of" and the end of the sentence; between "bonus rates" and "for most"; between "OEMs and" and "for Carriers").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. Further, the disclosure of OEMs' highly confidential information would significantly harm OEMs' business. For example, OEMs' competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of their strategic information, only disclosing it to a select group of individuals on an as-needed basis.

31. **Exhibit 5, page -122.R (between "to spend" and "to cover"; between "to cover" and "in key"; between "deals as-is" and "unsc'rd"; between "unsc'rd" and "Revshare" under heading "Case 1"; all three green and yellow columns; text before "Revshare" in both blue text boxes"; between "GDAF proposal" and "unsc'rd"; between**

"unsc'rd" and "Revshare" under heading "Case 2"; between "RSAs expire" and "unsc'rd"; between "unsc'rd" and "Revshare" under heading "Case 3"). This text contains confidential, non-public information regarding Google's agreements with non-party carriers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's carrier partners and offer specific deal terms designed to undercut those offered by Google. This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. Further, the disclosure of OEMs' highly confidential information would significantly harm OEMs' business. For example, OEMs' competitors could leverage this information to reap an unearned competitive advantage. They could exploit this information—that they otherwise would not have access to—to inform their own business strategies. To prevent these competitive harms from coming to fruition, OEMs proactively maintain the confidentiality of their strategic information, only disclosing it to a select group of individuals on an as-needed basis.

32. **Exhibit 5, page -123.R (the dollar amounts in the columns with the headings "2018A", "2019E", "2020F", "2021F", "2022F" and "2023F").** This information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations

19

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 7 (GOOG-PLAY-000338400.R)**

33.     **Exhibit 7, Page -401 (between "on track to deliver" and "in revenue\*"; between "revenue\*" and "and approximately"; between "and approximately" and "of Alphabet H1'2020 operating profit"; between "momentum revenue forecast" and "by 2025)"; between "grow beyond momentum to" and "by 2025.  3 key"; between "3 key areas of opportunity:" and end of bullet-point list; and between "a path to grow" and "above the momentum forecast 5 years out.").**  This information reveals Google's internal non-public profit, revenue, and financial calculations for 2020 and as projected forward through 2025, and Google's internal strategic priorities for the same period. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google.  Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage.  Finally, this text reflects confidential and recent business strategy considerations by Google, including considered Google's internal strategic priorities for Google through 2025. If publicly revealed, this information could cause Google competitive harm by giving other parties insight into Google's strategic considerations and plans, and thus a competitive advantage over Google in ongoing or future business negotiations and commercial strategy.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 8 (Excerpt of Rosenberg Tr.)**

20

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

34.     **Exhibit 8, Pages -387-89 (between "It had been" and ".  There was –";** **between "in January where it went up I think" and ", but I don't remember the exact** **number"; between "And when you say" and "you mean in the range"; between "into the** **range of between" and "A.  Correct."; between "I'm doing some math.  I think – I think it** **would be" and "shares?  A.  Correct."; between "What is the approximate time frame over** **which those shares will vest?  A.  I think it would be" and "I believe."; between "Q.  So if** **Google closed today at $2,772 and you have" and "am I doing the math right"; between "to** **understand that that's" and "worth of Google stock?";  between "Approximately how** **many vested shares do you hold?" and "Q.  Great." ; between "put on file with the SEC?"** **and "Q.  I don't know actually."; between "Q.  I don't know actually." and end of page).** This text  contains a discussion of the specific numbers, dollar values, and schedules associated with an individual Google employee's salary and stock holdings.  Disclosure of this personally identifying and highly sensitive personal financial information would violate that individual's reasonable expectation of privacy in their personal information shared privately with Google. Google does not seek to redact the *fact* that the employee receives a salary or holds Google stock, which is relevant to the Motion.  But Google does seek to redact exact vesting schedule information, amount, and dollar value of the employee's salary and stock holdings.  No public interest is served by the public disclosure of that sensitive, personal information.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 9**

**(GOOG-PLAY-007819062)**

35.     **Exhibit 9, Page -077 (green column under "BYOB").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

36.     **Exhibit 9, Page -078 (between "Costs range from" and end of line; all figures above the three blue columns).**  This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

37.     **Exhibit 9, Page -081 (all text to the right of "Est. Margin Cost"; between "Cost at" and "-assuming some behavior"; between "changes in games" and "apps"; between "apps;" and "games) Content Creator"; between "apps such as" and "who have a large creator platform"; between "usually published rates)" and "India program"; between "Content creator:" and "margin against existing").**  This information reveals Google's internal non-public profit and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, this text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.

