QUINN EMANUEL URQUHART & SULLIVAN, LLP
Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
Kyle Batter (Bar No. 301803)
  kylebatter@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Non-Party
Samsung Electronics Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF UTAH, ET AL.<br><br>　　　Plaintiffs<br><br>　　v.<br><br>GOOGLE LLC ET AL.<br><br>　　　Defendants. | Cases Nos.<br><br>3:22-cv-02746-JD<br>3:21-md-02981-JD<br>3:21-cv-05227-JD<br>3:20-cv-05761-JD<br>3:20-cv-05671-JD<br><br>**DECLARATION OF KYU SUNG LEE PURSUANT TO N.D. CAL. LOCAL RULE 79-5(f)(3) IN SUPPORT OF MOTION TO SEAL**<br><br>Judge: Hon. James Donato |

**DECLARATION OF KYU SUNG LEE**

I, Kyu Sung Lee, declare as follows:

1. I am an Executive Vice President at Samsung Electronics Co., Ltd. ("SEC") with responsibility for Global Legal Affairs. I have been employed at SEC since 2001, and in the course of my employment have become familiar with SEC's treatment of its trade secrets and other proprietary business information, such as those discussed in this declaration.

2. I understand that on October 5, 2023, the parties in the above-captioned cases filed Joint Trial Exhibit Lists. *See, e.g.*, *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal), ECF 647. Exhibits **TEMP 2961** and **TEMP 2962** of the Joint Trial Exhibit Lists contain references to Samsung's confidential information that were designated "Non-Party Highly Confidential - Outside Counsel Eyes Only" pursuant to the operative protective orders (*see, e.g.*, Case No. 3:21-md-02981-JD, ECF 248) ("Protective Order"), which allows Non-Parties "the opportunity to file a declaration establishing that all of the designated material is sealable pursuant to Civil Local Rule 79-5(e)."

3. Likewise, I understand that on October 5, 2023, Google filed a motion to seal related to its pending Omnibus Motions In Limine And Plaintiffs' Responses Thereto in *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD (N.D. Cal), ECF 645 ("Motions in Limine").[1] **Exhibit 4** and **Exhibit 5** to Google's Motions in Limine contain references to Samsung's confidential information that warrant sealing.

4. I make this declaration on behalf of SEC pursuant to Northern District of California Civil Local Rule 79-5(f)(3), pursuant to the Protective Orders to maintain the sealing of SEC confidential information the parties listed on the Joint Trial Exhibit Lists and that Google filed in support of its Motions in Limine. I know the facts stated herein based on my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

---

[1] *See* identical filings at *Epic Games Inc. v. Google LLC et al.*, Case No. 3:20-cv-05671-JD (N.D. Cal.), ECF 469; *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD (N.D. Cal), ECF 488; *State of Utah, et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD (N.D. Cal.), ECF 486; *Match Group, LLC et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD (N.D. Cal.) at Dkt. No. 226.

-1-

Case Nos. 3:22-cv-02746-JD, 3:21-md-02981-JD, 3:21-cv-05227-JD, 3:20-cv-05761-JD, 3:20-cv-05671-JD
LEE DECLARATION IN SUPPORT OF MOTION TO SEAL

5.     **Trial Exhibit No. TEMP 2961 (Bates No. SEA_GOOGLE_00000720):** Trial Exhibit No. TEMP 2961 contains sensitive, confidential information of SEC that should remain under seal.  Specifically, the exhibit is a detailed, financial spreadsheet internal to Samsung that discloses, among other things, the Samsung Galaxy Store's revenue on a weekly basis, broken down by gross revenue, revenue from downloads, revenue from IAP transactions, revenue from advertisements, and revenue from Samsung's top apps.  The exhibit also discloses the number of users of the Samsung Galaxy Store, changes to that number, and associated trends.  It is SEC's practice to maintain as confidential the details of its revenue, including sources and timing.  SEC would be competitively disadvantaged if such materials were made public.  SEC's sealing request is narrowly tailored to just two trial exhibits (2961 and 2962).

6.     **Trial Exhibit No. TEMP 2962 (Bates No. SEA_GOOGLE_00002042):** Trial Exhibit No. TEMP 2962 contains sensitive, confidential information of SEC that should remain under seal.  Specifically, the exhibit details the nearly 200,000 apps in Samsung's Galaxy Store as well as the price of each app and date of inclusion in the app store.  It is SEC's practice to maintain as confidential comprehensive details about the content and scope of the Galaxy Store, as well as cost of all apps.  SEC would be competitively disadvantaged if such materials were made public. SEC's sealing request is narrowly tailored to just two trial exhibits (2961 and 2962).

7.     **Exhibit 4 to Google's Motion in Limine:** The pages of Exhibit 4 bates stamped GOOG-PLAY-001265881, 001265885, 001265897 contain sensitive, confidential information of SEC that should remain under seal.  Specifically, the material in question discloses Samsung revenue, changes in Samsung's revenue, Samsung's projected revenue, purposed payments to Samsung, the Galaxy Store's share of the app store market, and the confidential terms of agreements between Samsung and Google.  It is SEC's practice to maintain as confidential the details of its revenue, including sources and timing, as well as the contractual terms of collaboration with its partners.  SEC would be competitively disadvantaged if such materials were made public.  SEC's sealing request is narrowly tailored to just four pages of Exhibit 4.

8.     **Exhibit 5 to Google's Motion in Limine:** The page of Exhibit 5 bates stamped GOOG-PLAY-004488123.R contains sensitive, confidential information of SEC that should remain

under seal. Specifically, the material in question discloses Samsung apps and ad revenue for a six-year period, as well as other revenue metrics. It is SEC's practice to maintain as confidential the details of its revenue, including sources and timing. SEC would be competitively disadvantaged if such materials were made public. SEC's sealing request is narrowly tailored to just one page of Exhibit 5.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. This declaration was executed this 11 day of October 2023, in Suwon, Korea.

_____
Kyu Sung Lee