UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| *Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD | **DECLARATION OF TINGFANG ZHANG IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL [MDL DKT NO. 645]** |
| *In re Google Play Consumer Antitrust*, Case No. 3:20-cv-05761-JD | Judge James Donato |
| *Utah v. Google LLC*, Case No. 3:21- cv-05227-JD | |
| *Match Group, LLC. et al. v. Google LLC et al.*, Case No. 3:22-cv-02746-JD | |
| *In re Google Play Store Antitrust Litigation*, No. 21-md-02981-JD | |

I, Tingfang Zhang, declare as follows:

1. I am currently Director of Partnership and Internet Business Development at Beijing Xiaomi Mobile Software Co., Ltd. ("Xiaomi"). I am called Irene Zhang in business communications. I have been employed by Xiaomi since 2017. Over the course of my employment at Xiaomi, I have acquired personal knowledge of Xiaomi's practices and procedures concerning the maintenance of confidentiality of its strategic, business and financial information.

2. I submit this declaration pursuant to Civil Local Rule 79-5. The contents of this declaration are based on my personal knowledge, and if called as a witness in this matter, I could and would testify thereto.

3. Xiaomi follows a strict practice that requires confidential treatment of all internal non-public financial information; confidential commercial proposals to third parties and confidential agreements with third parties; internal business analyses of consumer spending and revenue, market conditions, and opportunities; and internal, future strategic business plans. In my experience and to the best of my knowledge, Xiaomi does not disclose such internal information to third parties except under the strictest confidentiality protection and for strategic business collaborations.

4. Among other things, the disclosure of these materials could reveal highly sensitive non-public financial information, significantly harm Xiaomi's relationships and ability to conduct business with counterparties and prospective counterparties, and/or place Xiaomi at a disadvantage with competitors who could use Xiaomi's confidential information to their advantage in competition with Xiaomi. These materials therefore have economic value from not being generally known to Xiaomi's competitors, counterparties, or the general public.

5. To the best of my knowledge, the following information are highly sensitive and confidential, and derives from confidential materials generated during important business collaborations between Xiaomi and Google. As described in detail below, Xiaomi has both good cause and compelling reasons to seal this confidential information to, among other things, avoid competitive harm to both Xiaomi and third parties, avoid potentially misleading investors, and prevent competitors and potential business partners from using the information against Xiaomi in future negotiations. Text covered in <u>green</u> is information Xiaomi requests to be sealed.

<b><u>Specific Information to Be Sealed</u></b>

6. Exhibit A contains pages from various documents produced by Google in this litigation. They are from Exhibit 5 to Defendants' Ominibus Motions in Limine and Plaintiffs Responses thereto [MDL Dkt. No.645, *see also In re Google Play Consumer Antitrust Litigation*

(No. 3:20-cv-05761-JD) (N.D. Cal) at Dkt. No. 469 (identical version), *State of Utah, et al. v. Google LLC et al.*, No. 3:21-cv-05227-JD (N.D. Cal.) at 486 (identical version); *Match Group, LLC et al. v. Google LLC et al.*, No. 3:22-cv-02746-JD (N.D. Cal.) at 226 (identical version); *Epic Games, Inc. v. Google LLC et al.*, No. 3:20-cv-05671-JD (N.D. Cal.) at 488 (identical version)]. Text covered in <u>green</u> is information Xiaomi requests to be sealed.

7.  Exhibit A contains various pages from Exhibit 5 that include sensitive financial or strategic Xiaomi information that may harm Xiaomi's business interests if revealed to the public. Text covered in <u>green</u> is information Xiaomi requests to be sealed. All the information is financial or strategic in nature.

- Page 3 of Exhibit 5, originally produced as Goog-Play-004488107.R, the bottom two lines have the points Xiaomi offered to specific business partners;

- Page 6 of Exhibit 5, originally produced as Goog-Play-004488110.R, middle of the page, have the revenue number for Xiaomi's in a particular country;

- Page 8 of Exhibit 5, originally produced as Goog-Play-004488112.R, bottom line has Xiaomi's revenue sharing information;

- Page 11 of Exhibit 5, originally produced as Goog-Play-004488115.R, top line, right panel, also has Xiaomi's activation numbers in a particular country;

- Page 13 of Exhibit 5, originally produced as Goog-Play-004488116.R, second line to the Pop of the text part, contains Xiaomi's revenue in a particular country;

Xiaomi does not publicly break out its revenues or profits for specific countries or into specific revenue streams, as it is revealed in this document, as such disclosures would reveal important and confidential information to competitors and counterparties regarding Xiaomi. This information has never been disclosed publicly, and disclosure would severely and adversely impact Xiaomi's ability to negotiate agreements in the future. If revealed to competitors and potential business counterparties, they could use this non-public and confidential information to disadvantage Xiaomi in marketing and in negotiations.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 10, 2023 in Beijing.

Respectfully submitted,

Dated: October 11, 2023         By:   /s/ Irene Zhang
                                      Irene Zhang