Paula L. Blizzard (SBN 207920)
**OFFICE OF THE ATTORNEY GENERAL**
**CALIFORNIA DEPARTMENT OF JUSTICE**
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
Telephone: (415) 510-3765
Paula.Blizzard@doj.ca.gov

*Attorney for State of California*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION**  THIS DOCUMENT RELATES TO:  *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | Case No. 3:21-cv-05227-JD  **DECLARATION OF PAULA L. BLIZZARD IN SUPPORT OF STATES' UNOPPOSED MOTION TO GIVE NOTICE OF PROPOSED *PARENS PATRIAE* SETTLEMENT**  Judge: Hon. James Donato |

I, Paula L. Blizzard, declare as follows:

1. I am a Senior Assistant Attorney General and the leader of the Antitrust Section at the Office of the Attorney General, California Department of Justice. I have over 20 years of experience practicing and overseeing the practice of antitrust and competition law, both in government at the state and federal levels, as well as in private practice.

2. I make this Declaration In Support of the States' Unopposed Motion to Give Notice of Proposed *Parens Patriae* Settlement in this action. I have had a leadership role on the multistate team prosecuting this matter throughout the litigation, and I was one of the five State representatives leading the mediation effort. I have personal knowledge of the facts stated below, and if called as a witness, I could testify truthfully and completely to the matters set forth herein.

3. Attached as Exhibit A to this declaration is a true and correct copy of the Settlement Agreement fully executed by the States and territories, counsel for the individual Consumers, and Google.

4. Attached as Exhibit B to this declaration is a true and correct copy of excerpts from the PowerPoint presentation prepared by Dr. Marc Rysman for use at the August 1, 2023 concurrent expert proceeding.

5. Throughout the mediation process, representatives for the States worked diligently to ensure that any settlement would include strong injunctive relief that would open up the relevant markets to competition.

6. As part of the effort to ensure that the States obtained the strongest injunctive relief possible, the mediation team formulated the States' opening demands in consultation with a technical expert who advised the team on what changes to Google's business and technology might be feasible and impactful.

7. The mediation process began in July 2022 with the agreement by the parties on Judges Daniel Weinstein and Rebecca Westerfield as the mediators. An initial substantive session was held in August 2022 over a Zoom teleconference and was moderated by Judges Daniel Weinstein and Rebecca Westerfield, with counsel for the States, Consumer Counsel, and Google participating. Various teleconference and phone conference sessions followed.

8. The first in-person mediation session was held in October 2022. That session lasted two full days. Once again, Judges Daniel Weinstein and Rebecca Westerfield moderated, and counsel for the States, the Consumers, and Google participated.

9. The five representatives for the States at the mediation sessions were all senior leaders in each State's attorney general's office: Melissa Holyoak, the Solicitor General for the State of Utah; Paula L. Blizzard, Senior Assistant Attorney General for the Antitrust Section for the State of California; Elinor Hoffmann, Antitrust Chief for the State of New York; Sarah Boyce, Deputy Attorney General and General Counsel for the State of North Carolina; and David McDowell, Consumer Protection & Antitrust Chief for the State of Tennessee.

10. The mediation process continued throughout the next eleven months. Judges Daniel Weinstein and Rebecca Westerfield continued to moderate, and counsel for the States, the Consumers, and Google continued to participate in many audio and video teleconferences. While most of these mediation sessions were virtual, the parties met for a two-day, in-person session in late July 2023.

11. The mediating parties started coalescing around a set of terms in late July 2023.

12. The parties continued to negotiate the final details of the settlement through late August. The States simultaneously were preparing to go to trial if the settlement were to fall apart.

13. In late August, the Court granted Google's motion to exclude the testimony of the Consumer Class's expert, Dr. Hal Singer, and indicated its intention to decertify the Consumer Class.

14. To ensure that consumers who were part of the previously certified consumer class were still able to receive recourse and to give Google the global peace it sought, the States expanded their coalition to include all fifty States, as well as the District of Columbia, Puerto Rico, and the Virgin Islands.

15. Over the 2023 Labor Day weekend, the States, counsel for the individual Consumers, and Google reached tentative settlement terms, although these terms were still subject to AG approval in every jurisdiction.

16. On September 5, 2023, the States, Consumers, and Google notified the Court that they had reached a settlement in principle.

17. On October 12, 2023, the States notified the Court that all 53 Attorneys General had approved the settlement, although final signatures and formatting were still being addressed.

18. On November 17, 2023, the States notified the Court that the settlement had been finalized and fully executed.

19. The States' mediation team believes that the Settlement's terms provide significant monetary relief to consumers in all fifty states as well as the District of Columbia, Puerto Rico, and the Virgin Islands, and contain robust injunctive terms that thoroughly address the anticompetitive effects of Google's unlawful conduct.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on December 18, 2023 in San Francisco, California.

_____
PAULA L. BLIZZARD

**E-FILING ATTESTATION**

I, Jessica V. Sutton, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory identified above has concurred in this filing.

*/s/ Jessica V. Sutton*
Jessica V. Sutton