Brendan P. Glackin (SBN 199643)
Lauren M. Weinstein (*pro hac vice*)
bglackin@agutah.gov
lweinstein@agutah.gov
**OFFICE OF THE UTAH
ATTORNEY GENERAL**
160 E 300 S, 5th Floor,
PO Box 140872
Salt Lake City, UT 84114-0872
Telephone: (801) 366-0620

*Counsel for the Plaintiff States*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21- cv-05227-JD |
| THIS DOCUMENT RELATES TO:<br><br>*State of Utah et al. v. Google LLC et al.*,<br>Case No. 3:21-cv-05227-JD | **[PROPOSED] ORDER DIRECTING NOTICE OF *PARENS PATRIAE* SETTLEMENT**<br><br>Judge: Hon. James Donato |

On December 18, 2023, Plaintiff States ("States") filed their Unopposed Motion to Give Notice of Proposed *Parens Patriae* Settlement ("Motion"). Upon consideration of Plaintiff States' Motion and accompanying memorandum, declarations, and exhibits, and for good cause shown, it is hereby ORDERED as follows:

**I.      General Findings**

1.      The States, including all 50 of the United States as well as the District of Columbia, Puerto Rico, and the Virgin Islands, counsel for the formerly certified Consumer Class ("Consumer Counsel"), and the Google defendants ("Google") entered into a *parens patriae* Settlement Agreement dated October 11-12, 2023 ("Settlement"). This Settlement was presented to the Court for approval of dissemination of notice pursuant to its authority under Section 15c of the Clayton Act, 15 U.S.C. § 15c.

2.      The Court has jurisdiction over this action and each of the Parties.

3.      The Court, for purposes of this Order, adopts the definitions set forth in the Settlement.

4.      The Court, for purposes of this Order, finds that the attorney general of each of the States is the representative of natural persons in that respective State and has authority to settle and release the Released Claims of the Eligible Consumers in that State.

## II.     Adequacy of the Settlement

5.      The Court finds that the Settlement resulted from arms-length negotiations by counsel highly experienced in antitrust litigation after extensive investigation and discovery. There are no grounds to doubt its fairness or other obvious deficiencies, and it appears to fall within the range of settlements subject to possible approval. The Settlement will likely be found fair, reasonable, and adequate after a final approval hearing.

## III.    Notice Plan

6.      The proposed Notice process to notify Eligible Consumers of the Settlement (*see* Declaration of Eric Schachter in Support of the States' Motion and Exhibits A and B) warrants the approval of the Court, as required in 15 U.S.C. § 15c, and satisfies due process, is otherwise fair and reasonable, and therefore is approved. The Court finds that direct email notice to Eligible Consumers qualifies as the best notice practicable under the circumstances, in combination with supplemental publication notice.

7.      The States shall commence the Notice process substantially in the form as described in the Schachter Declaration within fourteen (14) days of the date of this Order and complete it within sixty (60) days of the date of this Order.

8.      The States may finalize and make non-substantive changes to the form notices without re-submitting them to the Court.

9.      The Court appoints A.B. Data, Ltd. to serve as Notice Administrator and to assist the States in disseminating the Notice.

[PROPOSED] ORDER DIRECTING NOTICE OF *PARENS PATRIAE* SETTLEMENT

**IV.      Requests for Exclusion and Objections**

10.      All requests for exclusion and all objections must be received within ninety (90) days of the date of this Order.

11.      Eligible Consumers who submit valid and timely requests for exclusion from the Settlement as provided for by the proposed Notice process and who comply with the instructions contained in the Notice shall not have any rights under the Settlement and shall not be bound by the Settlement or the final judgment as it relates to the Settlement.

12.      All Eligible Consumers who do not submit valid and timely requests for exclusion from the Settlement, as provided for by the proposed Notice process and complying with the instructions contained in the Notice, shall be bound by the Settlement and by the final judgment in the event the Settlement is finally approved by the Court.

**V.      Distribution Plan**

13.      The proposed distribution plan to provide payment to Eligible Consumers (*see* Declaration of Lana Cooper in Support of the States' Motion) warrants the approval of the Court, as required in 15 U.S.C. § 15c, and satisfies due process, is otherwise fair and reasonable, and therefore is likely to be approved. The plan of distribution treats consumers equitably.

14.      The Court appoints KCC Class Action Services, LLC to serve as Settlement Administrator and to assist the States in maintaining and disbursing the Settlement Fund, subject to final approval.

**VI.      Confidentiality**

15.      No information received by the Notice Administrator or the Settlement Administrator in connection with the Settlement that pertains to an Eligible Consumer, other than information contained in either a request for exclusion or an objection, shall be disclosed to any person or entity other than as directed by the Court.

[PROPOSED] ORDER DIRECTING NOTICE OF *PARENS PATRIAE* SETTLEMENT

**VII.    Final Approval Hearing**

16.    A hearing on final approval (the "Fairness Hearing") shall be held before this Court on _____.

17.    Eligible Consumers who (a) wish to object with respect to the Settlement Agreement and/or (b) wish to appear in person at the Fairness Hearing, must do so as provided for by the Notice and must comply with the instructions contained in the Notice.

18.    To be valid, any such objection must be postmarked no later than ninety (90) days after the date of this Order. Except as set forth herein, each objector shall be entitled to contest the terms of the Proposed Settlement. All Eligible Consumers who fail to file an objection shall be deemed to have waived any such objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

19.    Any request for fees by Consumer Counsel shall be filed no later than fourteen (14) days prior to the deadline for exclusions and objections.

20.    All briefs and materials in support of final approval of the Settlement shall be filed with the Court within 120 days after the date of this Order.

**VIII.   Other Provisions**

21.    The Settlement, subject to this Court's final approval, fully and finally compromises, settles, and resolves Released Claims subject to the terms and conditions set forth in the Settlement.

22.    If the Settlement is terminated or otherwise does not become effective in accordance with the provisions of the Settlement, the Settlement and all proceedings held in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement and without prejudice to the *status quo ante* rights of the States, Consumer Counsel, and Google.

**IT IS SO ORDERED.**

Dated: _____          _____

United States District Judge

Case No. 3:21- cv-05227-JD

[PROPOSED] ORDER DIRECTING NOTICE OF *PARENS PATRIAE* SETTLEMENT