Rob Bonta
Attorney General of California
Paula L. Blizzard (SBN 207920)
Senior Assistant Attorney General
Michael W. Jorgenson (SBN 201145)
Supervising Deputy Attorney General
Brian D. Wang (SBN 284490)
Carolyn D. Jeffries (SBN 319595)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4400
  Fax:  (415) 703-5843
  E-mail:  Paula.Blizzard@doj.ca.gov
*Attorneys for Plaintiff State of California*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO:<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD | **STATES' NOTICE REGARDING UPDATES TO PROPOSED *PARENS PATRIAE* CONSUMER NOTICE AND FORTHCOMING CONSUMER COUNSEL FEE REQUEST**<br><br>Judge: Hon. James Donato<br>Courtroom: 11, 19th Floor<br>Date: February 26, 2024 at 1:30 p.m. |

The States respectfully notify the Court of a few clarifying revisions to the proposed Summary Notice and Long Form Notice that were originally submitted with the moving papers on December 18, 2023,[1] as well as an agreement concerning the Consumer Counsel fees.

The Notice revisions are designed to reduce consumer confusion by explicitly clarifying that a "claim form" is not needed for the majority of payments and that there will be a supplemental claims process for the minority of payments that cannot be made automatically.[2] As discussed in the moving papers, the proposed distribution plan will make automatic and direct payments to most Eligible Consumers, so there will not be a claims form for those consumers. If a consumer (a) does not have an existing PayPal or Venmo account and does not want to sign up for PayPal or Venmo, (b) no longer has access to the email address or phone number associated with his or her Google Play account, or (c) was expecting to receive a payment but did not, there will be a supplemental claims process after the automatic payments process is complete.[3] Consumers may sign up at the notice website to be notified when the supplemental claims process starts.[4] In addition, erroneous references to "Claims Administrator" have been corrected to "Notice Administrator."[5]

Updated drafts of the Summary Notice and Long Form Notice are attached to this filing for the Court's review,[6] along with a revised Proposed Order that incorporates these updates.

In addition, the States respectfully notify the Court that Consumer Counsel have advised that they will petition the Court for a fee award of $85 million, which would amount to a multiplier of approximately 1.324 and 13.5% of the *parens* fund, and for recovery of their out-of-pocket costs. While the States do not endorse any specific amount, California, New York, North Carolina, Tennessee, and Utah—the lead states that prosecuted the matter and negotiated the Settlement—unanimously agree that Consumer Counsel worked diligently and productively

---

[1] Declaration of Eric Schachter Regarding Updates to Proposed *Parens Patriae* Consumer Notice (Updated Schachter Decl.) at ¶ 2.
[2] *Id.* at ¶ 3.
[3] *Id.* at ¶ 4.
[4] *Id.*
[5] *Id.* at ¶ 5.
[6] *Id.* Exh. A-D.

during the course of the litigation, and they materially contributed to the joint prosecution of this case and in bringing this matter to a successful conclusion. Accordingly, no State plans to object to a Consumer Counsel fee request in the amount of $85 million.

The States also respectfully notify the Court that, based on updated data from Google, the total estimated number of Eligible Consumers is now 127 million.

The States believe the clarifications outlined above further enhance this Settlement by meaningfully increasing consumer clarity and confidence. Because State Attorneys General are charged with protecting their respective states and citizens, the Court may rest assured that the Settlement is fair, reasonable, and adequate because the participation of the State Attorneys General provides extra confirmation that consumers' interests are protected.[7]

Dated: February 20, 2024

OFFICE OF THE CALIFORNIA
ATTORNEY GENERAL
Paula L. Blizzard

Respectfully submitted,

By:   /s/ Paula L. Blizzard
       Paula L. Blizzard

*Counsel for the Plaintiff States*

---

[7] *See, e.g.*, *State of California v. eBay, Inc.*, No. 5:12-CV-05874-EJD, 2014 WL 4273888, at *6 (N.D. Cal. Aug. 29, 2014) (finding that "the fact that the Attorney General is involved is given great weight" in granting preliminary approval to a *parens* settlement) (citing *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 380 (D.D.C. 2002) ("Court may place greater weight ... in addressing a settlement negotiated by government attorneys committed to protecting the public interest") and *In re Toys "R" Us Antitrust Litig.*, 191 F.R.D. 347, 351 (E.D.N.Y. 2000) ("the participation of the State Attorneys General furnishes extra assurance that consumers' interests are protected")); *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1006 (N.D. Cal. 2015) (finding that "FTC participated heavily in reaching this settlement" and "[n]o government entity has raised any objections to the proposed settlement" are factors that weigh in favor of final approval of a class action settlement) (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 943 (9th Cir. 2011) (noting that courts should consider "the presence of a governmental participant" when making a fairness assessment) and *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (same)); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 525 (E.D. Mich. 2003) (finding that "[t]he Court may also rely upon the participation of State Attorneys General as a factor in favor of the fairness and adequacy of the Settlement"); *Reed v. United Tchrs. Los Angeles*, 208 Cal. App. 4th 322, 336 (Cal. App. 2012) (finding that "the presence of a governmental participant" is a factor in determining "whether a class action settlement is fair") (citing *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1801 (Cal. App. 1996)).

## **E-FILING ATTESTATION**

I, Brian Wang, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory identified above has concurred in this filing.

/s/ Brian Wang

- - 3 - -  Case No. 3:21-cv-05227-JD
STATES' NOTICE REGARDING UPDATES TO PROPOSED *PARENS PATRIAE* CONSUMER NOTICE
AND FORTHCOMING CONSUMER COUNSEL FEE REQUEST