# Exhibit A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*State of Utah, et al. v. Google LLC, et al.,* Case No. 3:21-cv-05227-JD

## NOTICE OF STATE ATTORNEYS GENERAL SETTLEMENT

# If you made payments through the Google Play Store or Google Play Billing between August 16, 2016, and September 30, 2023, you could get money from a State Attorneys General Settlement.

*A federal court directed this Notice.*
*This is not a solicitation from a lawyer. You are not being sued.*

- A proposed settlement has been reached in a consumer protection and antitrust lawsuit brought by Attorneys General of all 50 States, the District of Columbia, Puerto Rico, and the Virgin Islands (the "State Attorneys General") against Google (the "Action").

- The State Attorneys General claim that consumers paid too much for apps and for purchases made in apps downloaded from the Google Play Store because Google monopolized app distribution on certain Android devices and in-app billing services. The State Attorneys General also claim that by monopolizing app distribution, Google reduced consumers' choices in apps. The State Attorneys General also claim that Google made misrepresentations to the public about the risks of getting apps from sources other than the Google Play Store and Google's billing policies for apps.

- Google denies any wrongdoing.

- This is a "*parens patriae*" action. That is a legal term for a case where State Attorneys General bring claims on behalf of people living in their jurisdictions at the time they were impacted by the allegedly unlawful conduct.

- The Settlement provides a fund of $630 million to be used to pay individual consumers in the jurisdictions represented by the State Attorneys General. This fund will also be used to pay for the costs of administering these payments and for attorneys' fees.

- If you paid for an app through the Google Play Store or paid for in-app content through Google Play Billing between August 16, 2016, and September 30, 2023, while living in any State, the District of Columbia, Puerto Rico, or the Virgin Islands, you may be entitled to a payment from the Settlement Fund.

## A Summary of your Rights and Choices

*Your legal rights are affected even if you do not act.*
*Read this Notice carefully.*

| **LEGAL RIGHTS AND OPTIONS** |||
|---|---|---|
| **Do Nothing** | <u>The Settlement Fund will make the majority of payments automatically, and no claim form is necessary in most cases.</u> Once the Settlement has been approved by the Court, you will receive an email from PayPal or Venmo notifying you of your incoming payment at the email address associated with your Google Play account. If that email address is also associated with a PayPal or Venmo account, then the payment will be made directly to that account. If that email address does not match an email address associated with a PayPal or Venmo account, then you have the option to create a new account or redirect the payment to an account at another address. If your Google Play account does not have an associated email address but does have an associated phone number, you will receive a text message from Venmo notifying you of your incoming payment at that phone number.<br><br>If you (a) do not have an existing PayPal or Venmo account and do not want to sign up for PayPal or Venmo, (b) no longer have access to the email address or phone number associated with your Google Play account, or (c) were expecting to receive a payment but did not, there will be a supplemental claims process after the automatic payments process is complete.<br><br>If you would like to be notified by email when the supplemental claims process starts, you may submit your name and email address at www.GooglePlayStateAGAntitrustLitigation.com.<br><br>By receiving money, you will give up any rights to sue, or continue to sue, Google separately over the claims at issue in this Action. | |
| **Exclude Yourself** | Get out of the Action. Get no benefits from the Action. Keep your right to sue Google.<br><br>If you ask to be excluded, you will receive no benefits, but you will keep any rights to sue Google separately over the claims at issue in this lawsuit. | _____ __, 202_ |
| **Object to the Settlement** | Write to the Court explaining why you don't like the Settlement. You will still be bound by the Settlement if the court approves it, and you will still receive money from the Settlement Fund. | _____ __, 202_ |

| **Go to the Hearing** | Ask to speak in Court about your opinion of the Settlement. | _____ __, 202_ |

**Your rights and options are explained in more detail in this Notice.**
**Please read this Notice carefully and completely.**

## BASIC INFORMATION

### 1. Why Did I Get This Notice?

You received this Notice because Google's records show you may have paid for an app through the Google Play Store or paid for in-app content (including purchases in gaming apps, subscriptions, and ad-free versions of apps) through Google Play Billing between August 16, 2016, and September 30, 2023 (a "Qualifying Purchase"), when, at the time of purchase, the "Legal Address" listed in your Google payments profile was located in one of the 50 States, the District of Columbia, Puerto Rico, or the Virgin Islands.

