1  Glenn D. Pomerantz (SBN 112503)
   glenn.pomerantz@mto.com
2  **MUNGER, TOLLES & OLSON LLP**
3  350 South Grand Avenue, Fiftieth Floor
   Los Angeles, California 90071
4  Telephone: (213) 683-9100

5  Brian C. Rocca (SBN 221576)
   brian.rocca@morganlewis.com
6  **MORGAN, LEWIS & BOCKIUS LLP**
7  One Market, Spear Street Tower
   San Francisco, CA 94105-1596
8  Telephone: (415) 442-1000

9  *Counsel for Defendants Google LLC et al.*
   [Additional Counsel Appear on Signature Page]
10

11               **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12                    **SAN FRANCISCO DIVISION**

13

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21-md-02981-JD |
| THIS DOCUMENT RELATES TO:<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | **GOOGLE'S STATEMENT REGARDING RESPONSE OF EPIC GAMES, INC. TO THE STATES, CONSUMER COUNSEL AND GOOGLE'S JOINT STATEMENT**<br><br>Judge: Hon. James Donato |

Defendant Google respectfully submits this statement regarding Epic's Response, ECF No. 1070 (Mar. 3, 2025),[1] to the Joint Statement submitted by Google, the States, and Consumers (the "Settling Parties"). ECF No. 1067 (Feb. 10, 2025).

This Court ordered the Settling Parties to file a joint statement addressing the consistency of the Proposed Settlement with the *Epic* Injunction. ECF No. 1056 (Nov. 22, 2024). The Court indicated that it would not approve a settlement that "contradicts or dilutes" the *Epic* Injunction. *Id.* The Settling Parties submitted a Joint Statement on February 10, 2025, to address the Proposed Settlement's consistency with the *Epic* Injunction. ECF No. 1067. The Joint Statement "compares the injunctive terms of the Proposed Settlement with the *Epic* Injunction and explains how the two would operate without contradiction or dilution." *Id.* at 1.

Epic's Response presents its view on the interpretation of Paragraph 5 of the *Epic* Injunction, but takes no position on the consistency of the Proposed Settlement and the *Epic* Injunction. The following three points remain clear, which Epic's Response does not address or dispute:

***First***, while the Settling Parties and Epic read Paragraph 5 of the *Epic* Injunction differently as to whether it includes a sim-ship prohibition, under either reading, nothing in the Proposed Settlement contradicts or dilutes Paragraph 5 of the *Epic* Injunction.

***Second***, if both the Proposed Settlement and the *Epic* Injunction go into effect, Google will have to comply with the terms of *both* decrees, and nothing in the Proposed Settlement would excuse Google from complying with Paragraph 5 of the *Epic* injunction.

***Third***, the Court's approval of the Proposed Settlement does not require the Court to interpret Paragraph 5 of the *Epic* Injunction at this time. To the extent Epic wants the Court to address whether Paragraph 5 covers sim ship agreements, it can ask the Court to do so at the appropriate time in the *Epic* case.

Accordingly, the Court should "approve the issuance of notice to affected consumers, the first step in the process leading to final settlement approval," ECF No. 1067 at 1, as requested by

---

[1] All references are to the MDL Docket, *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981-JD.

1  the Settling Parties in the Joint Statement.

2

3  DATED: March 14, 2025

4
                                                   Respectfully submitted,

5

6                                                   **MUNGER, TOLLES & OLSON LLP**
                                                 Glenn D. Pomerantz
7                                                   Kuruvilla Olasa

8                                                   **MORGAN, LEWIS & BOCKIUS LLP**
9                                                   Brian C. Rocca

10                                                  By:   */s/ Glenn D. Pomerantz*
11                                                           Glenn D. Pomerantz

12                                                  *Counsel for Defendants Google LLC et al.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## E-FILING ATTESTATION

I, Glenn D. Pomerantz, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory identified above has concurred in this filing.

                                                                  */s/*     *Glenn D. Pomerantz*