ROB BONTA
Attorney General of California
PAULA L. BLIZZARD (SBN 207920)
Senior Assistant Attorney General
MICHAEL W. JORGENSON (SBN 201145)
Supervising Deputy Attorney General
BRIAN D. WANG (SBN 284490)
CAROLYN D. JEFFRIES (SBN 319595)
Deputy Attorneys General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-4400
Fax: (415) 703-5843
E-mail: Paula.Blizzard@doj.ca.gov

*Attorneys for Plaintiff State of California*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION** | Case No. 3:21- cv-05227-JD |
| THIS DOCUMENT RELATES TO:<br><br>*State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD<br><br>*In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF *PARENS PATRIAE* SETTLEMENT**<br><br>Judge: Hon. James Donato |

On March 23, 2026, Plaintiff States ("States") filed their Unopposed Motion for Final Approval of *Parens Patriae* Settlement ("Motion"), relating to the above-captioned litigation. On April 30, 2026, the Court held a hearing on the Motion. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the Settlement should be approved, and (2) that there is no just reason for delay of the entry of this final judgment approving the Settlement. Accordingly, the Court directs entry of Judgment, which shall constitute a final adjudication of these cases on the merits as to the parties to the Settlement. Good cause appearing, therefore it is:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The States, including all 50 of the United States as well as the District of Columbia, Puerto Rico, and the Virgin Islands, the Individual Plaintiffs from the formerly certified Consumer Class represented by counsel ("Consumer Counsel"), and the Google defendants ("Google") entered into a *parens patriae* Settlement Agreement dated October 11-13, 2023 and amended January 16-17, 2024, April 30, 2024, and December 29, 2025 ("Settlement"). This Settlement was presented to the Court for approval pursuant to its authority under Section 4C of the Clayton Act, 15 U.S.C. § 15c.

2. The Court has jurisdiction over this action and each of the Parties.

3. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement.

4. The Court, for purposes of this Order, finds that the attorney general of each of the States is the representative of natural persons in that respective State and has authority to settle and release the Released Claims of the Settlement Consumers in that State.

5. The Court hereby finally approves and confirms the Settlement and finds that said Settlement is, in all respects, fair, reasonable, and adequate.

6. The persons identified in Exhibit D to the Declaration of Rochelle J. Teichmiller in Support of States' Unopposed Motion for Final Approval of *Parens Patriae* Settlement have timely and validly requested exclusion from the *Parens Patriae* Settlement and, therefore, are excluded. Such persons are not included in or bound by this Final Judgment. Such persons are not entitled to any recovery from the Settlement Fund.

7. The Court hereby dismisses on the merits and with prejudice the claims asserted against Google in *State of Utah et al. v. Google LLC et al.*, Case No. 3:21-cv-05227-JD, and *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, with the States, Individual Plaintiffs, and Google to bear their own costs and attorneys' fees except as provided herein.

8. The States, Individual Plaintiffs, and all persons who are Settlement Consumers hereby release all claims that are agreed to be released in the Settlement.

9. The Settlement and this Order shall not be construed as an admission or concession by Google of the truth of any of the allegations in these cases, or of any liability, fault, or wrongdoing of any kind.

10. The notice given to the Eligible Consumers set forth in the Settlement and the other matters set forth herein was the best notice practicable under the circumstances, including direct email notice to all Eligible Consumers whose email addresses could be validated through reasonable efforts and supplemental publication notice. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the terms set forth in the Settlement, to all persons entitled to such notice, and said notice fully satisfied the requirements of due process.

11. The Distribution Plan to provide payment to Settlement Consumers (*see* Declaration of Lana Cooper in Support of States' Unopposed Motion for Final Approval of *Parens Patriae* Settlement) warrants the approval of the Court, as required in 15 U.S.C. § 15c, and satisfies due process, is otherwise fair and reasonable, and therefore is approved. The plan of distribution treats consumers equitably.

12. The Court appoints Berkeley Research Group, LLC to assist the States in effectuating the Distribution Plan for the Settlement Fund.

13. The Court continues the appointment of Verita Global to serve as Settlement Administrator and to assist the States in maintaining and disbursing the Settlement Fund pursuant to the Distribution Plan.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (a) implementation of this Settlement and any distribution to Settlement Consumers pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) determining applications by Consumer Counsel for representative plaintiff incentive awards, attorneys' fees, costs, and expenses, including expert fees and costs; (d) Google until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement; (e) hearing and ruling on any matters relating to the plan of allocation of Settlement Fund proceeds; and (f) all parties for the purpose of enforcing and administering the Settlement.

~~14.~~15. If the States begin distribution to Settlement Consumers before the Court has reached a decision on Consumer Counsel's application for fees, awards, costs, and expenses, then the States shall hold back $93.62 million dollars ($85 million in requested fees and approximately $8.62 million in requested costs and incentive awards) from the initial round of distribution. Once the Court makes a final determination on Consumer Counsel's application, any difference between the amount of the Court's final determination and $93.62 million shall be added to the residual from the initial distribution and then be distributed to Settlement Consumers through subsequent round(s) of distribution.

~~15.~~16. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Settlement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

Dated: ____________________________ ____________________________________

United States District Judge