38.     **Exhibit 9, Page -083 (between "change would be" and "for apps"; between "for apps" and "for games"; all figures in the table below subheaders; between "devs shift just" and "of IAP spend"; between "Cost by" and "for apps"; between "for apps" and "for games)"; between "smaller tiers does not" and "this is because"; between "also means the" and "for" between "for" and "for games for the smallest"; between "subs give will be" and "for apps"; between "notional give" and "the size"; between "the size" and "for apps vs";**

between "for apps vs" and "for games), but"; between "with subs is" and "compared to"; between "compared to" and "for games"; between "tiers are actually" and "and"; between "and" and "as we see the"; and between "richness for upper tiers" and "I have a hypothesis").** This information reflects and is calculated from internal, non-public Google financial data regarding the financial impact of the service fee for subscriptions on developers. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

39.     **Exhibit 9, Page -084 (between "smaller tiers does not" and "this is because"; between "also means the" and "for"; between "for" and "for games for the smallest"; between "subs give will be" and "for apps"; between "notional give" and "the size"; between "the size" and "for apps vs"; between "for apps vs" and "for games), but"; between "with subs is" and "compared to"; between "compared to" and "for games"; between "tiers are actually" and "and"; between "and" and "as we see the"; and between "richness for upper tiers" and "I have a hypothesis").** This information reflects and is calculated from internal, non-public Google financial data regarding the financial impact of the service fee for subscriptions on developers. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

40.     **Exhibit 9, Page -085 (all text in row to the right of "not published").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. Further, this text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

41.     **Exhibit 9, Page -086 (between "Est. Margin Cost" and "- very few of these"; between "Cost at" and "-assuming some behavior"; between "changes in games" and "apps"; between "apps;" and "games) Content Creator"; between "apps such as" and "who have a large creator platform"; between "usually published rates)" and "India program"; between "Content creator:" and "margin against existing").** This information reveals Google's internal non-public profit and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, this text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.

42.     **Exhibit 9, Page -088 (text below "video").**  This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

43.     **Exhibit 9, Page -112 (between "Effective Fee *" and "-15%").**  This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

44.     **Exhibit 9, Page -120 (between "Est. Margin Cost" and "- very few of these"; between "Cost at" and "-assuming some behavior"; between "changes in games" and "apps"; between "apps;" and "games) Content Creator"; between "apps such as" and "who have a large creator platform"; between "usually published rates)" and "India program"; between "Content creator:" and "margin against existing").** This information reveals Google's internal non-public profit and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, this text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations.

25

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

45.     **Exhibit 9, Page -122 (between "(min." and "Accommodates apps that";
between "payout (min." and "Extend creator").** This information contains non-public
information regarding Google's confidential non-public internal strategic considerations related
to creating value for and attracting developers to the Play Store. This information has never been
disclosed publicly. Disclosure of this information would adversely impact Google's current
competitive position by enabling Google's competitors to mimic its confidential strategies in an
effort to attract developers away from Google.

46.     **Exhibit 9, Page -123 (between "Cost at" and "-assuming some behavior";
between "changes in games" and "apps"; between "apps;" and "games) Content Creator";
between "apps such as" and "who have a large creator platform"; between "usually
published rates)" and "India program"; between "Content creator:" and "margin against
existing").** This information reveals Google's internal non-public profit and financial
calculations. These data sets are not otherwise publicly reported by the company and their
disclosure is likely to cause Google competitive harm and give its competitors an unfair
advantage. Google's competitors could improperly utilize this internal, non-public data to modify
or augment their business operations in an effort to compete unfairly against Google. Moreover,
this text contains confidential, non-public information regarding non-party developers, and
implicates the non-party's confidentiality interests, by revealing the identity of Google business
partners who are not party to this litigation, and who have a reasonable expectation that Google
will maintain the confidentiality of contractual terms and its own confidential statements made
during negotiations.

47.     **Exhibit 9, Page -125 (all developers below "Match" in first column).** This text
contains confidential, non-public information regarding non-party developers, and implicates the
non-party's confidentiality interests, by revealing the identity of Google business partners who
are not party to this litigation, and who have a reasonable expectation that Google will maintain
the confidentiality of contractual terms and its own confidential statements made during
negotiations. Further, disclosure of this non-public information is likely to result in competitive

DocuSign Envelope ID: CE8BA6E6-93BE-4D75-8DFA-1DB3016BDFB7

harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

48. **Exhibit 9, Page -126 (all developers besides "Bandcamp" in first column).** This text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

49. **Exhibit 9, Page -126 (all three figures in the "Tomorrow" column with "(min)" next to the figure).** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

50. **Exhibit 9, Page -127 (all developers in first column).**  This text contains confidential, non-public information regarding non-party developers, and implicates the non-party's confidentiality interests, by revealing the identity of Google business partners who are not party to this litigation, and who have a reasonable expectation that Google will maintain the confidentiality of contractual terms and its own confidential statements made during negotiations. Further, disclosure of this non-public information is likely to result in competitive

harm to Google, as it reveals strategic decision-making, which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners.

51.    **Exhibit 9, Page -127 (all figures in the "Tomorrow" column).** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

52.    **Exhibit 9, Page -130 (figure below "10%" in last blue column).**  This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

53.    **Exhibit 9, Page -131 (between "content payout" and "Accommodates apps that").**  This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

54.    **Exhibit 9, Page -132 (figure below "10%" in blue column).**  This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely

1    impact Google's current competitive position by enabling Google's competitors to mimic its

2    confidential strategies in an effort to attract developers away from Google.