A Qualifying Purchase includes, for example, paying to download a game or making a purchase in an app downloaded from the Google Play Store.

United States District Court Judge James Donato of the United States District Court for the Northern District of California is overseeing the Action. The Action is titled *State of Utah, et al. v. Google LLC, et al.*, Case No. 3:21-cv-05227-JD.

The Court authorized this Notice because you have a right to know about the proposed Settlement of the Action, and about all of your options, before the Court decides whether to give approval to the Settlement. This Notice explains the Action, the Settlement, and your legal rights.

### 2. What Is This Action About?

This Action is brought by State Attorneys General as "*parens patriae*" * for consumers in 53 states, districts, and territories against Google.

The State Attorneys General claim that consumers paid too much for apps and for purchases made in apps downloaded from the Google Play Store because Google monopolized app distribution on certain Android devices and in-app billing services. The State Attorneys General also claim that by monopolizing app distribution, Google reduced consumers' choices in apps. The State Attorneys General also claim that Google made misrepresentations to the public about the risks of getting apps from sources other than the Google Play Store and Google's billing policies for apps. The State Attorneys General claim that this conduct violated federal and state antitrust and consumer protection laws.

* "*Parens patriae*" is a legal term for a case where State Attorneys General bring claims on behalf of people living in their states at the time they were impacted by the allegedly unlawful conduct.

<u>This is not a class action.</u> However, the law permitting "*parens patriae*" actions authorizes the Court to give notice to the people on whose behalf this action is being brought, and to allow any persons to exclude themselves from the action who wish to do so.

Google denies any wrongdoing and denies the allegations in the Complaint.

A copy of the Complaint and Google's answer to the Complaint are also available for review at www.GooglePlayStateAGAntitrustLitigation.com.

### 3.  What Relief Is The Action Asking For?

The State Attorneys General ask the Court to award money damages equal to the amounts consumers overpaid for apps and in-app digital content, and also representing the dollar value of the loss in app variety, as a result of Google's monopolization of Android app distribution and in-app billing services. The State Attorneys General also seek other relief those consumers may be entitled to, including attorneys' fees, reimbursement of litigation expenses, and other remedies.

The State Attorneys General also seek civil penalties and injunctive relief. These claims are separate from the money damages claims on behalf of consumers.

### 4.  How Do I Know If I Am Eligible To Receive A Payment From The Settlement Fund?

You are eligible to receive a payment from the Settlement Fund if you made a Qualifying Purchase and, at the time of purchase, the "Legal Address" listed in your Google payments profile was located in one of the 50 States, the District of Columbia, Puerto Rico, or the Virgin Islands.

If you are still not sure whether you are included, you can get more information at www.GooglePlayStateAGAntitrustLitigation.com, or get help by calling or writing the Notice Administrator identified in Question 16.

## THE SETTLEMENT BENEFITS

### 5.  What Does The Settlement Provide?

Google settled the *parens patriae* claims for a total of $630 million. After payment of any court-authorized expenses and attorneys' fees, the balance of the settlement fund will be distributed to consumers who made qualifying purchases. Private lawyers who participated in the litigation may apply to the court for an award of attorneys' fees from the Settlement Fund. If they do, the application will be available on the court's docket and on the Notice Administrator's website.

Google has also agreed to pay $70 million to the State Attorneys General in their sovereign capacities. This resolves claims brought by the states only, and not on behalf of consumers. That money will be distributed to the states and districts themselves, to be used according to their own laws.

### 6.  How Much Will My Payment Be?

You will receive at least $2.00. You may receive more, based on how much you paid for apps through the Google Play Store or for in-app content (including purchases in gaming apps, subscriptions, and ad-free versions of apps) through Google Play Billing between August 16, 2016, and September 30, 2023, compared to the amount paid by all other consumers who made Qualifying Purchases.