3         55.    **Exhibit 9, Page -133 (figure below "10%" in blue column).**  This information

4    contains non-public information regarding Google's confidential non-public internal strategic

5    considerations related to creating value for and attracting developers to the Play Store. This

6    information has never been disclosed publicly. Disclosure of this information would adversely

7    impact Google's current competitive position by enabling Google's competitors to mimic its

8    confidential strategies in an effort to attract developers away from Google.

9         56.    **Exhibit 9, Page -134 (figure below "15%" in blue column).**  This information

10   contains non-public information regarding Google's confidential non-public internal strategic

11   considerations related to creating value for and attracting developers to the Play Store. This

12   information has never been disclosed publicly. Disclosure of this information would adversely

13   impact Google's current competitive position by enabling Google's competitors to mimic its

14   confidential strategies in an effort to attract developers away from Google.

15        57.    **Exhibit 9, Page -135 (figure below "10%" in blue column)**.  This information

16   contains non-public information regarding Google's confidential non-public internal strategic

17   considerations related to creating value for and attracting developers to the Play Store. This

18   information has never been disclosed publicly. Disclosure of this information would adversely

19   impact Google's current competitive position by enabling Google's competitors to mimic its

20   confidential strategies in an effort to attract developers away from Google.

21        58.    **Exhibit 9, Page -136 (figure below "10%" in blue column).**  This information

22   contains non-public information regarding Google's confidential non-public internal strategic

23   considerations related to creating value for and attracting developers to the Play Store. This

24   information has never been disclosed publicly. Disclosure of this information would adversely

25   impact Google's current competitive position by enabling Google's competitors to mimic its

26   confidential strategies in an effort to attract developers away from Google.

27

28

29

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

DocuSign Envelope ID: CE8BA6E6-93BE-4D75-8DFA-1DB3016BDFB7

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 10**

**(GOOG-PLAY-011450558)**

59.     **Exhibit 10, Page -639 (in the bullet point "Policy", between "and funding)" and the end of the sentence; between "pushed to change" and the end of the sentence).** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

60.     **Exhibit 10, Page -639 (underneath heading beginning with "NOTE: GAPP", the text in the first bullet point).** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

61.     **Exhibit 10, Page -639 (in the bullet point titled" Content Delivery Fees", between "Talking Point]:" and "one area", between "issue of" and the end of the sentence.)** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S.

developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

62.    **Exhibit 10, Page -639 (the text in the three sub-bullet points to the bullet point titled" Content Delivery Fees").** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

63.    **Exhibit 10, Page -639 (the text following "Disney Upfront and Brandcast").** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers. This text also contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

64.    **Exhibit 10, Page -639 (the text following "Platforms and Ecosystems").** This information contains non-public and confidential data regarding policies and developer relations on Google Play. This information has never been disclosed publicly and the Google Play product

team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers. This text also contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 12**
**(GOOG-PLAY-011675561)**

65.     **Exhibit 12, Page -629 (between "target of" and "incremental"; between "is now" and the end of the sentence").** This information reveals Google's internal non-public profit, revenue, and financial calculations. These data sets are not otherwise publicly reported by the company and their disclosure is likely to cause Google competitive harm and give its competitors an unfair advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage.

66.     **Exhibit 12, Page -631 (the dollar figures in the subheadings, "1. FOP Launches", "2. "eWallet Activation", "3. Global Pay", and "4. Live Commerce"; the chart under subheading "1. FOP Launches"; the figures under the subheading "2. eWallet Activation"; the text in the notes underneath the heading "The 4 launches this year are:")** This information reflects and is calculated from internal, non-public Google financial data.

32

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. Further, this text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information to unfairly target Google's developer partners and offer specific deal terms designed to undercut those offered by Google.

67.    **Exhibit 12, Page -634 (in the notes below the slide, between "Purchasers by" and "and Transactions"; between "Transactions by" and "this year"; between "year with" and "of ShopeePay")** This information contains non-public and confidential data regarding commerce programs on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers. This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google. Moreover, Google's competitors could use this non-party information

33

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1    to unfairly target Google's developer partners and offer specific deal terms designed to undercut

2    those offered by Google.

3          68.     **Exhibit 12, Page -635 (the data underneath the subheading "Campaign**

4    **Results"; between "total of" and "during the"; between "campaign period" and**

5    **"achievement"; the percentage figures between "it drove" and the end of the sentence")**

6    This information contains non-public and confidential data regarding commerce programs on

7    Google Play. This information has never been disclosed publicly and the Google Play product

8    team treats it as strictly confidential. If publicly revealed, this information could influence the

9    competitive decision-making and business strategies employed by Google's app store

10   competitors, for example by influencing how those app stores market themselves to U.S.

11   developers and how they distinguish themselves from Google Play in the eyes of U.S.

12   developers. This text contains confidential, non-public information regarding Google's

13   agreements with non-party developers. Disclosure of this non-public information is likely to

14   result in competitive harm to Google, as it reveals strategic decision-making which, for example,

15   could give a competitor or potential business partner unfair leverage in competing against or

16   negotiating with Google. Moreover, Google's competitors could use this non-party information

17   to unfairly target Google's developer partners and offer specific deal terms designed to undercut

18   those offered by Google.