## YOUR RIGHTS AND OPTIONS

| **7.    What Do I Need To Do To Get A Payment?** |
|---|

If you made a Qualifying Purchase and, at the time of purchase, the "Legal Address" listed in your Google payments profile was located in one of the 50 States, the District of Columbia, Puerto Rico, or the Virgin Islands, then you are entitled to receive a payment from the Settlement Fund.

The Settlement Fund will make the majority of payments automatically, and no claim form is necessary in most cases. Once the Settlement has been approved by the Court, you will receive an email from PayPal or Venmo notifying you of your incoming payment at the email address associated with your Google Play account. If that email address is also associated with a PayPal or Venmo account, then the payment will be made directly to that account. If that email address does not match an email address associated with a PayPal or Venmo account, then you have the option to create a new account or redirect the payment to a PayPal or Venmo account at another email address. If your Google Play account does not have an associated email address but does have an associated phone number, you will receive a text message from Venmo notifying you of your incoming payment at that phone number.

There will be a supplemental claims process after the automatic payments process is complete. Completing the supplemental claims process is only required if:

a) Your email address or phone number associated with your Google Play account is not associated with an existing PayPal or Venmo account, and you do not want to create a new PayPal or Venmo account or redirect the payment to a PayPal or Venmo account at another email address or phone number,
b) You no longer have access to the email address or phone number associated with your Google Play account, or
c) You were expecting to receive a payment but did not.

If you would like to be notified by email when the supplemental claims process starts, you may submit your name and email address at www.GooglePlayStateAGAntitrustLitigation.com.

By receiving a payment, you will be releasing Google from all the claims identified in Section 11 of the Settlement Agreement. The Settlement Agreement is available at www.GooglePlayStateAGAntitrustLitigation.com. The Settlement Agreement describes the released claims with specific descriptions, in accurate legal terminology, so please read it carefully.

| **8.    What If I Don't Want To Be In The Settlement?** |
|---|

If you want to hire a lawyer and bring your own case against Google, then you should exclude yourself from the Action—which is sometimes called "opting out". You will not get any money from the Settlement Fund. You also will not be bound by the Court's judgments and orders in this Action. You therefore may be able to sue or continue to sue Google on your own for the claims that are the subject of this lawsuit.

If you bring your own lawsuit against Google after you exclude yourself, you will have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you do exclude

yourself so you can start or continue your own lawsuit against Google, you should talk to your own lawyer soon.

If you want to receive money from the Settlement Fund, do not exclude yourself.

## 9. How Do I Exclude Myself From The Action?

To exclude yourself from the Action, you must complete an opt-out form online or send a letter saying that you want to be excluded. You may only exclude yourself: you cannot submit an exclusion request for or on behalf of any other person or group of persons.

You may obtain and submit an exclusion request form at www.GooglePlayStateAGAntitrustLitigation.com. If you want to exclude yourself through the website you **must** do so **by _____ \_\_, 202\_.**

If you want to exclude yourself by sending a letter, the letter **must** include the following information:

(1) the name of the lawsuit (*State of Utah, et al. v. Google LLC, et al.*, Case No. 21-cv-05227-JD);
(2) your full name, email address, and mailing address;
(3) a clear statement of your intention to exclude yourself (such as "I wish to be excluded from the Action"); and
(4) your signature.

Your letter **must be postmarked by _____ \_\_, 202\_,** and sent to:

*Google Play State AG Antitrust Litigation*
EXCLUSIONS
c/o A.B. Data, Ltd*.*
P.O. Box 173132
Milwaukee, WI 53217

You cannot exclude yourself by telephone or by email.

## 10. May I Object To The Settlement?

Yes. If you are a resident of one of the 50 States, the District of Columbia, Puerto Rico, or the Virgin Islands and you have not requested to exclude yourself from the Settlement, then you may object to any aspect of the Settlement.