19         69.     **Exhibit 12, Page -636 (the text and figures below the images on the slide;**

20   **between "volume by" and "YoY;" between "on Play by" and "YoY"; between start of**

21   **sentence and "for spend;" between "for spend" and "for NPUs" and between "NPUs and**

22   **and "for RPUs")** This information contains non-public and confidential data regarding

23   commerce programs on Google Play. This information has never been disclosed publicly and the

24   Google Play product team treats it as strictly confidential. If publicly revealed, this information

25   could influence the competitive decision-making and business strategies employed by Google's

26   app store competitors, for example by influencing how those app stores market themselves to

27   U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S.

28

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1   developers. This text contains confidential, non-public information regarding Google's

2   agreements with non-party developers. Disclosure of this non-public information is likely to

3   result in competitive harm to Google, as it reveals strategic decision-making which, for example,

4   could give a competitor or potential business partner unfair leverage in competing against or

5   negotiating with Google. Moreover, Google's competitors could use this non-party information

6   to unfairly target Google's developer partners and offer specific deal terms designed to undercut

7   those offered by Google. The disclosure of developer's highly confidential information would

8   significantly harm to the developer's business. For example, developer's competitors could

9   leverage this information to reap an unearned competitive advantage. They could exploit this

10  information—that they otherwise would not have access to—to inform their own business

11  strategies. To prevent these competitive harms from coming to fruition, the developer proactively

12  maintains the confidentiality of its strategic information, only disclosing it to a select group of

13  individuals on an as-needed basis.

14          70.    **Exhibit 12, Page -638 (in the notes below the slide, from the beginning of the**

15  **sentence to "page views"; from "highest is" to the end of the sentence; between "uniques**

16  **is" and "(Disney/Naver)"; between "(Disney/Naver" and the end of the sentence.)** This

17  information contains non-public and confidential data regarding commerce programs on Google

18  Play. This information has never been disclosed publicly and the Google Play product team

19  treats it as strictly confidential. If publicly revealed, this information could influence the

20  competitive decision-making and business strategies employed by Google's app store

21  competitors, for example by influencing how those app stores market themselves to U.S.

22  developers and how they distinguish themselves from Google Play in the eyes of U.S.

23  developers. This text contains confidential, non-public information regarding Google's

24  agreements with non-party developers. Disclosure of this non-public information is likely to

25  result in competitive harm to Google, as it reveals strategic decision-making which, for example,

26  could give a competitor or potential business partner unfair leverage in competing against or

27  negotiating with Google. Moreover, Google's competitors could use this non-party information

28

35

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1    to unfairly target Google's developer partners and offer specific deal terms designed to undercut

2    those offered by Google.

3        71.    **Exhibit 12, Page -640 (all figures in the columns "Est for H1 Activities",**

4    **"EOY Outlook", and "Original Target"; in the row "eWallet Activations", from "revenue**

5    **estimates" to the end of the sentence; in the row "PayPal Activations, between "for H2 w/"**

6    **and "in partner"; in the row "Total", between "target was" and "to be")** This information

7    contains non-public and confidential data regarding commerce programs on Google Play. This

8    information has never been disclosed publicly and the Google Play product team treats it as

9    strictly confidential. If publicly revealed, this information could influence the competitive

10   decision-making and business strategies employed by Google's app store competitors, for

11   example by influencing how those app stores market themselves to U.S. developers and how

12   they distinguish themselves from Google Play in the eyes of U.S. developers. This text contains

13   confidential, non-public information regarding Google's agreements with non-party developers.

14   Disclosure of this non-public information is likely to result in competitive harm to Google, as it

15   reveals strategic decision-making which, for example, could give a competitor or potential

16   business partner unfair leverage in competing against or negotiating with Google. Moreover,

17   Google's competitors could use this non-party information to unfairly target Google's developer

18   partners and offer specific deal terms designed to undercut those offered by Google.

19   **Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine– Exhibit 13**

20   **(GOOG-PLAY-007868187)**

21       72.    **Exhibit 13, Page -214 (the chart on the left side of the slide).** This information

22   contains non-public and confidential data regarding app growth and performance on Google

23   Play. This information has never been disclosed publicly and the Google Play product team

24   treats it as strictly confidential. If publicly revealed, this information could influence the

25   competitive decision-making and business strategies employed by Google's app store

26   competitors, for example by influencing how those app stores market themselves to U.S.

27

28

36

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1    developers and how they distinguish themselves from Google Play in the eyes of U.S.

2    developers.

3        73.    **Exhibit 13, Page -215 (the innermost circle of the graphic).** This information

4    contains non-public and confidential data regarding app growth and performance on Google

5    Play. This information has never been disclosed publicly and the Google Play product team

6    treats it as strictly confidential. If publicly revealed, this information could influence the

7    competitive decision-making and business strategies employed by Google's app store

8    competitors, for example by influencing how those app stores market themselves to U.S.

9    developers and how they distinguish themselves from Google Play in the eyes of U.S.