## 11. How Do I Object To The Settlement?

To object to the Settlement, you—or your lawyer—must file a written objection. This must be done on or before _____ \_\_, 202\_. Your written objection **must** include the following information:

(1) the name of the lawsuit (*State of Utah, et al. v. Google LLC, et al.*, Case No. 21-cv-05227-JD);
(2) your full name, email address, and mailing address;
(3) an explanation of your objection;

(4) documentation demonstrating that you are a resident of one of the 50 States, the District of Columbia, Puerto Rico, or the Virgin Islands and/or this statement, followed by your signature: "I declare that [insert your name] is a resident of a State, Commonwealth, the District of Columbia, Puerto Rico, or the Virgin Islands."; and

(5) documentation demonstrating that you have made a Qualifying Purchase.

Your objection must be received by _____ __, 202_, and mailed to the three addresses below.

| Court | Counsel for the Plaintiff States | Counsel for Google |
|---|---|---|
| Office of the Clerk<br>United States District Court<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3489 | Office of the Utah Attorney General<br>Utah State Capitol Office<br>P.O. Box 142320<br>Salt Lake City, UT 84114-2320 | [xx] |

If you hire a lawyer to make an objection, your lawyer must also file a notice of appearance with the Clerk of the Court not later than _____ __, 202_.

## 12. What Is The Difference Between Objecting To The Settlement and Excluding Myself From The Settlement?

An objection means you tell the Court that you think the settlement is a bad idea, but you agree to stay in the Action and be bound by the outcome of the Action, including the terms and conditions of the Settlement if the Settlement is approved over your objection.

If you exclude yourself from the Settlement, you are no longer part of the Settlement or the Action. You will not receive a payment. You will not have any right to object to the Settlement. You will not be subject to the terms and conditions of the Settlement. But, you keep your right to sue Google for the same claims by bringing your own lawsuit, if you want.

## 13. Should I Get My Own Lawyer?

You do not need to hire your own lawyer, but if you hire a lawyer to speak for you or to appear in Court, your lawyer must file a notice of appearance with the Clerk of the Court no later than _____ __, 202_. If you hire your own lawyer, you will have to pay for that lawyer at your own expense.

## 14. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court has scheduled an approval hearing on _____ __, 202_, at [xx] at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. However, the Court may reschedule the hearing without further written notice, so you should check www.GooglePlayStateAGAntitrustLitigation.com or call 1-866-905-8127 if you want to find out if the hearing has been rescheduled.

## 15. Do I Have To Attend The Approval Hearing?

No. Counsel for the State Attorneys General will be prepared to answer questions on your behalf. Individuals who filed and served written objections may—but do not have to—appear at the approval hearing, in person or through an attorney hired at their own expense.

### 16. Can I Attend The Approval Hearing?

Yes. Anyone can attend.

If you just want to attend and observe, you do not have to do anything.

If you want to attend and object, in person or through an attorney hired at your own expense, you need to mail a written Notice of Intent to Appear to the three addresses listed in Question 11 so that it is received by _____ __, 202_. The Notice of Intent to Appear must contain the following information:

(1) Your name, address, and telephone number and, if applicable, the name, address, and telephone number of your attorney (who must file a notice of appearance with the Clerk of the Court not later than _____ __, 202_ );
(2) Your objection, including any supporting papers; and
(3) The name and address of any witnesses to be presented at the approval hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

## ADDITIONAL INFORMATION

THIS NOTICE IS ONLY A SUMMARY. The Complaint and certain other pleadings and relevant documents are available on the website, at www.GooglePlayStateAGAntitrustLitigation.com.

If you have questions or want more information, you may call 1-866-905-8127 or you may contact the Notice Administrator by email at info@GooglePlayStateAGAntitrustLitigation.com, or by writing to:

*Google Play State AG Antitrust Litigation*
*c/o A.B. Data, Ltd.*
P.O. Box 173134
Milwaukee, WI 53217

**PLEASE DO NOT CALL OR WRITE TO THE COURT OR THE CLERK'S OFFICE FOR INFORMATION. THE COURT CANNOT ANSWER ANY QUESTIONS.**

DATED: _____ __, 202_

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**