10   developers. Further, this information reveals Google's internal non-public profit, revenue, and

11   financial calculations. These data sets are not otherwise publicly reported by the company and

12   their disclosure is likely to cause Google competitive harm and give its competitors an unfair

13   advantage. Google's competitors could improperly utilize this internal, non-public data to modify

14   or augment their business operations in an effort to compete unfairly against Google. Moreover,

15   visibility into the trends in the data (i.e., figures across multiple years) gives Google's

16   competitors improper insight into the financial health and future outlook of the Play business,

17   which also arguably gives Google's competitors an unfair advantage.

18       74.    **Exhibit 13, Page -219 (in the notes, between "cost of" and "in first year").**

19   This information contains non-public and confidential data regarding app growth and

20   performance on Google Play. This information has never been disclosed publicly and the Google

21   Play product team treats it as strictly confidential. If publicly revealed, this information could

22   influence the competitive decision-making and business strategies employed by Google's app

23   store competitors, for example by influencing how those app stores market themselves to U.S.

24   developers and how they distinguish themselves from Google Play in the eyes of U.S.

25   developers. Further, this information reveals Google's internal non-public profit, revenue, and

26   financial calculations. These data sets are not otherwise publicly reported by the company and

27   their disclosure is likely to cause Google competitive harm and give its competitors an unfair

28

37

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

advantage. Google's competitors could improperly utilize this internal, non-public data to modify or augment their business operations in an effort to compete unfairly against Google. Moreover, visibility into the trends in the data (i.e., figures across multiple years) gives Google's competitors improper insight into the financial health and future outlook of the Play business, which also arguably gives Google's competitors an unfair advantage.

75.     **Exhibit 13, Page -225 (all content in slide under the heading "Level 3 - Tiered RevShare - 4 dimensions").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google. This information also contains non-public and confidential data regarding internal considerations of features regarding billing on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

76.     **Exhibit 13, Page -228 (the figure underneath the heading "Segmented Hybrid All-Inclusive + Billing Optionality").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google. This information also contains non-public and confidential data regarding internal considerations of features regarding billing on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as

38

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1   strictly confidential. If publicly revealed, this information could influence the competitive

2   decision-making and business strategies employed by Google's app store competitors, for

3   example by influencing how those app stores market themselves to U.S. developers and how

4   they distinguish themselves from Google Play in the eyes of U.S. developers.

5       77.    **Exhibit 13, Page -229 (the figure underneath the heading "Segmented Hybrid**

6   **All-Inclusive + Billing Optionality").** This information contains non-public information

7   regarding Google's confidential non-public internal strategic considerations related to creating

8   value for and attracting developers to the Play Store. This information has never been disclosed

9   publicly. Disclosure of this information would adversely impact Google's current competitive

10  position by enabling Google's competitors to mimic its confidential strategies in an effort to

11  attract developers away from Google. This information also contains non-public and confidential

12  data regarding internal considerations of features regarding billing on Google Play. This

13  information has never been disclosed publicly and the Google Play product team treats it as

14  strictly confidential. If publicly revealed, this information could influence the competitive

15  decision-making and business strategies employed by Google's app store competitors, for

16  example by influencing how those app stores market themselves to U.S. developers and how

17  they distinguish themselves from Google Play in the eyes of U.S. developers.

18      78.    **Exhibit 13, Page -230 (the figure and content to the right of the Amazon**

19  **logo).** This information contains non-public information regarding Google's confidential non-

20  public internal strategic considerations related to creating value for and attracting developers to

21  the Play Store. This information has never been disclosed publicly. Disclosure of this

22  information would adversely impact Google's current competitive position by enabling Google's

23  competitors to mimic its confidential strategies in an effort to attract developers away from

24  Google. This information also contains non-public and confidential data regarding internal

25  considerations of features regarding billing on Google Play. This information has never been

26  disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly

27  revealed, this information could influence the competitive decision-making and business

28

strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

79.     **Exhibit 13, Page -232 (the text and figures below the headings "General Layout" and "Based on Subscription model").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google. This information also contains non-public and confidential data regarding internal considerations of features regarding billing on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

80.     **Exhibit 13, Page -233 (the figures and content below the heading "Tenured Buyer Incentive Layout: Sensitivities (Backup)").** This information contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google. This information also contains non-public and confidential data regarding internal considerations of features regarding billing on Google Play. This information has never been disclosed publicly and the Google Play product team treats it as strictly confidential. If publicly revealed, this information could influence the competitive decision-making and business strategies employed by Google's app store competitors, for

1   example by influencing how those app stores market themselves to U.S. developers and how

2   they distinguish themselves from Google Play in the eyes of U.S. developers.

3        81.    **Exhibit 13, Page -234 (the figures and content below the heading "Tenured**

4   **Buyer Incentive Layout: Sensitivities (Backup)").** This information contains non-public

5   information regarding Google's confidential non-public internal strategic considerations related

6   to creating value for and attracting developers to the Play Store. This information has never been

7   disclosed publicly. Disclosure of this information would adversely impact Google's current

8   competitive position by enabling Google's competitors to mimic its confidential strategies in an

9   effort to attract developers away from Google. This information also contains non-public and

10  confidential data regarding internal considerations of features regarding billing on Google Play.

11  This information has never been disclosed publicly and the Google Play product team treats it as

12  strictly confidential. If publicly revealed, this information could influence the competitive

13  decision-making and business strategies employed by Google's app store competitors, for

14  example by influencing how those app stores market themselves to U.S. developers and how

15  they distinguish themselves from Google Play in the eyes of U.S. developers.

16       82.    **Exhibit 13, Page -235 (the figures and content below the heading "Tenured**

17  **buyer incentive…".)** This information contains non-public information regarding Google's

18  confidential non-public internal strategic considerations related to creating value for and

19  attracting developers to the Play Store. This information has never been disclosed publicly.

20  Disclosure of this information would adversely impact Google's current competitive position by

21  enabling Google's competitors to mimic its confidential strategies in an effort to attract

22  developers away from Google. This information also contains non-public and confidential data

23  regarding internal considerations of features regarding billing on Google Play. This information

24  has never been disclosed publicly and the Google Play product team treats it as strictly

25  confidential. If publicly revealed, this information could influence the competitive decision-

26  making and business strategies employed by Google's app store competitors, for example by

27

28

41

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1    influencing how those app stores market themselves to U.S. developers and how they distinguish

2    themselves from Google Play in the eyes of U.S. developers.

3        83.    **Exhibit 13, Page -237 (the figure in the heading "spend uplift from"; the text**

4    **and figures underneath the heading.)** This information contains non-public information

5    regarding Google's confidential non-public internal strategic considerations related to creating

6    value for and attracting developers to the Play Store. This information has never been disclosed

7    publicly. Disclosure of this information would adversely impact Google's current competitive

8    position by enabling Google's competitors to mimic its confidential strategies in an effort to

9    attract developers away from Google. This information also contains non-public and confidential

10   data regarding internal considerations of features regarding billing on Google Play. This

11   information has never been disclosed publicly and the Google Play product team treats it as

12   strictly confidential. If publicly revealed, this information could influence the competitive

13   decision-making and business strategies employed by Google's app store competitors, for

14   example by influencing how those app stores market themselves to U.S. developers and how

15   they distinguish themselves from Google Play in the eyes of U.S. developers.

16       84.    **Exhibit 13, Page -241 (between "processing have" and "spread from"; the**

17   **graph and content below the heading).** This information contains non-public information

18   regarding Google's confidential non-public internal strategic considerations related to creating

19   value for and attracting developers to the Play Store. This information has never been disclosed

20   publicly. Disclosure of this information would adversely impact Google's current competitive

21   position by enabling Google's competitors to mimic its confidential strategies in an effort to

22   attract developers away from Google. This information also contains non-public and confidential

23   data regarding internal considerations of features regarding billing on Google Play. This

24   information has never been disclosed publicly and the Google Play product team treats it as

25   strictly confidential. If publicly revealed, this information could influence the competitive

26   decision-making and business strategies employed by Google's app store competitors, for

27

28

42

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1    example by influencing how those app stores market themselves to U.S. developers and how

2    they distinguish themselves from Google Play in the eyes of U.S. developers.

3       85.    **Exhibit 13, Page -242 (the percentage figures in the right column of the table**

4    **under the subheader: "Marginal cost transfer from payment processing").** This information

5    contains non-public information regarding Google's confidential non-public internal strategic

6    considerations related to creating value for and attracting developers to the  Play Store. This

7    information has never been disclosed publicly. Disclosure of this information would adversely

8    impact Google's current competitive position by enabling Google's competitors to mimic its

9    confidential strategies in an effort to attract developers away from Google. This information also

10   contains non-public and confidential data regarding internal considerations of features regarding

11   billing on Google Play. This information has never been disclosed publicly and the Google Play

12   product team treats it as strictly confidential. If publicly revealed, this information could

13   influence the competitive decision-making and business strategies employed by Google's app

14   store competitors, for example by influencing how those app stores market themselves to U.S.

15   developers and how they distinguish themselves from Google Play in the eyes of U.S.

16   developers.

17      86.    **Exhibit 13, Page -243 (the figures in the table underneath the headings "on**

18   **Google Play Billing" and "on Partner Billing"; the text to the right of the table; the**

19   **percentage in the footnote of the table").** This information contains non-public information

20   regarding Google's confidential non-public internal strategic considerations related to creating

21   value for and attracting developers to the Play Store. This information has never been disclosed

22   publicly. Disclosure of this information would adversely impact Google's current competitive

23   position by enabling Google's competitors to mimic its confidential strategies in an effort to

24   attract developers away from Google. This information also contains non-public and confidential

25   data regarding internal considerations of features regarding billing on Google Play. This

26   information has never been disclosed publicly and the Google Play product team treats it as

27   strictly confidential. If publicly revealed, this information could influence the competitive

28

1   decision-making and business strategies employed by Google's app store competitors, for

2   example by influencing how those app stores market themselves to U.S. developers and how

3   they distinguish themselves from Google Play in the eyes of U.S. developers.

4       87.   **Exhibit 13, Page -244 (the text and figures in the table underneath the**

5   **heading "$ at risk").** This information contains non-public information regarding Google's

6   confidential non-public internal strategic considerations related to creating value for and

7   attracting developers to the Play Store. This information has never been disclosed publicly.

8   Disclosure of this information would adversely impact Google's current competitive position by

9   enabling Google's competitors to mimic its confidential strategies in an effort to attract

10  developers away from Google. This information also contains non-public and confidential data

11  regarding internal considerations of features regarding billing on Google Play. This information

12  has never been disclosed publicly and the Google Play product team treats it as strictly

13  confidential. If publicly revealed, this information could influence the competitive decision-

14  making and business strategies employed by Google's app store competitors, for example by

15  influencing how those app stores market themselves to U.S. developers and how they distinguish

16  themselves from Google Play in the eyes of U.S. developers.

17      88.   **Exhibit 13, Page -247 (between "To generate" and "to"; between "to" and**

18  **"in paid discovery"; all text and charts below "without cannibalization, need to believe…").**

19  This information contains non-public information regarding Google's confidential non-public

20  internal strategic considerations related to creating value for and attracting developers to the Play

21  Store. This information has never been disclosed publicly. Disclosure of this information would

22  adversely impact Google's current competitive position by enabling Google's competitors to

23  mimic its confidential strategies in an effort to attract developers away from Google. This

24  information also contains non-public and confidential data regarding internal considerations of

25  features regarding billing on Google Play. This information has never been disclosed publicly

26  and the Google Play product team treats it as strictly confidential. If publicly revealed, this

27  information could influence the competitive decision-making and business strategies employed

28

by Google's app store competitors, for example by influencing how those app stores market themselves to U.S. developers and how they distinguish themselves from Google Play in the eyes of U.S. developers.

**Plaintiffs' Omnibus Oppositions to Defendants' Omnibus Motions in Limine – Exhibit 14**

**(GOOG-PLAY-004119228.R)**

89.    **Exhibit 14, Page -229 (between "users with" and "paid out;" the graphic below the heading "Play is operating…"; between "has paid out" and "to developers"; between "growth rate" and "Y/Y growth"; between "with" and "in revenues"; between "Browsers" and "Y/Y growth"; between "businesses" and "and a key").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. This information also contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

90.    **Exhibit 14, Page -230 (the chart below the heading "Play continues to improve…"; between "our plan of" and "in revenue"; between "sustaining" and "operating margins"; between "growing" and "y/y"; between "growth to" and "y.y in Q2"; between "was" and "growth").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business

counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. This information also contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

91.     **Exhibit 14, Page -231 (between "Our revenues are" and "over plan in H1"; between "strong Q1" and "Y/Y growth) and"; between "in Q2" and "Y/Y growth) due"; the chart below the heading "Our revenues are…"; between "to roughly" and "of this comes"; between "in place" and the end of the sentence; between "noted as" and "it is mostly;" between "level are" and "in 1H20").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. This information also contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

92.    **Exhibit 14, Page -232 (the chart below the heading "Growth Drivers: Emerging markets…"; between "Only" and "of active"; the percentage that begins the sentence"of Play revenue"; between "revenue and" and "of buyers"; between "growing at" and "Y/Y"; between "Y/Y and" and "respectively"; between "tracking at a" and "run rate"; between "YTD spend =" and the end of the sentence; between "and over" and "flowing through").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. This information also contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

93.    **Exhibit 14, Page -233 (the percentage figures in the four bullet points on the right side of the slide; between "churn of" and "and a"; between "and a" and "uplift in").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google.

This information also contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

94.     **Exhibit 14, Page -234 (from "in the segment" to the end of the sentence; between "all HVUs" and "of Play"; the last line of the page after "non-HVUs to participate.").** This information reflects and is calculated from internal, non-public Google financial data. Google spends significant resources compiling and maintaining this valuable data, which is non-public, and if revealed to competitors and potential business counterparties, could be used to disadvantage and cause Google competitive harm by giving competitors insight into confidential Google financial information. Further, this information reflects sensitive, highly confidential characterizations by Google's internal business teams that, if revealed, could be referenced by potential counterparties in negotiations with Google to gain an unfair advantage against Google. This information also contains non-public information regarding Google's confidential non-public internal strategic considerations related to creating value for and attracting developers to the Play Store. This information has never been disclosed publicly. Disclosure of this information would adversely impact Google's current competitive position by enabling Google's competitors to mimic its confidential strategies in an effort to attract developers away from Google.

95.     **Exhibit 14, Page -237(the text below the graphic titled "Games Velocity Program" and above "Cross Google deals"; between "Play takes" and "of the revenue").** This text contains confidential, non-public information regarding Google's agreements with non-party developers. Disclosure of this non-public information is likely to result in competitive harm to Google, as it reveals strategic decision-making which, for example, could give a competitor or potential business partner unfair leverage in competing against or negotiating with Google.

1    Moreover, Google's competitors could use this non-party information to unfairly target Google's

2    developer partners and offer specific deal terms designed to undercut those offered by Google.

3        96.    **Exhibit 14, Page -237-238 (the final paragraph of the page continuing onto**

4    **the next page until "CEO").** This text contains confidential, non-public information regarding

5    Google's agreements with non-party developers. Disclosure of this non-public information is

6    likely to result in competitive harm to Google, as it reveals strategic decision-making which, for

7    example, could give a competitor or potential business partner unfair leverage in competing

8    against or negotiating with Google. Moreover, Google's competitors could use this non-party

9    information to unfairly target Google's developer partners and offer specific deal terms designed

10   to undercut those offered by Google. Further, The disclosure of a developer's highly confidential

11   information would significantly harm a developer's business. For example, a developer's

12   competitors could leverage this information to reap an unearned competitive advantage. They

13   could exploit this information—that they otherwise would not have access to—to inform their

14   own business strategies. To prevent these competitive harms from coming to fruition, a

15   developer  proactively maintains the confidentiality of its strategic information, only disclosing it

16   to a select group of individuals on an as-needed basis.

17       97.    **Exhibit 14, Page -238 (between "incremental" and "in cloud").** This text

18   contains confidential, non-public information regarding Google's agreements with non-party

19   developers. Disclosure of this non-public information is likely to result in competitive harm to

20   Google, as it reveals strategic decision-making which, for example, could give a competitor or

21   potential business partner unfair leverage in competing against or negotiating with Google.

22   Moreover, Google's competitors could use this non-party information to unfairly target Google's

23   developer partners and offer specific deal terms designed to undercut those offered by Google.

24   This information also reflects and is calculated from internal, non-public Google financial data.

25   Google spends significant resources compiling and maintaining this valuable data, which is non-

26   public, and if revealed to competitors and potential business counterparties, could be used to

27   disadvantage and cause Google competitive harm by giving competitors insight into confidential

28

49

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1   Google financial information. Further, this information reflects sensitive, highly confidential

2   characterizations by Google's internal business teams that, if revealed, could be referenced by

3   potential counterparties in negotiations with Google to gain an unfair advantage against Google.

4       98.   **Exhibit 14, Page -242 (the numbers and text below the headings "As of 1H**

5   **2020" and "Scaling Plan by EO'21" and below flag icons; between "covering" and "of**

6   **total"; between "is strong" and "uplift"; between "nearly all" and "of Play"; between "to**

7   **achieve" and enrolled").** This text contains confidential, non-public information regarding

8   Google's agreements with non-party developers. Disclosure of this non-public information is

9   likely to result in competitive harm to Google, as it reveals strategic decision-making which, for

10  example, could give a competitor or potential business partner unfair leverage in competing

11  against or negotiating with Google. Moreover, Google's competitors could use this non-party

12  information to unfairly target Google's developer partners and offer specific deal terms designed

13  to undercut those offered by Google.  This information also reflects and is calculated from

14  internal, non-public Google financial data. Google spends significant resources compiling and

15  maintaining this valuable data, which is non-public, and if revealed to competitors and potential

16  business counterparties, could be used to disadvantage and cause Google competitive harm by

17  giving competitors insight into confidential Google financial information. Further, this

18  information reflects sensitive, highly confidential characterizations by Google's internal business

19  teams that, if revealed, could be referenced by potential counterparties in negotiations with

20  Google to gain an unfair advantage against Google.

21      99.   **Exhibit 14, Page -244 (the chart below the heading "Play buyer base has fast**

22  **forwarded by 6-9 months during COVID").** This information reflects and is calculated from

23  internal, non-public Google financial data. Google spends significant resources compiling and

24  maintaining this valuable data, which is non-public, and if revealed to competitors and potential

25  business counterparties, could be used to disadvantage and cause Google competitive harm by

26  giving competitors insight into confidential Google financial information. Further, this

27  information reflects sensitive, highly confidential characterizations by Google's internal business

28

50

DECLARATION OF CHRISTIAN CRAMER IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL MATERIALS
SUBMITTED IN CONNECTION WITH OMNIBUS MOTIONS IN LIMINE
Case Nos. 3:21-md-02981-JD; 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:21-cv-05227-JD; 3:22-cv-02746-JD

1   teams that, if revealed, could be referenced by potential counterparties in negotiations with

2   Google to gain an unfair advantage against Google.

3      100.    **Exhibit 14, Page -245 (the chart below the heading "Order-to-order retention**

4   **rates are similar to normal times").** This information reflects and is calculated from internal,

5   non-public Google financial data. Google spends significant resources compiling and

6   maintaining this valuable data, which is non-public, and if revealed to competitors and potential

7   business counterparties, could be used to disadvantage and cause Google competitive harm by

8   giving competitors insight into confidential Google financial information. Further, this

9   information reflects sensitive, highly confidential characterizations by Google's internal business

10  teams that, if revealed, could be referenced by potential counterparties in negotiations with

11  Google to gain an unfair advantage against Google.

12      I declare under penalty of perjury that the foregoing is true and correct. Executed on the

13  5th day of October 2023, in Mountain View, California.

14

15

16  

17  Christian Cramer

18

19

20

21

22

23

24

25

26

27

28